1   DAVID REPLOGLE, SBN 077875
    LAW OFFICES OF DAVID REPLOGLE
2   A Professional Corporation
    550 Montgomery Street, Suite 550
3   San Francisco, California 94111
    Telephone: (415) 362-4700
4   Facsimile: (415) 781-6683

5   JOHN E. HILL, SBN 045338
    LAW OFFICES OF JOHN E. HILL
6   A Professional Corporation
    8105 Edgewater Drive, Suite 100
7   Oakland, California 94621
    Telephone: (510) 588-1000
8   Facsimile: (510) 588-1087

9   Attorneys for Plaintiffs Jose Roe I through
    Jose Roe III, by their guardian ad litem,
10  and Carlos Roe I through Carlos Roe XI

11

12                   UNITED STATES DISTRICT COURT

13               NORTHERN DISTRICT OF CALIFORNIA

14                      SAN FRANCISCO DIVISION

15  JOSE ROE I, a minor, through        )   Case No. No. C-03-4035-CRB
    JOSE ROE III, a minor, by           )
16  MAURICIO RODRIGUEZ BORREGO,         )
    their  guardian ad litem; and       )
17  CARLOS ROE I through CARLOS         )
    ROE XI, inclusive,                  )
18                                      )
            Plaintiffs,                 )   THIRD AMENDED COMPLAINT
19                                      )   FOR DAMAGES FOR CHILDHOOD
        vs.                             )   SEXUAL ABUSE, CHILD SEXUAL
20                                      )   TOURISM, PRODUCTION AND
    THOMAS F. WHITE, NATHAN             )   DISTRIBUTION OF CHILD
21  LOVAAS, GERALD ROLPH,               )   PORNOGRAPHY, INTENTIONAL
    ARTHUR J. COLLINGSWORTH,            )   AND NEGLIGENT INFLICTION
22  and DOES 1 through 100,             )   OF EMOTIONAL DISTRESS
    inclusive,                          )
23                                      )
            Defendants.                 )
24  _____     )   DEMAND FOR JURY TRIAL

25          Plaintiffs Jose Roe I, a Minor through Jose Roe III, a Minor,

26  inclusive, through Mauricio Rodriguez Borrego, their guardian ad litem, and

27  Carlos Roe I through Carlos Roe XI, inclusive, allege as follows:

28

1

**JURISDICTION**

2        1. This action arises under the Sexual Abuse Act of 1986, as

3  amended, 18 U.S.C. § 2241, *et seq.*; the Protection of Children Against Sexual

4  Exploitation Act of 1977, as amended, 18 U.S.C. § 2251, *et seq.*; and the White

5  Slave Traffic Act, as amended, 18 U.S.C. § 2421, *et seq.* This court has

6  jurisdiction over this proceeding pursuant to 28 U.S.C. § 1331.

7

**VENUE**

8        2. Venue is proper in this district by virtue of 28 U.S.C. § 1391(b),

9  as Defendants Thomas F. White, Nathan Lovaas and Arthur J. Collingsworth

10  reside in this district.

11

**INTRA-DISTRICT ASSIGNMENT**

12        3. The San Francisco Division is the proper division in that

13  Defendants Thomas F. White, Nathan Lovaas and Arthur J. Collingsworth

14  reside in this division and a more substantial part of the events or omissions

15  which gave rise to these claims occurred in the San Francisco Division than

16  any other division of the court.

17

**PARTIES**

18        4. Plaintiff Jose Roe I, a minor, is now, and at all times mentioned

19  herein was, a resident of the State of Jalisco, United States of Mexico. Jose

20  Roe I was born in September of 1988 and is currently 14 years old. Plaintiff

21  Jose Roe I has been authorized to prosecute the within action as a fictitious

22  plaintiff by order of the United States District Court for the Northern District of

23  California.

24        5. Plaintiff Jose Roe II, a minor, is now, and at all times

25  mentioned herein was, a resident of the State of Jalisco, United States of

26  Mexico. Jose Roe II was born on July 5, 1987 and is currently 16 years old.

27  Plaintiff Jose Roe II will seek authority to prosecute the within action as a

28

1  fictitious plaintiff by order of the United States District Court for the Northern

2  District of California.

3         6.    Plaintiff Carlos Roe I is now, and at all times mentioned herein

4  was, a resident of the State of Jalisco or the State of Baja California, United

5  States of Mexico.  Carlos Roe I was born on June 25, 1985 and is currently 18

6  years old.  Plaintiff Carlos Roe I will seek authority to prosecute the within

7  action as a fictitious plaintiff by order of the United States District Court for the

8  Northern District of California.

9         7.    Plaintiff Carlos Roe II is now, and at all times mentioned herein

10  was, a resident of the State of Jalisco, United States of Mexico.  Carlos Roe II

11  was born on May 14, 1985 and is currently 19 years old.  Plaintiff Carlos Roe II

12  will seek authority to prosecute the within action as a fictitious plaintiff by

13  order of the United States District Court for the Northern District of California.

14        8.    Plaintiff Carlos Roe III is now, and at all times mentioned

15  herein was, a resident of the State of Jalisco, United States of Mexico.  Carlos

16  Roe III was born on September 24, 1985 and is currently 18 years old.  Plaintiff

17  Carlos Roe III will seek authority to prosecute the within action as a fictitious

18  plaintiff by order of the United States District Court for the Northern District of

19  California.

20        9.    Plaintiff Carlos Roe IV is now, and at all times mentioned

21  herein was, a resident of the State of Jalisco, United States of Mexico.  Carlos

22  Roe IV was born on May 18, 1985 and is currently 19 years old.  Plaintiff

23  Carlos Roe IV will seek authority to prosecute the within action as a fictitious

24  plaintiff by order of the United States District Court for the Northern District of

25  California.

26        10.    Plaintiff Carlos Roe V is now, and at all times mentioned

27  herein was, a resident of the State of Jalisco, United States of Mexico.  Carlos

28

1   Roe V was born on November 16, 1985 and is currently 18 years old.  Plaintiff

2   Carlos Roe V will seek authority to prosecute the within action as a fictitious

3   plaintiff by order of the United States District Court for the Northern District of

4   California.

5           11.    Plaintiff Jose Roe III, a minor, is now, and at all times

6   mentioned herein was, a resident of the State of Jalisco, United States of

7   Mexico.  Jose Roe III was born on May 9, 1988 and is currently 16 years old.

8   Plaintiff Jose Roe III will seek authority to prosecute the within action as a

9   fictitious plaintiff by order of the United States District Court for the Northern

10  District of California.

11          12.    Plaintiff Carlos Roe VI is now, and at all times mentioned

12  herein was, a resident of the State of Jalisco, United States of Mexico.  Carlos

13  Roe VI was born on March 20, 1982 and is currently 22 years old.  Plaintiff

14  Carlos Roe VI will seek authority to prosecute the within action as a fictitious

15  plaintiff by order of the United States District Court for the Northern District of

16  California.

17          13.    Plaintiff Carlos Roe VII is now, and at all times mentioned

18  herein was, a resident of the State of Jalisco, United States of Mexico.  Carlos

19  Roe V was born on November 16, 1985 and is currently 18 years old.  Plaintiff

20  Carlos Roe V will seek authority to prosecute the within action as a fictitious

21  plaintiff by order of the United States District Court for the Northern District of

22  California.

23          14.    Plaintiff Carlos Roe VIII is now, and at all times mentioned

24  herein was, a resident of the State of Jalisco, United States of Mexico.  Carlos

25  Roe V was born on November 16, 1985 and is currently 18 years old.  Plaintiff

26  Carlos Roe V will seek authority to prosecute the within action as a fictitious

27  plaintiff by order of the United States District Court for the Northern District of

28

1   California.

2          15.    Plaintiff Carlos Roe IX is now, and at all times mentioned

3   herein was, a resident of the State of Jalisco, United States of Mexico.  Carlos

4   Roe V was born on November 16, 1985 and is currently 18 years old.  Plaintiff

5   Carlos Roe V will seek authority to prosecute the within action as a fictitious

6   plaintiff by order of the United States District Court for the Northern District of

7   California.

8          16.    Plaintiff Carlos Roe X is now, and at all times mentioned

9   herein was, a resident of the State of Jalisco, United States of Mexico.  Carlos

10  Roe V was born on November 16, 1985 and is currently 18 years old.  Plaintiff

11  Carlos Roe V will seek authority to prosecute the within action as a fictitious

12  plaintiff by order of the United States District Court for the Northern District of

13  California.

14         17.    Plaintiff Carlos Roe XI is now, and at all times mentioned

15  herein was, a resident of the State of Jalisco, United States of Mexico.  Carlos

16  Roe V was born on November 16, 1985 and is currently 18 years old.  Plaintiff

17  Carlos Roe V will seek authority to prosecute the within action as a fictitious

18  plaintiff by order of the United States District Court for the Northern District of

19  California.

20         18.    Defendant Thomas F. White ("White") is now, and at all times

21  mentioned herein was, a resident of the City and County of San Francisco,

22  State of California.  Plaintiffs are informed and believe, and thereon allege, that

23  White was born on or about February 14, 1935 and is currently 69 years old.

24         19.    Defendant Nathan Lovaas ("Lovaas") is now, and at all times

25  mentioned herein was, a resident of the City and County of San Francisco,

26  State of California.  Plaintiffs are informed and believe, and thereon allege, that

27  Lovaas was born on or about November 13, 1976 and is currently 28 years old.

28

1        20.  Plaintiffs are informed and believe, and thereon allege, that

2    Defendant Gerald Rolph ("Rolph") is now, and at all times mentioned herein

3    was, a resident of the United States of America.  Plaintiffs are informed and

4    believe, and thereon allege, that Rolph is approximately 69 years old.

5        21.  Defendant Arthur J. Collingsworth ("Collingsworth") is now,

6    and at all times mentioned herein was, a resident of the City and County of

7    San Francisco, State of California.  Plaintiffs are informed and believe, and

8    thereon allege, that Collingsworth is approximately 60 years old.

9        22.  Lovaas is now, and at all times mentioned herein was,

10   employed as White's personal assistant.  Plaintiff is further informed and

11   believes, and thereon alleges, that Lovaas's duties as White's personal assistant

12   included: A) procuring minors in order to provide White, Lovaas, Rolph,

13   Collingsworth  and their associates with minors for the purpose of engaging in

14   sexual activity in violation of Sections 2241-48 Title 18 of the United States

15   Code; B) traveling with White, Rolph, Collingsworth and their associates in

16   foreign commerce for the purpose of engaging in sexual acts with persons

17   under 18 years of age in violation of Section 2423 of Title 18 of the United

18   States Code; and C) assisting White, Rolph, Collingsworth and their associates

19   in the production and distribution of child pornography in violation of Sections

20   2251-55 of Title 18 of the United States Code.

21       23.  Plaintiffs are informed and believe, and thereon allege, that

22   each of the Defendants named in this action was the principal, agent, servant,

23   employer, officer, director, co-conspirator, partner or joint venturer of the other

24   Defendants in committing the actions described hereinbelow, and acted within

25   the scope of such agency, relationship, employment, conspiracy, partnership or

26   joint venture.  Plaintiffs are informed and believes, and thereon alleges, that

27   each of the Defendants approved, ratified or acquiesced in the actions and/or

28

1    conduct of the remaining Defendants described hereinbelow.

2         24.   White maintains a residence and owns multiple business,

3    including a hotel adjacent to a newly constructed orphanage, in Puerto

4    Vallarta, Mexico.  Plaintiffs are informed and believe, and thereon allege, that

5    White's friends and associates, including Rolph and Collingsworth, traveled

6    with White and Lovaas to Puerto Vallarta and participated in, or in some way

7    are responsible for, the wrongful conducted alleged herein.  White's associates

8    spoke limited, if any, Spanish and often gave the local children a false name or

9    only a first name.  Plaintiffs are informed and believe, and thereon allege, that

10   White's associates, the Defendants named herein as fictitious Defendants Does

11   1 through 100, inclusive, participated in or in some way are responsible for,

12   the wrongful conduct committed by the other Defendants and the damages and

13   breaches of duties suffered by Plaintiffs.  Due to the factors set forth above, as

14   well as Plaintiffs' young ages, Plaintiffs are unaware of the true identities of

15   Defendants Does 1 through 100 at this time, but will seek leave of court to

16   amend this Complaint to insert the actual names and identities when the same

17   have been ascertained.

18
                              **COUNT ONE**
19
                        **Childhood Sexual Abuse**
20
                       **Jose Roe I v. White, et al.**
21
22        25.   Plaintiff Jose Roe I refers to and incorporates by reference

23   each and every allegation contained in paragraphs 1 through 24 of this

     Complaint as though fully set forth and pleaded herein.
24
          26.   In or about 1998, Defendants knowingly and willfully
25
     conspired and agreed among themselves to sexually assault Plaintiff Jose Roe I.
26
     In or about 1998, Defendants began traveling from San Francisco to Puerto
27
     Vallarta, procuring young boys along the Malecon in Puerto Vallarta, taking
28

1   them to White's villa known as "Casa Blanca" south of Puerto Vallarta, giving

2   the young boys food, money and drugs, and sexually abusing them in violation

3   of 18 U.S.C. §§ 2241, *et seq.*

4            27.  White first met Plaintiff Jose Roe I at the McDonalds

5   restaurant along the Malecon in 1998.  At that time, Jose Roe I was 9 years old

6   and homeless, spending most nights sleeping under a palapa near the fishing

7   pier.  White bought Jose Roe I food.  White then told Jose Roe I that if he

8   wanted more money he would need to accompany White to his residence, Casa

9   Blanca.   Once at Casa Blanca, White forced Jose Roe I to engage in sexual acts

10  in violation of Sections 2241 *et seq.* of Title 18 of the United States Code.

11           28.  Over the course of the next 4 years, Lovaas, White's personal

12  assistant, would search for homeless children along the Malecon in Puerto

13  Vallarta.  Lovaas would then bring the homeless children, including Jose Roe I,

14  to White's residence, Casa Blanca, to provide Defendants, and each of them,

15  with the opportunity to sexually molest Plaintiff Jose Roe I.  On multiple

16  occasions over a four-year period beginning in 1998, Defendants required

17  Plaintiff Jose Roe I to engage in sexual acts with them, including oral and anal

18  copulation, in violation of Sections 2241 *et seq.* of Title 18 of the United States

19  Code.

20           29.  Defendants' acts, described herein, constitute conduct

21  proscribed by Sections 2241 *et seq.* of Title 18 of the United States Code.

22           30.  At no time did Plaintiff Jose Roe I consent, or have the ability

23  to consent, to any of the acts of Defendants alleged herein.

24           31.  In or about 2001, White was indicted by the State of Jalisco

25  and the United States of Mexico on charges of child rape, child endangerment

26  and child pornography arising out of White's actions in Puerto Vallarta as

27  detailed hereinabove.   Plaintiff Jose Roe I is informed and believes, and

28

1    thereon alleges, that the federal court in Guadalajara has custody of video

2    tapes made by White and his associates depicting White, Rolph, Collingsworth

3    and other White associates having sex with minors, including Jose Roe I.

4         32.  After White was indicted by the State of Jalisco, Defendants

5    hired a local Puerto Vallarta attorney, Manuel Flores, to intimidate and bribe

6    the homeless boys, including Plaintiff Jose Roe I, who had signed statements

7    detailing Defendants' childhood sexual abuse of the homeless boys in Puerto

8    Vallarta and the production of child pornography as set forth above.

9         33.  Manuel Flores, acting as Defendants' agent, offered Plaintiff

10   Jose Roe I 200 Pesos and a bicycle if he would sign a false statement

11   exonerating Defendants.    Plaintiff Jose Roe I refused, and continues to refuse,

12   to sign such a false statement.

13        34.  As a direct and proximate result of Defendants' acts as alleged

14   herein, Plaintiff Jose Roe I was hurt and injured in his health, strength and

15   activity, sustaining shock and injury to his nervous system, all of which have

16   caused and continue to cause Plaintiff Jose Roe I great mental pain,

17   embarrassment, humiliation, distress, anguish and suffering, all to Plaintiff

18   Jose Roe I's damage in an amount according to proof at trial.

19        35.  As a further direct and proximate result of Defendants' acts as

20   alleged herein, Plaintiff Jose Roe I has been damaged in that he has been

21   required to expend money and incur obligations for medical services required

22   in the treatment and relief of the injuries herein alleged.

23        36.  Defendants engaged in the conduct alleged above with malice,

24   fraud, oppression and/or in conscious disregard for the rights of Plaintiff Jose

25   Roe I.  Plaintiff Jose Roe I is therefore entitled to an award of exemplary and

26   punitive damages.

27        WHEREFORE, Plaintiff Jose Roe I prays for judgment as set forth

28

below.

## COUNT TWO

### Child Sexual Tourism

### Jose Roe I v. White, et al.

37.   Plaintiff Jose Roe I refers to and incorporates by reference each and every allegation contained in paragraphs 1 through 36 of this Complaint as though fully set forth and pleaded herein.

38.   Defendants traveled from San Francisco to Mexico, or conspired to travel to Mexico, for the purpose of engaging in a sexual act as defined in Section 2246 of Title 18 of the United States Code with Plaintiff Jose Roe I, a person under the age of 18 years of age, that would be a violation of Chapter 109A of Title 18 if the sexual act occurred in the United States.

39.   Defendants' conduct, as set forth above, constitutes child sexual tourism in violation of Section 2423, *et seq.* of Title 18 of the United States Code.

40.   As a direct and proximate result of Defendants' acts as alleged herein, Plaintiff Jose Roe I was hurt and injured in his health, strength and activity, sustaining shock and injury to his nervous system, all of which have caused and continue to cause Plaintiff great mental pain, embarrassment, humiliation, distress, anguish and suffering, all to Plaintiff Jose Roe I's damage in an amount according to proof at trial.

41.   As a further direct and proximate result of Defendants' acts as alleged herein, Plaintiff Jose Roe I has been damaged in that he has been required to expend money and incur obligations for medical services required in the treatment and relief of the injuries herein alleged.

42.   Defendants engaged in the conduct alleged above with malice, fraud, oppression and/or in conscious disregard for the rights of Plaintiff Jose

1    Roe I.  Plaintiff Jose Roe I is therefore entitled to an award of exemplary and

2    punitive damages.

3            WHEREFORE, Plaintiff Jose Roe I prays for judgment as set forth

4    below.

5                        **COUNT THREE**

6        **Production and Distribution of Child Pornography**

7                   **Jose Roe I v. White, et al.**

8            43.  Plaintiff Jose Roe I refers to and incorporates by reference

9    each and every allegation contained in paragraphs 1 through 42 of this

10   Complaint as though fully set forth and pleaded herein.

11           44.   In or about 1998, Defendants knowingly and willfully

12   conspired and agreed among themselves to induce Plaintiff Jose Roe I, a minor,

13   to engage in sexually explicit conduct for the purpose of producing videos of

14   minors engaged in sexually explicit conduct.  On numerous occasions

15   beginning in or about 1998, Defendants, and each of them, videotaped Plaintiff

16   Jose Roe I engaging in sexually explicit conduct with Defendants.  Defendants,

17   and each of them, knew or had reason to know that such visual depiction of

18   sexually explicit conduct of a minor would be transported in interstate or

19   foreign commerce or mailed.  Plaintiff Jose Roe I is informed and believes, and

20   thereon alleges, that some of the pornographic videos depicting Defendants

21   engaging in sexually explicit conduct with minors at Casa Blanca are in the

22   custody of the federal court in Guadalajara, Mexico.

23           45. Defendants' production and distribution of child pornography,

24   described herein, constitutes child sexual exploitation proscribed by Sections

25   2251 *et seq.* of Title 18 of the United States Code.

26           46.  As a direct and proximate result of Defendants' acts as alleged

27   herein, Plaintiff Jose Roe I was hurt and injured in his health, strength and

28

1  activity, sustaining shock and injury to his nervous system, all of which have

2  caused and continue to cause Plaintiff Jose Roe I great mental pain,

3  embarrassment, humiliation, distress, anguish and suffering, all to Plaintiff

4  Jose Roe I's damage in an amount in excess of the minimum subject matter

5  jurisdiction of this court and according to proof at trial.

6          47.   As a further direct and proximate result of Defendants' acts as

7  alleged herein, Plaintiff Jose Roe I has been damaged in that he has been

8  required to expend money and incur obligations for medical services required

9  in the treatment and relief of the injuries herein alleged.

10         48.   Defendants engaged in the conduct alleged above with malice,

11  fraud, oppression and/or in conscious disregard for the rights of Plaintiff Jose

12  Roe I.  Plaintiff Jose Roe I is therefore entitled to an award of exemplary and

13  punitive damages.

14                            **COUNT FOUR**

15              **Intentional Infliction of Emotional Distress**

16                      **Jose Roe I v. White, et al.**

17         49.   Plaintiff Jose Roe I refers to and incorporates by reference

18  each and every allegation contained in paragraphs 1 through 48 of this

19  Complaint as though fully set forth and pleaded herein.

20         50.   Defendants' conduct was intentional and malicious and done

21  for the purpose of causing Plaintiff Jose Roe I to suffer humiliation, mental

22  anguish, and emotional and physical distress.

23         51.   As a direct and proximate result of the acts of Defendants, and

24  each of them, Plaintiff Jose Roe I has been hurt and injured in his health,

25  strength, and activity, sustaining injury to their nervous system and person, all

26  of which injuries have caused, and continue to cause, Plaintiff Jose Roe I great

27  mental, physical, and nervous pain and suffering.

28

1       52.  As a further direct and proximate result of the acts of

2   Defendants, and each of them, Plaintiff Jose Roe I has been damaged in that he

3   has been required to expend money and to incur obligations for medical

4   services reasonably required in the treatment and relief of the injuries herein

5   alleged in an amount according to proof at trial.

6       53.  Defendants engaged in the conduct alleged above with malice,

7   fraud, oppression and/or in conscious disregard for the rights of Plaintiff Jose

8   Roe I.  Plaintiff Jose Roe I is therefore entitled to an award of exemplary and

9   punitive damages.

10      WHEREFORE, Plaintiff Jose Roe I prays for judgment as set forth

11  below.

12                          **COUNT FIVE**

13           **Negligent Infliction of Emotional Distress**

14                 **Jose Roe I v. White, et al.**

15      54.  Plaintiff Jose Roe I refers to and incorporates by reference

16  each and every allegation contained in paragraphs 1 through 53 of this

17  Complaint as though fully set forth and pleaded herein.

18      55.   Defendants, and each of them, knew, or should have known,

19  that their actions as set forth herein would cause Plaintiff Jose Roe I severe

20  emotional distress.

21      56.  Defendants, and each of them, owed a duty to Plaintiff Jose

22  Roe I not to sexually abuse, exploit and assault Plaintiff Jose Roe I in violation

23  of Title 18 of the United States Code as set forth herein.

24      57.  Defendants, and each of them, breached their duty to Plaintiff

25  Jose Roe I by engaging in the actions as set forth herein.

26      58.  As a direct and proximate result of the acts of Defendants, and

27  each of them, and of Defendants' breach of their duty to Plaintiff Jose Roe I,

28

1   Plaintiff Jose Roe I has been hurt and injured in his health, strength, and

2   activity, sustaining injury to his nervous system and person, all of which

3   injuries have caused, and continue to cause, Plaintiff great mental, physical,

4   and nervous pain and suffering.

5          59.   As a further direct and proximate result of the acts of

6   Defendants, and each of them, and of Defendants' breach of their duty to

7   Plaintiff Jose Roe I, Plaintiff Jose Roe I has been damaged in that he has been

8   required to expend money and to incur obligations for medical services and

9   drugs reasonably required in the treatment and relief of the injuries herein

10  alleged in an amount according to proof at trial.

11         WHEREFORE, Plaintiff Jose Roe I prays for judgment as set forth

12  below.

13                        **COUNT SIX**

14                   **Childhood Sexual Abuse**

15                  **Jose Roe II v. White, et al.**

16         60.   Plaintiff Jose Roe II refers to and incorporates by reference

17  each and every allegation contained in paragraphs 1 through 24 of this

18  Complaint as though fully set forth and pleaded herein.

19         61.   In or about 1999, Defendants knowingly and willfully

20  conspired and agreed among themselves to sexually assault Plaintiff Jose Roe

21  II.   In or about 1998, Defendants began traveling from San Francisco to

22  Puerto Vallarta, procuring young boys along the Malecon in Puerto Vallarta,

23  taking them to White's villa known as "Casa Blanca" south of Puerto Vallarta,

24  giving the young boys food, money and drugs, and sexually abusing them in

25  violation of 18 U.S.C. §§ 2241, *et seq.*

26         62.   White first met Plaintiff Jose Roe II at White's villa, the Casa

27  Blanca.   Plaintiff Jose Roe II was taken to the Casa Blanca by three other

28

1   young boys he met on the Malecon, including Carlos Roe I.   At that time, Jose

2   Roe II was 12 years old.

3          63.   When Jose Roe II arrived at the Casa Blanca, White opened

4   the door and invited Jose Roe II and his companions inside.   There were

5   already several young boys at the Casa Blanca.   Once inside the compound,

6   White told Jose Roe II and his companions that they had to remove all their

7   clothes.   Jose Roe II resisted taking off his shorts.   However, after being

8   pressured by White to completely disrobe, Jose Roe II took off his shorts and

9   joined the other boys in the swimming pool.   Once White had Jose Roe II

10  disrobed at Casa Blanca, White forced Jose Roe II to engage in sexual acts in

11  violation of Sections 2241 *et seq.* of Title 18 of the United States Code.

12         64.   White first took three boys to his bedroom, one of whom was

13  Carlos Roe I.   After the first three boys came out of the room, Jose Roe II was

14  taken to White's bedroom with two other boys.   White showed Jose Roe II a

15  video he had made showing White having sex with Carlos Roe I and the other

16  two boys who had gone to his room. The video showed White having both oral

17  and anal sex with the boys, first individually, and later as a group.   White had

18  a box of drugs in his bedroom, including marijuana and crack cocaine, and a

19  large amount of cash.   White then orally copulated Jose Roe II in  violation of

20  Sections 2241 *et seq.* of Title 18 of the United States Code.

21         65.   Jose Roe II spent the night at the Casa Blanca.   The next

22  day, White was naked with Jose Roe II in the swimming pool.   Another boy

23  was taking video pictures of White with Jose Roe II in the pool at White's

24  direction.   White then took Jose Roe II by the arm, grabbed his genitals and

25  forced him inside his bedroom where White orally copulated Jose Roe II.

26         66.   I or about 2001, White was indicted by the State of Jalisco

27  and the United States of Mexico on charges of child rape, child endangerment

28

THIRD AMENDED COMPLAINT
ROE V. WHITE, USDC C-03-4035-CRB        -15-

1   and child pornography arising out of White's actions in Puerto Vallarta as

2   detailed hereinabove.   Plaintiff Jose Roe II is informed and believes, and

3   thereon alleges, that the federal court in Guadalajara has custody of video

4   tapes made by White and his associates depicting White, Rolph, Collingsworth

5   and other White associates having sex with minors, including Carlos Roe II.

6           67.   After the incident at Casa Blanca outlined above, Jose Roe II

7   began to abuse drugs, including crack cocaine.

8           68.   Defendants' acts, described herein, constitute conduct

9   proscribed by Sections 2241 *et seq.* of Title 18 of the United States Code.

10          69.   At no time did Plaintiff Jose Roe II consent, or have the ability

11  to consent, to any of the acts of Defendants alleged herein.

12          70.   As a direct and proximate result of Defendants' acts as alleged

13  herein, Plaintiff Jose Roe II was hurt and injured in his health, strength and

14  activity, sustaining shock and injury to his nervous system, all of which have

15  caused and continue to cause Plaintiff Jose Roe II great mental pain,

16  embarrassment, humiliation, distress, anguish and suffering, all to Plaintiff

17  Jose Roe II's damage in an amount according to proof at trial.

18          71.   As a further direct and proximate result of Defendants' acts as

19  alleged herein, Plaintiff Jose Roe II has been damaged in that he has been

20  required to expend money and incur obligations for medical services required

21  in the treatment and relief of the injuries herein alleged.

22          72.   Defendants engaged in the conduct alleged above with malice,

23  fraud, oppression and/or in conscious disregard for the rights of Plaintiff Jose

24  Roe II.  Plaintiff Jose Roe II is therefore entitled to an award of exemplary and

25  punitive damages.

26          WHEREFORE, Plaintiff Jose Roe II prays for judgment as set forth

27  below.

28

THIRD AMENDED COMPLAINT
ROE V. WHITE, USDC C-03-4035-CRB          -16-

**COUNT SEVEN**

**Child Sexual Tourism**

**Jose Roe II v. White, et al.**

73.  Plaintiff Jose Roe II refers to and incorporates by reference each and every allegation contained in paragraphs 1 through 24 and 61 through 72 of this Complaint as though fully set forth and pleaded herein.

74.  Defendants traveled from San Francisco to Mexico, or conspired to travel to Mexico, for the purpose of engaging in a sexual act as defined in Section 2246 of Title 18 of the United States Code with Plaintiff Jose Roe II, a person under the age of 18 years of age, that would be a violation of Chapter 109A of Title 18 if the sexual act occurred in the United States.

75.  Defendants' conduct, as set forth above, constitutes child sexual tourism in violation of Section 2423, *et seq.* of Title 18 of the United States Code.

76.  As a direct and proximate result of Defendants' acts as alleged herein, Plaintiff Jose Roe II was hurt and injured in his health, strength and activity, sustaining shock and injury to his nervous system, all of which have caused and continue to cause Plaintiff great mental pain, embarrassment, humiliation, distress, anguish and suffering, all to Plaintiff Jose Roe II's damage in an amount according to proof at trial.

77.  As a further direct and proximate result of Defendants' acts as alleged herein, Plaintiff Jose Roe II has been damaged in that he has been required to expend money and incur obligations for medical services required in the treatment and relief of the injuries herein alleged.

78.  Defendants engaged in the conduct alleged above with malice, fraud, oppression and/or in conscious disregard for the rights of Plaintiff Jose Roe II.  Plaintiff Jose Roe II is therefore entitled to an award of exemplary and

1   punitive damages.

2          WHEREFORE, Plaintiff Jose Roe II prays for judgment as set forth

3   below.

4                          **COUNT EIGHT**

5          **Production and Distribution of Child Pornography**

6                    **Jose Roe II v. White, et al.**

7          79.  Plaintiff Jose Roe II refers to and incorporates by reference

8   each and every allegation contained in paragraphs 1 through 24 and

9   paragraphs 61 through 78 of this Complaint as though fully set forth and

10  pleaded herein.

11         80.    In or about 1999, Defendants knowingly and willfully

12  conspired and agreed among themselves to induce Plaintiff Jose Roe II, a

13  minor, to engage in sexually explicit conduct for the purpose of producing

14  videos of minors engaged in sexually explicit conduct.  In or about 1999,

15  Defendants, and each of them, videotaped Plaintiff Jose Roe II engaging in

16  sexually explicit conduct with Defendants.  Defendants, and each of them,

17  knew or had reason to know that such visual depiction of sexually explicit

18  conduct of a minor would be transported in interstate or foreign commerce or

19  mailed.  Plaintiff Jose Roe II is informed and believes, and thereon alleges, that

20  some of the pornographic videos depicting Defendants engaging in sexually

21  explicit conduct with minors at Casa Blanca are in the custody of the federal

22  court in Guadalajara, Mexico.

23         81. Defendants' production and distribution of child pornography,

24  described herein, constitutes child sexual exploitation proscribed by Sections

25  2251 *et seq.* of Title 18 of the United States Code.

26         82.  As a direct and proximate result of Defendants' acts as alleged

27  herein, Plaintiff Jose Roe II was hurt and injured in his health, strength and

28

1   activity, sustaining shock and injury to his nervous system, all of which have

2   caused and continue to cause Plaintiff Jose Roe II great mental pain,

3   embarrassment, humiliation, distress, anguish and suffering, all to Plaintiff

4   Jose Roe II's damage in an amount in excess of the minimum subject matter

5   jurisdiction of this court and according to proof at trial.

6        83.   As a further direct and proximate result of Defendants' acts as

7   alleged herein, Plaintiff Jose Roe II has been damaged in that he has been

8   required to expend money and incur obligations for medical services required

9   in the treatment and relief of the injuries herein alleged.

10       84.   Defendants engaged in the conduct alleged above with malice,

11  fraud, oppression and/or in conscious disregard for the rights of Plaintiff Jose

12  Roe II.  Plaintiff Jose Roe II is therefore entitled to an award of exemplary and

13  punitive damages.

14       WHEREFORE, Plaintiff Jose Roe II prays for judgment as set forth

15  below.

16                      **COUNT NINE**

17         **Intentional Infliction of Emotional Distress**

18             **Jose Roe II v. White, et al.**

19       85.   Plaintiff Jose Roe II refers to and incorporates by reference

20  each and every allegation contained in paragraphs 1 through 24 and 61

21  through 84 of this Complaint as though fully set forth and pleaded herein.

22       86.   Defendants' conduct was intentional and malicious and done

23  for the purpose of causing Plaintiff Jose Roe II to suffer humiliation, mental

24  anguish, and emotional and physical distress.

25       87.   As a direct and proximate result of the acts of Defendants, and

26  each of them, Plaintiff Jose Roe II has been hurt and injured in his health,

27  strength, and activity, sustaining injury to their nervous system and person, all

28

1   of which injuries have caused, and continue to cause, Plaintiff Jose Roe II great

2   mental, physical, and nervous pain and suffering.

3          88.   As a further direct and proximate result of the acts of

4   Defendants, and each of them, Plaintiff Jose Roe II has been damaged in that

5   he has been required to expend money and to incur obligations for medical

6   services reasonably required in the treatment and relief of the injuries herein

7   alleged in an amount according to proof at trial.

8          89.   Defendants engaged in the conduct alleged above with malice,

9   fraud, oppression and/or in conscious disregard for the rights of Plaintiff Jose

10  Roe II.  Plaintiff Jose Roe II is therefore entitled to an award of exemplary and

11  punitive damages.

12         WHEREFORE, Plaintiff Jose Roe II prays for judgment as set forth

13  below.

14                              **COUNT TEN**

15                 **Negligent Infliction of Emotional Distress**

16                      **Jose Roe II v. White, et al.**

17         90.   Plaintiff Jose Roe II refers to and incorporates by reference

18  each and every allegation contained in paragraphs 1 through 24 and 61

19  through 89 of this Complaint as though fully set forth and pleaded herein.

20         91.   Defendants, and each of them, knew, or should have known,

21  that their actions as set forth herein would cause Plaintiff Jose Roe II severe

22  emotional distress.

23         92.   Defendants, and each of them, owed a duty to Plaintiff Jose

24  Roe II not to sexually abuse, exploit and assault Plaintiff Jose Roe II in violation

25  of Title 18 of the United States Code as set forth herein.

26         93.   Defendants, and each of them, breached their duty to Plaintiff

27  Jose Roe II by engaging in the actions as set forth herein.

28

1    94.   As a direct and proximate result of the acts of Defendants, and

2    each of them, and of Defendants' breach of their duty to Plaintiff Jose Roe II,

3    Plaintiff Jose Roe II has been hurt and injured in his health, strength, and

4    activity, sustaining injury to his nervous system and person, all of which

5    injuries have caused, and continue to cause, Plaintiff great mental, physical,

6    and nervous pain and suffering.

7    95.   As a further direct and proximate result of the acts of

8    Defendants, and each of them, and of Defendants' breach of their duty to

9    Plaintiff Jose Roe II, Plaintiff Jose Roe II has been damaged in that he has been

10   required to expend money and to incur obligations for medical services and

11   drugs reasonably required in the treatment and relief of the injuries herein

12   alleged in an amount according to proof at trial.

13   WHEREFORE, Plaintiff Jose Roe II prays for judgment as set forth

14   below.

15                          **COUNT ELEVEN**

16                        **Childhood Sexual Abuse**

17                      **Carlos Roe I v. White, et al.**

18   96.   Plaintiff Carlos Roe I refers to and incorporates by reference

19   each and every allegation contained in paragraphs 1 through 24 and 64 of this

20   Complaint as though fully set forth and pleaded herein.

21   97.   In or about 1998, Defendants knowingly and willfully

22   conspired and agreed among themselves to sexually assault Plaintiff Carlos Roe

23   I.   In or about 1998, Defendants began traveling from San Francisco to Puerto

24   Vallarta, procuring young boys along the Malecon in Puerto Vallarta, taking

25   them to White's villa known as "Casa Blanca" south of Puerto Vallarta, giving

26   the young boys food, money and drugs, and sexually abusing them in violation

27   of 18 U.S.C. §§ 2241, *et seq.*

28

1    98.  Plaintiff Carlos Roe I first met Defendants in front of the Hard

2   Rock Café along the Malecon in 1999.  At that time, Carlos Roe I was 13 years

3   old and homeless, spending most nights sleeping under a palapa near the

4   fishing pier.   Rolph approached Carlos Roe I in front of the Hard Rock Café

5   and engaged him in conversation.   Thereafter, White arrived with a large man

6   from Guadalajara.   White and Rolph then took Carlos Roe I to White's villa, the

7   Casa Blanca, in White's white Mercedes Benz SUV.   Once at Casa Blanca,

8   White told Carlos Roe I that he had to remove all his clothes since clothing was

9   not allowed in the pool.   Carlos Roe I complied with White's demand that he

10   disrobe.   Thereafter, White and Rolph forced Carlos Roe I to engage in sexual

11   acts in violation of Sections 2241 *et seq.* of Title 18 of the United States Code.

12    99.   Once Carlos Roe I was in the swimming pool naked, White

13   and Rolph joined him in the pool, also naked.   White prepared and gave to

14   Carlos Roe I an alcoholic beverage which was laced with a sedative drug.

15   Carlos Roe I became disoriented from the drugged beverage.   Rolph then took

16   Carlos Roe I to a bedroom where he lay naked.   Rolph then masturbated

17   Carlos Roe I and took Carlos Roe I's hand and used it to masturbate himself.

18   Rolph then anally penetrated Carlos Roe I.  Carlos Roe I then feel asleep as a

19   result of the drugs and alcohol.   The next day, Carlos Roe I left.   Rolph paid

20   Carlos Roe I $200.

21    100.  Several months after his first visit to the Casa Blanca as

22   outlined above, White approached Carlos Roe I when Carlos Roe I was in front

23   of the McDonald's restaurant along the Malecon.   White invited Carlos Roe I,

24   who was 13 years old, to the Casa Blanca.  Carlos Roe I went with White to the

25   Casa Blanca a second time.   Once at the Casa Blanca, White again told Carlos

26   Roe I to disrobe stating that no clothing was allowed in the swimming pool.

27   After Carlos Roe I was in the pool naked, White gave Carlos Roe I an alcoholic

28

1   beverage.   White then joined him in the pool.   White was also naked.   White

2   then took Carlos Roe I to the Jacuzzi where White orally copulated Carlos Roe

3   I.

4           101.   After White orally copulated Carlos Roe I in the Jacuzzi, and

5   after White gave Carlos Roe I more liquor, White took Carlos Roe I to his

6   bedroom where he anally penetrated Carlos Roe I.  At the time White anally

7   penetrated Carlos Roe I, White played pornography on the television.

8           102.   Carlos Roe I stayed at the Casa Blanca for approximately 8

9   months from late 1999 through late 2000.  On multiple occasions while at the

10  Casa Blanca, White and Rolph required Plaintiff Carlos Roe I to engage in

11  sexual acts with them, including oral and anal copulation, in violation of

12  Sections 2241 *et seq.* of Title 18 of the United States Code.

13          103.   On more than 20 occasions, White took video pictures of

14  White and Rolph engaging in sexual acts with Carlos Roe I.

15          104.   In late 2000 Rolph forcibly raped Carlos Roe I at the Casa

16  Blanca.   Carlos Roe I went to the Red Cross to have his anus examined

17  because of the extreme paid.   It was after that incident that Carlos Roe I left

18  Puerto Vallarta and returned to his home in Tijuana.

19          105.   White maintained armed guards at the Casa Blanca.  White

20  told Carlos Roe I that if he said anything about the sexual acts outlined above

21  that White would have "his people" hurt his parents.

22          106.   Defendants' acts, described herein, constitute conduct

23  proscribed by Sections 2241 *et seq.* of Title 18 of the United States Code.

24          107.   At no time did Plaintiff Carlos Roe I consent, or have the

25  ability to consent, to any of the acts of Defendants alleged herein.

26          108.    In or about 2001, White was indicted by the State of Jalisco

27  and the United States of Mexico on charges of child rape, child endangerment

28

and child pornography arising out of White's actions in Puerto Vallarta as detailed hereinabove.   Plaintiff Carlos Roe I is informed and believes, and thereon alleges, that the federal court in Guadalajara has custody of video tapes made by White and his associates depicting White, Rolph, Collingsworth and other White associates having sex with minors, including Carlos Roe I.

109.  As a direct and proximate result of Defendants' acts as alleged herein, Plaintiff Carlos Roe I was hurt and injured in his health, strength and activity, sustaining shock and injury to his nervous system, all of which have caused and continue to cause Plaintiff Carlos Roe I great mental pain, embarrassment, humiliation, distress, anguish and suffering, all to Plaintiff Carlos Roe I's damage in an amount according to proof at trial.

110.  As a further direct and proximate result of Defendants' acts as alleged herein, Plaintiff Carlos Roe I has been damaged in that he has been required to expend money and incur obligations for medical services required in the treatment and relief of the injuries herein alleged.

111.  Defendants engaged in the conduct alleged above with malice, fraud, oppression and/or in conscious disregard for the rights of Plaintiff Carlos Roe I.  Plaintiff Carlos Roe I is therefore entitled to an award of exemplary and punitive damages.

WHEREFORE, Plaintiff Carlos Roe I prays for judgment as set forth below.

**COUNT TWELVE**

**Child Sexual Tourism**

**Carlos Roe I v. White, et al.**

112.  Plaintiff Carlos Roe I refers to and incorporates by reference each and every allegation contained in paragraphs 1 through 24, 64 and 97 through 111 of this Complaint as though fully set forth and pleaded herein.

1        113.   Defendants traveled from San Francisco to Mexico, or

2   conspired to travel to Mexico, for the purpose of engaging in a sexual act as

3   defined in Section 2246 of Title 18 of the United States Code with Plaintiff

4   Carlos Roe I, a person under the age of 18 years of age, that would be a

5   violation of Chapter 109A of Title 18 if the sexual act occurred in the United

6   States.

7        114.   Defendants' conduct, as set forth above, constitutes child

8   sexual tourism in violation of Section 2423, *et seq.* of Title 18 of the United

9   States Code.

10        115.   As a direct and proximate result of Defendants' acts as

11   alleged herein, Plaintiff Carlos Roe I was hurt and injured in his health,

12   strength and activity, sustaining shock and injury to his nervous system, all of

13   which have caused and continue to cause Plaintiff great mental pain,

14   embarrassment, humiliation, distress, anguish and suffering, all to Plaintiff

15   Carlos Roe I's damage in an amount according to proof at trial.

16        116.   As a further direct and proximate result of Defendants' acts

17   as alleged herein, Plaintiff Carlos Roe I has been damaged in that he has been

18   required to expend money and incur obligations for medical services required

19   in the treatment and relief of the injuries herein alleged.

20        117.   Defendants engaged in the conduct alleged above with

21   malice, fraud, oppression and/or in conscious disregard for the rights of

22   Plaintiff Carlos Roe I.  Plaintiff Carlos Roe I is therefore entitled to an award of

23   exemplary and punitive damages.

24        WHEREFORE, Plaintiff Carlos Roe I prays for judgment as set forth

25   below.

26   /////

27   /////

28

THIRD AMENDED COMPLAINT
ROE V. WHITE, USDC C-03-4035-CRB        -25-

1

2

3

**COUNT THIRTEEN**

**Production and Distribution of Child Pornography**

**Carlos Roe I v. White, et al.**

4   118.  Plaintiff Carlos Roe I refers to and incorporates by reference

5   each and every allegation contained in paragraphs 1 through 24, 64 and 97

6   thorough 117 of this Complaint as though fully set forth and pleaded herein.

7   119.    In or about 1998, Defendants knowingly and willfully

8   conspired and agreed among themselves to induce Plaintiff Carlos Roe I, a

9   minor, to engage in sexually explicit conduct for the purpose of producing

10   videos of minors engaged in sexually explicit conduct.  On numerous occasions

11   beginning in or about 1998, Defendants, and each of them, videotaped Plaintiff

12   Carlos Roe I engaging in sexually explicit conduct with Defendants.

13   Defendants, and each of them, knew or had reason to know that such visual

14   depiction of sexually explicit conduct of a minor would be transported in

15   interstate or foreign commerce or mailed.   Plaintiff Carlos Roe I is informed

16   and believes, and thereon alleges, that some of the pornographic videos

17   depicting Defendants engaging in sexually explicit conduct with minors at Casa

18   Blanca are in the custody of the federal court in Guadalajara, Mexico.

19   120.  Defendants' production and distribution of child

20   pornography, described herein, constitutes child sexual exploitation proscribed

21   by Sections 2251 *et seq.* of Title 18 of the United States Code.

22   121.  As a direct and proximate result of Defendants' acts as

23   alleged herein, Plaintiff Carlos Roe I was hurt and injured in his health,

24   strength and activity, sustaining shock and injury to his nervous system, all of

25   which have caused and continue to cause Plaintiff Carlos Roe I great mental

26   pain, embarrassment, humiliation, distress, anguish and suffering, all to

27   Plaintiff Carlos Roe I's damage in an amount in excess of the minimum subject

28

1   matter jurisdiction of this court and according to proof at trial.

2       122.  As a further direct and proximate result of Defendants' acts

3   as alleged herein, Plaintiff Carlos Roe I has been damaged in that he has been

4   required to expend money and incur obligations for medical services required

5   in the treatment and relief of the injuries herein alleged.

6       123.  Defendants engaged in the conduct alleged above with

7   malice, fraud, oppression and/or in conscious disregard for the rights of

8   Plaintiff Carlos Roe I.  Plaintiff Carlos Roe I is therefore entitled to an award of

9   exemplary and punitive damages.

10      WHEREFORE, Plaintiff Carlos Roe I prays for judgment as set forth

11  below.

12                    **COUNT FOURTEEN**

13          **Intentional Infliction of Emotional Distress**

14              **Carlos Roe I v. White, et al.**

15      124.  Plaintiff Carlos Roe I refers to and incorporates by reference

16  each and every allegation contained in paragraphs 1 through 24, 64 and 97

17  through  123 of this Complaint as though fully set forth and pleaded herein.

18      125.  Defendants' conduct was intentional and malicious and done

19  for the purpose of causing Plaintiff Carlos Roe I to suffer humiliation, mental

20  anguish, and emotional and physical distress.

21      126.  As a direct and proximate result of the acts of Defendants,

22  and each of them, Plaintiff Carlos Roe I has been hurt and injured in his

23  health, strength, and activity, sustaining injury to their nervous system and

24  person, all of which injuries have caused, and continue to cause, Plaintiff

25  Carlos Roe I great mental, physical, and nervous pain and suffering.

26      127.  As a further direct and proximate result of the acts of

27  Defendants, and each of them, Plaintiff Carlos Roe I has been damaged in that

28

THIRD AMENDED COMPLAINT
ROE V. WHITE, USDC C-03-4035-CRB          -27-

1   he has been required to expend money and to incur obligations for medical

2   services reasonably required in the treatment and relief of the injuries herein

3   alleged in an amount according to proof at trial.

4          128.   Defendants engaged in the conduct alleged above with

5   malice, fraud, oppression and/or in conscious disregard for the rights of

6   Plaintiff Carlos Roe I.  Plaintiff Carlos Roe I is therefore entitled to an award of

7   exemplary and punitive damages.

8          WHEREFORE, Plaintiff Carlos Roe I prays for judgment as set forth

9   below.

10   **COUNT FIFTEEN**

11   **Negligent Infliction of Emotional Distress**

12   **Carlos Roe I v. White, et al.**

13          129.   Plaintiff Carlos Roe I refers to and incorporates by reference

14   each and every allegation contained in paragraphs 1 through 24, 64 and 97

15   through 128 of this Complaint as though fully set forth and pleaded herein.

16          130.   Defendants, and each of them, knew, or should have known,

17   that their actions as set forth herein would cause Plaintiff Carlos Roe I severe

18   emotional distress.

19          131.   Defendants, and each of them, owed a duty to Plaintiff Carlos

20   Roe I not to sexually abuse, exploit and assault Plaintiff Carlos Roe I in

21   violation of Title 18 of the United States Code as set forth herein.

22          132.   Defendants, and each of them, breached their duty to

23   Plaintiff Carlos Roe I by engaging in the actions as set forth herein.

24          133.   As a direct and proximate result of the acts of Defendants,

25   and each of them, and of Defendants' breach of their duty to Plaintiff Carlos

26   Roe I, Plaintiff Carlos Roe I has been hurt and injured in his health, strength,

27   and activity, sustaining injury to his nervous system and person, all of which

28

1  injuries have caused, and continue to cause, Plaintiff great mental, physical,

2  and nervous pain and suffering.

3        134.  As a further direct and proximate result of the acts of

4  Defendants, and each of them, and of Defendants' breach of their duty to

5  Plaintiff Carlos Roe I, Plaintiff Carlos Roe I has been damaged in that he has

6  been required to expend money and to incur obligations for medical services

7  and drugs reasonably required in the treatment and relief of the injuries herein

8  alleged in an amount according to proof at trial.

9        WHEREFORE, Plaintiff Carlos Roe I prays for judgment as set forth

10  below.

11  **COUNT SIXTEEN**

12  **Childhood Sexual Abuse**

13  **Carlos Roe II v. White, et al.**

14        135.  Plaintiff Carlos Roe II  refers to and incorporates by reference

15  each and every allegation contained in paragraphs 1 through 24 of this

16  Complaint as though fully set forth and pleaded herein.

17        136.  In or about 1998, Defendants knowingly and willfully

18  conspired and agreed among themselves to sexually assault Plaintiff Carlos Roe

19  II.  In or about 1998, Defendants began traveling from San Francisco to Puerto

20  Vallarta, procuring young boys along the Malecon in Puerto Vallarta, taking

21  them to White's villa known as "Casa Blanca" south of Puerto Vallarta, giving

22  the young boys food, money and drugs, and sexually abusing them in violation

23  of 18 U.S.C. §§ 2241, *et  seq.*

24        137.  Plaintiff Carlos Roe II first met White in front of Carlos

25  O'Brien's restaurant along the Malecon in 2000.   At that time, Carlos Roe II

26  was 15 years old. White was driving his white Mercedes SUV. White saw Carlos

27  Roe II in front of Carlos O'Briens's, stopped his car and asked Carlos Roe II if

28

1   he wanted to have a drink with him.  Carlos Roe II got in White's car.  White

2   gave Carlos Roe II a beer.  After driving around Puerto Vallarta for a while, at

3   approximately 10:00 p.m. White took Carlos Roe II to his villa, the Casa

4   Blanca.  Once at Casa Blanca, White told Carlos Roe II that he had to remove

5   all his clothes since clothing was not allowed in the pool.  Carlos Roe II

6   complied with White's demand that he disrobe.    Thereafter, White forced

7   Carlos Roe II to engage in sexual acts in violation of Sections 2241 *et seq.* of

8   Title 18 of the United States Code.

9          138.    Once Carlos Roe II was naked, White gave him a alcoholic

10  beverage that was laced with a sedative.   White and Collingsworth both

11  disrobed and joined Carlos Roe II naked in the swimming pool.   White

12  approached Carlos Roe II, grabbed his genitals and then orally copulated him

13  in full view of Collingsworth.

14         139.    White and Collingsworth then took Carlos Roe II to White's

15  bedroom.   In the bedroom White gave Carlos Roe II Viagra, telling him it was

16  necessary because he had been drinking.  There were large quantities of drugs

17  in the room including ecstacy and cocaine.   There was also a video camera to

18  record White's and Collingsworth's sexual encounters with the local children.

19  Both White and Collingsworth were naked and engaged in sexual activity with

20  Carlos Roe II.  Collingsworth was wearing clamps on his teats which were

21  connected by a chain that White pulled during sex.   Carlos Roe II then fell

22  asleep.

23         140.   The next day, White have Carlos Roe II 1,800 Pesos and told

24  him to return at night.

25         141.   That night Carlos Roe II returned to the Casa Blanca where

26  White again engaged  in sexual acts with Carlos Roe II in violation of Sections

27  2241 *et seq.* of Title 18 of the United States Code.    After engaging in further

28

1  sexual acts with Carlos Roe II, White gave Carlos Roe II 2,500 Pesos.

2  142.  On at least 2 other occasions before Carlos Roe II was 18

3  years old, Carlos Roe II was taken to the Casa Blanca by White and his

4  associates.   On each of those occasions while at the Casa Blanca, White

5  required Plaintiff Carlos Roe II to engage in sexual acts with them, including

6  oral and anal copulation, in violation of Sections 2241 *et seq.* of Title 18 of the

7  United States Code.

8  143.  As a direct and proximate result of Defendants' acts as

9  alleged herein, Plaintiff Carlos Roe II was hurt and injured in his health,

10  strength and activity, sustaining shock and injury to his nervous system, all of

11  which have caused and continue to cause Plaintiff Carlos Roe II great mental

12  pain, embarrassment, humiliation, distress, anguish and suffering, all to

13  Plaintiff Carlos Roe II's damage in an amount according to proof at trial.

14  144.  As a further direct and proximate result of Defendants' acts

15  as alleged herein, Plaintiff Carlos Roe II has been damaged in that he has been

16  required to expend money and incur obligations for medical services required

17  in the treatment and relief of the injuries herein alleged.

18  145.  Defendants engaged in the conduct alleged above with

19  malice, fraud, oppression and/or in conscious disregard for the rights of

20  Plaintiff Carlos Roe II.  Plaintiff Carlos Roe II is therefore entitled to an award of

21  exemplary and punitive damages.

22  WHEREFORE, Plaintiff Carlos Roe II prays for judgment as set

23  forth below.

24  **COUNT SEVENTEEN**

25  **Child Sexual Tourism**

26  **Carlos Roe II v. White, et al.**

27  146.  Plaintiff Carlos Roe II refers to and incorporates by reference

28

1   each and every allegation contained in paragraphs 1 through 24 and 136

2   through 145 of this Complaint as though fully set forth and pleaded herein.

3           147.  Defendants traveled from San Francisco to Mexico, or

4   conspired to travel to Mexico, for the purpose of engaging in a sexual act as

5   defined in Section 2246 of Title 18 of the United States Code with Plaintiff

6   Carlos Roe II, a person under the age of 18 years of age, that would be a

7   violation of Chapter 109A of Title 18 if the sexual act occurred in the United

8   States.

9           148.  Defendants' conduct, as set forth above, constitutes child

10  sexual tourism in violation of Section 2423, *et seq.* of Title 18 of the United

11  States Code.

12          149.  As a direct and proximate result of Defendants' acts as

13  alleged herein, Plaintiff Carlos Roe II was hurt and injured in his health,

14  strength and activity, sustaining shock and injury to his nervous system, all of

15  which have caused and continue to cause Plaintiff great mental pain,

16  embarrassment, humiliation, distress, anguish and suffering, all to Plaintiff

17  Carlos Roe II's damage in an amount according to proof at trial.

18          150  As a further direct and proximate result of Defendants' acts

19  as alleged herein, Plaintiff Carlos Roe II has been damaged in that he has been

20  required to expend money and incur obligations for medical services required

21  in the treatment and relief of the injuries herein alleged.

22          151.  Defendants engaged in the conduct alleged above with

23  malice, fraud, oppression and/or in conscious disregard for the rights of

24  Plaintiff Carlos Roe II.  Plaintiff Carlos Roe II is therefore entitled to an award of

25  exemplary and punitive damages.

26          WHEREFORE, Plaintiff Carlos Roe II prays for judgment as set

27  forth below.

28

THIRD AMENDED COMPLAINT
ROE V. WHITE, USDC C-03-4035-CRB          -32-

**COUNT EIGHTEEN**

**Production and Distribution of Child Pornography**

**Carlos Roe II v. White, et al.**

152.  Plaintiff Carlos Roe II refers to and incorporates by reference each and every allegation contained in paragraphs 1 through 24 and 136 through 151 of this Complaint as though fully set forth and pleaded herein.

153.   In or about 1998, Defendants knowingly and willfully conspired and agreed among themselves to induce Plaintiff Carlos Roe II, a minor, to engage in sexually explicit conduct for the purpose of producing videos of minors engaged in sexually explicit conduct.  On numerous occasions beginning in or about 1998, Defendants, and each of them, videotaped Plaintiff Carlos Roe II engaging in sexually explicit conduct with Defendants. Defendants, and each of them, knew or had reason to know that such visual depiction of sexually explicit conduct of a minor would be transported in interstate or foreign commerce or mailed.   Plaintiff Carlos Roe II is informed and believes, and thereon alleges, that some of the pornographic videos depicting Defendants engaging in sexually explicit conduct with minors at Casa Blanca are in the custody of the federal court in Guadalajara, Mexico.

154.  Defendants' production and distribution of child pornography, described herein, constitutes child sexual exploitation proscribed by Sections 2251 *et seq.* of Title 18 of the United States Code.

155.  As a direct and proximate result of Defendants' acts as alleged herein, Plaintiff Carlos Roe II was hurt and injured in his health, strength and activity, sustaining shock and injury to his nervous system, all of which have caused and continue to cause Plaintiff Carlos Roe II great mental pain, embarrassment, humiliation, distress, anguish and suffering, all to Plaintiff Carlos Roe II's damage in an amount in excess of the minimum subject

1  matter jurisdiction of this court and according to proof at trial.

2         156.  As a further direct and proximate result of Defendants' acts

3  as alleged herein, Plaintiff Carlos Roe II has been damaged in that he has been

4  required to expend money and incur obligations for medical services required

5  in the treatment and relief of the injuries herein alleged.

6         157.  Defendants engaged in the conduct alleged above with

7  malice, fraud, oppression and/or in conscious disregard for the rights of

8  Plaintiff Carlos Roe II.  Plaintiff Carlos Roe II is therefore entitled to an award of

9  exemplary and punitive damages.

10        WHEREFORE, Plaintiff Carlos Roe II prays for judgment as set

11  forth below.

12                          **COUNT NINETEEN**

13           **Intentional Infliction of Emotional Distress**

14                 **Carlos Roe II v. White, et al.**

15        158.  Plaintiff Carlos Roe II refers to and incorporates by reference

16  each and every allegation contained in paragraphs 1 through 24 and 136

17  through 157 of this Complaint as though fully set forth and pleaded herein.

18        159.  Defendants' conduct was intentional and malicious and done

19  for the purpose of causing Plaintiff Carlos Roe II to suffer humiliation, mental

20  anguish, and emotional and physical distress.

21        160.  As a direct and proximate result of the acts of Defendants,

22  and each of them, Plaintiff Carlos Roe II has been hurt and injured in his

23  health, strength, and activity, sustaining injury to their nervous system and

24  person, all of which injuries have caused, and continue to cause, Plaintiff

25  Carlos Roe II great mental, physical, and nervous pain and suffering.

26        161.  As a further direct and proximate result of the acts of

27  Defendants, and each of them, Plaintiff Carlos Roe II has been damaged in that

28

1   he has been required to expend money and to incur obligations for medical

2   services reasonably required in the treatment and relief of the injuries herein

3   alleged in an amount according to proof at trial.

4          162.   Defendants engaged in the conduct alleged above with

5   malice, fraud, oppression and/or in conscious disregard for the rights of

6   Plaintiff Carlos Roe II.  Plaintiff Carlos Roe II is therefore entitled to an award of

7   exemplary and punitive damages.

8          WHEREFORE, Plaintiff Carlos Roe II prays for judgment as set

9   forth below.

10                        **COUNT TWENTY**

11              **Negligent Infliction of Emotional Distress**

12                   **Carlos Roe II v. White, et al.**

13          163.   Plaintiff Carlos Roe II refers to and incorporates by reference

14   each and every allegation contained in paragraphs 1 through 24 and 136

15   through 162 of this Complaint as though fully set forth and pleaded herein.

16          164.   Defendants, and each of them, knew, or should have known,

17   that their actions as set forth herein would cause Plaintiff Carlos Roe II severe

18   emotional distress.

19          165.   Defendants, and each of them, owed a duty to Plaintiff Carlos

20   Roe II not to sexually abuse, exploit and assault Plaintiff Carlos Roe II in

21   violation of Title 18 of the United States Code as set forth herein.

22          166.   Defendants, and each of them, breached their duty to

23   Plaintiff Carlos Roe II by engaging in the actions as set forth herein.

24          167.   As a direct and proximate result of the acts of Defendants,

25   and each of them, and of Defendants' breach of their duty to Plaintiff Carlos

26   Roe II, Plaintiff Carlos Roe II has been hurt and injured in his health, strength,

27   and activity, sustaining injury to his nervous system and person, all of which

28

THIRD AMENDED COMPLAINT
ROE V. WHITE, USDC C-03-4035-CRB          -35-

1  injuries have caused, and continue to cause, Plaintiff great mental, physical,

2  and nervous pain and suffering.

3      168.  As a further direct and proximate result of the acts of

4  Defendants, and each of them, and of Defendants' breach of their duty to

5  Plaintiff Carlos Roe II, Plaintiff Carlos Roe II has been damaged in that he has

6  been required to expend money and to incur obligations for medical services

7  and drugs reasonably required in the treatment and relief of the injuries herein

8  alleged in an amount according to proof at trial.

9      WHEREFORE, Plaintiff Carlos Roe II prays for judgment as set

10  forth below.

11                **COUNT TWENTY-ONE**

12              **Childhood Sexual Abuse**

13            **Carlos Roe III v. White, et al.**

14      169.  Plaintiff Carlos Roe III  refers to and incorporates by

15  reference each and every allegation contained in paragraphs 1 through 24 of

16  this Complaint as though fully set forth and pleaded herein.

17      170.  In or about 1998, Defendants knowingly and willfully

18  conspired and agreed among themselves to sexually assault Plaintiff Carlos Roe

19  III.   In or about 1998, Defendants began traveling from San Francisco to

20  Puerto Vallarta, procuring young boys along the Malecon in Puerto Vallarta,

21  taking them to White's villa known as "Casa Blanca" south of Puerto Vallarta,

22  giving the young boys food, money and drugs, and sexually abusing them in

23  violation of 18 U.S.C. §§ 2241, *et  seq.*

24      171.  Plaintiff Carlos Roe III first met White at the Playa de los

25  Muertas in 2000.   Carlos Roe III was at the beach selling tickets to tourists to

26  ride on the banana boats.   Another young man introduced Carlos Roe III to

27  White.   At that time, Carlos Roe III was 15 years old.   White bought Carlos

28

1   Roe III a beer while at the beach and invited him to his villa, the Casa Blanca.

2   Carlos Roe III got in White's car and went with him to the Casa Blanca.   Once

3   at the Casa Blanca, White told Carlos Roe III that he had to remove all his

4   clothes since clothing was not allowed in the pool.  Carlos Roe III complied with

5   White's demand that he disrobe.    Thereafter, White forced Carlos Roe III to

6   engage in sexual acts in violation of Sections 2241 *et seq.* of Title 18 of the

7   United States Code.

8         172.   When Carlos Roe III arrived at the Casa Blanca with White,

9   there were many young boys present and well as older men, including

10  Collingsworth,  who appeared to be White's friends from the United States.

11  Carlos Roe III observed White putting what appeared to be drugs in the drinks

12  given to the young boys.

13        173.   Once Carlos Roe III was naked, White gave him more

14  alcoholic beverages.   White then took Carlos Roe III to his room where White

15  orally copulated Carlos Roe III in violation of Sections 2241 *et seq.* of Title 18 of

16  the United States Code.

17        174.  As a direct and proximate result of Defendants' acts as

18  alleged herein, Plaintiff Carlos Roe III was hurt and injured in his health,

19  strength and activity, sustaining shock and injury to his nervous system, all of

20  which have caused and continue to cause Plaintiff Carlos Roe III great mental

21  pain, embarrassment, humiliation, distress, anguish and suffering, all to

22  Plaintiff Carlos Roe III's damage in an amount according to proof at trial.

23        175.  As a further direct and proximate result of Defendants' acts

24  as alleged herein, Plaintiff Carlos Roe III has been damaged in that he has been

25  required to expend money and incur obligations for medical services required

26  in the treatment and relief of the injuries herein alleged.

27        176.  Defendants engaged in the conduct alleged above with

28

1    malice, fraud, oppression and/or in conscious disregard for the rights of

2    Plaintiff Carlos Roe III.  Plaintiff Carlos Roe III is therefore entitled to an award

3    of exemplary and punitive damages.

4             WHEREFORE, Plaintiff Carlos Roe III prays for judgment as set

5    forth below.

6                         **COUNT TWENTY-TWO**

7                          **Child Sexual Tourism**

8                     **Carlos Roe III v. White, et al.**

9             177.  Plaintiff Carlos Roe III refers to and incorporates by reference

10   each and every allegation contained in paragraphs 1 through 24 and 170

11   through 177 of this Complaint as though fully set forth and pleaded herein.

12            178.  Defendants traveled from San Francisco to Mexico, or

13   conspired to travel to Mexico, for the purpose of engaging in a sexual act as

14   defined in Section 2246 of Title 18 of the United States Code with Plaintiff

15   Carlos Roe III, a person under the age of 18 years of age, that would be a

16   violation of Chapter 109A of Title 18 if the sexual act occurred in the United

17   States.

18            179.  Defendants' conduct, as set forth above, constitutes child

19   sexual tourism in violation of Section 2423, *et seq.* of Title 18 of the United

20   States Code.

21            180.  As a direct and proximate result of Defendants' acts as

22   alleged herein, Plaintiff Carlos Roe III was hurt and injured in his health,

23   strength and activity, sustaining shock and injury to his nervous system, all of

24   which have caused and continue to cause Plaintiff great mental pain,

25   embarrassment, humiliation, distress, anguish and suffering, all to Plaintiff

26   Carlos Roe III's damage in an amount according to proof at trial.

27            181  As a further direct and proximate result of Defendants' acts

28

1   as alleged herein, Plaintiff Carlos Roe III has been damaged in that he has been

2   required to expend money and incur obligations for medical services required

3   in the treatment and relief of the injuries herein alleged.

4          182.   Defendants engaged in the conduct alleged above with

5   malice, fraud, oppression and/or in conscious disregard for the rights of

6   Plaintiff Carlos Roe III.  Plaintiff Carlos Roe III is therefore entitled to an award

7   of exemplary and punitive damages.

8          WHEREFORE, Plaintiff Carlos Roe III prays for judgment as set

9   forth below.

10                        **COUNT TWENTY-THREE**

11              **Production and Distribution of Child Pornography**

12                      **Carlos Roe III v. White, et al.**

13          183.   Plaintiff Carlos Roe III refers to and incorporates by reference

14   each and every allegation contained in paragraphs 1 through 24 and 170

15   through 182 of this Complaint as though fully set forth and pleaded herein.

16          184.   In or about 1998, Defendants knowingly and willfully

17   conspired and agreed among themselves to induce Plaintiff Carlos Roe III, a

18   minor, to engage in sexually explicit conduct for the purpose of producing

19   videos of minors engaged in sexually explicit conduct.  On numerous occasions

20   beginning in or about 1998, Defendants, and each of them, videotaped Plaintiff

21   Carlos Roe III engaging in sexually explicit conduct with Defendants.

22   Defendants, and each of them, knew or had reason to know that such visual

23   depiction of sexually explicit conduct of a minor would be transported in

24   interstate or foreign commerce or mailed.   Plaintiff Carlos Roe III is informed

25   and believes, and thereon alleges, that some of the pornographic videos

26   depicting Defendants engaging in sexually explicit conduct with minors at Casa

27   Blanca are in the custody of the federal court in Guadalajara, Mexico.

28

1    185.   Defendants' production and distribution of child

2   pornography, described herein, constitutes child sexual exploitation proscribed

3   by Sections 2251 *et seq.* of Title 18 of the United States Code.

4    186.   As a direct and proximate result of Defendants' acts as

5   alleged herein, Plaintiff Carlos Roe III was hurt and injured in his health,

6   strength and activity, sustaining shock and injury to his nervous system, all of

7   which have caused and continue to cause Plaintiff Carlos Roe III great mental

8   pain, embarrassment, humiliation, distress, anguish and suffering, all to

9   Plaintiff Carlos Roe III's damage in an amount in excess of the minimum

10   subject matter jurisdiction of this court and according to proof at trial.

11    187.   As a further direct and proximate result of Defendants' acts

12   as alleged herein, Plaintiff Carlos Roe III has been damaged in that he has been

13   required to expend money and incur obligations for medical services required

14   in the treatment and relief of the injuries herein alleged.

15    188.   Defendants engaged in the conduct alleged above with

16   malice, fraud, oppression and/or in conscious disregard for the rights of

17   Plaintiff Carlos Roe III.  Plaintiff Carlos Roe III is therefore entitled to an award

18   of exemplary and punitive damages.

19    WHEREFORE, Plaintiff Carlos Roe III prays for judgment as set

20   forth below.

21   **COUNT TWENTY-FOUR**

22   **Intentional Infliction of Emotional Distress**

23   **Carlos Roe III v. White, et al.**

24    189.   Plaintiff Carlos Roe III refers to and incorporates by reference

25   each and every allegation contained in paragraphs 1 through 24 and 170

26   through 188 of this Complaint as though fully set forth and pleaded herein.

27    190.   Defendants' conduct was intentional and malicious and done

28

THIRD AMENDED COMPLAINT
ROE V. WHITE, USDC C-03-4035-CRB          -40-

1  for the purpose of causing Plaintiff Carlos Roe III to suffer humiliation, mental

2  anguish, and emotional and physical distress.

3          191.  As a direct and proximate result of the acts of Defendants,

4  and each of them, Plaintiff Carlos Roe III has been hurt and injured in his

5  health, strength, and activity, sustaining injury to their nervous system and

6  person, all of which injuries have caused, and continue to cause, Plaintiff

7  Carlos Roe III great mental, physical, and nervous pain and suffering.

8          192.  As a further direct and proximate result of the acts of

9  Defendants, and each of them, Plaintiff Carlos Roe III has been damaged in

10  that he has been required to expend money and to incur obligations for medical

11  services reasonably required in the treatment and relief of the injuries herein

12  alleged in an amount according to proof at trial.

13          193.  Defendants engaged in the conduct alleged above with

14  malice, fraud, oppression and/or in conscious disregard for the rights of

15  Plaintiff Carlos Roe III.  Plaintiff Carlos Roe III is therefore entitled to an award

16  of exemplary and punitive damages.

17          WHEREFORE, Plaintiff Carlos Roe III prays for judgment as set

18  forth below.

19                      **COUNT TWENTY-FIVE**

20              **Negligent Infliction of Emotional Distress**

21                  **Carlos Roe III v. White, et al.**

22          194.  Plaintiff Carlos Roe III refers to and incorporates by reference

23  each and every allegation contained in paragraphs 1 through 24 and 170

24  through 192 of this Complaint as though fully set forth and pleaded herein.

25          195.  Defendants, and each of them, knew, or should have known,

26  that their actions as set forth herein would cause Plaintiff Carlos Roe III severe

27  emotional distress.

28

1      196.  Defendants, and each of them, owed a duty to Plaintiff Carlos

2  Roe III not to sexually abuse, exploit and assault Plaintiff Carlos Roe III in

3  violation of Title 18 of the United States Code as set forth herein.

4      197.  Defendants, and each of them, breached their duty to

5  Plaintiff Carlos Roe III by engaging in the actions as set forth herein.

6      198.  As a direct and proximate result of the acts of Defendants,

7  and each of them, and of Defendants' breach of their duty to Plaintiff Carlos

8  Roe III, Plaintiff Carlos Roe III has been hurt and injured in his health,

9  strength, and activity, sustaining injury to his nervous system and person, all

10  of which injuries have caused, and continue to cause, Plaintiff great mental,

11  physical, and nervous pain and suffering.

12      199.  As a further direct and proximate result of the acts of

13  Defendants, and each of them, and of Defendants' breach of their duty to

14  Plaintiff Carlos Roe III, Plaintiff Carlos Roe III has been damaged in that he has

15  been required to expend money and to incur obligations for medical services

16  and drugs reasonably required in the treatment and relief of the injuries herein

17  alleged in an amount according to proof at trial.

18      WHEREFORE, Plaintiff Carlos Roe III prays for judgment as set

19  forth below.

20                          **COUNT TWENTY-SIX**

21                        **Childhood Sexual Abuse**

22                      **Carlos Roe IV v. White, et al.**

23      200.  Plaintiff Carlos Roe IV  refers to and incorporates by

24  reference each and every allegation contained in paragraphs 1 through 24 of

25  this Complaint as though fully set forth and pleaded herein.

26      201.  In or about 1998, Defendants knowingly and willfully

27  conspired and agreed among themselves to sexually assault Plaintiff Carlos Roe

28

THIRD AMENDED COMPLAINT
ROE V. WHITE, USDC C-03-4035-CRB        -42-

1    IV.   In or about 1998, Defendants began traveling from San Francisco to

2    Puerto Vallarta, procuring young boys along the Malecon in Puerto Vallarta,

3    taking them to White's villa known as "Casa Blanca" south of Puerto Vallarta,

4    giving the young boys food, money and drugs, and sexually abusing them in

5    violation of 18 U.S.C. §§ 2241, *et seq.*

6         202.  Plaintiff Carlos Roe IV first met White in 2000.   At that time,

7    Carlos Roe IV was 15 years old.   Carlos Roe IV met Lovaas at the Playa de los

8    Muertas.   Lovaas was driving White's white Mercedes SUV and told Carlos Roe

9    IV that he would take him to the Casa Blanca to meet White.   Once at Casa

10   Blanca, White told Carlos Roe IV that he had to remove all his clothes since

11   clothing was not allowed in the pool.   Carlos Roe IV complied with White's

12   demand that he disrobe.    Thereafter, White forced Carlos Roe IV to engage in

13   sexual acts in violation of Sections 2241 *et seq.* of Title 18 of the United States

14   Code.

15        203.   Once Carlos Roe IV was naked, he took a shower as

16   instructed by Nestor, White's employee.   When Carlos Roe IV got out of the

17   shower, White, Collingsworth and Lovaas were present.   White told Carlos Roe

18   IV that he had to keep his clothes off since clothing was not permitted in the

19   swimming pool.   White then took Carlos Roe IV to the kitchen and asked him if

20   he wanted a drink.   White then gave Carlos Roe IV an alcoholic beverage.   After

21   Carlos Roe IV drank the beverage, it was clear that White had laced the

22   beverage with a sedative since Carlos Roe IV quickly became disoriented.

23        204.   White then took Carlos Roe IV to his bedroom where there

24   were already 2 underage boys having sex.   White, together with 2 other adult

25   Americans, then engaged in sexual activity with Carlos Roe IV in violation of

26   Sections 2241 *et seq.* of Title 18 of the United States Code.

27        205.   On at least 2 other occasions before Carlos Roe IV was 18

28

1   years old, Carlos Roe IV was taken to the Casa Blanca by White and his

2   associates.   On each of those occasions while at the Casa Blanca, White

3   required Plaintiff Carlos Roe IV to engage in sexual acts with them, including

4   oral and anal copulation, in violation of Sections 2241 *et seq.* of Title 18 of the

5   United States Code.

6          206.  As a direct and proximate result of Defendants' acts as

7   alleged herein, Plaintiff Carlos Roe IV was hurt and injured in his health,

8   strength and activity, sustaining shock and injury to his nervous system, all of

9   which have caused and continue to cause Plaintiff Carlos Roe IV great mental

10  pain, embarrassment, humiliation, distress, anguish and suffering, all to

11  Plaintiff Carlos Roe IV's damage in an amount according to proof at trial.

12         207.  As a further direct and proximate result of Defendants' acts

13  as alleged herein, Plaintiff Carlos Roe IV has been damaged in that he has been

14  required to expend money and incur obligations for medical services required

15  in the treatment and relief of the injuries herein alleged.

16         208.  Defendants engaged in the conduct alleged above with

17  malice, fraud, oppression and/or in conscious disregard for the rights of

18  Plaintiff Carlos Roe IV.  Plaintiff Carlos Roe IV is therefore entitled to an award

19  of exemplary and punitive damages.

20         WHEREFORE, Plaintiff Carlos Roe IV prays for judgment as set

21  forth below.

22                    **COUNT TWENTY-SEVEN**

23                    **Child Sexual Tourism**

24                  **Carlos Roe IV v. White, et al.**

25         209.  Plaintiff Carlos Roe IV refers to and incorporates by reference

26  each and every allegation contained in paragraphs 1 through 24 and 201

27  through 208 of this Complaint as though fully set forth and pleaded herein.

28

1          210.  Defendants traveled from San Francisco to Mexico, or

2    conspired to travel to Mexico, for the purpose of engaging in a sexual act as

3    defined in Section 2246 of Title 18 of the United States Code with Plaintiff

4    Carlos Roe IV, a person under the age of 18 years of age, that would be a

5    violation of Chapter 109A of Title 18 if the sexual act occurred in the United

6    States.

7          211.  Defendants' conduct, as set forth above, constitutes child

8    sexual tourism in violation of Section 2423, *et seq.* of Title 18 of the United

9    States Code.

10         212.  As a direct and proximate result of Defendants' acts as

11   alleged herein, Plaintiff Carlos Roe IV was hurt and injured in his health,

12   strength and activity, sustaining shock and injury to his nervous system, all of

13   which have caused and continue to cause Plaintiff great mental pain,

14   embarrassment, humiliation, distress, anguish and suffering, all to Plaintiff

15   Carlos Roe IV's damage in an amount according to proof at trial.

16         213.  As a further direct and proximate result of Defendants' acts

17   as alleged herein, Plaintiff Carlos Roe IV has been damaged in that he has been

18   required to expend money and incur obligations for medical services required

19   in the treatment and relief of the injuries herein alleged.

20         214.  Defendants engaged in the conduct alleged above with

21   malice, fraud, oppression and/or in conscious disregard for the rights of

22   Plaintiff Carlos Roe IV.  Plaintiff Carlos Roe IV is therefore entitled to an award

23   of exemplary and punitive damages.

24         WHEREFORE, Plaintiff Carlos Roe IV prays for judgment as set

25   forth below.

26   /////

27   /////

28

THIRD AMENDED COMPLAINT
ROE V. WHITE, USDC C-03-4035-CRB          -45-

**COUNT TWENTY-EIGHT**

**Production and Distribution of Child Pornography**

**Carlos Roe IV v. White, et al.**

215.  Plaintiff Carlos Roe IV refers to and incorporates by reference each and every allegation contained in paragraphs 1 through 23 and 200 through 213 of this Complaint as though fully set forth and pleaded herein.

216.   In or about 1998, Defendants knowingly and willfully conspired and agreed among themselves to induce Plaintiff Carlos Roe IV, a minor, to engage in sexually explicit conduct for the purpose of producing videos of minors engaged in sexually explicit conduct.  On numerous occasions beginning in or about 1998, Defendants, and each of them, videotaped Plaintiff Carlos Roe IV engaging in sexually explicit conduct with Defendants. Defendants, and each of them, knew or had reason to know that such visual depiction of sexually explicit conduct of a minor would be transported in interstate or foreign commerce or mailed.   Plaintiff Carlos Roe IV is informed and believes, and thereon alleges, that some of the pornographic videos depicting Defendants engaging in sexually explicit conduct with minors at Casa Blanca are in the custody of the federal court in Guadalajara, Mexico.

217.  Defendants' production and distribution of child pornography, described herein, constitutes child sexual exploitation proscribed by Sections 2251 *et seq.* of Title 18 of the United States Code.

218.  As a direct and proximate result of Defendants' acts as alleged herein, Plaintiff Carlos Roe IV was hurt and injured in his health, strength and activity, sustaining shock and injury to his nervous system, all of which have caused and continue to cause Plaintiff Carlos Roe IV great mental pain, embarrassment, humiliation, distress, anguish and suffering, all to Plaintiff Carlos Roe IV's damage in an amount in excess of the minimum

1   subject matter jurisdiction of this court and according to proof at trial.

2            219.  As a further direct and proximate result of Defendants' acts

3   as alleged herein, Plaintiff Carlos Roe IV has been damaged in that he has been

4   required to expend money and incur obligations for medical services required

5   in the treatment and relief of the injuries herein alleged.

6            220.  Defendants engaged in the conduct alleged above with

7   malice, fraud, oppression and/or in conscious disregard for the rights of

8   Plaintiff Carlos Roe IV.  Plaintiff Carlos Roe IV is therefore entitled to an award

9   of exemplary and punitive damages.

10           WHEREFORE, Plaintiff Carlos Roe IV prays for judgment as set

11  forth below.

12                        **COUNT TWENTY-NINE**

13             **Intentional Infliction of Emotional Distress**

14                   **Carlos Roe IV v. White, et al.**

15           221.  Plaintiff Carlos Roe IV refers to and incorporates by reference

16  each and every allegation contained in paragraphs 1 through 24 and 201

17  through 220 of this Complaint as though fully set forth and pleaded herein.

18           222.  Defendants' conduct was intentional and malicious and done

19  for the purpose of causing Plaintiff Carlos Roe IV to suffer humiliation, mental

20  anguish, and emotional and physical distress.

21           223.  As a direct and proximate result of the acts of Defendants,

22  and each of them, Plaintiff Carlos Roe IV has been hurt and injured in his

23  health, strength, and activity, sustaining injury to their nervous system and

24  person, all of which injuries have caused, and continue to cause, Plaintiff

25  Carlos Roe IV great mental, physical, and nervous pain and suffering.

26           224.  As a further direct and proximate result of the acts of

27  Defendants, and each of them, Plaintiff Carlos Roe IV has been damaged in

28

1  that he has been required to expend money and to incur obligations for medical

2  services reasonably required in the treatment and relief of the injuries herein

3  alleged in an amount according to proof at trial.

4          225.   Defendants engaged in the conduct alleged above with

5  malice, fraud, oppression and/or in conscious disregard for the rights of

6  Plaintiff Carlos Roe IV.  Plaintiff Carlos Roe IV is therefore entitled to an award

7  of exemplary and punitive damages.

8          WHEREFORE, Plaintiff Carlos Roe IV prays for judgment as set

9  forth below.

10                  **COUNT THIRTY**

11          **Negligent Infliction of Emotional Distress**

12              **Carlos Roe IV v. White, et al.**

13          226.   Plaintiff Carlos Roe IV refers to and incorporates by reference

14  each and every allegation contained in paragraphs 1 through 24 and 201

15  through 225 of this Complaint as though fully set forth and pleaded herein.

16          227.   Defendants, and each of them, knew, or should have known,

17  that their actions as set forth herein would cause Plaintiff Carlos Roe IV severe

18  emotional distress.

19          228.   Defendants, and each of them, owed a duty to Plaintiff Carlos

20  Roe IV not to sexually abuse, exploit and assault Plaintiff Carlos Roe IV in

21  violation of Title 18 of the United States Code as set forth herein.

22          229.   Defendants, and each of them, breached their duty to

23  Plaintiff Carlos Roe IV by engaging in the actions as set forth herein.

24          230.   As a direct and proximate result of the acts of Defendants,

25  and each of them, and of Defendants' breach of their duty to Plaintiff Carlos

26  Roe IV, Plaintiff Carlos Roe IV has been hurt and injured in his health,

27  strength, and activity, sustaining injury to his nervous system and person, all

28

1   of which injuries have caused, and continue to cause, Plaintiff great mental,

2   physical, and nervous pain and suffering.

3        231.  As a further direct and proximate result of the acts of

4   Defendants, and each of them, and of Defendants' breach of their duty to

5   Plaintiff Carlos Roe IV, Plaintiff Carlos Roe IV has been damaged in that he has

6   been required to expend money and to incur obligations for medical services

7   and drugs reasonably required in the treatment and relief of the injuries herein

8   alleged in an amount according to proof at trial.

9        WHEREFORE, Plaintiff Carlos Roe IV prays for judgment as set

10  forth below.

11                      **COUNT THIRTY-ONE**

12                      **Childhood Sexual Abuse**

13                      **Carlos Roe V v. White, et al.**

14       232.  Plaintiff Carlos Roe V  refers to and incorporates by reference

15  each and every allegation contained in paragraphs 1 through 24 of this

16  Complaint as though fully set forth and pleaded herein.

17       233.  In or about 1998, Defendants knowingly and willfully

18  conspired and agreed among themselves to sexually assault Plaintiff Carlos Roe

19  V.  In or about 1998, Defendants began traveling from San Francisco to Puerto

20  Vallarta, procuring young boys along the Malecon in Puerto Vallarta, taking

21  them to White's villa known as "Casa Blanca" south of Puerto Vallarta, giving

22  the young boys food, money and drugs, and sexually abusing them in violation

23  of 18 U.S.C. §§ 2241, *et seq.*

24       234.  Plaintiff Carlos Roe V first met White at the Playa de los

25  Muertas in 2000.   At that time, Carlos Roe V was 15 years old.  White

26  approached Carlos Roe V at the beach and invited him to the Casa Blanca.

27  White told Carlos Roe V that he would buy him clothes and food.  Once at Casa

28

1    Blanca, White gave him a beer and told Carlos Roe V that he had to remove all

2    his clothes since clothing was not allowed in the pool.  Carlos Roe V complied

3    with White's demand that he disrobe.    Thereafter, White forced Carlos Roe II

4    to engage in sexual acts in violation of Sections 2241 *et seq.* of Title 18 of the

5    United States Code.

6           235.    Once Carlos Roe V was naked, White gave him a alcoholic

7    beverage.  White then disrobed and joined Carlos Roe V naked in the swimming

8    pool.  White approached Carlos Roe V, grabbed his genitals and then orally

9    copulated him in the pool.

10          236.    White then asked Carlos Roe V to join him in his bedroom.

11   After joining White in his bedroom, White again orally copulated Carlos Roe V.

12   White videotaped his sexual acts with Carlos Roe V.

13          237.    During this initial visit to the Casa Blanca, Collingsworth

14   and approximately 5 other older Americans were present.   There were also

15   many young boys around the house and the pool.  Collingsworth also orally

16   copulated Carlos Roe V during this initial visit to the Casa Blanca.

17          238.  On at least 1 other occasion before Carlos Roe V was 18

18   years old, Carlos Roe V was taken to the Casa Blanca by White and his

19   associates.   White again required Plaintiff Carlos Roe V to engage in sexual

20   acts with them, including oral and anal copulation, in violation of Sections

21   2241 *et seq.* of Title 18 of the United States Code.

22          239.  As a direct and proximate result of Defendants' acts as

23   alleged herein, Plaintiff Carlos Roe V was hurt and injured in his health,

24   strength and activity, sustaining shock and injury to his nervous system, all of

25   which have caused and continue to cause Plaintiff Carlos Roe V great mental

26   pain, embarrassment, humiliation, distress, anguish and suffering, all to

27   Plaintiff Carlos Roe V's damage in an amount according to proof at trial.

28

1    240.  As a further direct and proximate result of Defendants' acts

2    as alleged herein, Plaintiff Carlos Roe V has been damaged in that he has been

3    required to expend money and incur obligations for medical services required

4    in the treatment and relief of the injuries herein alleged.

5    241.  Defendants engaged in the conduct alleged above with

6    malice, fraud, oppression and/or in conscious disregard for the rights of

7    Plaintiff Carlos Roe V.  Plaintiff Carlos Roe V is therefore entitled to an award of

8    exemplary and punitive damages.

9    WHEREFORE, Plaintiff Carlos Roe V prays for judgment as set

10   forth below.

11   **COUNT THIRTY-TWO**

12   **Child Sexual Tourism**

13   **Carlos Roe V v. White, et al.**

14   242.  Plaintiff Carlos Roe V refers to and incorporates by reference

15   each and every allegation contained in paragraphs 1 through 24 and 233

16   through 241 of this Complaint as though fully set forth and pleaded herein.

17   243.  Defendants traveled from San Francisco to Mexico, or

18   conspired to travel to Mexico, for the purpose of engaging in a sexual act as

19   defined in Section 2246 of Title 18 of the United States Code with Plaintiff

20   Carlos Roe V, a person under the age of 18 years of age, that would be a

21   violation of Chapter 109A of Title 18 if the sexual act occurred in the United

22   States.

23   244.  Defendants' conduct, as set forth above, constitutes child

24   sexual tourism in violation of Section 2423, *et seq.* of Title 18 of the United

25   States Code.

26   245.  As a direct and proximate result of Defendants' acts as

27   alleged herein, Plaintiff Carlos Roe V was hurt and injured in his health,

28

1  strength and activity, sustaining shock and injury to his nervous system, all of

2  which have caused and continue to cause Plaintiff great mental pain,

3  embarrassment, humiliation, distress, anguish and suffering, all to Plaintiff

4  Carlos Roe V's damage in an amount according to proof at trial.

5  246.  As a further direct and proximate result of Defendants' acts

6  as alleged herein, Plaintiff Carlos Roe V has been damaged in that he has been

7  required to expend money and incur obligations for medical services required

8  in the treatment and relief of the injuries herein alleged.

9  247.  Defendants engaged in the conduct alleged above with

10  malice, fraud, oppression and/or in conscious disregard for the rights of

11  Plaintiff Carlos Roe V.  Plaintiff Carlos Roe V is therefore entitled to an award of

12  exemplary and punitive damages.

13  WHEREFORE, Plaintiff Carlos Roe V prays for judgment as set

14  forth below.

15  **COUNT THIRTY-THREE**

16  **Production and Distribution of Child Pornography**

17  **Carlos Roe V v. White, et al.**

18  248.  Plaintiff Carlos Roe V refers to and incorporates by reference

19  each and every allegation contained in paragraphs 1 through 24 and 233

20  through 247 of this Complaint as though fully set forth and pleaded herein.

21  249.   In or about 1998, Defendants knowingly and willfully

22  conspired and agreed among themselves to induce Plaintiff Carlos Roe V, a

23  minor, to engage in sexually explicit conduct for the purpose of producing

24  videos of minors engaged in sexually explicit conduct.  On numerous occasions

25  beginning in or about 1998, Defendants, and each of them, videotaped Plaintiff

26  Carlos Roe V engaging in sexually explicit conduct with Defendants.

27  Defendants, and each of them, knew or had reason to know that such visual

28

THIRD AMENDED COMPLAINT
ROE V. WHITE, USDC C-03-4035-CRB          -52-

1  depiction of sexually explicit conduct of a minor would be transported in

2  interstate or foreign commerce or mailed.   Plaintiff Carlos Roe V is informed

3  and believes, and thereon alleges, that some of the pornographic videos

4  depicting Defendants engaging in sexually explicit conduct with minors at Casa

5  Blanca are in the custody of the federal court in Guadalajara, Mexico.

6       250.  Defendants' production and distribution of child

7  pornography, described herein, constitutes child sexual exploitation proscribed

8  by Sections 2251 *et seq.* of Title 18 of the United States Code.

9       251.  As a direct and proximate result of Defendants' acts as

10  alleged herein, Plaintiff Carlos Roe V was hurt and injured in his health,

11  strength and activity, sustaining shock and injury to his nervous system, all of

12  which have caused and continue to cause Plaintiff Carlos Roe V great mental

13  pain, embarrassment, humiliation, distress, anguish and suffering, all to

14  Plaintiff Carlos Roe V's damage in an amount in excess of the minimum subject

15  matter jurisdiction of this court and according to proof at trial.

16       252.  As a further direct and proximate result of Defendants' acts

17  as alleged herein, Plaintiff Carlos Roe V has been damaged in that he has been

18  required to expend money and incur obligations for medical services required

19  in the treatment and relief of the injuries herein alleged.

20       253.  Defendants engaged in the conduct alleged above with

21  malice, fraud, oppression and/or in conscious disregard for the rights of

22  Plaintiff Carlos Roe V.  Plaintiff Carlos Roe V is therefore entitled to an award of

23  exemplary and punitive damages.

24       WHEREFORE, Plaintiff Carlos Roe V prays for judgment as set

25  forth below.

26  /////

27  /////

28

**COUNT THIRTY-FOUR**

**Intentional Infliction of Emotional Distress**

**Carlos Roe V v. White, et al.**

254.  Plaintiff Carlos Roe V refers to and incorporates by reference each and every allegation contained in paragraphs 1 through 24 and 233 through 253 of this Complaint as though fully set forth and pleaded herein.

255.  Defendants' conduct was intentional and malicious and done for the purpose of causing Plaintiff Carlos Roe V to suffer humiliation, mental anguish, and emotional and physical distress.

256.  As a direct and proximate result of the acts of Defendants, and each of them, Plaintiff Carlos Roe V has been hurt and injured in his health, strength, and activity, sustaining injury to their nervous system and person, all of which injuries have caused, and continue to cause, Plaintiff Carlos Roe V great mental, physical, and nervous pain and suffering.

257.  As a further direct and proximate result of the acts of Defendants, and each of them, Plaintiff Carlos Roe V has been damaged in that he has been required to expend money and to incur obligations for medical services reasonably required in the treatment and relief of the injuries herein alleged in an amount according to proof at trial.

258.  Defendants engaged in the conduct alleged above with malice, fraud, oppression and/or in conscious disregard for the rights of Plaintiff Carlos Roe V.  Plaintiff Carlos Roe V is therefore entitled to an award of exemplary and punitive damages.

WHEREFORE, Plaintiff Carlos Roe V prays for judgment as set forth below.

/////

/////

**COUNT THIRTY-FIVE**

**Negligent Infliction of Emotional Distress**

**Carlos Roe V v. White, et al.**

259.  Plaintiff Carlos Roe V refers to and incorporates by reference each and every allegation contained in paragraphs 1 through 24 and 233 through 258 of this Complaint as though fully set forth and pleaded herein.

260.   Defendants, and each of them, knew, or should have known, that their actions as set forth herein would cause Plaintiff Carlos Roe V severe emotional distress.

261.  Defendants, and each of them, owed a duty to Plaintiff Carlos Roe V not to sexually abuse, exploit and assault Plaintiff Carlos Roe V in violation of Title 18 of the United States Code as set forth herein.

262.  Defendants, and each of them, breached their duty to Plaintiff Carlos Roe V by engaging in the actions as set forth herein.

263.  As a direct and proximate result of the acts of Defendants, and each of them, and of Defendants' breach of their duty to Plaintiff Carlos Roe V, Plaintiff Carlos Roe V has been hurt and injured in his health, strength, and activity, sustaining injury to his nervous system and person, all of which injuries have caused, and continue to cause, Plaintiff great mental, physical, and nervous pain and suffering.

264.  As a further direct and proximate result of the acts of Defendants, and each of them, and of Defendants' breach of their duty to Plaintiff Carlos Roe V, Plaintiff Carlos Roe V has been damaged in that he has been required to expend money and to incur obligations for medical services and drugs reasonably required in the treatment and relief of the injuries herein alleged in an amount according to proof at trial.

WHEREFORE, Plaintiff Carlos Roe V prays for judgment as set

1   forth below.

2                              **COUNT THIRTY-SIX**

3                             **Childhood Sexual Abuse**

4                           **Jose Roe III v. White, et al.**

5          265.  Plaintiff Jose Roe III refers to and incorporates by reference

6   each and every allegation contained in paragraphs 1 through 24 of this

7   Complaint as though fully set forth and pleaded herein.

8          266.  In or about 1999, Defendants knowingly and willfully

9   conspired and agreed among themselves to sexually assault Plaintiff Jose Roe

10  III.   In or about 1998, Defendants began traveling from San Francisco to

11  Puerto Vallarta, procuring young boys along the Malecon in Puerto Vallarta,

12  taking them to White's villa known as "Casa Blanca" south of Puerto Vallarta,

13  giving the young boys food, money and drugs, and sexually abusing them in

14  violation of 18 U.S.C. §§ 2241, *et seq.*

15         267.  White first met Plaintiff Jose Roe III in front of the

16  McDonald's Restaurant along the Malecon in Puerto Vallarta.  Carlos Roe I was

17  also present.   Plaintiff Jose Roe III and Carlos Roe I were the taken to the Casa

18  Blanca in White's white Eddie Bauer SUV by White's driver.  White would often

19  point out the children he wanted in front of the McDonald's restaurant and

20  then have his driver bring them to his villa.   At that time, Jose Roe III was 9

21  years old.

22         268.   When Jose Roe III arrived at the Casa Blanca, White opened

23  the door and invited Jose Roe III and Carlos Roe I inside.   Once inside the

24  compound, White told Jose Roe III that he had to remove all his clothes and

25  that if he was naked he could get anything he wanted.  Jose Roe III then took

26  off all his clothes.  Jose Roe then ate, drank 2 beers and went into the

27  swimming pool where there were 2 other underage boys.

28

1      269.   Jose Roe III was then taken to White's bedroom where he

2  began to watch children's programs on the television.   Carlos Roe I was also in

3  the bedroom.   White then came into the room and changed the television

4  program to show heterosexual pornography.  This was the first time nine year

5  old Jose Roe III had seen pornography and he became sexually aroused.  White

6  then orally copulated Jose Roe III in  violation of Sections 2241 *et seq.* of Title

7  18 of the United States Code.   Jose Roe III ejaculated into White's mouth.

8  White swallowed Jose Roe III's ejaculation.   Jose Roe III felt ashamed and

9  disgusted by what White had done to him.   White then gave Jose Roe III $400

10  pesos and telephoned a taxi so that Jose Roe III could return to the Malecon.

11      270.   Jose Roe III returned to the Casa Blanca approximately once

12  each week until late 2000.   White as well as friends of White he does not

13  remember regularly orally copulated Jose Roe III in  violation of Sections 2241

14  *et seq.* of Title 18 of the United States Code.   Jose Roe III further saw many

15  Americans at the Casa Blanca and many Americans having sex with children.

16  Jose Roe III stopped going to the Casa Blanca when he saw the local

17  authorities taking pictures of the Casa Blanca.

18      271.   In or about 2001, White was indicted by the State of Jalisco

19  and the United States of Mexico on charges of child rape, child endangerment

20  and child pornography arising out of White's actions in Puerto Vallarta as

21  detailed hereinabove.   Plaintiff Jose Roe III is informed and believes, and

22  thereon alleges, that the federal court in Guadalajara has custody of video

23  tapes made by White and his associates depicting White, Rolph, Collingsworth

24  and other White associates having sex with minors, including Jose Roe III.

25      272.   After the incident at Casa Blanca outlined above, Jose Roe

26  III began to abuse drugs, including crack cocaine.

27      273.  Defendants' acts, described herein, constitute conduct

28

1   proscribed by Sections 2241 *et seq.* of Title 18 of the United States Code.

2          274.  At no time did Plaintiff Jose Roe III consent, or have the

3   ability to consent, to any of the acts of Defendants alleged herein.

4          275.  As a direct and proximate result of Defendants' acts as

5   alleged herein, Plaintiff Jose Roe III was hurt and injured in his health,

6   strength and activity, sustaining shock and injury to his nervous system, all of

7   which have caused and continue to cause Plaintiff Jose Roe III great mental

8   pain, embarrassment, humiliation, distress, anguish and suffering, all to

9   Plaintiff Jose Roe III's damage in an amount according to proof at trial.

10         276.  As a further direct and proximate result of Defendants' acts

11  as alleged herein, Plaintiff Jose Roe III has been damaged in that he has been

12  required to expend money and incur obligations for medical services required

13  in the treatment and relief of the injuries herein alleged.

14         277.  Defendants engaged in the conduct alleged above with

15  malice, fraud, oppression and/or in conscious disregard for the rights of

16  Plaintiff Jose Roe III.  Plaintiff Jose Roe III is therefore entitled to an award of

17  exemplary and punitive damages.

18         WHEREFORE, Plaintiff Jose Roe III prays for judgment as set forth

19  below.

20                      **COUNT THIRTY-SEVEN**

21                       **Child Sexual Tourism**

22                    **Jose Roe III v. White, et al.**

23         278.  Plaintiff Jose Roe III refers to and incorporates by reference

24  each and every allegation contained in paragraphs 1 through 24 and 266

25  through 277 of this Complaint as though fully set forth and pleaded herein.

26         279.  Defendants traveled from San Francisco to Mexico, or

27  conspired to travel to Mexico, for the purpose of engaging in a sexual act as

28

1   defined in Section 2246 of Title 18 of the United States Code with Plaintiff Jose

2   Roe III, a person under the age of 18 years of age, that would be a violation of

3   Chapter 109A of Title 18 if the sexual act occurred in the United States.

4          280.  Defendants' conduct, as set forth above, constitutes child

5   sexual tourism in violation of Section 2423, *et seq.* of Title 18 of the United

6   States Code.

7          281.  As a direct and proximate result of Defendants' acts as

8   alleged herein, Plaintiff Jose Roe III was hurt and injured in his health,

9   strength and activity, sustaining shock and injury to his nervous system, all of

10  which have caused and continue to cause Plaintiff great mental pain,

11  embarrassment, humiliation, distress, anguish and suffering, all to Plaintiff

12  Jose Roe III's damage in an amount according to proof at trial.

13         282.  As a further direct and proximate result of Defendants' acts

14  as alleged herein, Plaintiff Jose Roe III has been damaged in that he has been

15  required to expend money and incur obligations for medical services required

16  in the treatment and relief of the injuries herein alleged.

17         283.  Defendants engaged in the conduct alleged above with

18  malice, fraud, oppression and/or in conscious disregard for the rights of

19  Plaintiff Jose Roe III.  Plaintiff Jose Roe III is therefore entitled to an award of

20  exemplary and punitive damages.

21         WHEREFORE, Plaintiff Jose Roe III prays for judgment as set forth

22  below.

23                        **COUNT THIRTY-EIGHT**

24          **Production and Distribution of Child Pornography**

25                     **Jose Roe III v. White, et al.**

26         284.  Plaintiff Jose Roe III refers to and incorporates by reference

27  each and every allegation contained in paragraphs 1 through 24 and

28

1   paragraphs 266 through 283 of this Complaint as though fully set forth and

2   pleaded herein.

3          285.   In or about 1999, Defendants knowingly and willfully

4   conspired and agreed among themselves to induce Plaintiff Jose Roe III, a

5   minor, to engage in sexually explicit conduct for the purpose of producing

6   videos of minors engaged in sexually explicit conduct.  In or about 1999 and

7   2000, Defendants, and each of them, videotaped Plaintiff Jose Roe III engaging

8   in sexually explicit conduct with Defendants.  Defendants, and each of them,

9   knew or had reason to know that such visual depiction of sexually explicit

10   conduct of a minor would be transported in interstate or foreign commerce or

11   mailed.  Plaintiff Jose Roe III is informed and believes, and thereon alleges, that

12   some of the pornographic videos depicting Defendants engaging in sexually

13   explicit conduct with minors at Casa Blanca are in the custody of the federal

14   court in Guadalajara, Mexico.

15          286. Defendants' production and distribution of child pornography,

16   described herein, constitutes child sexual exploitation proscribed by Sections

17   2251 *et seq.* of Title 18 of the United States Code.

18          287.  As a direct and proximate result of Defendants' acts as

19   alleged herein, Plaintiff Jose Roe III was hurt and injured in his health,

20   strength and activity, sustaining shock and injury to his nervous system, all of

21   which have caused and continue to cause Plaintiff Jose Roe III great mental

22   pain, embarrassment, humiliation, distress, anguish and suffering, all to

23   Plaintiff Jose Roe III's damage in an amount in excess of the minimum subject

24   matter jurisdiction of this court and according to proof at trial.

25          288.  As a further direct and proximate result of Defendants' acts

26   as alleged herein, Plaintiff Jose Roe III has been damaged in that he has been

27   required to expend money and incur obligations for medical services required

28

1   in the treatment and relief of the injuries herein alleged.

2        290.  Defendants engaged in the conduct alleged above with

3   malice, fraud, oppression and/or in conscious disregard for the rights of

4   Plaintiff Jose Roe III.  Plaintiff Jose Roe III is therefore entitled to an award of

5   exemplary and punitive damages.

6        WHEREFORE, Plaintiff Jose Roe III prays for judgment as set forth

7   below.

8   **COUNT THIRTY-NINE**

9   **Intentional Infliction of Emotional Distress**

10  **Jose Roe III v. White, et al.**

11       291.  Plaintiff Jose Roe III refers to and incorporates by reference

12  each and every allegation contained in paragraphs 1 through 24 and 266

13  through 290 of this Complaint as though fully set forth and pleaded herein.

14       292.  Defendants' conduct was intentional and malicious and done

15  for the purpose of causing Plaintiff Jose Roe III to suffer humiliation, mental

16  anguish, and emotional and physical distress.

17       293.  As a direct and proximate result of the acts of Defendants,

18  and each of them, Plaintiff Jose Roe III has been hurt and injured in his health,

19  strength, and activity, sustaining injury to their nervous system and person, all

20  of which injuries have caused, and continue to cause, Plaintiff Jose Roe III

21  great mental, physical, and nervous pain and suffering.

22       294.  As a further direct and proximate result of the acts of

23  Defendants, and each of them, Plaintiff Jose Roe III has been damaged in that

24  he has been required to expend money and to incur obligations for medical

25  services reasonably required in the treatment and relief of the injuries herein

26  alleged in an amount according to proof at trial.

27       295.  Defendants engaged in the conduct alleged above with

28

1  malice, fraud, oppression and/or in conscious disregard for the rights of

2  Plaintiff Jose Roe III.  Plaintiff Jose Roe III is therefore entitled to an award of

3  exemplary and punitive damages.

4          WHEREFORE, Plaintiff Jose Roe III prays for judgment as set forth

5  below.

**COUNT FORTY**

**Negligent Infliction of Emotional Distress**

**Jose Roe III v. White, et al.**

9          296.  Plaintiff Jose Roe III refers to and incorporates by reference

10  each and every allegation contained in paragraphs 1 through 24 and 266

11  through 295 of this Complaint as though fully set forth and pleaded herein.

12          297.   Defendants, and each of them, knew, or should have known,

13  that their actions as set forth herein would cause Plaintiff Jose Roe III severe

14  emotional distress.

15          298.  Defendants, and each of them, owed a duty to Plaintiff Jose

16  Roe III not to sexually abuse, exploit and assault Plaintiff Jose Roe III in

17  violation of Title 18 of the United States Code as set forth herein.

18          299.  Defendants, and each of them, breached their duty to

19  Plaintiff Jose Roe III by engaging in the actions as set forth herein.

20          300.  As a direct and proximate result of the acts of Defendants,

21  and each of them, and of Defendants' breach of their duty to Plaintiff Jose Roe

22  III, Plaintiff Jose Roe III has been hurt and injured in his health, strength, and

23  activity, sustaining injury to his nervous system and person, all of which

24  injuries have caused, and continue to cause, Plaintiff great mental, physical,

25  and nervous pain and suffering.

26          301.  As a further direct and proximate result of the acts of

27  Defendants, and each of them, and of Defendants' breach of their duty to

28

1   Plaintiff Jose Roe III, Plaintiff Jose Roe III has been damaged in that he has

2   been required to expend money and to incur obligations for medical services

3   and drugs reasonably required in the treatment and relief of the injuries herein

4   alleged in an amount according to proof at trial.

5         WHEREFORE, Plaintiff Jose Roe III prays for judgment as set forth

6   below.

7                        **COUNT FORTY-ONE**

8                        **Childhood Sexual Abuse**

9                        **Carlos Roe VI v. White, et al.**

10        302.  Plaintiff Carlos Roe VI refers to and incorporates by reference

11   each and every allegation contained in paragraphs 1 through 24 of this

12   Complaint as though fully set forth and pleaded herein.

13        303.  In or about 1998, Defendants knowingly and willfully

14   conspired and agreed among themselves to sexually assault Plaintiff Carlos Roe

15   VI.   In or about 1998, Defendants began traveling from San Francisco to

16   Puerto Vallarta, procuring young boys along the Malecon in Puerto Vallarta,

17   taking them to White's villa known as "Casa Blanca" south of Puerto Vallarta,

18   giving the young boys food, money and drugs, and sexually abusing them in

19   violation of 18 U.S.C. §§ 2241, *et seq.*

20        304.  Plaintiff Carlos Roe VI first met Defendants in front of the

21   McDonald's Restaurant along the Malecon in 1999.  At that time, Carlos Roe VI

22   was 17 years old and homeless, spending most nights sleeping near the fishing

23   pier.   White approached Carlos Roe VI and his friends in front of the

24   McDonald's Restaurant and engaged them in conversation.   It was morning

25   and White invited them to his house for breakfast.  Once at Casa Blanca, White

26   told Carlos Roe VI that he had to remove all his clothes since clothing was not

27   allowed in the pool.   Carlos Roe VI complied with White's demand that he

28

1    disrobe and went into the swimming pool.

2          305.   Once Carlos Roe VI was in the swimming pool naked, White

3    joined him in the pool, also naked.   White then took Carlos Roe VI and another

4    young boy to White's bedroom where he gave Carlos VI crack cocaine.   It was

5    the first time Carlos VI had had crack cocaine.   White first began to orally

6    copulate one of the other boys, and then orally copulated Carlos Roe VI  in

7    violation of Sections 2241 *et seq.* of Title 18 of the United States Code.

8    After having sex with Carlos Roe VI and the other boy, White gave them each a

9    soft drink.   White had placed a drug in the soft drink which caused Carlos Roe

10   VI to pass out.   Carlos Roe VI does not remember what happened when he was

11   unconscious, but when he woke up White's domestic employees were laughing

12   at him.

13          306.   Three days  after his first visit to the Casa Blanca as

14   outlined above, Carlos Roe VI returned to the Casa Blanca with an American

15   boy who was about 15 years old.   White again orally copulated Carlos Roe VI

16   in violation of Sections 2241 *et seq.* of Title 18 of the United States Code.

17   Thereafter, for a period of approximately one year, Carlos Roe VI would return

18   to the Casa Blanca where White would orally copulate him in violation of

19   Sections 2241 *et seq.* of Title 18 of the United States Code.   Intially, Carlos Roe

20   VI came to the Casa Blanca for the money White gave him.  However, Carlos

21   Roe VI became addicted to crack cocaine as a result of being repeatedly given

22   the drug by White and soon returned to the Casa Blanca in order to get more

23   crack cocaine.

24          307.  On many occasions, White took video pictures of White and

25   his friends engaging in sexual acts with Carlos Roe VI.   White told Carlos Roe

26   VI that if he said anything about White's activities that Carlos Roe VI would get

27   in trouble because White had everything on video tape.

28

1    308.   White maintained armed guards at the Casa Blanca.  White
2  told Carlos Roe VI that if he said anything about the sexual acts outlined above
3  that White would have "his people" hurt his parents.

4    309.   In or about 2001, White was indicted by the State of Jalisco
5  and the United States of Mexico on charges of child rape, child endangerment
6  and child pornography arising out of White's actions in Puerto Vallarta as
7  detailed hereinabove.   Plaintiff Carlos Roe VI is informed and believes, and
8  thereon alleges, that the federal court in Guadalajara has custody of video
9  tapes made by White and his associates depicting White, Rolph, Collingsworth
10  and other White associates having sex with minors, including Carlos Roe VI.

11    310.  After White was indicted by the State of Jalisco, Defendants
12  hired a local Puerto Vallarta attorney, Manuel Flores, to intimidate and bribe
13  the homeless boys, including Plaintiff Carlos Roe VI, who had signed
14  statements detailing Defendants' childhood sexual abuse of the homeless boys
15  in Puerto Vallarta and the production of child pornography as set forth above.

16    311.   Manuel Flores, acting as Defendants' agent, first approached
17  Carlos Roe VI in 2003 and offered Plaintiff Carlos Roe VI $1,000 Pesos to
18  change his declaration.  Flores did not tell Carlos Roe VI that he was working
19  for White in an effort to undermine the criminal charges.   Carlos Roe VI was
20  addicted to crack cocaine as a result of being introduced to the drug by White.
21  Carlos Roe VI complied with Flores' request and signed a false declaration in
22  order to get money for his drug addiction.   Thereafter, Carlos Roe VI returned
23  to Flores' office and was given more money.

24    312.   As late as April of 2004, Flores, again acting on White's
25  behalf, told Carlos Roe VI that if he said anything about White that he would go
26  to jail because of the false declaration he signed for Flores.   Flores, again
27  acting on White's behalf, offered Carlos Roe VI more money and a Chevrolet

28

1   Suburban if he would continue to work for Flores and steal papers from the

2   files of Mauricio Rodriguez Borrego, the guardian ad litem in this case.

3          313.  Defendants' acts, described herein, constitute conduct

4   proscribed by Sections 2241 *et seq.* of Title 18 of the United States Code.

5          314.  At no time did Plaintiff Carlos Roe VI consent, or have the

6   ability to consent, to any of the acts of Defendants alleged herein.

7          315.  As a direct and proximate result of Defendants' acts as

8   alleged herein, Plaintiff Carlos Roe VI was hurt and injured in his health,

9   strength and activity, sustaining shock and injury to his nervous system, all of

10  which have caused and continue to cause Plaintiff Carlos Roe VI great mental

11  pain, embarrassment, humiliation, distress, anguish and suffering, all to

12  Plaintiff Carlos Roe VI's damage in an amount according to proof at trial.

13         316.  As a further direct and proximate result of Defendants' acts

14  as alleged herein, Plaintiff Carlos Roe VI has been damaged in that he has been

15  required to expend money and incur obligations for medical services required

16  in the treatment and relief of the injuries herein alleged.

17         317.  Defendants engaged in the conduct alleged above with

18  malice, fraud, oppression and/or in conscious disregard for the rights of

19  Plaintiff Carlos Roe VI.  Plaintiff Carlos Roe VI is therefore entitled to an award

20  of exemplary and punitive damages.

21         WHEREFORE, Plaintiff Carlos Roe VI prays for judgment as set

22  forth below.

23                          **COUNT FORTY-TWO**

24                          **Child Sexual Tourism**

25                       **Carlos Roe VI v. White, et al.**

26         318.  Plaintiff Carlos Roe VI refers to and incorporates by reference

27  each and every allegation contained in paragraphs 1 through 24 and 303

28

THIRD AMENDED COMPLAINT
ROE V. WHITE, USDC C-03-4035-CRB          -66-

1  through 317 of this Complaint as though fully set forth and pleaded herein.

2       319.  Defendants traveled from San Francisco to Mexico, or

3  conspired to travel to Mexico, for the purpose of engaging in a sexual act as

4  defined in Section 2246 of Title 18 of the United States Code with Plaintiff

5  Carlos Roe VI, a person under the age of 18 years of age, that would be a

6  violation of Chapter 109A of Title 18 if the sexual act occurred in the United

7  States.

8       320.  Defendants' conduct, as set forth above, constitutes child

9  sexual tourism in violation of Section 2423, *et seq.* of Title 18 of the United

10  States Code.

11      321.  As a direct and proximate result of Defendants' acts as

12  alleged herein, Plaintiff Carlos Roe VI was hurt and injured in his health,

13  strength and activity, sustaining shock and injury to his nervous system, all of

14  which have caused and continue to cause Plaintiff great mental pain,

15  embarrassment, humiliation, distress, anguish and suffering, all to Plaintiff

16  Carlos Roe VI's damage in an amount according to proof at trial.

17      322.  As a further direct and proximate result of Defendants' acts

18  as alleged herein, Plaintiff Carlos Roe VI has been damaged in that he has been

19  required to expend money and incur obligations for medical services required

20  in the treatment and relief of the injuries herein alleged.

21      323.  Defendants engaged in the conduct alleged above with

22  malice, fraud, oppression and/or in conscious disregard for the rights of

23  Plaintiff Carlos Roe VI.  Plaintiff Carlos Roe VI is therefore entitled to an award

24  of exemplary and punitive damages.

25      WHEREFORE, Plaintiff Carlos Roe VI prays for judgment as set

26  forth below.

27  /////

28

1

**COUNT FORTY-THREE**

2

**Production and Distribution of Child Pornography**

3

**Carlos Roe VI v. White, et al.**

4  324.  Plaintiff Carlos Roe VI refers to and incorporates by reference

5  each and every allegation contained in paragraphs 1 through 24 and 303

6  thorough 323 of this Complaint as though fully set forth and pleaded herein.

7  325.   In or about 1998, Defendants knowingly and willfully

8  conspired and agreed among themselves to induce Plaintiff Carlos Roe VI, a

9  minor, to engage in sexually explicit conduct for the purpose of producing

10  videos of minors engaged in sexually explicit conduct.  On numerous occasions

11  beginning in or about 1998, Defendants, and each of them, videotaped Plaintiff

12  Carlos Roe VI engaging in sexually explicit conduct with Defendants.

13  Defendants, and each of them, knew or had reason to know that such visual

14  depiction of sexually explicit conduct of a minor would be transported in

15  interstate or foreign commerce or mailed.   Plaintiff Carlos Roe VI is informed

16  and believes, and thereon alleges, that some of the pornographic videos

17  depicting Defendants engaging in sexually explicit conduct with minors at Casa

18  Blanca are in the custody of the federal court in Guadalajara, Mexico.

19  326.  Defendants' production and distribution of child

20  pornography, described herein, constitutes child sexual exploitation proscribed

21  by Sections 2251 *et seq.* of Title 18 of the United States Code.

22  327.  As a direct and proximate result of Defendants' acts as

23  alleged herein, Plaintiff Carlos Roe VI was hurt and injured in his health,

24  strength and activity, sustaining shock and injury to his nervous system, all of

25  which have caused and continue to cause Plaintiff Carlos Roe VI great mental

26  pain, embarrassment, humiliation, distress, anguish and suffering, all to

27  Plaintiff Carlos Roe VI's damage in an amount in excess of the minimum

28

1   subject matter jurisdiction of this court and according to proof at trial.

2       328.  As a further direct and proximate result of Defendants' acts

3   as alleged herein, Plaintiff Carlos Roe VI has been damaged in that he has been

4   required to expend money and incur obligations for medical services required

5   in the treatment and relief of the injuries herein alleged.

6       329.  Defendants engaged in the conduct alleged above with

7   malice, fraud, oppression and/or in conscious disregard for the rights of

8   Plaintiff Carlos Roe VI.  Plaintiff Carlos Roe VI is therefore entitled to an award

9   of exemplary and punitive damages.

10      WHEREFORE, Plaintiff Carlos Roe VI prays for judgment as set

11  forth below.

12                         **COUNT FORTY-FOUR**

13              **Intentional Infliction of Emotional Distress**

14                  **Carlos Roe VI v. White, et al.**

15      330.  Plaintiff Carlos Roe VI refers to and incorporates by reference

16  each and every allegation contained in paragraphs 1 through 24 and 303

17  through 329 of this Complaint as though fully set forth and pleaded herein.

18      331.  Defendants' conduct was intentional and malicious and done

19  for the purpose of causing Plaintiff Carlos Roe VI to suffer humiliation, mental

20  anguish, and emotional and physical distress.

21      332.  As a direct and proximate result of the acts of Defendants,

22  and each of them, Plaintiff Carlos Roe VI has been hurt and injured in his

23  health, strength, and activity, sustaining injury to their nervous system and

24  person, all of which injuries have caused, and continue to cause, Plaintiff

25  Carlos Roe VI great mental, physical, and nervous pain and suffering.

26      333.  As a further direct and proximate result of the acts of

27  Defendants, and each of them, Plaintiff Carlos Roe VI has been damaged in

28

1  that he has been required to expend money and to incur obligations for medical

2  services reasonably required in the treatment and relief of the injuries herein

3  alleged in an amount according to proof at trial.

4        334.   Defendants engaged in the conduct alleged above with

5  malice, fraud, oppression and/or in conscious disregard for the rights of

6  Plaintiff Carlos Roe VI.  Plaintiff Carlos Roe VI is therefore entitled to an award

7  of exemplary and punitive damages.

8        WHEREFORE, Plaintiff Carlos Roe VI prays for judgment as set

9  forth below.

10  **COUNT FORTY-FIVE**

11  **Negligent Infliction of Emotional Distress**

12  **Carlos Roe VI v. White, et al.**

13        335.   Plaintiff Carlos Roe VI refers to and incorporates by reference

14  each and every allegation contained in paragraphs 1 through 23 and 303

15  through 334 of this Complaint as though fully set forth and pleaded herein.

16        336.   Defendants, and each of them, knew, or should have known,

17  that their actions as set forth herein would cause Plaintiff Carlos Roe VI severe

18  emotional distress.

19        337.   Defendants, and each of them, owed a duty to Plaintiff Carlos

20  Roe VI not to sexually abuse, exploit and assault Plaintiff Carlos Roe VI in

21  violation of Title 18 of the United States Code as set forth herein.

22        338.   Defendants, and each of them, breached their duty to

23  Plaintiff Carlos Roe VI by engaging in the actions as set forth herein.

24        339.   As a direct and proximate result of the acts of Defendants,

25  and each of them, and of Defendants' breach of their duty to Plaintiff Carlos

26  Roe VI, Plaintiff Carlos Roe VI has been hurt and injured in his health,

27  strength, and activity, sustaining injury to his nervous system and person, all

28

1   of which injuries have caused, and continue to cause, Plaintiff great mental,

2   physical, and nervous pain and suffering.

3          340.  As a further direct and proximate result of the acts of

4   Defendants, and each of them, and of Defendants' breach of their duty to

5   Plaintiff Carlos Roe VI, Plaintiff Carlos Roe VI has been damaged in that he has

6   been required to expend money and to incur obligations for medical services

7   and drugs reasonably required in the treatment and relief of the injuries herein

8   alleged in an amount according to proof at trial.

9          WHEREFORE, Plaintiff Carlos Roe VI prays for judgment as set

10  forth below.

11                      **COUNT FORTY-SIX**

12                   **Childhood Sexual Abuse**

13                **Carlos Roe VII v. White, et al.**

14         341.  Plaintiff Carlos Roe VII refers to and incorporates by

15  reference each and every allegation contained in paragraphs 1 through 24 of

16  this Complaint as though fully set forth and pleaded herein.

17         342.  In or about 1998, Defendants knowingly and willfully

18  conspired and agreed among themselves to sexually assault Plaintiff Carlos Roe

19  VII.   In or about 1998, Defendants began traveling from San Francisco to

20  Puerto Vallarta, procuring young boys along the beach in Puerto Vallarta,

21  taking them to White's villa known as "Casa Blanca" south of Puerto Vallarta,

22  giving the young boys food, money and drugs, and sexually abusing them in

23  violation of 18 U.S.C. §§ 2241, *et seq.*

24         343.  Plaintiff Carlos Roe VII first met White along the Playa de los

25  Muertos in 1999.  At that time, Carlos Roe VII was 14 years old and homeless,

26  spending most nights sleeping at the beach.   White approached Carlos Roe VII

27  and asked him if he wanted to swim in his swimming pool at the Casa Blanca.

28

1   Carlos Roe VII then went with White and another young boy to the Casa

2   Blanca.   Once at Casa Blanca, White told Carlos Roe VII that he had to

3   remove all his clothes since clothing was not allowed in the pool.   White told

4   Carlos Roe VII to feel at home and gave Carlos Roe VII another beer and also

5   cocaine.

6            344.   Carlos Roe VII complied with White's demand that he

7   disrobe and went into the swimming pool.   Once Carlos Roe VII was in the

8   swimming pool naked, White joined him in the pool, also naked.   White

9   touched Carlos Roe VII and groped his gentitles.   White then took Carlos Roe

10  VII to his bedroom where White had a pornographic video on the television.

11  White then orally copulated Carlos Roe VII in violation of 18 U.S.C. §§ 2241, *et*

12  *seq.*   Carlos Roe VII stayed the entire night with White, leaving the next day.

13           345.   Carlos Roe VII retured to the Casa Blanca daily for one

14  week, and thereafter at least once a week for many months.   White, Lovass

15  and another American named Thomas Zickgraf  orally copulated Carlos Roe VII

16  on numerous occasions in violation of 18 U.S.C. §§ 2241, *et seq.*

17           346.  On mony occasions, White took video pictures of White,

18  Lovaas and other Americans engaging in sexual acts with Carlos Roe VII.

19           347.   Defendants' acts, described herein, constitute conduct

20  proscribed by Sections 2241 *et seq.* of Title 18 of the United States Code.

21           348.  At no time did Plaintiff Carlos Roe VII consent, or have the

22  ability to consent, to any of the acts of Defendants alleged herein.

23           349.   In or about 2001, White was indicted by the State of Jalisco

24  and the United States of Mexico on charges of child rape, child endangerment

25  and child pornography arising out of White's actions in Puerto Vallarta as

26  detailed hereinabove.   Plaintiff Carlos Roe VII is informed and believes, and

27  thereon alleges, that the federal court in Guadalajara has custody of video

28

THIRD AMENDED COMPLAINT
ROE V. WHITE, USDC C-03-4035-CRB          -72-

1   tapes made by White and his associates depicting White, Rolph, Collingsworth,

2   Lovaas and other White associates having sex with minors, including Carlos

3   Roe VII.

4          350.  As a direct and proximate result of Defendants' acts as

5   alleged herein, Plaintiff Carlos Roe VII was hurt and injured in his health,

6   strength and activity, sustaining shock and injury to his nervous system, all of

7   which have caused and continue to cause Plaintiff Carlos Roe VII great mental

8   pain, embarrassment, humiliation, distress, anguish and suffering, all to

9   Plaintiff Carlos Roe VI's damage in an amount according to proof at trial.

10         351.  As a further direct and proximate result of Defendants' acts

11  as alleged herein, Plaintiff Carlos Roe VII has been damaged in that he has

12  been required to expend money and incur obligations for medical services

13  required in the treatment and relief of the injuries herein alleged.

14         352.  Defendants engaged in the conduct alleged above with

15  malice, fraud, oppression and/or in conscious disregard for the rights of

16  Plaintiff Carlos Roe VII.  Plaintiff Carlos Roe VII is therefore entitled to an

17  award of exemplary and punitive damages.

18         WHEREFORE, Plaintiff Carlos Roe VII prays for judgment as set

19  forth below.

20                          **COUNT FORTY-SEVEN**

21                          **Child Sexual Tourism**

22                      **Carlos Roe VII v. White, et al.**

23         353.  Plaintiff Carlos Roe VII refers to and incorporates by

24  reference each and every allegation contained in paragraphs 1 through 24 and

25  342 through 352 of this Complaint as though fully set forth and pleaded

26  herein.

27         354.  Defendants traveled from San Francisco to Mexico, or

28

THIRD AMENDED COMPLAINT
ROE V. WHITE, USDC C-03-4035-CRB          -73-

1   conspired to travel to Mexico, for the purpose of engaging in a sexual act as

2   defined in Section 2246 of Title 18 of the United States Code with Plaintiff

3   Carlos Roe VII, a person under the age of 18 years of age, that would be a

4   violation of Chapter 109A of Title 18 if the sexual act occurred in the United

5   States.

6        355.  Defendants' conduct, as set forth above, constitutes child

7   sexual tourism in violation of Section 2423, *et seq.* of Title 18 of the United

8   States Code.

9        356.  As a direct and proximate result of Defendants' acts as

10   alleged herein, Plaintiff Carlos Roe VII was hurt and injured in his health,

11   strength and activity, sustaining shock and injury to his nervous system, all of

12   which have caused and continue to cause Plaintiff great mental pain,

13   embarrassment, humiliation, distress, anguish and suffering, all to Plaintiff

14   Carlos Roe VII's damage in an amount according to proof at trial.

15        357.  As a further direct and proximate result of Defendants' acts

16   as alleged herein, Plaintiff Carlos Roe VII has been damaged in that he has

17   been required to expend money and incur obligations for medical services

18   required in the treatment and relief of the injuries herein alleged.

19        358.  Defendants engaged in the conduct alleged above with

20   malice, fraud, oppression and/or in conscious disregard for the rights of

21   Plaintiff Carlos Roe VII.  Plaintiff Carlos Roe VII is therefore entitled to an

22   award of exemplary and punitive damages.

23        WHEREFORE, Plaintiff Carlos Roe VII prays for judgment as set

24   forth below.

25   /////

26   /////

27   /////

28

THIRD AMENDED COMPLAINT
ROE V. WHITE, USDC C-03-4035-CRB         -74-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COUNT FORTY-EIGHT**

**Production and Distribution of Child Pornography**

**Carlos Roe VII v. White, et al.**

359.  Plaintiff Carlos Roe VII refers to and incorporates by reference each and every allegation contained in paragraphs 1 through 25 and 342 thorough 358 of this Complaint as though fully set forth and pleaded herein.

360.    In or about 1998, Defendants knowingly and willfully conspired and agreed among themselves to induce Plaintiff Carlos Roe VII, a minor, to engage in sexually explicit conduct for the purpose of producing videos of minors engaged in sexually explicit conduct.  On numerous occasions beginning in or about 1998, Defendants, and each of them, videotaped Plaintiff Carlos Roe VII engaging in sexually explicit conduct with Defendants. Defendants, and each of them, knew or had reason to know that such visual depiction of sexually explicit conduct of a minor would be transported in interstate or foreign commerce or mailed.   Plaintiff Carlos Roe VII is informed and believes, and thereon alleges, that some of the pornographic videos depicting Defendants engaging in sexually explicit conduct with minors at Casa Blanca are in the custody of the federal court in Guadalajara, Mexico.

361.  Defendants' production and distribution of child pornography, described herein, constitutes child sexual exploitation proscribed by Sections 2251 *et seq.* of Title 18 of the United States Code.

362.  As a direct and proximate result of Defendants' acts as alleged herein, Plaintiff Carlos Roe VII was hurt and injured in his health, strength and activity, sustaining shock and injury to his nervous system, all of which have caused and continue to cause Plaintiff Carlos Roe VII great mental pain, embarrassment, humiliation, distress, anguish and suffering, all to

1   Plaintiff Carlos Roe VII's damage in an amount in excess of the minimum

2   subject matter jurisdiction of this court and according to proof at trial.

3          363.  As a further direct and proximate result of Defendants' acts

4   as alleged herein, Plaintiff Carlos Roe VII has been damaged in that he has

5   been required to expend money and incur obligations for medical services

6   required in the treatment and relief of the injuries herein alleged.

7          364.  Defendants engaged in the conduct alleged above with

8   malice, fraud, oppression and/or in conscious disregard for the rights of

9   Plaintiff Carlos Roe VII.  Plaintiff Carlos Roe VII is therefore entitled to an

10  award of exemplary and punitive damages.

11         WHEREFORE, Plaintiff Carlos Roe VII prays for judgment as set

12  forth below.

13                      **COUNT FORTY-NINE**

14           **Intentional Infliction of Emotional Distress**

15                **Carlos Roe VII v. White, et al.**

16         365.  Plaintiff Carlos Roe VII refers to and incorporates by

17  reference each and every allegation contained in paragraphs 1 through 24 and

18  342 through 364 of this Complaint as though fully set forth and pleaded

19  herein.

20         366.  Defendants' conduct was intentional and malicious and done

21  for the purpose of causing Plaintiff Carlos Roe VII to suffer humiliation, mental

22  anguish, and emotional and physical distress.

23         367.  As a direct and proximate result of the acts of Defendants,

24  and each of them, Plaintiff Carlos Roe VII has been hurt and injured in his

25  health, strength, and activity, sustaining injury to their nervous system and

26  person, all of which injuries have caused, and continue to cause, Plaintiff

27  Carlos Roe VII great mental, physical, and nervous pain and suffering.

28

1      368.  As a further direct and proximate result of the acts of

2  Defendants, and each of them, Plaintiff Carlos Roe VII has been damaged in

3  that he has been required to expend money and to incur obligations for medical

4  services reasonably required in the treatment and relief of the injuries herein

5  alleged in an amount according to proof at trial.

6      369.  Defendants engaged in the conduct alleged above with

7  malice, fraud, oppression and/or in conscious disregard for the rights of

8  Plaintiff Carlos Roe VII.  Plaintiff Carlos Roe VII is therefore entitled to an

9  award of exemplary and punitive damages.

10      WHEREFORE, Plaintiff Carlos Roe VII prays for judgment as set

11  forth below.

12
### COUNT FIFTY

13
### Negligent Infliction of Emotional Distress

14
### Carlos Roe VII v. White, et al.

15      370.  Plaintiff Carlos Roe VII refers to and incorporates by

16  reference each and every allegation contained in paragraphs 1 through 24 and

17  342 through 327 of this Complaint as though fully set forth and pleaded

18  herein.

19      371.  Defendants, and each of them, knew, or should have known,

20  that their actions as set forth herein would cause Plaintiff Carlos Roe VII severe

21  emotional distress.

22      372.  Defendants, and each of them, owed a duty to Plaintiff Carlos

23  Roe VII not to sexually abuse, exploit and assault Plaintiff Carlos Roe VI in

24  violation of Title 18 of the United States Code as set forth herein.

25      373.  Defendants, and each of them, breached their duty to

26  Plaintiff Carlos Roe VII by engaging in the actions as set forth herein.

27      374.  As a direct and proximate result of the acts of Defendants,

28

1   and each of them, and of Defendants' breach of their duty to Plaintiff Carlos

2   Roe VII, Plaintiff Carlos Roe VII has been hurt and injured in his health,

3   strength, and activity, sustaining injury to his nervous system and person, all

4   of which injuries have caused, and continue to cause, Plaintiff great mental,

5   physical, and nervous pain and suffering.

6        375.  As a further direct and proximate result of the acts of

7   Defendants, and each of them, and of Defendants' breach of their duty to

8   Plaintiff Carlos Roe VII, Plaintiff Carlos Roe VII has been damaged in that he

9   has been required to expend money and to incur obligations for medical

10  services and drugs reasonably required in the treatment and relief of the

11  injuries herein alleged in an amount according to proof at trial.

12       WHEREFORE, Plaintiff Carlos Roe VII prays for judgment as set

13  forth below.

14                    **COUNT FIFTY-ONE**

15                   **Childhood Sexual Abuse**

16              **Carlos Roe VIII v. White, et al.**

17       376.  Plaintiff Carlos Roe VIII refers to and incorporates by

18  reference each and every allegation contained in paragraphs 1 through 24 of

19  this Complaint as though fully set forth and pleaded herein.

20       377.  In or about 1998, Defendants knowingly and willfully

21  conspired and agreed among themselves to sexually assault Plaintiff Carlos Roe

22  VIII.   In or about 1998, Defendants began traveling from San Francisco to

23  Puerto Vallarta, procuring young boys along the beach in Puerto Vallarta,

24  taking them to White's villa known as "Casa Blanca" south of Puerto Vallarta,

25  giving the young boys food, money and drugs, and sexually abusing them in

26  violation of 18 U.S.C. §§ 2241, *et seq.*

27       378.  Plaintiff Carlos Roe VIII first met Defendants at the Playa de

28

1    los Muertos  in 2000.  At that time, Carlos Roe VIII was 14 years old and

2    homeless, spending most nights sleeping at the beach.   White and

3    Collingsworth approached Carlos Roe VIII at the beach and Collingsworth

4    asked Carlos Roe VIII if he wanted to come to the Casa Blanca.   White and

5    Collingsworth told Carlos Roe VIII they would buy him clothes and provide him

6    with money.   White and Collingsworth then took Carlos Roe VIII to White's

7    villa, the Casa Blanca.   Once at Casa Blanca, White told Carlos Roe VIII that

8    he had to remove all his clothes since clothing was not allowed in the pool.

9    Carlos Roe VIII complied with White's demand that he disrobe.   White then

10   gave Carlos Roe VIII a drink which made him feel disoriented as if he had been

11   drugged.

12        379.    Carlos Roe VIII went into the swimming pool naked.  There

13   were already three other young boys in the pool, also naked.   White, Lovass

14   and Collingsworth joined the boys in the swimming pool, also naked.  While in

15   the swimming pool, White and Collingsworth orally copulated Carlos Roe VIII

16   in violation of Sections 2241 *et seq.* of Title 18 of the United States Code.

17   Thereafter,  White paid Carlos Roe VIII several hundred Pesos and he returned

18   to the beach.

19        380.  Defendants' acts, described herein, constitute conduct

20   proscribed by Sections 2241 *et seq.* of Title 18 of the United States Code.

21        381.  At no time did Plaintiff Carlos Roe VIII consent, or have the

22   ability to consent, to any of the acts of Defendants alleged herein.

23        382.    In or about 2001, White was indicted by the State of Jalisco

24   and the United States of Mexico on charges of child rape, child endangerment

25   and child pornography arising out of White's actions in Puerto Vallarta as

26   detailed hereinabove.   Plaintiff Carlos Roe VIII is informed and believes, and

27   thereon alleges, that the federal court in Guadalajara has custody of video

28

THIRD AMENDED COMPLAINT
ROE V. WHITE, USDC C-03-4035-CRB          -79-

1   tapes made by White and his associates depicting White, Rolph, Collingsworth

2   and other White associates having sex with minors, including Carlos Roe VIII.

3          383.  As a direct and proximate result of Defendants' acts as

4   alleged herein, Plaintiff Carlos Roe VIII was hurt and injured in his health,

5   strength and activity, sustaining shock and injury to his nervous system, all of

6   which have caused and continue to cause Plaintiff Carlos Roe VIII great mental

7   pain, embarrassment, humiliation, distress, anguish and suffering, all to

8   Plaintiff Carlos Roe VIII's damage in an amount according to proof at trial.

9          384.  As a further direct and proximate result of Defendants' acts

10  as alleged herein, Plaintiff Carlos Roe VIII has been damaged in that he has

11  been required to expend money and incur obligations for medical services

12  required in the treatment and relief of the injuries herein alleged.

13         385.  Defendants engaged in the conduct alleged above with

14  malice, fraud, oppression and/or in conscious disregard for the rights of

15  Plaintiff Carlos Roe VIII.  Plaintiff Carlos Roe VIII is therefore entitled to an

16  award of exemplary and punitive damages.

17         WHEREFORE, Plaintiff Carlos Roe VIII prays for judgment as set

18  forth below.

19                        **COUNT FIFTY-TWO**

20                        **Child Sexual Tourism**

21                     **Carlos Roe VIII v. White, et al.**

22         386.  Plaintiff Carlos Roe VIII refers to and incorporates by

23  reference each and every allegation contained in paragraphs 1 through 24 and

24  377 through 385 of this Complaint as though fully set forth and pleaded

25  herein.

26         387.  Defendants traveled from San Francisco to Mexico, or

27  conspired to travel to Mexico, for the purpose of engaging in a sexual act as

28

1   defined in Section 2246 of Title 18 of the United States Code with Plaintiff

2   Carlos Roe VIII, a person under the age of 18 years of age, that would be a

3   violation of Chapter 109A of Title 18 if the sexual act occurred in the United

4   States.

5          388.  Defendants' conduct, as set forth above, constitutes child

6   sexual tourism in violation of Section 2423, *et seq.* of Title 18 of the United

7   States Code.

8          389.  As a direct and proximate result of Defendants' acts as

9   alleged herein, Plaintiff Carlos Roe VIII was hurt and injured in his health,

10  strength and activity, sustaining shock and injury to his nervous system, all of

11  which have caused and continue to cause Plaintiff great mental pain,

12  embarrassment, humiliation, distress, anguish and suffering, all to Plaintiff

13  Carlos Roe VIII's damage in an amount according to proof at trial.

14         390.  As a further direct and proximate result of Defendants' acts

15  as alleged herein, Plaintiff Carlos Roe VIII has been damaged in that he has

16  been required to expend money and incur obligations for medical services

17  required in the treatment and relief of the injuries herein alleged.

18         391.  Defendants engaged in the conduct alleged above with

19  malice, fraud, oppression and/or in conscious disregard for the rights of

20  Plaintiff Carlos Roe VIII.  Plaintiff Carlos Roe VIII is therefore entitled to an

21  award of exemplary and punitive damages.

22         WHEREFORE, Plaintiff Carlos Roe VIII prays for judgment as set

23  forth below.

24                    **COUNT FIFTY-THREE**

25         **Production and Distribution of Child Pornography**

26                **Carlos Roe VIII v. White, et al.**

27         392.  Plaintiff Carlos Roe VIII refers to and incorporates by

28

THIRD AMENDED COMPLAINT
ROE V. WHITE, USDC C-03-4035-CRB          -81-

1    reference each and every allegation contained in paragraphs 1 through 24 and

2    377 thorough 391 of this Complaint as though fully set forth and pleaded

3    herein.

4           393.   In or about 1998, Defendants knowingly and willfully

5    conspired and agreed among themselves to induce Plaintiff Carlos Roe VIII, a

6    minor, to engage in sexually explicit conduct for the purpose of producing

7    videos of minors engaged in sexually explicit conduct.  On numerous occasions

8    beginning in or about 1998, Defendants, and each of them, videotaped

9    Plaintiffs, including Carlos Roe VIII, engaging in sexually explicit conduct with

10   Defendants.  Defendants, and each of them, knew or had reason to know that

11   such visual depiction of sexually explicit conduct of a minor would be

12   transported in interstate or foreign commerce or mailed.   Plaintiff Carlos Roe

13   VIII is informed and believes, and thereon alleges, that some of the

14   pornographic videos depicting Defendants engaging in sexually explicit conduct

15   with minors at Casa Blanca are in the custody of the federal court in

16   Guadalajara, Mexico.

17          394.  Defendants' production and distribution of child

18   pornography, described herein, constitutes child sexual exploitation proscribed

19   by Sections 2251 *et seq.* of Title 18 of the United States Code.

20          395.  As a direct and proximate result of Defendants' acts as

21   alleged herein, Plaintiff Carlos Roe VIII was hurt and injured in his health,

22   strength and activity, sustaining shock and injury to his nervous system, all of

23   which have caused and continue to cause Plaintiff Carlos Roe VIII great mental

24   pain, embarrassment, humiliation, distress, anguish and suffering, all to

25   Plaintiff Carlos Roe VIII's damage in an amount in excess of the minimum

26   subject matter jurisdiction of this court and according to proof at trial.

27          396.  As a further direct and proximate result of Defendants' acts

28

1  as alleged herein, Plaintiff Carlos Roe VIII has been damaged in that he has

2  been required to expend money and incur obligations for medical services

3  required in the treatment and relief of the injuries herein alleged.

4          397.   Defendants engaged in the conduct alleged above with

5  malice, fraud, oppression and/or in conscious disregard for the rights of

6  Plaintiff Carlos Roe VIII.  Plaintiff Carlos Roe VIII is therefore entitled to an

7  award of exemplary and punitive damages.

8          WHEREFORE, Plaintiff Carlos Roe VIII prays for judgment as set

9  forth below.

10                          **COUNT FIFTY-FOUR**

11               **Intentional Infliction of Emotional Distress**

12                     **Carlos Roe VIII v. White, et al.**

13          398.   Plaintiff Carlos Roe VIII refers to and incorporates by

14  reference each and every allegation contained in paragraphs 1 through 24 and

15  377 through 397 of this Complaint as though fully set forth and pleaded

16  herein.

17          399.   Defendants' conduct was intentional and malicious and done

18  for the purpose of causing Plaintiff Carlos Roe VIII to suffer humiliation, mental

19  anguish, and emotional and physical distress.

20          400.   As a direct and proximate result of the acts of Defendants,

21  and each of them, Plaintiff Carlos Roe VIII has been hurt and injured in his

22  health, strength, and activity, sustaining injury to their nervous system and

23  person, all of which injuries have caused, and continue to cause, Plaintiff

24  Carlos Roe VIII great mental, physical, and nervous pain and suffering.

25          401.   As a further direct and proximate result of the acts of

26  Defendants, and each of them, Plaintiff Carlos Roe VIII has been damaged in

27  that he has been required to expend money and to incur obligations for medical

28

1   services reasonably required in the treatment and relief of the injuries herein

2   alleged in an amount according to proof at trial.

3          402.   Defendants engaged in the conduct alleged above with

4   malice, fraud, oppression and/or in conscious disregard for the rights of

5   Plaintiff Carlos Roe VIII.  Plaintiff Carlos Roe VIII is therefore entitled to an

6   award of exemplary and punitive damages.

7          WHEREFORE, Plaintiff Carlos Roe VIII prays for judgment as set

8   forth below.

9                        **COUNT FIFTY-FIVE**

10              **Negligent Infliction of Emotional Distress**

11                  **Carlos Roe VIII v. White, et al.**

12          403.   Plaintiff Carlos Roe VIII refers to and incorporates by

13   reference each and every allegation contained in paragraphs 1 through 24 and

14   377 through 402 of this Complaint as though fully set forth and pleaded

15   herein.

16          404.   Defendants, and each of them, knew, or should have known,

17   that their actions as set forth herein would cause Plaintiff Carlos Roe VIII

18   severe emotional distress.

19          405.   Defendants, and each of them, owed a duty to Plaintiff Carlos

20   Roe VIII not to sexually abuse, exploit and assault Plaintiff Carlos Roe VIII in

21   violation of Title 18 of the United States Code as set forth herein.

22          406.   Defendants, and each of them, breached their duty to

23   Plaintiff Carlos Roe VIII by engaging in the actions as set forth herein.

24          407.   As a direct and proximate result of the acts of Defendants,

25   and each of them, and of Defendants' breach of their duty to Plaintiff Carlos

26   Roe VIII, Plaintiff Carlos Roe VIII has been hurt and injured in his health,

27   strength, and activity, sustaining injury to his nervous system and person, all

28

THIRD AMENDED COMPLAINT
ROE V. WHITE, USDC C-03-4035-CRB         -84-

1   of which injuries have caused, and continue to cause, Plaintiff great mental,

2   physical, and nervous pain and suffering.

3        408.  As a further direct and proximate result of the acts of

4   Defendants, and each of them, and of Defendants' breach of their duty to

5   Plaintiff Carlos Roe VIII, Plaintiff Carlos Roe VIII has been damaged in that he

6   has been required to expend money and to incur obligations for medical

7   services and drugs reasonably required in the treatment and relief of the

8   injuries herein alleged in an amount according to proof at trial.

9        WHEREFORE, Plaintiff Carlos Roe VIII prays for judgment as set

10  forth below.

11                      **COUNT FIFTY-SIX**

12                   **Childhood Sexual Abuse**

13                **Carlos Roe IX v. White, et al.**

14       409.  Plaintiff Carlos Roe IX refers to and incorporates by reference

15  each and every allegation contained in paragraphs 1 through 24 of this

16  Complaint as though fully set forth and pleaded herein.

17       410.  In or about 1998, Defendants knowingly and willfully

18  conspired and agreed among themselves to sexually assault Plaintiff Carlos Roe

19  IX.   In or about 1998, Defendants began traveling from San Francisco to

20  Puerto Vallarta, procuring young boys along the beach in Puerto Vallarta,

21  taking them to White's villa known as "Casa Blanca" south of Puerto Vallarta,

22  giving the young boys food, money and drugs, and sexually abusing them in

23  violation of 18 U.S.C. §§ 2241, *et seq.*

24       411.  Plaintiff Carlos Roe IX first met Defendants at the Playa de

25  los Muertos in 1999.  At that time, Carlos Roe IX was 15 years old and

26  homeless, spending most nights sleeping at the beach.   White approached

27  Carlos Roe IX and asked him if he wanted a drink.   White, accompanied by

28

1  John Schwobeda,  then took Carlos Roe IX to a restaurant called Las Ranas

2  where he had red wine.   White and Schwobeda then took Carlos Roe IX to

3  White's villa, the Casa Blanca, in White's white Mercedes Benz SUV.   When

4  Carlos Roe IX arrived at the Casa Blanca, there were other Americans present.

5  White told Carlos Roe IX that he had to remove all his clothes since clothing

6  was not allowed in the pool.   Carlos Roe IX complied with White's demand that

7  he disrobe.

8          412.    Once Carlos Roe VI was in the swimming pool naked, White

9  and Collingsworth joined him in the pool, also naked.   While in the swimming

10  pool, White and Collingsworth orally copulated Carlos Roe IX in violation of

11  Sections 2241 *et seq.* of Title 18 of the United States Code.   White then paid

12  Carlos Roe IX $400 and he returned to the beach.

13          413.    Defendants' acts, described herein, constitute conduct

14  proscribed by Sections 2241 *et seq.* of Title 18 of the United States Code.

15          414.   At no time did Plaintiff Carlos Roe IX consent, or have the

16  ability to consent, to any of the acts of Defendants alleged herein.

17          415.    In or about 2001, White was indicted by the State of Jalisco

18  and the United States of Mexico on charges of child rape, child endangerment

19  and child pornography arising out of White's actions in Puerto Vallarta as

20  detailed hereinabove.   Plaintiff Carlos Roe IX is informed and believes, and

21  thereon alleges, that the federal court in Guadalajara has custody of video

22  tapes made by White and his associates depicting White, Rolph, Collingsworth

23  and other White associates having sex with minors, including Carlos Roe IX.

24          416.  As a direct and proximate result of Defendants' acts as

25  alleged herein, Plaintiff Carlos Roe IX was hurt and injured in his health,

26  strength and activity, sustaining shock and injury to his nervous system, all of

27  which have caused and continue to cause Plaintiff Carlos Roe IX great mental

28

1   pain, embarrassment, humiliation, distress, anguish and suffering, all to

2   Plaintiff Carlos Roe IX's damage in an amount according to proof at trial.

3          417.  As a further direct and proximate result of Defendants' acts

4   as alleged herein, Plaintiff Carlos Roe IX has been damaged in that he has been

5   required to expend money and incur obligations for medical services required

6   in the treatment and relief of the injuries herein alleged.

7          418.  Defendants engaged in the conduct alleged above with

8   malice, fraud, oppression and/or in conscious disregard for the rights of

9   Plaintiff Carlos Roe IX.  Plaintiff Carlos Roe IX is therefore entitled to an award

10  of exemplary and punitive damages.

11         WHEREFORE, Plaintiff Carlos Roe IX prays for judgment as set

12  forth below.

13                    **COUNT FIFTY-SEVEN**

14                    **Child Sexual Tourism**

15                  **Carlos Roe IX v. White, et al.**

16         419.  Plaintiff Carlos Roe IX refers to and incorporates by reference

17  each and every allegation contained in paragraphs 1 through 24 and 410

18  through 418 of this Complaint as though fully set forth and pleaded herein.

19         420.  Defendants traveled from San Francisco to Mexico, or

20  conspired to travel to Mexico, for the purpose of engaging in a sexual act as

21  defined in Section 2246 of Title 18 of the United States Code with Plaintiff

22  Carlos Roe IX, a person under the age of 18 years of age, that would be a

23  violation of Chapter 109A of Title 18 if the sexual act occurred in the United

24  States.

25         421.  Defendants' conduct, as set forth above, constitutes child

26  sexual tourism in violation of Section 2423, *et seq.* of Title 18 of the United

27  States Code.

28

1      422.  As a direct and proximate result of Defendants' acts as

2  alleged herein, Plaintiff Carlos Roe IX was hurt and injured in his health,

3  strength and activity, sustaining shock and injury to his nervous system, all of

4  which have caused and continue to cause Plaintiff great mental pain,

5  embarrassment, humiliation, distress, anguish and suffering, all to Plaintiff

6  Carlos Roe IX's damage in an amount according to proof at trial.

7      423.  As a further direct and proximate result of Defendants' acts

8  as alleged herein, Plaintiff Carlos Roe IX has been damaged in that he has been

9  required to expend money and incur obligations for medical services required

10  in the treatment and relief of the injuries herein alleged.

11      424.  Defendants engaged in the conduct alleged above with

12  malice, fraud, oppression and/or in conscious disregard for the rights of

13  Plaintiff Carlos Roe IX.  Plaintiff Carlos Roe IX is therefore entitled to an award

14  of exemplary and punitive damages.

15      WHEREFORE, Plaintiff Carlos Roe IX prays for judgment as set

16  forth below.

17                    **COUNT FIFTY-EIGHT**

18          **Production and Distribution of Child Pornography**

19                **Carlos Roe IX v. White, et al.**

20      425.  Plaintiff Carlos Roe IX refers to and incorporates by reference

21  each and every allegation contained in paragraphs 1 through 24 and 410

22  thorough 424 of this Complaint as though fully set forth and pleaded herein.

23      426.   In or about 1998, Defendants knowingly and willfully

24  conspired and agreed among themselves to induce Plaintiff Carlos Roe IX, a

25  minor, to engage in sexually explicit conduct for the purpose of producing

26  videos of minors engaged in sexually explicit conduct.  On numerous occasions

27  beginning in or about 1998, Defendants, and each of them, videotaped

28

1  Plaintiffs, including Carlos Roe IX, engaging in sexually explicit conduct with

2  Defendants.  Defendants, and each of them, knew or had reason to know that

3  such visual depiction of sexually explicit conduct of a minor would be

4  transported in interstate or foreign commerce or mailed.   Plaintiff Carlos Roe

5  IX is informed and believes, and thereon alleges, that some of the pornographic

6  videos depicting Defendants engaging in sexually explicit conduct with minors

7  at Casa Blanca are in the custody of the federal court in Guadalajara, Mexico.

8          427.  Defendants' production and distribution of child

9  pornography, described herein, constitutes child sexual exploitation proscribed

10  by Sections 2251 *et seq.* of Title 18 of the United States Code.

11          428.  As a direct and proximate result of Defendants' acts as

12  alleged herein, Plaintiff Carlos Roe IX was hurt and injured in his health,

13  strength and activity, sustaining shock and injury to his nervous system, all of

14  which have caused and continue to cause Plaintiff Carlos Roe IX great mental

15  pain, embarrassment, humiliation, distress, anguish and suffering, all to

16  Plaintiff Carlos Roe IX's damage in an amount in excess of the minimum

17  subject matter jurisdiction of this court and according to proof at trial.

18          429.  As a further direct and proximate result of Defendants' acts

19  as alleged herein, Plaintiff Carlos Roe IX has been damaged in that he has been

20  required to expend money and incur obligations for medical services required

21  in the treatment and relief of the injuries herein alleged.

22          430.  Defendants engaged in the conduct alleged above with

23  malice, fraud, oppression and/or in conscious disregard for the rights of

24  Plaintiff Carlos Roe IX.  Plaintiff Carlos Roe IX is therefore entitled to an award

25  of exemplary and punitive damages.

26          WHEREFORE, Plaintiff Carlos Roe IX prays for judgment as set

27  forth below.

28

1

## COUNT FIFTY-NINE

## Intentional Infliction of Emotional Distress

## Carlos Roe IX v. White, et al.

431.  Plaintiff Carlos Roe IX refers to and incorporates by reference each and every allegation contained in paragraphs 1 through 24 and 410 through 430 of this Complaint as though fully set forth and pleaded herein.

432.  Defendants' conduct was intentional and malicious and done for the purpose of causing Plaintiff Carlos Roe IX to suffer humiliation, mental anguish, and emotional and physical distress.

433.  As a direct and proximate result of the acts of Defendants, and each of them, Plaintiff Carlos Roe IX has been hurt and injured in his health, strength, and activity, sustaining injury to their nervous system and person, all of which injuries have caused, and continue to cause, Plaintiff Carlos Roe IX great mental, physical, and nervous pain and suffering.

434.  As a further direct and proximate result of the acts of Defendants, and each of them, Plaintiff Carlos Roe IX has been damaged in that he has been required to expend money and to incur obligations for medical services reasonably required in the treatment and relief of the injuries herein alleged in an amount according to proof at trial.

435.  Defendants engaged in the conduct alleged above with malice, fraud, oppression and/or in conscious disregard for the rights of Plaintiff Carlos Roe IX.  Plaintiff Carlos Roe IX is therefore entitled to an award of exemplary and punitive damages.

WHEREFORE, Plaintiff Carlos Roe IX prays for judgment as set forth below.

/////

/////

**COUNT SIXTY**

**Negligent Infliction of Emotional Distress**

**Carlos Roe IX v. White, et al.**

436. Plaintiff Carlos Roe IX refers to and incorporates by reference each and every allegation contained in paragraphs 1 through 24 and 410 through 435 of this Complaint as though fully set forth and pleaded herein.

437. Defendants, and each of them, knew, or should have known, that their actions as set forth herein would cause Plaintiff Carlos Roe IX severe emotional distress.

438. Defendants, and each of them, owed a duty to Plaintiff Carlos Roe IX not to sexually abuse, exploit and assault Plaintiff Carlos Roe IX in violation of Title 18 of the United States Code as set forth herein.

439. Defendants, and each of them, breached their duty to Plaintiff Carlos Roe IX by engaging in the actions as set forth herein.

440. As a direct and proximate result of the acts of Defendants, and each of them, and of Defendants' breach of their duty to Plaintiff Carlos Roe IX, Plaintiff Carlos Roe IX has been hurt and injured in his health, strength, and activity, sustaining injury to his nervous system and person, all of which injuries have caused, and continue to cause, Plaintiff great mental, physical, and nervous pain and suffering.

441. As a further direct and proximate result of the acts of Defendants, and each of them, and of Defendants' breach of their duty to Plaintiff Carlos Roe IX, Plaintiff Carlos Roe IX has been damaged in that he has been required to expend money and to incur obligations for medical services and drugs reasonably required in the treatment and relief of the injuries herein alleged in an amount according to proof at trial.

WHEREFORE, Plaintiff Carlos Roe IX prays for judgment as set

1    forth below.

2                              **COUNT SIXTY-ONE**

3                            **Childhood Sexual Abuse**

4                          **Carlos Roe X v. White, et al.**

5            442.  Plaintiff Carlos Roe X refers to and incorporates by reference

6    each and every allegation contained in paragraphs 1 through 24 of this

7    Complaint as though fully set forth and pleaded herein.

8            443.  In or about 1998, Defendants knowingly and willfully

9    conspired and agreed among themselves to sexually assault Plaintiff Carlos Roe

10   X.   In or about 1998, Defendants began traveling from San Francisco to Puerto

11   Vallarta, procuring young boys along the beach in Puerto Vallarta, taking them

12   to White's villa known as "Casa Blanca" south of Puerto Vallarta, giving the

13   young boys food, money and drugs, and sexually abusing them in violation of

14   18 U.S.C. §§ 2241, *et seq.*

15           444.  Plaintiff Carlos Roe X first met Defendants in front of

16   Sharkie's Restaurant at the Playa de los Muertas in 1999.  At that time, Carlos

17   Roe X was 14 years old and homeless, spending most nights sleeping at the

18   beach.   White approached Carlos Roe X and asked him if he wanted a drink

19   and invited him to his home.  Lovass, who was with White, then took Carlos

20   Roe X and another young boy to White's villa, the Casa Blanca, in White's

21   white Mercedes Benz SUV.   Once at Casa Blanca, White told Carlos Roe X that

22   he had to remove all his clothes since clothing was not allowed in the pool.

23   Carlos Roe X complied with White's demand that he disrobe.

24           445.   Once Carlos Roe X was in the swimming pool naked, White

25   and Lovaas joined him in the pool, also naked.   While in the swimming pool,

26   White and Lovaas orally copulated Carlos Roe X in violation of Sections 2241 *et*

27   *seq.* of Title 18 of the United States Code.

28

1    446.   White and Lovaas then took Carlos Roe X to White's

2    bedroom where he lay naked.   White had a pornographic video playing on the

3    television.   In the bedroom, White and Lovaas again orally copulated Carlos

4    Roe X.   Carlos Roe X then anally penetrated White.   White then gave Carlos

5    Roe X $100 U.S. dollars and he left.

6    447.   During the next few months, Carlos Roe X returned to the

7    Casa Blanca on several occasions.   On each occasion, White again orally

8    copulated Carlos Roe X in violation of Sections 2241 *et seq.* of Title 18 of the

9    United States Code.

10   448.   Defendants' acts, described herein, constitute conduct

11   proscribed by Sections 2241 *et seq.* of Title 18 of the United States Code.

12   449.   At no time did Plaintiff Carlos Roe X consent, or have the

13   ability to consent, to any of the acts of Defendants alleged herein.

14   450.   In or about 2001, White was indicted by the State of Jalisco

15   and the United States of Mexico on charges of child rape, child endangerment

16   and child pornography arising out of White's actions in Puerto Vallarta as

17   detailed hereinabove.   Plaintiff Carlos Roe X is informed and believes, and

18   thereon alleges, that the federal court in Guadalajara has custody of video

19   tapes made by White and his associates depicting White, Rolph, Collingsworth,

20   Lovaas and other White associates having sex with minors, including Carlos

21   Roe X.

22   451.   As a direct and proximate result of Defendants' acts as

23   alleged herein, Plaintiff Carlos Roe X was hurt and injured in his health,

24   strength and activity, sustaining shock and injury to his nervous system, all of

25   which have caused and continue to cause Plaintiff Carlos Roe X great mental

26   pain, embarrassment, humiliation, distress, anguish and suffering, all to

27   Plaintiff Carlos Roe X's damage in an amount according to proof at trial.

28

1        452.  As a further direct and proximate result of Defendants' acts

2   as alleged herein, Plaintiff Carlos Roe X has been damaged in that he has been

3   required to expend money and incur obligations for medical services required

4   in the treatment and relief of the injuries herein alleged.

5        453.  Defendants engaged in the conduct alleged above with

6   malice, fraud, oppression and/or in conscious disregard for the rights of

7   Plaintiff Carlos Roe X.  Plaintiff Carlos Roe X is therefore entitled to an award of

8   exemplary and punitive damages.

9        WHEREFORE, Plaintiff Carlos Roe X prays for judgment as set

10  forth below.

11                  **COUNT SIXTY-TWO**

12                  **Child Sexual Tourism**

13                  **Carlos Roe X v. White, et al.**

14       454.  Plaintiff Carlos Roe X refers to and incorporates by reference

15  each and every allegation contained in paragraphs 1 through 24 and 443

16  through 453 of this Complaint as though fully set forth and pleaded herein.

17       455.  Defendants traveled from San Francisco to Mexico, or

18  conspired to travel to Mexico, for the purpose of engaging in a sexual act as

19  defined in Section 2246 of Title 18 of the United States Code with Plaintiff

20  Carlos Roe X, a person under the age of 18 years of age, that would be a

21  violation of Chapter 109A of Title 18 if the sexual act occurred in the United

22  States.

23       456.  Defendants' conduct, as set forth above, constitutes child

24  sexual tourism in violation of Section 2423, *et seq.* of Title 18 of the United

25  States Code.

26       457.  As a direct and proximate result of Defendants' acts as

27  alleged herein, Plaintiff Carlos Roe X was hurt and injured in his health,

28

1  strength and activity, sustaining shock and injury to his nervous system, all of

2  which have caused and continue to cause Plaintiff great mental pain,

3  embarrassment, humiliation, distress, anguish and suffering, all to Plaintiff

4  Carlos Roe X's damage in an amount according to proof at trial.

5      458.  As a further direct and proximate result of Defendants' acts

6  as alleged herein, Plaintiff Carlos Roe X has been damaged in that he has been

7  required to expend money and incur obligations for medical services required

8  in the treatment and relief of the injuries herein alleged.

9      459.  Defendants engaged in the conduct alleged above with

10  malice, fraud, oppression and/or in conscious disregard for the rights of

11  Plaintiff Carlos Roe X.  Plaintiff Carlos Roe X is therefore entitled to an award of

12  exemplary and punitive damages.

13      WHEREFORE, Plaintiff Carlos Roe X prays for judgment as set

14  forth below.

15              **COUNT SIXTY-THREE**

16      **Production and Distribution of Child Pornography**

17          **Carlos Roe X v. White, et al.**

18      460.  Plaintiff Carlos Roe X refers to and incorporates by reference

19  each and every allegation contained in paragraphs 1 through 24 and 443

20  thorough 459 of this Complaint as though fully set forth and pleaded herein.

21      461.   In or about 1998, Defendants knowingly and willfully

22  conspired and agreed among themselves to induce Plaintiff Carlos Roe X, a

23  minor, to engage in sexually explicit conduct for the purpose of producing

24  videos of minors engaged in sexually explicit conduct.  On numerous occasions

25  beginning in or about 1998, Defendants, and each of them, videotaped Plaintiff

26  Carlos Roe X engaging in sexually explicit conduct with Defendants.

27  Defendants, and each of them, knew or had reason to know that such visual

28

1  depiction of sexually explicit conduct of a minor would be transported in

2  interstate or foreign commerce or mailed.   Plaintiff Carlos Roe X is informed

3  and believes, and thereon alleges, that some of the pornographic videos

4  depicting Defendants engaging in sexually explicit conduct with minors at Casa

5  Blanca are in the custody of the federal court in Guadalajara, Mexico.

6       462.  Defendants' production and distribution of child

7  pornography, described herein, constitutes child sexual exploitation proscribed

8  by Sections 2251 *et seq.* of Title 18 of the United States Code.

9       463.  As a direct and proximate result of Defendants' acts as

10  alleged herein, Plaintiff Carlos Roe X was hurt and injured in his health,

11  strength and activity, sustaining shock and injury to his nervous system, all of

12  which have caused and continue to cause Plaintiff Carlos Roe X great mental

13  pain, embarrassment, humiliation, distress, anguish and suffering, all to

14  Plaintiff Carlos Roe X's damage in an amount in excess of the minimum subject

15  matter jurisdiction of this court and according to proof at trial.

16       464.  As a further direct and proximate result of Defendants' acts

17  as alleged herein, Plaintiff Carlos Roe X has been damaged in that he has been

18  required to expend money and incur obligations for medical services required

19  in the treatment and relief of the injuries herein alleged.

20       465.  Defendants engaged in the conduct alleged above with

21  malice, fraud, oppression and/or in conscious disregard for the rights of

22  Plaintiff Carlos Roe X.  Plaintiff Carlos Roe X is therefore entitled to an award of

23  exemplary and punitive damages.

24       WHEREFORE, Plaintiff Carlos Roe X prays for judgment as set

25  forth below.

26  /////

27  /////

28

THIRD AMENDED COMPLAINT
ROE V. WHITE, USDC C-03-4035-CRB       -96-

1

**COUNT SIXTY-FOUR**

2

**Intentional Infliction of Emotional Distress**

3

**Carlos Roe X v. White, et al.**

4        466.  Plaintiff Carlos Roe X refers to and incorporates by reference

5   each and every allegation contained in paragraphs 1 through 24 and 443

6   through 465 of this Complaint as though fully set forth and pleaded herein.

7        467.  Defendants' conduct was intentional and malicious and done

8   for the purpose of causing Plaintiff Carlos Roe X to suffer humiliation, mental

9   anguish, and emotional and physical distress.

10        468.  As a direct and proximate result of the acts of Defendants,

11   and each of them, Plaintiff Carlos Roe X has been hurt and injured in his

12   health, strength, and activity, sustaining injury to their nervous system and

13   person, all of which injuries have caused, and continue to cause, Plaintiff

14   Carlos Roe I great mental, physical, and nervous pain and suffering.

15        469.  As a further direct and proximate result of the acts of

16   Defendants, and each of them, Plaintiff Carlos Roe X has been damaged in that

17   he has been required to expend money and to incur obligations for medical

18   services reasonably required in the treatment and relief of the injuries herein

19   alleged in an amount according to proof at trial.

20        470.  Defendants engaged in the conduct alleged above with

21   malice, fraud, oppression and/or in conscious disregard for the rights of

22   Plaintiff Carlos Roe X.  Plaintiff Carlos Roe X is therefore entitled to an award of

23   exemplary and punitive damages.

24        WHEREFORE, Plaintiff Carlos Roe X prays for judgment as set

25   forth below.

26   /////

27   /////

28

THIRD AMENDED COMPLAINT
ROE V. WHITE, USDC C-03-4035-CRB        -97-

1  **COUNT SIXTY-FIVE**

2  **Negligent Infliction of Emotional Distress**

3  **Carlos Roe X v. White, et al.**

4       471.  Plaintiff Carlos Roe X refers to and incorporates by reference

5  each and every allegation contained in paragraphs 1 through 24 and 443

6  through 470 of this Complaint as though fully set forth and pleaded herein.

7       472.   Defendants, and each of them, knew, or should have known,

8  that their actions as set forth herein would cause Plaintiff Carlos Roe X severe

9  emotional distress.

10      473.  Defendants, and each of them, owed a duty to Plaintiff Carlos

11 Roe X not to sexually abuse, exploit and assault Plaintiff Carlos Roe X in

12 violation of Title 18 of the United States Code as set forth herein.

13      474.  Defendants, and each of them, breached their duty to

14 Plaintiff Carlos Roe X by engaging in the actions as set forth herein.

15      475.  As a direct and proximate result of the acts of Defendants,

16 and each of them, and of Defendants' breach of their duty to Plaintiff Carlos

17 Roe X, Plaintiff Carlos Roe X has been hurt and injured in his health, strength,

18 and activity, sustaining injury to his nervous system and person, all of which

19 injuries have caused, and continue to cause, Plaintiff great mental, physical,

20 and nervous pain and suffering.

21      476.  As a further direct and proximate result of the acts of

22 Defendants, and each of them, and of Defendants' breach of their duty to

23 Plaintiff Carlos Roe X, Plaintiff Carlos Roe X has been damaged in that he has

24 been required to expend money and to incur obligations for medical services

25 and drugs reasonably required in the treatment and relief of the injuries herein

26 alleged in an amount according to proof at trial.

27      WHEREFORE, Plaintiff Carlos Roe X prays for judgment as set

28

1   forth below.

2                                **COUNT SIXTY-SIX**

3                              **Childhood Sexual Abuse**

4                            **Carlos Roe XI v. White, et al.**

5          477.  Plaintiff Carlos Roe XI refers to and incorporates by reference

6   each and every allegation contained in paragraphs 1 through 24 of this

7   Complaint as though fully set forth and pleaded herein.

8          478.  In or about 1998, Defendants knowingly and willfully

9   conspired and agreed among themselves to sexually assault Plaintiff Carlos Roe

10  XI.   In or about 1998, Defendants began traveling from San Francisco to

11  Puerto Vallarta, procuring young boys along the beach in Puerto Vallarta,

12  taking them to White's villa known as "Casa Blanca" south of Puerto Vallarta,

13  giving the young boys food, money and drugs, and sexually abusing them in

14  violation of 18 U.S.C. §§ 2241, *et seq.*

15         479.  Plaintiff Carlos Roe XI first met Defendants in front of the

16  fish market across from McDonald's Restaurant along the Malecon in 1999.  At

17  that time, Carlos Roe XI was 14 years old and homeless, spending most nights

18  sleeping at the beach.   White approached Carlos Roe XI and asked him if he

19  wanted a drink and invited him to his home.  White then took Carlos Roe XI to

20  his villa, the Casa Blanca, in White's white car.   Once at Casa Blanca,  White

21  told Carlos Roe XI that he had to remove all his clothes since clothing was not

22  allowed in the pool.  Carlos Roe XI complied with White's demand that he

23  disrobe.   Collingsworth and other Americans unknown to Carlos Roe XI, and

24  other young boys, were at the Casa Blanca when Carlos Roe XI arrived.

25         480.   Collingsworth then took Carlos Roe XI to a bedroom where

26  he lay naked.   First, Collingsworth orally copulated Carlos Roe XI.   Then

27  Collingsworth got a condom and Carlos Roe XI anally penetrated Collingsworth.

28

1   Collingsworth then gave Carlos Roe XI $500 Pesos and he left.

2        481.   One week later, Carlos Roe XI was again approached by

3   White in front of the McDonald's Restaurant along the Malecon.   Carlos Roe XI

4   returned to the Casa Blanca with White.   Once at Casa Blanca, White again

5   told Carlos Roe XI that he had to remove all his clothes since clothing was not

6   allowed in the pool.   Carlos Roe XI complied with White's demand that he

7   disrobe.   Collingsworth then asked Carlos Roe XI if he would have sex with

8   him for money.

9        482.   Collingsworth again took Carlos Roe XI to a bedroom where

10   he lay naked.   First, Collingsworth orally copulated Carlos Roe XI.   Then

11   Collingsworth got a condom and Carlos Roe XI anally penetrated Collingsworth.

12   Collingsworth then gave Carlos Roe XI another $500 Pesos and he left.

13        483.   During Carlos Roe XI's third visit to the Casa Blanca, Carlos

14   Roe XI was again told to disrobe.   White gropped Carlos Roe XI's genitiles while

15   he was sitting on a sofa.

16        484.   Several weeks later, Carlos Roe XI met White's driver in front

17   of the McDonald's Restaurant along the Malecon.   White's driver, a Mexican

18   national, took Carlos Roe XI to the Casa Blanca.

19        485.   Once at Casa Blanca, White again told Carlos Roe XI that

20   he had to remove all his clothes since clothing was not allowed in the pool.

21   Carlos Roe XI complied with White's demand that he disrobe.   Collingsworth

22   and aproximately 4 other Americans unknown to Carlos Roe XI were at the

23   Casa Blanca when Carlos Roe XI arrived.

24        486.   Collingsworth then took Carlos Roe XI to a bedroom where

25   he lay naked.   First, Collingsworth orally copulated Carlos Roe XI.   Then

26   Collingsworth got a condom and Carlos Roe XI anally penetrated Collingsworth.

27   Collingsworth then gave Carlos Roe XI $500 Pesos and he left.

28

487.  Defendants' acts, described herein, constitute conduct proscribed by Sections 2241 *et seq.* of Title 18 of the United States Code.

488.  At no time did Plaintiff Carlos Roe XI consent, or have the ability to consent, to any of the acts of Defendants alleged herein.

489.   In or about 2001, White was indicted by the State of Jalisco and the United States of Mexico on charges of child rape, child endangerment and child pornography arising out of White's actions in Puerto Vallarta as detailed hereinabove.   Plaintiff Carlos Roe XI is informed and believes, and thereon alleges, that the federal court in Guadalajara has custody of video tapes made by White and his associates depicting White, Rolph, Collingsworth, Lovaas and other White associates having sex with minors, including Carlos Roe XI.

490.  As a direct and proximate result of Defendants' acts as alleged herein, Plaintiff Carlos Roe XI was hurt and injured in his health, strength and activity, sustaining shock and injury to his nervous system, all of which have caused and continue to cause Plaintiff Carlos Roe XI great mental pain, embarrassment, humiliation, distress, anguish and suffering, all to Plaintiff Carlos Roe XI's damage in an amount according to proof at trial.

491.  As a further direct and proximate result of Defendants' acts as alleged herein, Plaintiff Carlos Roe XI has been damaged in that he has been required to expend money and incur obligations for medical services required in the treatment and relief of the injuries herein alleged.

492.  Defendants engaged in the conduct alleged above with malice, fraud, oppression and/or in conscious disregard for the rights of Plaintiff Carlos Roe XI.  Plaintiff Carlos Roe XI is therefore entitled to an award of exemplary and punitive damages.

WHEREFORE, Plaintiff Carlos Roe XI prays for judgment as set

1  forth below.

2  **COUNT SIXTY-SEVEN**

3  **Child Sexual Tourism**

4  **Carlos Roe XI v. White, et al.**

5  493.  Plaintiff Carlos Roe XI refers to and incorporates by reference

6  each and every allegation contained in paragraphs 1 through 24 and 478

7  through 492 of this Complaint as though fully set forth and pleaded herein.

8  494.  Defendants traveled from San Francisco to Mexico, or

9  conspired to travel to Mexico, for the purpose of engaging in a sexual act as

10  defined in Section 2246 of Title 18 of the United States Code with Plaintiff

11  Carlos Roe XI, a person under the age of 18 years of age, that would be a

12  violation of Chapter 109A of Title 18 if the sexual act occurred in the United

13  States.

14  495.  Defendants' conduct, as set forth above, constitutes child

15  sexual tourism in violation of Section 2423, *et seq.* of Title 18 of the United

16  States Code.

17  496.  As a direct and proximate result of Defendants' acts as

18  alleged herein, Plaintiff Carlos Roe XI was hurt and injured in his health,

19  strength and activity, sustaining shock and injury to his nervous system, all of

20  which have caused and continue to cause Plaintiff great mental pain,

21  embarrassment, humiliation, distress, anguish and suffering, all to Plaintiff

22  Carlos Roe XI's damage in an amount according to proof at trial.

23  497.  As a further direct and proximate result of Defendants' acts

24  as alleged herein, Plaintiff Carlos Roe XI has been damaged in that he has been

25  required to expend money and incur obligations for medical services required

26  in the treatment and relief of the injuries herein alleged.

27  498.  Defendants engaged in the conduct alleged above with

28

THIRD AMENDED COMPLAINT
ROE V. WHITE, USDC C-03-4035-CRB        -102-

1    malice, fraud, oppression and/or in conscious disregard for the rights of

2    Plaintiff Carlos Roe XI.  Plaintiff Carlos Roe XI is therefore entitled to an award

3    of exemplary and punitive damages.

4            WHEREFORE, Plaintiff Carlos Roe XI prays for judgment as set

5    forth below.

6                          **COUNT SIXTY-EIGHT**

7           **Production and Distribution of Child Pornography**

8                    **Carlos Roe XI v. White, et al.**

9            499.  Plaintiff Carlos Roe XI refers to and incorporates by reference

10   each and every allegation contained in paragraphs 1 through 24 and 478

11   through 498 of this Complaint as though fully set forth and pleaded herein.

12           500.    In or about 1998, Defendants knowingly and willfully

13   conspired and agreed among themselves to induce Plaintiff Carlos Roe XI, a

14   minor, to engage in sexually explicit conduct for the purpose of producing

15   videos of minors engaged in sexually explicit conduct.  On numerous occasions

16   beginning in or about 1998, Defendants, and each of them, videotaped Plaintiff

17   Carlos Roe XI engaging in sexually explicit conduct with Defendants.

18   Defendants, and each of them, knew or had reason to know that such visual

19   depiction of sexually explicit conduct of a minor would be transported in

20   interstate or foreign commerce or mailed.   Plaintiff Carlos Roe XI is informed

21   and believes, and thereon alleges, that some of the pornographic videos

22   depicting Defendants engaging in sexually explicit conduct with minors at Casa

23   Blanca are in the custody of the federal court in Guadalajara, Mexico.

24           501.  Defendants' production and distribution of child

25   pornography, described herein, constitutes child sexual exploitation proscribed

26   by Sections 2251 *et seq.* of Title 18 of the United States Code.

27           502.  As a direct and proximate result of Defendants' acts as

28

1  alleged herein, Plaintiff Carlos Roe XI was hurt and injured in his health,

2  strength and activity, sustaining shock and injury to his nervous system, all of

3  which have caused and continue to cause Plaintiff Carlos Roe X great mental

4  pain, embarrassment, humiliation, distress, anguish and suffering, all to

5  Plaintiff Carlos Roe X's damage in an amount in excess of the minimum subject

6  matter jurisdiction of this court and according to proof at trial.

7      503.  As a further direct and proximate result of Defendants' acts

8  as alleged herein, Plaintiff Carlos Roe XI has been damaged in that he has been

9  required to expend money and incur obligations for medical services required

10  in the treatment and relief of the injuries herein alleged.

11      504.  Defendants engaged in the conduct alleged above with

12  malice, fraud, oppression and/or in conscious disregard for the rights of

13  Plaintiff Carlos Roe XI.  Plaintiff Carlos Roe XI is therefore entitled to an award

14  of exemplary and punitive damages.

15      WHEREFORE, Plaintiff Carlos Roe XI prays for judgment as set

16  forth below.

17                    **COUNT SIXTY-NINE**

18          **Intentional Infliction of Emotional Distress**

19                **Carlos Roe XI v. White, et al.**

20      505.  Plaintiff Carlos Roe XI refers to and incorporates by reference

21  each and every allegation contained in paragraphs 1 through 25 and 478

22  through 504 of this Complaint as though fully set forth and pleaded herein.

23      506.  Defendants' conduct was intentional and malicious and done

24  for the purpose of causing Plaintiff Carlos Roe XI to suffer humiliation, mental

25  anguish, and emotional and physical distress.

26      507.  As a direct and proximate result of the acts of Defendants,

27  and each of them, Plaintiff Carlos Roe XI has been hurt and injured in his

28

1   health, strength, and activity, sustaining injury to their nervous system and

2   person, all of which injuries have caused, and continue to cause, Plaintiff

3   Carlos Roe XI great mental, physical, and nervous pain and suffering.

4          508.  As a further direct and proximate result of the acts of

5   Defendants, and each of them, Plaintiff Carlos Roe XI has been damaged in

6   that he has been required to expend money and to incur obligations for medical

7   services reasonably required in the treatment and relief of the injuries herein

8   alleged in an amount according to proof at trial.

9          509.  Defendants engaged in the conduct alleged above with

10  malice, fraud, oppression and/or in conscious disregard for the rights of

11  Plaintiff Carlos Roe XI.  Plaintiff Carlos Roe XI is therefore entitled to an award

12  of exemplary and punitive damages.

13         WHEREFORE, Plaintiff Carlos Roe XI prays for judgment as set

14  forth below.

15                      **COUNT SEVENTY**

16            **Negligent Infliction of Emotional Distress**

17               **Carlos Roe XI v. White, et al.**

18         510.  Plaintiff Carlos Roe XI refers to and incorporates by reference

19  each and every allegation contained in paragraphs 1 through 24 and 478

20  through 509 of this Complaint as though fully set forth and pleaded herein.

21         511.   Defendants, and each of them, knew, or should have known,

22  that their actions as set forth herein would cause Plaintiff Carlos Roe XI severe

23  emotional distress.

24         512.  Defendants, and each of them, owed a duty to Plaintiff Carlos

25  Roe XI not to sexually abuse, exploit and assault Plaintiff Carlos Roe XI in

26  violation of Title 18 of the United States Code as set forth herein.

27         513.  Defendants, and each of them, breached their duty to

28

1    Plaintiff Carlos Roe XI by engaging in the actions as set forth herein.

2         514.  As a direct and proximate result of the acts of Defendants,

3    and each of them, and of Defendants' breach of their duty to Plaintiff Carlos

4    Roe XI, Plaintiff Carlos Roe XI has been hurt and injured in his health,

5    strength, and activity, sustaining injury to his nervous system and person, all

6    of which injuries have caused, and continue to cause, Plaintiff great mental,

7    physical, and nervous pain and suffering.

8         515.  As a further direct and proximate result of the acts of

9    Defendants, and each of them, and of Defendants' breach of their duty to

10   Plaintiff Carlos Roe XI, Plaintiff Carlos Roe XI has been damaged in that he has

11   been required to expend money and to incur obligations for medical services

12   and drugs reasonably required in the treatment and relief of the injuries herein

13   alleged in an amount according to proof at trial.

14        WHEREFORE, Plaintiff Carlos Roe XI prays for judgment as set

15   forth below.

16                    **PRAYER FOR RELIEF**

17        WHEREFORE, Plaintiffs, and each of them, pray for judgment

18   against Defendants, and each of them, as follows:

19        1.   For general damages in an amount to be proved at trial.

20        2.   For medical and related expenses in an amount to be proved at

21   trial.

22        3.  For exemplary and punitive damages.

23        4.  For costs of suit, including reasonable attorneys' fees.

24   /////

25   /////

26   /////

27   /////

28

THIRD AMENDED COMPLAINT
ROE V. WHITE, USDC C-03-4035-CRB        -106-

1          5.  For such other and further relief as the court may

2    deem just and proper.

3    Dated: August 2,  2004.          LAW OFFICES OF DAVID REPLOGLE, APC

4                                     LAW OFFICES OF JOHN E. HILL, APC

5                                     *David Replogle*

6                                     _____
                                      By, David Replogle
                                      Attorneys for Plaintiffs Jose Roe I through
7                                     Jose Roe III, by and through their guardian
                                      ad litem, Mauricio Rodriguez Borrego,
8                                     and Carlos Roe I through Carlos Roe XI

9

10

11

12

13                      **DEMAND FOR JURY TRIAL**

14          Plaintiffs hereby demand a trial by jury.

15   Dated: August 2, 2004.           LAW OFFICES OF DAVID REPLOGLE, APC

16                                     LAW OFFICES OF JOHN E. HILL, APC

17
                                       *David Replogle*
18                                     _____
                                       By, David Replogle
19                                     Attorneys for Plaintiffs Jose Roe I through
                                       Jose Roe III, by and through their guardian
20                                     ad litem, Mauricio Rodriguez Borrego,
                                       and Carlos Roe I through Carlos Roe XI
21

22

23

24

25

26

27

28

1

## **PROOF OF SERVICE (ELECTRONIC)**

2

        I declare under penalty of perjury that the foregoing is true and

3

correct:

4

        I am a citizen of the United States over the age of eighteen years,

5

employed in the City and County of San Francisco, California, and not a party
to the within entitled cause;  my business address is 550 Montgomery Street,
Suite 550, San Francisco, California.

6

        On August 2, 2004 I served the following:

7

### **THIRD AMENDED COMPLAINT**

8

on the interested partyies or attorneys by causing an electronic delivery subject

9

to 28 U.S.C. § 1746, Local Rules or General Orders of this court regarding
Electronic Case Filing to the addresses as follows:

10

11

| | |
|---|---|
| Nanci Clarence | Attorneys for Defendant |
| Kate Dyer | Thomas F. White |

12

Clarence & Dyer
899 Ellis Street
San Francisco, CA 94109

13

E-mail: kdyer@clarencesnell.com

14

15

| | |
|---|---|
| William Berland | Attorneys for Defendant |
| Ferguson & Berland | Nathan Lovaas |

16

1816 Fifth St.
Berkeley, CA 94710
E-mail: bill@fergusonberland.com

17

        I declare under penalty of perjury that the foregoing is true and

18

correct and that this declaration was executed on August 2, 2004 at San
Francisco, California.

19

20

*David Replogle*

21

_____
DAVID REPLOGLE

22

23

24

25

26

27

28