Nanci Clarence, SBN 122286
Kate Dyer, SBN 171891
Jodi Linker, SBN 230273
Clarence & Dyer LLP
899 Ellis Street
San Francisco, CA 94109
Telephone: (415) 749-1800
Facsimile:  (415) 749-1694

Attorneys for Defendant
Thomas F. White

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ROE, a MINOR, by MAURICIO RODRIGUEZ BORREGO, his guardian ad litem,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS F. WHITE, NATHAN LOVAAS, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.:  C-03-4035-CRB<br><br>**DECLARATION OF NANCI L. CLARENCE IN SUPPORT OF MOTION TO RETURN EVIDENCE** |

**DECLARATION OF NANCI L. CLARENCE**

I, Nanci L. Clarence, declare under penalty of perjury as follows:

1. I am an attorney licenced to practice law in the State of California and admitted to practice before this Court. I and my law firm represent Thomas F. White, defendant in the above-captioned action. We also represent Mr. White in a San Francisco Superior Court matter entitled *Daniel Garcia et al. v. Thomas White et al.*, case number CGC-02-414569, in which he is also defendant.

2. On January 10, 2005, my office caused a deposition subpoena to be served on third-party witness Zeke Fennell in the *Garcia v. White et al.* matter, issued on behalf of Mr.

DECLARATION OF NANCI CLARENCE IN SUPPORT OF MOTION FOR RETURN OF EVIDENCE    1

White. A true and correct copy of that January 10, 2005 subpoena is attached hereto as Exhibit A. The subpoena directed Mr. Fennell to appear on January 20, 2005 for a deposition and to produce relevant documents.

3. On January 14, 2005, Mr. Shawn Azizzadeh, counsel for Mr. Fennell, telephoned to ask that the January 20 deposition be rescheduled. Mr. Azizzadeh and I agreed to reschedule the deposition and also agreed to meet in advance.

4. On Thursday afternoon, January 27, 2005, I met with both Mr. Azizzadeh and Mr. Fennell. During our meeting, through counsel, Mr. Fennell advised that he possessed a substantial amount of electronic evidence showing that Daniel Garcia (plaintiff in the state case) had breached Mr. White's attorney-client privilege, had stolen hundreds of thousands of dollars from Mr. White's bank account, and had "hacked" into various internet sources to illegally obtain personal information about Mr. White and others. In addition, Mr. Fennell stated that the evidence showed that Mr. Garcia had taken numerous trips to Puerto Vallarta, Mexico, where he had interviewed plaintiffs in the above-entitled action along with Mr. Replogle and had been promised a "cut" of any recovery by each plaintiff he helped bring into the case. Mr. Fennell also advised that the evidence chronicles Mr. Garcia's involvement in the federal criminal investigation, including his and Mr. Replogle's frequent contacts with FBI Special Agent Martha Parker.

5. On January 27, 2005, Mr. Fennell, through counsel, also advised that the electronic evidence he possessed demonstrated that David Replogle, Mr. Garcia's attorney (also counsel of record for plaintiffs in the above-captioned action, now pending before this Court) had knowledge of and participated in the theft from Mr. White. I responded, and counsel Azizzadeh agreed, that no communications between Mr. Garcia and his counsel should be produced to my office.

6. Neither Mr. Fennell nor his counsel produced any electronic evidence whatsoever on January 27, 2005. Counsel Azizzadeh advised that he could not produce any

DECLARATION OF NANCI CLARENCE IN SUPPORT OF MOTION FOR RETURN OF EVIDENCE    2

such evidence, because he had not yet reviewed it for attorney-client privileged documents. However, Mr. Fennell did provide several pages of documents which Mr. Fennell described as having been left at his home by Mr. Garcia (the two men had lived together previously). Among other items, these documents included detailed information regarding Mr. White's personal and banking information, as well as notes describing communication between Mr. White and his attorneys regarding the federal criminal matter pending before the court. The documents produced by Mr. Fennell did not include any attorney-client communications between Mr. Replogle and Mr. Garcia. However, given the nature of these documents, it would not be appropriate to file them absent a sealing order.

7. After our meeting, we caused both Mr. Azizzadeh and Mr. Fennell to be served with a revised subpoena, setting Mr. Fennell's deposition for February 4, 2005. A true and correct copy of that January 27, 2005 subpoena is attached hereto as Exhibit B.

8. The next day, January 28, 2005, Mr. Replogle wrote me a letter, accusing me of being in possession of property he alleged Mr. Fennell had stolen from Mr. Garcia. Mr. Replogle demanded that I return it to him by 5:00 that day, and threatened to file a police report accusing me of receiving stolen property if I failed to do so. A true and correct copy of Mr. Replogle's January 28, 2005 letter is attached hereto as Exhibit C.

9. On January 30, 2005, I wrote Mr. Replogle a letter denying that I or my office possessed stolen materials. A true and correct copy of my January 30, 2005 is attached hereto as Exhibit D.

10. On February 1, 2005, Mr. Replogle made an ex parte motion to quash the subpoena that was served on Mr. Fennell on January 27, 2005, and additionally requested the state court to direct me to return any property Mr. Fennell had provided me, claiming it had been stolen. A true and correct copy of plaintiff's ex parte motion and accompanying declarations is attached hereto as Exhibit E.

11. On February 2, 2005, the San Francisco Superior Court held a hearing on

DECLARATION OF NANCI CLARENCE IN SUPPORT OF MOTION FOR RETURN OF EVIDENCE     3

plaintiffs' ex parte motion, at which I appeared.  The court granted plaintiffs' motion to quash the revised deposition subpoena – that served on January 27, 2005 – but specifically stated that it was not quashing the subpoena served on Mr. Fennell on January 10, 2005.  The Court did not *grant plaintiffs' motion to direct me to return the allegedly stolen property.*

12. Also on February 2, 2005, my office re-noticed Mr. Fennell's deposition for February 16, 2005.  A true and correct copy of this amended deposition notice attached hereto as Exhibit F.

13. On February 4, 2005, Mr. Replogle caused to be filed a "Verified Complaint for Possession of Personal Property and Damages" in Sacramento County Superior Court, Case No. 05AM00844, on Daniel Garcia's behalf.  The verification, however, is signed by Mr. Replogle, not Mr. Garcia.  The Complaint names both Zeke Fennell and Shawn Azizzadeh as defendants, and alleges that Mr. Fennell took personal property (including electronic documents), from Mr. Garcia in November 2003.  A true and correct copy of Mr. Garcia's Sacramento Complaint is attached hereto as Exhibit G.

14. Mr. Garcia's Sacramento Complaint alleges that he has filed an action against Mr. White in San Francisco Superior Court which he believes is worth $500,000.  He further alleges that, while the value of the allegedly stolen property is $5,000, his damages against Mr. Fennell in the Sacramento action would be "substantially greater" if Mr. Fennell were to produce the material to "White's lawyers."  Exhibit G, paragraphs 8 and 11.

15. On February 10, 2005, Mr. Replogle sent Mr. Azzizadeh a "Settlement Agreement and Mutual Release," which Mr. Replogle drafted and was provided to me by Mr. Azizzadeh.  Essentially, the Agreement requires Mr. Fennell to return all property to Mr. Garcia in exchange for Mr. Garcia's dismissal of the lawsuit – with the specific proviso that no documents be produced to counsel for Mr. White.  A true and correct copy of this Settlement Agreement is attached hereto as Exhibit H.

16. The Settlement Agreement reads, in part, as follows: "Fennell represents and warrants that, upon return of the Personal Property, Fennell shall not retain any documents in

DECLARATION OF NANCI CLARENCE IN SUPPORT OF MOTION FOR RETURN OF EVIDENCE           4

his possession or control that are responsive to the Deposition Subpoena(s) served on Fennell by for Thomas F. White in the case of Daniel Garcia, et al. v. Thomas F. White, et al., San Francisco Superior Court case number 414569, but that all such documents are being returned to Garcia." Exhibit H at paragraph 3.4.

17. On February 10, 2005, I sent Mr. Azizzadeh a letter confirming that before producing any documents to my office, any documents which appeared, on their face, to be attorney-client privileged communications would be removed, placed in a sealed envelope and conveyed directly to the court. A true and correct copy of my February 10, 2005 letter and facsimile cover sheet is attached hereto as Exhibit I. The letter was erroneously dated, but the attached facsimile cover sheet establishes the correct date as February 10, 2005.

18. On February 11, 2005, I met with Mr. Azzizadeh, who at that time advised me that he was in possession of six CDs containing numerous electronic documents created by Daniel Garcia which were responsive to our subpoena. During our meeting, Mr. Azizzadeh described some of the content on the six CDs. Specifically, he advised that the CDs contained detailed billing statements from Mr. White's previous criminal counsel, Cris Arguedas and Ted Cassman – clear evidence that Mr. Garcia had breached Mr. White's attorney-client privilege pertaining to the federal criminal case pending before this Court. Mr. Azzizadeh showed me approximately two pages of the Arguedas, Cassman & Headly bills on a laptop computer, and described that the CDs contained more of the same. Mr. Azizzadeh advised me that, among the electronic documents were other confidential communications among Mr. White's counsel. Given my prior agreement with Mr. Azizzadeh, all attorney-client communications between Mr. Garcia and Mr. Replogle were placed in sealed envelopes and were not viewed by any of Mr. White's attorneys.

19. At this point, I first learned that, in addition to the attorney-client privileged communications between Mr. Replogle and Mr. Garcia (to which Mr. Azizzadeh earlier had alerted me), communications between my own client and his counsel were also in Mr. Garcia's possession. Because I believed any such documents could only have been obtained through

DECLARATION OF NANCI CLARENCE IN SUPPORT OF MOTION FOR RETURN OF EVIDENCE        5

illegal means, Mr. Azizzadeh and I discussed the fact that the materials in his possession potentially contained evidence of a crime.

20. I immediately contacted Stuart Hanlon, Mr. White's counsel in the federal criminal action, *United States v. White*, Case Number CR-04-0093-CRB, now pending before this Court. I advised Mr. Hanlon that the third party's electronic evidence contained his predecessor counsel's billing statements in the criminal case as well as confidential communications among White's attorneys, including his criminal defense attorney in the federal criminal action. Mr. Hanlon and I determined that the best course of action would be to lodge the evidence with the Court, under seal. Mr. Hanlon told me he would advise Assistant United States Attorney Elise Becker of this development. Mr. Azizzadeh and I telephoned the Court.

21. After Mr. Azizzadeh and I advised the Court that Mr. Azizzadeh possessed electronic evidence which contained attorney-client privileged communications and possibly evidence of crimes, the Court agreed to receive the materials. Because this was an ex parte communication with the Court, I did not present the full exposition of the events surrounding the genesis of the third-party documents as stated here. However, I did tell the Court that I had been informed that both FBI Special Agent Parker and the Northern District U.S. Attorney's Office had a conflict and were not participating in any aspect of this case involving allegations of misconduct by either Daniel Garcia or David Replogle. I informed the Court that, to the best of my knowledge, that aspect of the case had been referred to the Eastern District U.S. Attorney's Office after the recusal of the Northern District.

22. On the Court's instruction, I drafted a letter to the Court outlining my understanding of what was being lodged with the Court and why. The letter explained that the documents could contain evidence of crimes as well as attorney-client privileged communications between parties and counsel in the cases pending before the Court as well as other related proceedings. The letter also provided that, for the above-cited reasons, I was lodging the evidence with the Court so that the Court could retain it under seal until it could be "conveyed to the appropriate law enforcement officials or until an otherwise appropriate

DECLARATION OF NANCI CLARENCE IN SUPPORT OF MOTION FOR RETURN OF EVIDENCE    6

1  resolution [could be] reached." A true and correct copy of my February 11, 2005 letter to the
2  Court is attached hereto as Exhibit J. It should be noted that this letter was never actually
3  delivered to the Court.

4      23.    Before leaving for the courthouse, I spoke with Mr. Hanlon. Mr. Hanlon said
5  that he had spoken with Ms. Becker and informed her that I was lodging the materials with the
6  Court. Mr. Hanlon further informed me that he specifically advised Ms. Becker that the
7  materials were appropriately with the Court because they contained attorney-client privileged
8  communications related to the pending federal criminal action.

9      24.    At approximately 5:40 p.m., I arrived at this Court's chambers with the evidence
10 in hand. As I started to deliver the envelopes to the Court's law clerk, Assistant U.S. Attorney
11 Elise Becker and an FBI agent who identified himself as Special Agent Peter F. Adduci,
12 appeared beside me. Agent Aducci demanded that I give him the material, as he had been
13 informed that it was evidence of a crime. I refused, and told him that I was there to deposit the
14 materials with the Court on the Judge's instruction, that the materials contained attorney-client
15 privileged communications between Mr. White and his criminal counsel, that Special Agent
16 Martha Parker of his office had a conflict with respect to any investigation of Mr. Replogle or
17 Mr. Garcia, and further that the U.S. Attorney's office had recused itself from this aspect of the
18 case and referred this investigation to the Eastern District. I stated, emphatically, that I would
19 not turn over the materials to the government unless specifically ordered to do so by the Court.
20 At this point, the Court's law clerk advised that he had spoken with the Court more recently
21 than I, and that the Judge had instructed that the materials be lodged with the government. On
22 hearing this, I accompanied Agent Aducci to the courthouse hallway and when a second agent
23 appeared, I relinquished the material and was issued a receipt. A true and correct copy of my
24 February 11, 2005 letter to the Court is attached hereto as Exhibit K.

25 ///
26 ///
27 ///
28 DECLARATION OF NANCI CLARENCE IN SUPPORT OF MOTION FOR RETURN OF EVIDENCE    7

1  I declare under penalty of perjury of the laws of the United States that the foregoing is
2  true and correct of my own personal knowledge and as to those matters set forth on information
3  and belief, I belief them to be true.   Executed this 14th day of February, 2005 at San Francisco,
4  California.

6  /s/· Nanci L. Clarence
   Nanci L. Clarence

28  DECLARATION OF NANCI CLARENCE IN SUPPORT OF MOTION FOR RETURN OF EVIDENCE    8

# PROOF OF SERVICE

I, Abbie Chin, declare as follows:

I am over eighteen years of age and not a party to the within action; my business address is 899 Ellis Street, San Francisco, CA 94109; I am employed in the City and County of San Francisco, California.

On February 14, 2005, I served a copy, with all exhibits, of the following document(s):

**DECLARATION OF NANCI L. CLARENCE IN SUPPORT OF MOTION FOR RETURN OF EVIDENCE**

To be served on the parties or attorneys in this action as follows:

_____ **(BY MAIL)** I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. I placed a true copy of the aforementioned document(s) in a sealed envelope with postage fully prepaid and addressed as noted below, and placed them for collection and mailing following ordinary business practices to be deposited with the United States Postal Service.

\_\_X\_\_ **(BY ELECTRONIC SERVICE)** I caused an electronic delivery subject to 28 U.S.C ¶1746, Local Rules or General Orders of this Court regarding Electronic Case Filing. All pleadings and papers must be electronically served in accordance with those Rules or General Orders.

Attorney for Plaintiff
David Replogle, Esq.
550 Montgomery Street, Suite 550
San Francisco, CA 94111
Email: davidreplogle@aol.com
Fax: (415) 781-6683

Attorney for Plaintiff
John E. Hill, Esq.
8105 Edgewater Drive, Suite 100
Oakland, CA 94621
Email: johnhill-law@msn.com
Fax: (510) 588-1087

Attorney for Defendant
William S. Berland, Esq.
1816 Fifth Street
Berkeley, CA 94710
Email: bill@fergusonberland.com
Fax: ( 510) 548-3143

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on February 14, 2005.

/s/: Abbie Chin
ABBIE CHIN

DECLARATION OF NANCI CLARENCE IN SUPPORT OF MOTION FOR RETURN OF EVIDENCE    9