# EXHIBIT F

1  CLARENCE & DYER LLP
   Nanci L. Clarence (Bar No. 122286)
2  Kate Dyer (Bar No. 171891)
   Jodi Linker (Bar No. 230273)
3  899 Ellis Street
   San Francisco, CA 94109
4  Telephone: (415) 749-1800
   Facsimile: (415) 749-1694
5
   Attorneys for Defendant Thomas F. White
6

7
                    **SUPERIOR COURT OF CALIFORNIA**
8
                  **CITY AND COUNTY OF SAN FRANCISCO**
9

10
   DANIEL GARCIA, et al.,                     Case No.: No. CGC-02-414569
11
                 Plaintiffs,                   AMENDED NOTICE OF TAKING
12                                             DEPOSITION OF WITNESS ZEKE FENNELL
          vs.
13
   THOMAS F. WHITE, NATHAN LOVAAS, and
14 DOES 1 through 20 inclusive,

15               Defendants.

16
       TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:
17
       PLEASE TAKE NOTICE that at 10:00 PM, on February 16, 2005 at 899 Ellis Street, San
18
   Francisco, CA 94109, defendant THOMAS WHITE will take the deposition of the witness, Zeke
19
   Fennell, whose address is 4800 Kokomo Drive, Sacramento, CA 95835, upon oral examination before a
20
   court reporter of the state of California, duly authorized to administer an oath. Said deposition will
21
   continue from day to day, excluding weekends and holidays, until completed.
22
       ///
23
       ///
24

25

                                                                                                        1

1    PLEASE TAKE FURTHER NOTICE that the testimony will be recorded by stenographic means

2    through the instant visual display of the testimony.  Defendants intend to use the transcript at trial in lieu

3    of live testimony, or in addition to live testimony.

4    A copy of the deposition subpoena is attached as Exhibit A.

5    Dated:  February 2, 2005

6                                                    CLARENCE & DYER LLP

7

8

9                                    By: _____
                                          JODI LINKER
10                                        Attorney for Defendant Thomas F. White

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

NOTICE OF DEPOSITON OF WITNESS ZEKE FENNELL
CASE NO.: CGC-02-414569                                                                              2

# EXHIBIT A

982(a)(15.4)

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| JODI LINKER, SBN230273<br>Clarence & Dyer LLP<br>899 Ellis Street<br>San Francisco, CA 94109<br>TELEPHONE NO.: 415.749.1800   FAX NO.: 415.749.1694<br>ATTORNEY FOR *(Name):* Thomas F. White | |

NAME OF COURT: Superior Court of California, County of San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94109
BRANCH NAME:

PLAINTIFF/ PETITIONER: Daniel Garcia, et. al

DEFENDANT/ RESPONDENT: Thomas F. White, et. al

| DEPOSITION SUBPOENA<br>For Personal Appearance and Production of Documents and Things | CASE NUMBER:<br>CGC-02-414569 |
|---|---|

THE PEOPLE OF THE STATE OF CALIFORNIA, TO *(name, address, and telephone number of deponent, if known):*
Zeke Fennel, 6650 Crescent Moon Ct., #307, Raleigh, North Carolina 27606
4800 Kokomo Drive, #311, Sacramento, CA 95835

1. **YOU ARE ORDERED TO APPEAR IN PERSON TO TESTIFY AS A WITNESS** in this action at the following date, time, and place:

| Date: Jan. 20, 2005 | Time: 10:00 am | Address: 980 Ninth Street, 16th Floor, Sacramento, CA<br>95814 |
|---|---|---|

  a. ☐ As a deponent who is not a natural person, you are ordered to designate one or more persons to testify on your behalf as to the matters described in item 4. (Code Civ. Proc., § 2025, subd. (d)(6).)

  b. You are ordered to produce the documents and things described in item 3.

  c. ☑ This deposition will be recorded stenographically  ☑ through the instant visual display of testimony, and by ☐ audiotape ☐ videotape.

  d. ☐ This videotape deposition is intended for possible use at trial under Code of Civil Procedure section 2025(u)(4).

2. The personal attendance of the custodian or other qualified witness and the production of the original records are required by this subpoena. The procedure authorized by Evidence Code sections 1560(b), 1561, and 1562 will not be deemed sufficient compliance with this subpoena.

3. The documents and things to be produced and any testing or sampling being sought are described as follows:

  ☑ Continued on Attachment 3.

4. If the witness is a representative of a business or other entity, the matters upon which the witness is to be examined are described as follows:

  ☐ Continued on Attachment 4.

5. **IF YOU HAVE BEEN SERVED WITH THIS SUBPOENA AS A CUSTODIAN OF CONSUMER OR EMPLOYEE RECORDS UNDER CODE OF CIVIL PROCEDURE SECTION 1985.3 OR 1985.6 AND A MOTION TO QUASH OR AN OBJECTION HAS BEEN SERVED ON YOU, A COURT ORDER OR AGREEMENT OF THE PARTIES, WITNESSES, *AND* CONSUMER OR EMPLOYEE AFFECTED MUST BE OBTAINED BEFORE YOU ARE REQUIRED TO PRODUCE CONSUMER OR EMPLOYEE RECORDS.**

6. *At the deposition, you will be asked questions under oath. Questions and answers are recorded stenographically at the deposition; later they are transcribed for possible use at trial. You may read the written record and change any incorrect answers before you sign the deposition. You are entitled to receive witness fees and mileage actually traveled both ways. The money must be paid, at the option of the party giving notice of the deposition, either with service of this subpoena or at the time of the deposition.*

**DISOBEDIENCE OF THIS SUBPOENA MAY BE PUNISHED AS CONTEMPT BY THIS COURT. YOU WILL ALSO BE LIABLE FOR THE SUM OF FIVE HUNDRED DOLLARS AND ALL DAMAGES RESULTING FROM YOUR FAILURE TO OBEY.**

Date issued: Jan. 10, 2005

Jodi Linker
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PERSON ISSUING SUBPOENA)

_____
(TITLE)

(Proof of service on reverse)

Form Adopted for Mandatory Use<br>Judicial Council of California<br>982(a)(15.4) [New January 1, 2000] **DEPOSITION SUBPOENA FOR PERSONAL APPEARANCE<br>AND PRODUCTION OF DOCUMENTS AND THINGS** Code of Civil Procedure,<br>§§ 2020, 2025;<br>Government Code, § 68097.1

American LegalNet, Inc. | www.USCourtForms.com

FILE COPY

| | CASE NUMBER: |
|---|---|
| PLAINTIFF/PETITIONER: Daniel Garcia, et. al | CGC-02-414569 |
| DEFENDANT/RESPONDENT: Thomas F. White, et. al | |

## PROOF OF SERVICE OF DEPOSITION SUBPOENA FOR PERSONAL APPEARANCE
## AND PRODUCTION OF DOCUMENTS AND THINGS

1. I served this *Deposition Subpoena for Personal Appearance and Production of Documents and Things* by personally delivering a copy to the person served as follows:

   a. Person served *(name)*:
   ZEKE FENWELL

   b. Address where served:
   4800 KOKOMO DRIVE, #311, SACRAMENTO, CA 95835

   c. Date of delivery:
   1/10/04

   d. Time of delivery:
   8:45 PM

   e. Witness fees and mileage both ways *(check one)*:
   - (1) ☐ were paid. Amount: .......... $ _____
   - (2) ☒ were not paid.
   - (3) ☐ were tendered to the witness's public entity employer as required by Government Code section 68097.2. The amount tendered was *(specify)*: ........ $ _____

   f. Fee for service: ..................... $ _____

2. I received this subpoena for service on *(date)*:

3. Person serving:
   - a. ☒ Not a registered California process server.
   - b. ☐ California sheriff or marshal.
   - c. ☐ Registered California process server.
   - d. ☐ Employee or independent contractor of a registered California process server.
   - e. ☐ Exempt from registration under Business and Professions Code section 22350(b).
   - f. ☐ Registered professional photocopier.
   - g. ☐ Exempt from registration under Business and Professions Code section 22451.
   - h. Name, address, telephone number, and, if applicable, county of registration and number:
     MIKE TRAVERS
     1337 61ST ST
     EMERYVILLE, CA 94608

| | |
|---|---|
| I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. | (For California sheriff or marshal use only) I certify that the foregoing is true and correct. |
| Date: 1/10/04 | Date: |
| ► _M Travers_ | ► _____ |
| (SIGNATURE) | (SIGNATURE) |

1

**Proof of Service**

2      I, Daniel Portman, declare as follows:

3      I am over eighteen years of age and not a party to the within action; my business address is 899

4    Ellis Street, San Francisco, California 94109; I am employed in the County of San Francisco.

5      On February 2, 2005, I served a copy, with all exhibits, of the following documents:

6    • RE NOTICE OF DEPOSITION OF WITNESS ZEKE FENNELL

7      _____ (BY MAIL) I am readily familiar with my employer's practices for collection and processing of
       correspondence for mailing with the United States Postal Service. Following ordinary business practices
8      and placing a true copy of the above-referenced document(s) enclosed in a sealed envelope, with postage
       fully prepaid, in the United States mail at San Francisco, California, addressed as below:
9

10     __X__ (BY FAX) By transmitting by facsimile machine to the number addressed as below; the
       facsimile machine I used complied with California Rules of Court, rule 2003 and no error was reported
11     by the machine. Pursuant to California Rules of Court, rule 2006(d), I caused the machine to print a
       transmission record of the transmission.

12
       __X__ (BY PERSONAL SERVICE) By personally delivering a copy of said documents to the
13     address(es) below:

14     _____ (BY OVERNIGHT SERVICE) By depositing copies of the above documents in a box or other
       facility regularly maintained by FedEx in an envelope or package designated by FedEx with delivery
15     fees paid or provided for as noted below:

16     Attorney for Plaintiffs via fax                    Attorneys for Plaintiffs via personal service
17     John Hill, Esq.                                     David Replogle, Esq.
       8105 Edgewater Drive, Suite 100                     550 Montgomery Street, Suite 550
18     Oakland, CA 94621                                   San Francisco, CA 94111

19     Attorney for Defendant Nathan Lovaas via fax
       Bill Berland, Esq.
20     1816 5th Street
       Berkeley, CA 94710
21

22       I declare under penalty of perjury under the laws of the state of California that the foregoing is
       true and correct and that this declaration was executed on the above stated date.
23

24                                                       Daniel Portman

25

NOTICE OF DEPOSITON OF WITNESS ZEKE FENNELL                                              3
CASE NO.: CGC-02-414569

# EXHIBIT G

SUM-100

## SUMMONS
### (CITACION JUDICIAL)

NOTICE TO DEFENDANT:
(AVISO AL DEMANDADO):
ZEKE FENNELL, SHAWN AZIZZADEH, and
DOES 1 through 10, inclusive

YOU ARE BEING SUED BY PLAINTIFF:
(LO ESTA DEMANDANDO EL DEMANDANTE):
DANIEL GARCIA

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.

| | |
|---|---|
| The name and address of the court is:<br>(El nombre y dirección de la corte es):<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SACRAMENTO<br>720 NINTH STREET, SACRAMENTO, CA 95814 | CASE NUMBER:<br>(Número del Caso):<br>05AM00844 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
DAVID REPLOGLE, SBN 77875, LAW OFFICES OF DAVID REPLOGLE, APC,
550 MONTGOMERY ST., STE. 550, SAN FRANCISCO, CA 94111; TEL: 415-362-4700

| DATE:<br>(Fecha) | FEB 4 2005 | Clerk, by<br>(Secretario) | , Deputy<br>(Adjunto) |
|---|---|---|---|

For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citátide use el formulario Proof of Service of Summons, (POS-010).)

NOTICE TO THE PERSON SERVED: You are served
1. ☐ as an individual defendant.
2. ☑ as the person sued under the fictitious name of (specify):
3. ☐ on behalf of (specify):
   under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

FEB-04-2005(FRI) 12:45   ONE LEGAL OAKLAND SOP        (FAX)510 873 0984        P. 004

⎯⎯ ⎯ ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ ∧T LAW        TUIHIBY3IEWES        PAGE   4/6

1  DAVID REPLOGLE, SBI 077875
   LAW OFFICES OF DAVID REPLOGLE
2  A Professional Corporation
   550 Montgomery Street, Suite 550
3  San Francisco, California 9411.
   Telephone: (415) 362-470
4  Facsimile: (415) 781-668

5  Attorneys for Plaintif
   Daniel Garcia

6

7

8              SUPERIOR COURT OF CALIFORNIA

9                 COUNTY OF SACRAMENTO

10                 LIMITED JURISDICTION

11  DANIEL GARCIA,                    Case. No.   05AM00844

12          Plaintiff,
                                      VERIFIED COMPLAINT FOR
13     vs.                            POSSESSION OF PERSONAL
                                      PROPERTY AND DAMAGES
14  ZEKE FENNELL, SHAWN               (Amount does not exceed $25,000)
    AZIZZADEH, and DOES 1
15  through 10, inclusive,
          Defendants.
16                                              BY FAX

17        Plaintiff Daniel Garcia alleges as follows:

18        1. Plaintiff Daniel Garcia ("Garcia")is now, and at all times

19  mentioned herein was, a resident of the State of California.

20        2.  Defendant Zeke Fennell ("Fennell") is now, and at all times

21  mentioned herein was, a resident of the County of Sacramento, State of

22  California.

23        3.  Plaintiff is informed and believes, and thereon alleges, that

24  Defendant Shaw Azizzadeh ("Azizzadeh") is now, and at all times mentioned

25  herein was, resident of the County of Los Angeles, State of California, a

26  member of the State Bar of California and the attorney for Defendant Fennell.

27        4.  Plaintiff is informed and believes, and thereon alleges, that each

28  of th Defendants named in this action was the principal, agent, servant,

1   employer, officer, director, co-conspirator, partner or joint venturer of the other

2   Defendants in committing the actions described hereinbelow, and acted within

3   the scope of such agency, relationship, employment, conspiracy, partnership or

4   joint venture. Plaintiff is informed and believes, and thereon alleges, that each

5   of the Defendants approved, ratified or acquiesced in the actions and/or

6   conduct of the remaining Defendants described hereinbelow.

7         5.   Plaintiff is informed and believes, and thereon alleges, that

8   Defendants named herein as fictitious Defendants Does 1 through 10,

9   inclusive, participated in or in some way are responsible for, the wrongful

10   conduct committed by the other Defendants and the damages and breaches of

11   duties suffered by Plaintiff. Plaintiff is unaware of the true identities of

12   Defendants Does 1 through 10 at this time, but will seek leave of court to

13   amend this Complaint to insert the actual names and identities when the same

14   have been ascertained.

15         6.   Plaintiff Garcia is, and at all times herein mentioned was, the

16   owner of certain personal property described as follows:   all personal

17   documents, papers and writings, including correspondence and court records,

18   pertaining to Daniel Garcia, as defined by Section 250 of the California

19   Evidence Code (including but not limited to electronically or digitally stored

20   documents), taken by Defendant Fennel from Plaintiff Garcia in November of

21   2003 (hereafter the "Personal Property").

22         7.   Plaintiff Garcia is, and at all times herein mentioned was,

23   entitled to the immediate and exclusive possession of the Personal Property.

24         8.   Plaintiff Garcia has filed an action for childhood sexual abuse

25   against Thomas F. White ("White"), a notorious serial pedophile currently in

26   custody in Thailand for child sex tourism.   Experts have estimated that the

27   damage caused to Plaintiff Garcia by White when Plaintiff Garcia was a minor

28   will require years of psychiatric care costing approximately $500,000.   Fennell

COMPLAINT FOR POSSESSION OF PERSONAL PROPERTY                                    -2-

1 1 is now, and at all times mentioned herein was, aware that the only means by
2 2 which Plaintiff Garcia can pay for the care he requires is by recovering on his
3 3 claim against White.

4 4        9.  In or about November of 2003, Defendant Fennell wrongfully
5 5 and without Plaintiff Garcia's consent took possession of the Personal Property
6 5 described above.  At that time, Defendant Fennell wrongfully and without
7 7 Plaintiff Garcia's consent downloaded Plaintiff's Personal Property, which
8 8 included confidential attorney-client communications, from Plaintiff Garcia's
9 9 Apple Powerbook laptop computer.  Defendant Fennell further wrongfully and
10 0 without Plaintiff Garcia's consent took possession of all hard copies of certain
11 1 court documents relating to a claim filed by Plaintiff Garcia in the San
12 2 Francisco Superior Court against an unrelated third party.  Since that time,
13 3 Defendant Fennell, or his attorney Defendant Azizzadeh, have been, and are
14 4 now, in wrongful possession of the Personal Property in violation of Plaintiff
15 5 Garcia's right to immediate possession.

16 6        10.  After Defendant Fennell wrongfully took possession of
17 7 Plaintiff Garcia's Personal Property, Defendant Fennell and Defendant
18 8 Azizzadeh told Plaintiff Garcia that Fennell would return Plaintiff Garcia's
19 9 Personal Property only if Plaintiff Garcia paid Fennell $100,000.  Defendant
20 0 Azizzadeh told Plaintiff Garcia that if he did not tender the demanded
21 1 $100,000, Fennell would disclose the Personal Property, including confidential
22 2 attorney-client communications, to White's lawyers, thereby compromising
23 3 Plaintiff Garcia's claim for childhood sexual abuse.

24 4        11.  As a result and proximate cause of Defendants wrongful
25 5 possession and detention of the Personal Property described above, Plaintiff
26 6 Garcia suffered the loss of the use and enjoyment of his Personal Property.
27 7 The reasonable value of the Personal Property is $5,000. However, if the
28 8 Personal Property, including confidential attorney-client communications, is

COMPLAINT FOR POSSESSION OF PERSONAL PROPERTY                    -3-

1   distributed to White's lawyers, the damage would be substantially greater.

2            12.   By taking, wrongfully possessing, and detaining the Personal

3   Property, Defendants conduct was willful and was intended to cause injury to

4   Plaintiff Garcia in that Defendants took and detained Garcia's Personal

5   Property in an effort to extort money from Plaintiff Garcia with the threat that if

6   he did not pay that Defendants would disclose confidential information to

7   White's lawyers, thereby compromising Plaintiff Garcia's ability to recover

8   damages for the childhood sexual abuse of Garcia by White.

9            WHEREFORE, Plaintiff prays for judgment against Defendants as

10  follows:

11           1.   For possession of the Personal Property described above.

12           2.   For damages in an amount less than $25,000 to be proved at

13  trial.

14           3.   For exemplary and punitive damages.

15           4.   For costs of suit incurred herein.

16           5.   For such other and further relief as the court may

17  deem just and proper.

18  Dated: February 3, 2005            LAW OFFICES OF DAVID REPLOGLE, APC

19

20

21                                     By, David Replogle
                                       Attorneys for Plaintiff
22                                     Daniel Garcia

23

24

25

26

27

28

FEB-04-2005(FRI) 12:45    ONE LEGAL OAKLAND SOP          (FAX)510 873 0984        P. 008

1014157815583                          PAGE    6/9

1

2                                  **VERIFICATION**

3          I am the attorney for Plaintiff in the above-entitled action or

4   proceeding; I make this verification on behalf of the Plaintiff in that Plaintiff is

5   absent from the county in which I maintain my office; I have read the foregoing

6   COMPLAINT FOR POSSESSION OF PERSONAL PROPERTY and know the

7   contents thereof.  I certify that the same is true to the best of my own

8   knowledge, except as to those matters which are therein stated upon my

9   information or belief, and as to those matter I believe them to be true.

10          I declare under penalty of perjury that the foregoing is true and

11   correct.

12          Executed on February 3, 2005 at San Francisco, California.

13

14                                              _____
                                                DAVID REPLOGLE
15

16

17

18

19

20

21

22

23

24

25

26

27

28

FEB-04-2005(FRI) 12:45    ONE LEGAL OAKLAND SOP        (FAX)510 873 0984        P. 009

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
DAVID REPLOGLE, SBN 77873
LAW OFFICES OF DAVID REPLOGLE, APC
550 Montgomery St., Ste. 550
TELEPHONE NO: 415-362-4700    FAX NO: 415-781-5665
ATTORNEY FOR (Name): Plaintiff Daniel Garcia

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO
STREET ADDRESS: 720 NINTH STREET
MAILING ADDRESS:
CITY AND ZIP CODE: SACRAMENTO, CA 95814
BRANCH NAME:

CASE NAME:
GARCIA VS. FENNELL, ET AL.

FOR COURT USE ONLY

05 FEB -4  PM 10: 53

LEGAL PROCESS #1

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 05AM00844 |
|---|---|---|
| ☐ Unlimited (Amount demanded exceeds $25,000) ☑ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 1811) | JUDGE: DEPT: |

All five (5) items below must be completed (see instructions on page 2).

BY FAX

1. Check one box below for the case type that best describes this case:

Auto Tort
☐ Auto (22)
☐ Uninsured motorist (46)
Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
Non-PI/PD/WD (Other) Tort
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
Employment
☐ Wrongful termination (36)
☐ Other employment (15)

Contract
☐ Breach of contract/warranty (06)
☐ Collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
Real Property
☐ Eminent domain/inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
Unlawful Detainer
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
Judicial Review
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 1800-1812)
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
Enforcement of Judgment
☐ Enforcement of judgment (20)
Miscellaneous Civil Complaint
☐ RICO (27)
☐ Other complaint (not specified above) (42)
Miscellaneous Civil Petition
☐ Partnership and corporate governance (21)
☑ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. ☐ Large number of separately represented parties
b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. ☐ Substantial amount of documentary evidence
d. ☐ Large number of witnesses
e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. ☐ Substantial post-judgment judicial supervision

3. Type of remedies sought (check all that apply):
a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action (specify): ONE
5. This case ☐ is ☑ is not a class action suit.
Date: FEB 4, 2005

(TYPE OR PRINT NAME)                           (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

NOTICE
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate, Family, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2003]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 201.8, 1800-1812;
Cal. Standards of Judicial Administration, § 19

Page 1 of 2

American LegalNet, Inc.
www.USCourtForms.com

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SACRAMENTO
720 Ninth Street
Sacramento, CA 95814-1380
(916) 874-6868

## ORDER TO FILE CASE MANAGEMENT STATEMENT
## LIMITED CIVIL CASE

**Case Management Conference**
By order of the court, a case management conference will not be held in limited civil cases unless specifically ordered by the court pursuant to Local Rule 11.05(d).

**Case Management Statement**
You must file and serve a case management statement no later than 180 days after the complaint is filed. Parties are encouraged to file a single joint case management statement. If a single joint statement is not filed for all parties, plaintiff shall file and serve a statement of disputed issues on a form provided by the court as an addendum to plaintiff's case management statement.

**Hearing**
No hearing will be required unless ordered by the court.

**Minimum Requirements**
Prior to the filing of the case management statement, the parties should have done the following:
- Served all parties named in the complaint within 60 days after it is filed
- Ensured that all defendants and cross-defendants have answered, been dismissed, or had their defaults entered
- Met and conferred with all parties as required by CRC 212(f) to discuss and resolve issues set forth therein relating to the prosecution of this case

**Case Management Orders**
The court will issue a case management order after reviewing the case management statement.

**Service of Case Management Notice**
Unless otherwise ordered by the court, plaintiff shall serve all other parties with a copy of this order. The cross-complainant shall have the same obligation with respect to the cross-complaint.

**Certification Filed in Lieu of Case Management Statement**
Parties may file a certification on a form provided by the court in lieu of the case management statement no later than 180 days after the complaint is filed if the case is a short cause (five hours or less of trial time), the pleading stage is complete and the case will be ready for trial within 60 days. In that event, the case will be exempted from any further case management requirements and will be set for trial within 60-120 days.

**Compliance**
Failure to comply with this order may result in the imposition of sanctions (including of the case, striking of the answer, or payment of money).

# EXHIBIT H

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

1.   PARTIES

     1.1 This Settlement Agreement and Mutual Release is made by and between the Daniel C. Garcia ("Garcia") and Zeke Fennell ("Fennell").

## 2. RECITALS

     2.1   On February 4, 2005, Garcia filed an action against Fennell before the Sacramento Superior Court, case number 05AM00844 (the "Sacramento Civil Action") to recover certain personal property owned by Garcia and in the possession of Fennell (the "Personal Property").

     2.2   The Personal Property consists of certain documents (including but not limited to court papers, correspondence, e-mails and electronically stored copies of those documents) that remained at Fennell's residence in November 2003 after Garcia ceased staying at Fennell's residence.

     2.3   Garcia claims that Fennell took the Personal Property without Garcia's permission.   Fennell denies those allegations.

     2.4   The parties hereto desire to compromise and settle all disputes between them, including but not limited to the claim involved in the Sacramento Civil Action, and based upon this desire and the covenants, warranties and promises herein, do mutually agree on the following settlement terms.

## 3. SETTLEMENT TERMS

     3.1   Fennell shall return the Personal Property, and all copies thereof, to Garcia.

     3.2   Fennell represents and warrants that all of Garcia's personal papers and documents, including but not limited to all digitally or electronically stored documents, and all copies thereof, are being returned to Garcia in connection with this agreement.

     3.3   Fennell represents and warrants that he has not retained copies of any of the documents returned to Garcia as required by the terms of this agreement.

SETTLEMENT AGREEMENT
GARCIA VS. FENNELL, ET AL.                                      Page 1 of 5

3.4   Fennell represents and warrants that, upon return of the Personal Property, Fennell shall not retain any documents in his possession or control that are responsive to the Deposition Subpoena(s) served on Fennell by lawyers for Thomas F. White in the case of Daniel Garcia, et al. vs. Thomas F. White, et al.; San Francisco Superior Court case number 414569, but that all such documents are being returned to Garcia.

3.5.   Fennell represents and warrants that he has not given any of the Personal Property (or any copies thereof )to Thomas F. White or White's lawyers, investigators and/or agents.

3.6   Fennell represents and warrants that he has not given, nor will he give, to Thomas White's lawyers, investigators or other agents any of the documents that are responsive to the Deposition Subpoena(s) served on Fennell by lawyers for Thomas F. White in the case of Daniel Garcia, et al. vs. Thomas F. White, et al.; San Francisco Superior Court case number 414569, but that all such documents are being returned to Garcia.

3.7   Upon receipt of the Personal Property and all copies thereof, and based on the representations and warranties set forth above in paragraphs 3.2 through 3.6,Garcia shall dismiss with prejudice the Sacramento Civil Action.

3.7   Each party shall bear its own attorneys' fees and costs in connection with the Sacramento Civil Action and the execution of this Settlement Agreement and Mutual Release.

## 4.   RELEASES

4.1   <u>General Release:</u> Except for any obligations required to be performed under the terms of this Settlement Agreement and Mutual Release, each party does hereby release, acquit and forever discharge each other party, their officers, directors, deacons, trustees, representatives, agents, servants, employees, affiliates, parent corporation, subsidiaries, whether wholly or partially owned, heirs, administrators, executors, attorneys, partners, co-venturers, insurers, stockholders, non-profit corporation members, predecessors, successors and assigns of any and form any and all actions, causes of action, claims, demands, damages, costs, liens, expenses, liabilities, attorneys' fees and debts whatsoever, in law or in equity, which any party has or may have, whether known or unknown, suspected or unsuspected.

SETTLEMENT AGREEMENT
GARCIA VS. FENNELL, ET AL.                                    Page 2 of 5

4.2  Waiver of Civil Code Section 1542: The parties do hereby
expressly waive the provisions of Section 1542 of the Civil Code of the State
of California, which provides as follows:

> A general release does not extend to claims which the creditor
> does not know or suspect to exist in his favor at the time of
> executing the release, which if known by him must have
> materially affected his settlement with the debtor.

## 5.  GENERAL PROVISIONS

5.1  Entire Agreement:  This Settlement Agreement and Release
contains the entire agreement among the parties hereto with respect to the
matters covered hereby, and supersedes all prior agreements, written or
oral, among the parties.  No other agreement, statement or promise made
by any party not contained herein shall be binding or valid.

5.2  Attorneys' Fees:  In any legal action or proceeding arising out
of this Settlement Agreement, or to enforce the terms of this Settlement
Agreement, the prevailing party shall be entitled to recover all reasonable
attorneys' fees costs and expenses incurred therein.

5.3  Indemnity From Claims of Assignees:  Each party hereto hereby
represents and warrants to each of the other parties hereto that he, she or
it has not assigned or otherwise transferred any interest in any claim which
that party may have against any of the parties hereto, and further agrees to
indemnify and hold every other party harmless from any liability, claims,
demands, damages, costs, expenses, and attorneys' fees incurred as a
result of such assignment or transfer.

5.4  No Admission:  This Settlement Agreement is the result of a
compromise and shall never at any time for any purpose be considered as
an admission of liability or responsibility on the part of any party hereto,
and each party continues to deny any liability to the other, and further
agrees not to represent to any other person or entity that this Agreement, or
any of the provisions hereof, represents a confession or admission of
liability on the part of any other party.

5.5  Further Documents:  Each party will execute, acknowledge and
deliver, or cause to be executed, acknowledged and delivered, such further
instruments and documents as may be necessary in order to consummate
this Settlement Agreement.

SETTLEMENT AGREEMENT
GARCIA VS. FENNELL, ET AL.                                    Page 3 of 5

5.6  Time of the Essence:  Time is of the essence of the Settlement Agreement and the performance by each party hereto of the obligations on that party's part to be performed.

5.7  Recitals in Caption:  The recitals in the captions of the paragraphs and subparagraphs of this Settlement Agreement are for convenience and reference only; the words contained therein shall in no way be held to explain, modify, amplify or aid in the interpretation, construction or meaning of the provisions of this Agreement.

5.8  Construction:  The parties agree that each party and counsel for each party have reviewed and revised this Settlement Agreement and that any rule of construction to the effect that ambiguities are to be resolved against the drafting party shall not apply in an interpretation of this Settlement Agreement or any amendment or exhibits thereto.

5.9  Choice of Law:  This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of California.

5.10  Severability:  If any provision of this Agreement shall be declared by a court of competent jurisdiction to be invalid, void, or unenforceable, the remaining provisions shall continue in full force and effect.

5.11  Covenant Not To Sue:  The parties covenant and agree never to commence or prosecute any action or proceeding based upon, or arising out of, any and/or all claims, causes of action, debts, liabilities, contracts, damages, and obligations of every kind herein released, or to permit, aid or consent to the commencement or prosecution of any such action by any other person.

5.12  Binding on Heirs:  This Agreement shall inure to the benefit of any shall be finding on each party and their respective heirs, predecessors, successors, subsidiaries, divisions, affiliates, trustees, directors, officers, representatives, agents, employees and assigns, whether past, present or future.

5.13  Counterparts:  This Settlement Agreement may be executed in two or more counterparts, each of which shall be deemed an original, but

SETTLEMENT AGREEMENT
GARCIA VS. FENNELL, ET AL.                              Page 4 of 5

all of which together constitute one and the same instrument. Any signature transmitted by facsimile transmission shall be deemed an original for all purposes.

Dated:

_____
ZEKE FENNELL

Dated:

_____
DANIEL GARCIA

APPROVED AS TO FORM:

Law Offices of David Replogle
A Professional Corporation


_____
By, David Replogle
Attorneys for Daniel Garcia


Azizzedah & Ross


_____
By, Shawn Azizzadeh
Attorneys for Zeke Fennell

SETTLEMENT AGREEMENT
GARCIA VS. FENNELL, ET AL.                          Page 5 of 5

# EXHIBIT I

Nanci L. Clarence
Kate Dyer
Jodi Linker
Joshua H. Lerner


# CLARENCE
# & DYER LLP

Attorneys At Law
899 Ellis Street
San Francisco, CA 94109
Tel. 415.749.1800
Fax. 415.749.1694

www.clarencedyer.com

February 1, 2005

*Via Facsimile Only*

Shawn Azizzadeh, Esq.
9663 Santa Monica Blvd., Suite 734
Beverly Hills, CA 90210
Facimile: (310) 300-4041

      Re:    Document Disclosure per Subpoena

Dear Mr. Azizzadeh:

      I write to confirm our agreement regarding the handling of documents to be produced by your client as required by subpoena issued by this office. In discussing this production, you indicated that there may be documents responsive to the subpoena that appear, on their face, to be covered by the attorney-client privilege between Mr. Garcia and his attorneys. We have informed you that we do not want and will not receive any documents that you believe to be privileged. You have agreed that any such documents will be placed in a sealed envelope and conveyed directly to the Court.

      Your consideration is greatly appreciated.

                            Very truly yours,

                            Nanci Clarence

*** TRANSMISSION REPORT ***

PRINT TIME  02/10 '05 20:14 ID:CLARENCE,SNELL & DYER       FAX:14157491694

    TIMER=--:--

U*****2AP 181  S

| FILE START | MODE | LOCATION | STORE | TX/RX | TOTAL | CODE |
|---|---|---|---|---|---|---|
| No.  TIME | | | PAGE | PAGE | TIME | |
| 756  02/10 20:14 | TX | 13103004041——99721 | 2 | 2/ 0 | 00'22" | OK |

    ERROR PAGE=

# CLARENCE
# & DYER LLP

Nanci L. Clarence ▪ Kate Dyer ▪ Jodi Linker
899 Ellis Street, San Francisco,CA 94109 ▪ Tel: (415) 749-1800 Fax: (415) 749-1694 ▪ www.clarencedyer.com

## FACSIMILE TRANSMITTAL SHEET

**Date:** Feb 10, 2005

**To:** Shawn Azzizadeh

**Fax Number:** 310 300 4041

**From:** Nanci Clarence

**Total Number of Pages including cover:** 2

**Re:** transmission of documents

Confidentiality Note: The documents accompanying this facsimile transmission may contain confidential information which is legally privileged. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, or the person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in this transmission is strictly PROHIBITED. If you have received this transmission in error, please immediately notify us by telephone and mail the original transmission to us. Thank you.

NOTES/COMMENTS/ENCLOSURES:

# EXHIBIT J

Nanci L. Clarence
Kate Dyer
Jodi Linker
Joshua H. Lerner


# CLARENCE
# & DYER LLP

Attorneys At Law
899 Ellis Street
San Francisco, CA 94109
Tel. 415.749.1800
Fax. 415.749.1694

www.clarencedyer.com

February 11, 2005

*Via Hand Delivery*

The Honorable Charles R. Breyer
United States District Court for the Northern District of California
450 Golden Gate Avenue, 19th Floor
San Francisco, CA 94109

      Re:    Evidence in *Roe v. White*, Case No. 03-4035

Dear Judge Breyer:

      Enclosed please find six CDs containing electronic evidence in this case by a third party, which we are lodging with you today. The third party, who is represented by counsel, Mr. Shawn Azizzadeh, is producing this evidence pursuant to a subpoena in the state court case of *Garcia v. White et al.*, San Francisco Superior Court Case No. CGC-02-414569. Mr. Azizzadeh has advised me that the documents could contain attorney-client privileged communications between parties and counsel in this case and possibly evidence of a crime. It is my understanding that the United States Attorney's Office has determined their office has a conflict of interest, and it appears that Special Agent Martha Parker of the Federal Bureau of Investigation also has a conflict, regarding this aspect of the case. Accordingly, rather than accepting this evidence, we respectfully lodge it with you. I am requesting that you retain this evidence under seal until it can be conveyed to the appropriate law enforcement officials or until an otherwise appropriate resolution is reached.

      Very truly yours,

      Nanci L. Clarence

Encls.
cc: All counsel

# EXHIBIT K

UNITED STATES DEPARTMENT OF JUSTICE
FEDERAL BUREAU OF INVESTIGATION
Receipt for Property Received/Returned/Released/Seized

File # ___305 C-SF- 132401 / C-03-4035-CRB___

On (date) ___2/11/05___

item(s) listed below were:
☑ Received From
☐ Returned To
☐ Released To
☐ Seized

(Name) ___NANCI L. CLARENCE___

(Street Address) ___895 ELLIS STREET___

(City) ___SAN FRANCISCO, CA  94105___

Description of Item(s): _____

1) -/- SEALED ENVELOPE to
JUDGE CHARLES R. BREYER
UNITED STATES COURT FOR NOR. DIST. OF CAL

2) - 3 PAGE SEALING ORDER. FOR CASE # C-03-4035-CRB

3) 1- ENVELOPE w/ CD. ROMS LABELED 1 THROUGH 6
FOR ROE V. WHITE CASE # C-03-4035-CRB

1- LARGE ENVELOPE (CONTAINING ITEMS 1,2,3 in )
SEAL ORDER # C-03-4035-CRB

Received By: ___Sofia F. Addair___        Received From: _____
(Signature)                                              (Signature)

PETER F. ADDAIR                                    NANCI L. CLARENCE