STUART HANLON, Esq. (CASB # 066104)
214 Duboce Avenue
San Francisco, CA 94103
Tel: (415) 431-4500
Fax: (415) 255-8631

Attorneys for Defendant
Thomas F. White

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ROE, a MINOR, by MAURICIO RODRIGUEZ BORREGO, his guardian ad litem,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS F. WHITE, NATHAN LOVAAS, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: C-03-4035-CRB<br><br>**DECLARATION OF STUART HANLON IN SUPPORT OF MOTION TO RETURN EVIDENCE** |
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS F. WHITE,<br><br>Defendant | Case No: CR-04-0093-CRB<br><br>**DECLARATION OF STUART HANLON IN SUPPORT OF MOTION TO RETURN EVIDENCE** |

**DECLARATION OF STUART HANLON**

I, Stuart Hanlon, declare under penalty of perjury as follows:

1. I am an attorney duly licensed to practice law in the State Of California, and before the Federal Courts of the United States of America. I am the attorney of record for Thomas White,

1

1  who is the defendant in the above-captioned criminal action, *United States v. White,* CR-04-
2  0093-CRB, now pending before this Court, which is related to the above-captioned civil action.
3  Mr. White is presently in custody in Thailand litigating extradition to Mexico and the United
4  States of America.

5  2.     Within the last three months, I have spoken with Ms. Elise Becker, the Assistant United
6  States Attorney handling the criminal matter against Mr. White.  I advised her that civil counsel
7  for Mr. White had discovered evidence of theft by a plaintiff in a state case, a Mr. Danny
8  Garcia,  from Mr. White, a defendant in Mr. Garcia's law suit. I advised Ms. Becker that I had
9  reviewed documents, primarily bank records and cancelled checks, which establish clear
10 evidence of theft by Mr. Garcia, of approximately $300,000, from Mr. White. I further advised
11 Ms. Becker that most of the theft was committed by wire fraud, and that the bank involved was
12 federally insured.

13 3.     I also advised Ms Becker that though the San Francisco Police Department Fraud unit
14 was investigating this bank fraud case, they felt that it should probably by investigated by
15 federal authorities because of the wire communications and internet issues involved.

16 4.     Ms. Becker requested that I forward her the documents in question, which I did .

17 5.     At a later date, Ms. Becker advised me that the issue of this investigation had been
18 reviewed by the Justice Department in Washington and it had been decided that because the
19 Northern District of California Office of the United States Attorney was prosecuting Mr. White
20 as a defendant, and he was a victim in the present investigation, there was a conflict in Northern
21 District Office investigating and prosecuting Mr. Garcia; therefore the Northern District United
22 States Attorneys' Office had recused itself from this part of the case which was being
23 transferred to a different Office of the United States Attorney in California.

24 6.     Ms. Becker gave me the name of the Assistant United States Attorney now handling this
25 investigation out of the Fresno office of the U.S. Attorney's Office; as of the present date I have
26 not communicated directly with this Assistant.

27
28                                                                                                                2

7. Last Thursday, February 10, I met with Ms. Becker and Ms Susan Jerich of the U.S. Attorney's office to discuss unrelated issues in the White criminal case. I briefly mentioned the status of the Garcia theft investigation and asked if they knew how it was proceeding. Ms Becker informed me that all documents in the Government's possession had been transferred to an FBI agent out of Fresno. My memory is that she told me this was done because there was a conflict with the primary case agent, Ms. Marty Parker of the FBI, handling any investigation of Mr. Garcia. Ms. Becker definitely told me that there was a conflict with Agent Parker handling this part of the investigation. I informed her that I agreed that this conflict existed, because of what I knew of the extensive contacts between Agent Parker, Mr. Garcia, and Mr. Garcia's counsel David Replogle.

8. On Friday , February 11th, at approximately 4:00 p.m., White's civil attorney, Nanci Clarence , advised me by phone that a third party witness and his attorney were at her office and had brought a large amount of electronic documents. Previously, she had informed me that she believed these documents, which she had not yet obtained, contained evidence of Mr. Garcia's contacts with Mexican nationals alleged to be victims in both the civil and criminal cases against Mr. White; Mr. Garcia's numerous communications with FBI Agent Parker; and his theft from Mr. White. She also told me that the third party witness had been informed by Mr. Garcia that Mr. Replogle had agreed to share any recovery by the Mexican plaintiffs (some of which are the alleged "victims" in the federal criminal case) with Mr. Garcia since he had been assisting in the case work up in Mexico. On February 11, Ms. Clarence informed me that the documents that had been brought to her office also contained clear evidence that some third party had breached the attorney-client privilege between Mr. White and his prior criminal attorneys, Cris Arguedas and Ted Cassman. Specifically, the documents included numerous detailed billings created by Ms. Arguedas and Mr. Cassman, containing confidential communications between Mr. White and his prior criminal counsel. Ms. Clarence told me she personally viewed a few pages of these billings. She further advised she had been informed that the electronic documents also contained

1   confidential emails or other communications between Mr. White and his counsel.

2   9.    Ms. Clarence and I decided that the documents, as described, possibly contained

3   evidence of various crimes. We also discussed the fact that the documents contained attorney-

4   client materials belonging to Mr. White. Ms Clarence and I decided that, given all the factors

5   known to us, including the fact that the documents also contained attorney-client

6   communications between Mr. Garcia and his counsel, we should immediately lodge a copy of

7   these documents with the federal Judge handling the criminal and civil matters.

8   10.   It was also determined by the two of us that I should contact Ms. Becker since this issue

9   had implications in the criminal case. I had two conversations with Ms. Becker between 4:30 and

10  5:00 pm that evening.

11  11.   I advised Ms. Becker what I knew as stated in this Declaration. She stated that she was

12  concerned that lodging the materials with the Court implicated the Court in the chain of custody

13  and that a preferable method would be to give the documents to law enforcement. I told her as

14  follows: 1). I did not think the Court would be implicated in chain of custody since this was a

15  copy given to the court only for safekeeping; 2). that I objected to the transmission of any of Mr.

16  White's attorney client material to any agent of the FBI or government; 3). that she had just

17  informed me the day before there was a conflict with the FBI case agent handling any

18  investigation of Mr. Garcia and that I believed that no FBI agent should be involved with these

19  documents at this time. Finally, I expressed my concern that these materials should be made

20  available to the defense, and asked for her guarantee that, if the documents were given to federal

21  law enforcement, I would be given a copy of all of the documents. She said she could not make

22  this guarantee. I reiterated that I could not agree with a process that would place the confidential

23  attorney client communication of Mr. White, a criminal defendant being prosecuted by the

24  United States and investigated by the FBI, with two agencies without prior judicial review to

25  preserve the confidences and the privilege.

26  12.   I did agree that, given the circumstances and time constraints, I would not object to ex

27  parte communication by Ms. Becker with the Court; however, we did not discuss, nor did I agree

28                                                                                                 4

to, the FBI , accompanied by Ms. Becker, intercepting Ms. Clarence and intercepting the documents from her.  I made it clear to Ms. Becker that I believed the proper thing to do at that point was to give the documents to the Court until Monday when all parties could figure out what to do.

13.     I object to the continued possession by the FBI of confidential communications between Mr. White and his counsel. The FBI took possession of these documents over the strenuously voiced objection of Mr. White's counsel.  I do not believe it is proper for the agency which is assisting in the prosecution of Mr. White to possess, even for a short period, attorney-client materials relating to the criminal or the intertwined civil actions.

14. At this time, I am requesting that the documents in question be returned for in camera review by the Court.  After said review , I am requesting that I be provided with all the documents, excluding Mr. Replogle's attorney-client privileged materials.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct of my own personal knowledge and as to those matters set forth on information and belief, I belief them to be true.   Executed this 14th day of February, 2005 at San Francisco, California.

                                                /s/: Stuart Hanlon
                                                Stuart Hanlon

5

**PROOF OF SERVICE**

I, Abbie Chin, declare as follows:

I am over eighteen years of age and not a party to the within action; my business address is 899 Ellis Street, San Francisco, CA 94109; I am employed in the City and County of San Francisco, California.

On February 14, 2005, I served a copy, with all exhibits, of the following document(s):

**DECLARATION OF STUART HANLON IN SUPPORT OF MOTION TO RETURN EVIDENCE**

To be served on the parties or attorneys in this action as follows:

__x__ **(BY MAIL)** I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. I placed a true copy of the aforementioned document(s) in a sealed envelope with postage fully prepaid and addressed as noted below, and placed them for collection and mailing following ordinary business practices to be deposited with the United States Postal Service.

__X__ **(BY ELECTRONIC SERVICE)** I caused an electronic delivery subject to 28 U.S.C ¶1746, Local Rules or General Orders of this Court regarding Electronic Case Filing. All pleadings and papers must be electronically served in accordance with those Rules or General Orders.

Attorney for Plaintiff
David Replogle, Esq.
550 Montgomery Street, Suite 550
San Francisco, CA 94111
Email: davidreplogle@aol.com
Fax: (415) 781-6683

Attorney for Plaintiff
John E. Hill, Esq.
8105 Edgewater Drive, Suite 100
Oakland, CA 94621
Email: johnhill-law@msn.com
Fax: (510) 588-1087

Attorney for Defendant
William S. Berland, Esq.
1816 Fifth Street
Berkeley, CA 94710
Email: bill@fergusonberland.com
Fax: (510) 548-3143

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on February 14, 2005.

/s/: Abbie Chin
ABBIE CHIN

6