Shawn Azizzadeh, SBN 227558
Azizzadeh & Ross
9663 Santa Monica Blvd., Suite 734
Beverly Hills, CA 90210
Telephone: (310) 300-4040
Facsimile: (310) 300-4041

Attorneys for Third Party Witness Zeke Fennell

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOSE ROE I, *et al.*,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>THOMAS F. WHITE, *et al.*,<br><br>　　　　Defendants | Case No.: C-03-4035 CRB<br><br>**DECLARATION OF SHAWN AZIZZADEH RE: DEFENDANT WHITE'S MOTION TO RETURN EVIDENCE**<br><br>Date: February 14, 2005<br>Time: 3:30 p.m.<br>Place: Courtroom 8<br>Judge: Charles R. Breyer |

**DECLARATION OF SHAWN AZIZZADEH**

I, Shawn Azizzadeh, declare as follows:

　　1.　　I am an attorney duly licensed to practice law in the State of California and admitted to practice before this Court. I represent Zeke Fennell, a third party witness in this litigation.

　　2.　　On January 10, 2005, my client was served with a subpoena in the matter of *Garcia v. White et al.*, San Francisco Superior Court Case No. CGC-02-414569, which was issued by defendant Thomas F. White. The subpoena directed my client to appear on January 20, 2005 for a deposition and to produce documents relevant to that matter.

　　3.　　My client and Daniel Garcia, plaintiff in *Garcia v. White*, lived together for several months during 2003. During that time, Mr. Garcia stored his belongings at Mr. Fennell's

AZIZZADEH DECL. RE: MOTION TO RETURN EVIDENCE

1 residence. Mr. Garcia also used Mr. Fennell's computer to back up his computer. After Mr.
2 Garcia moved out, he left certain documents, including the electronic back-up, at Mr. Fennell's
3 residence.

4      4.      Accordingly, my client is in possession of electronic and other evidence that
5 shows that, among other things, Daniel Garcia obtained personal information about Mr. White,
6 compromised his online bank accounts, stole a significant amount of money, and breached
7 White's attorney-client privilege. This evidence also includes materials related to the allegations
8 against White in Mexico, including statements of Mexican witnesses and communications
9 related to Mr. Garcia's interactions with the plaintiffs in the federal civil case against Mr. White.
10 The materials also include attorney-client privileged communications between Mr. Garcia and
11 his counsel.

12      5.      On January 14, 2005, in response to the subpoena, I phoned Mr. White's counsel
13 and requested that the date of Mr. Fennell's deposition be changed. Mr. White's counsel agreed
14 to change the date and we also agreed to meet prior to the deposition.

15      6.      My client and I met with Mr. White's counsel on January 27, 2005. After the
16 meeting, I was served with a revised subpoena for Mr. Fennell, setting February 4, 2005 as the
17 new deposition date.

18      7.      On February 1, 2005, plaintiffs in *Garcia v. White* made an ex parte motion to
19 quash the subpoena that had been served on January 27, 2005. Plaintiffs' ex parte motion also
20 requested the state court to direct Mr. White's counsel to return property that plaintiffs asserted
21 that my client had stolen from plaintiff Daniel Garcia and provided to Mr. White's counsel. In a
22 declaration in support of the ex parte motion, plaintiff Garcia asserted that I had attempted to
23 extort money from him.

24      8.      On February 2, 2005, the San Francisco Superior Court held a hearing on
25 plaintiffs' ex parte motion. I am informed and believed that the court granted plaintiffs' motion
26 to quash the revised deposition subpoena – that served on January 27, 2005 – but specifically
27 stated that it was not quashing the subpoena served on my client on January 10, 2005. The Court
28 did not grant plaintiffs' motion to direct Mr. White's counsel to return the allegedly stolen

AZIZZADEH DECL. RE: MOTION TO RETURN EVIDENCE         2

1 property.

2      9.    Accordingly, my client is still under subpoena. At my request, Mr. White's

3 counsel again revised the date of my client's deposition to February 16, 2005. Mr. White's

4 counsel and I agreed, however, that they would withdraw the deposition subpoena if my client

5 voluntarily produced the requested documents.

6      10.    On February 4, 2005, Daniel Garcia filed a lawsuit in the Superior Court of

7 Sacramento against both me and my client alleging that he and I are in "wrongful possession and

8 detention" of Mr. Garcia's personal property. Attached as Exhibit A is a true and correct copy of

9 *Garcia v. Fennell and Azizzadeh*, Verified Complaint for Possession of Personal Property and

10 Damages, Sacramento Superior Court Case No. 05AM00811. The complaint, which is verified

11 by Mr. Garcia's attorney, David Replogle, alleges that the reasonable value of his personal

12 property is \$5,000, but claims that his damages against my client would be "substantially

13 greater" if Mr. Fennell or I were to provide the property to Mr. White's counsel.

14      11.    Last week, I spoke with Mr. Replogle regarding the personal property suit he filed

15 against me and my client in Sacramento. Mr. Replogle agreed to dismiss me with prejudice so

16 that I could continue to represent Mr. Fennell in that matter. Mr. Replogle and I also discussed a

17 settlement of the claims against Mr. Fennell after he had dismissed me with prejudice. On

18 February 10, 2005, Mr. Replogle sent me a proposed settlement agreement. Attached as Exhibit

19 B is a true and correct copy of this proposed agreement.

20      12.    The settlement agreement provides that Mr. Garcia will dismiss the lawsuit

21 against Mr. Fennell with prejudice if Mr. Fennell agrees to the following: (1) to "return the

22 Personal Property, and all copies thereof, to Garcia;" (2) "not [to] retain any documents . . . that

23 are responsive to the Deposition Subpoena(s) served on Fennell by lawyers for Thomas F.

24 White;" and, (3) "that he has not given, nor will he give, to Thomas White's lawyers,

25 investigators or other agents any of the documents that are responsive to the Deposition

26 Subpoena(s) served on Fennell by lawyers for Thomas F. White." In short, Mr. Replogle's

27 proposed settlement would require Mr. Fennell to violate the subpoena issued by Mr. White's

28 counsel in order to have the lawsuit against him dismissed.

AZIZZADEH DECL. RE: MOTION TO RETURN EVIDENCE       3

1    13.    I believe that the lawsuit filed against me and my client by Mr. Replogle on

2  behalf of Mr. Garcia, and the proposed settlement agreement that followed, are bald attempts by

3  Mr. Replogle to prevent me and my client from responding to a valid subpoena.

4    14.    On February 11, 2005, I met with Mr. White's counsel and informed them that I

5  had six CDs relevant to their case. Pursuant to an agreement that I had previously entered with

6  Mr. White's counsel, I placed all documents that I believed to contain attorney-client

7  information between Mr. Replogle and his clients in a sealed envelope. I did not show Mr.

8  White's counsel any such privileged information. However, I showed Mr. White's counsel

9  certain documents that I believed to be particularly relevant to their case, including privileged

10  communication between Mr. White and his attorneys in the federal criminal case. Specifically, I

11  showed Mr. White's counsel certain of their client's billing records from his criminal attorneys

12  reflecting services rendered by those attorneys in Mr. White's criminal matter before this Court.

13    15.    On February 11, 2005, I received a letter from Mr. Replogle that stated in part the

14  following:

15

16    I am also concerned that Mr. Fennell may have waived his Fifth Amendment
    rights by discussing this case with Mr. Clarence. IF he did not waive it by that
16    interview, he will certainly waive it if he proceeds to give any testimony on the
    record. Once the Fifth Amendment is waived, it is waived for all purposes.
17    Please be advised that if it is waived, I intend to question Mr. Fennell fully about
    his fraudulent use of his dead father's credit cards.
18

19    Attached as Exhibit C is a true and correct copy of that letter.

20    16.    Given the Sacramento lawsuit filed by Mr. Garcia against me and my client, I

21  informed Mr. White's counsel that I was not comfortable providing the requested documents

22  without a Court order. Mr. White's counsel informed me that, because the documents contained

23  attorney-client privileged communications, they could not receive the evidence until a Court had

24  reviewed it at any rate. Moreover, given that the documents contained potential evidence of

25  crimes, we agreed that we should deposit this information with the federal court.

26    17.    Having reviewed the evidence lodged with the Court, I believe it is responsive to

27  the subpoena issued by Mr. White in the state court action. I further believe that the evidence

28  lodged with the Court has evidence regarding the federal civil and criminal cases against Mr.

AZIZZADEH DECL. RE: MOTION TO RETURN EVIDENCE                                    4

1  White. I lodged that evidence with the Court with the intention that all of the documents that do

2  not contain Mr. Replogle's attorney-client privileged communications be returned directly to Mr.

3  White's counsel. It is still my intention that such evidence be provided to Mr. White's counsel.

4  I agree with Mr. White's counsel that the appropriate resolution of this issue is for the Court to

5  review the documents for privilege and to return to Mr. White's counsel all of the evidence that

6  does not contain attorney-client privileged communications of Mr. Replogle.

7      I declare under penalty of perjury that the foregoing is true and correct of my own

8  personal knowledge and that, as to matters stated on information and belief, I believe them to be

9  true. Executed this 14th day of February, 2005 at San Francisco, California.

Shawn Azizzadeh

1

**PROOF OF SERVICE**

2

I, Abbie Chin, declare as follows:

3     I am over eighteen years of age and not a party to the within action; my business address
is 899 Ellis Street, San Francisco, CA 94109; I am employed in the City and County of San
4 Francisco, California.

5     On February 14, 2005, I served a copy, with all exhibits, of the following document(s):

6 **DECLARATION OF SHAWN AZIZZADEH RE: DEFENDANT WHITE'S MOTION TO
RETURN EVIDENCE**

7

8 To be served on the parties or attorneys in this action as follows:

9    \_\_\_\_ **(BY MAIL)** I am readily familiar with the business practice for collection and processing of
correspondence for mailing with the United States Postal Service. I placed a true copy of the
10 aforementioned document(s) in a sealed envelope with postage fully prepaid and addressed as noted
below, and placed them for collection and mailing following ordinary business practices to be deposited
11 with the United States Postal Service.

12     X\_\_ **(BY ELECTRONIC SERVICE)** I caused an electronic delivery subject to 28 U.S.C
¶1746, Local Rules or General Orders of this Court regarding Electronic Case Filing. All
13 pleadings and papers must be electronically served in accordance with those Rules or General
14 Orders.

15 Attorney for Plaintiff                    Attorney for Plaintiff
David Replogle, Esq.                         John E. Hill, Esq.
16 550 Montgomery Street, Suite 550         8105 Edgewater Drive, Suite 100
San Francisco, CA 94111                Oakland, CA 94621
17 Email: davidreplogle@aol.com          Email: johnhill-law@msn.com
Fax: (415) 781-6683                    Fax: (510) 588-1087
18

19 Attorney for Defendant
William S. Berland, Esq.
20 1816 Fifth Street
Berkeley, CA 94710
21 Email: bill@fergusonberland.com
Fax: ( 510) 548-3143
22

23     I declare under penalty of perjury under the laws of the State of California that the foregoing is
true and correct and that this declaration was executed on February 14, 2005.
24

25

26                                 ABBIE CHIN

27

28

AZIZZADEH DECL. RE: MOTION TO RETURN EVIDENCE                6

# EXHIBIT A

**SUMMONS**
*(CITACION JUDICIAL)*

SUM-100

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

NOTICE TO DEFENDANT:
(AVISO AL DEMANDADO):
ZEKE FENNELL, SHAWN AZIZZADEH, and
DOES 1 through 10, inclusive

YOU ARE BEING SUED BY PLAINTIFF:
(LO ESTA DEMANDANDO EL DEMANDANTE):
DANIEL GARCIA

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* 05AM00844 |
|---|---|

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SACRAMENTO
720 NINTH STREET, SACRAMENTO, CA 95814

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
DAVID REPLOGLE, SBN 77875, LAW OFFICES OF DAVID REPLOGLE, APC,
550 MONTGOMERY ST., STE. 550, SAN FRANCISCO, CA 94111; TEL: 415-362-4700

| DATE: FEB 4 2005 | Clerk, by | , Deputy |
|---|---|---|
| (Fecha) | (Secretario) | (Adjunto) |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

NOTICE TO THE PERSON SERVED: You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):

under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
       ☐ other (specify):
4. ☐ by personal delivery on (date):

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. January 1, 2004] | SUMMONS | Code of Civil Procedure §§ 412.20, 465 |

TO:13103004041          P:2/8

FEB-8-2005 01:38P FROM: Zeke
FEB-04-2005(FRI) 12:45    ONE LEGAL OAKLAND SOP         (FAX)510 873 0984          P. 004

1 | DAVID REPLOGLE, SB: **077875**
LAW OFFICES OF DAVID **REPLOGLE**
2 | A Professional Corporation
550 Montgomery Street. Suite 550
3 | San Francisco, California 94111.
Telephone: (415) 362-470
4 | Facsimile: (415) 781-6651

5 | Attorneys for Plaintiff
Daniel Garcia
6

7

8                    SUPERIOR COURT OF CALIFORNIA

9                       COUNTY OF SACRAMENTO

10                        LIMITED JURISDICTION

11 | **DANIEL GARCIA,**              Case. No.   **05AM00814**

12 |        **Plaintiff,**
                                    **VERIFIED COMPLAINT FOR**
13 |    **vs.**                      **POSSESSION OF PERSONAL**
                                    **PROPERTY AND DAMAGES**
14 | **ZEKE FENNELL, SHAWN**         (Amount does not exceed $25,000)
**AZIZZADEH, and DOES 1**
15 | **through 10, inclusive,**
**Defendants.**
16 |_____             **BY FAX**
17              Plaintiff Daniel Garcia alleges as follows:

18              1. Plaintiff Daniel Garcia ("Garcia")is now, and at all times

19 mentioned herein was, a resident of the State of California.

20              2.  Defendant Zeke Fennell ("Fennell") is now, and at all times

21 mentioned herein was, a resident of the County of Sacramento, State of

22 California.

23              3.   Plaintiff is informed and believes, and thereon alleges, that

24 | Defendant Shawn Azizzadeh ("Azizzadeh") is now, and at all times mentioned

25 | herein was a resident of the County of Los Angeles, State of California, a

26 member of the State Bar of California and the attorney for Defendant Fennell.

27              4.  Plaintiff is informed and believes, and thereon alleges, that each

28 | of the Defendants named in this action was the principal, agent, servant.

COMPLAINT FOR POSSESSION OF PERSONAL PROPERTY                              -1-

FEB-8-2005 01:38P FROM: Zeke
FEB-04-2005(FRI) 12:45    ONE LEGAL OAKLAND SOP

TO:13103004041                          P:3/8
(FAX)510 873 0984                       P. 005

ID:4167010003                           PAGE  5/8

1  employer, officer, director, co-conspirator, partner or joint venturer of the other

2  Defendants in committing the actions described hereinbelow, and acted within

3  the scope of such agency, relationship, employment, conspiracy, partnership or

4  joint venture. Plaintiff is informed and believes, and thereon alleges, that each

5  of the Defendants approved, ratified or acquiesced in the actions and/or

6  conduct of the remaining Defendants described hereinbelow.

7         5. Plaintiff is informed and believes, and thereon alleges, that

8  Defendants named herein as fictitious Defendants Does 1 through 10,

9  inclusive, participated in or in some way are responsible for, the wrongful

10  conduct committed by the other Defendants and the damages and breaches of

11  duties suffered by Plaintiff. Plaintiff is unaware of the true identities of

12  Defendants Does 1 through 10 at this time, but will seek leave of court to

13  amend this Complaint to insert the actual names and identities when the same

14  have been ascertained.

15         6. Plaintiff Garcia is, and at all times herein mentioned was, the

16  owner of certain personal property described as follows: all personal

17  documents, papers and writings, including correspondence and court records,

18  pertaining to Daniel Garcia, as defined by Section 250 of the California

19  Evidence Code (including but not limited to electronically or digitally stored

20  documents), taken by Defendant Fennel from Plaintiff Garcia in November of

21  2003 (hereafter the "Personal Property").

22         7. Plaintiff Garcia is, and at all times herein mentioned was,

23  entitled to the immediate and exclusive possession of the Personal Property.

24         8. Plaintiff Garcia has filed an action for childhood sexual abuse

25  against Thomas F. White ("White"), a notorious serial pedophile currently in

26  custody in Thailand for child sex tourism. Experts have estimated that the

27  damage caused to Plaintiff Garcia by White when Plaintiff Garcia was a minor

28  will require years of psychiatric care costing approximately $500,000. Fennell

COMPLAINT FOR POSSESSION OF PERSONAL PROPERTY                    -2-

TO:13103004041                    P:4/8

FEB-8-2005  01:39P FROM: Zeke
FEB-04-2005(FRI) 12:45    ONE LEGAL OAKLAND SOP        (FAX)510 873 0984        P.006

_____        IU:415/815583            PAGE    6/0

1  1 is now, and at all times mentioned herein was, aware that the only means by

2  2 which Plaintiff Garcia can pay for the care he requires is by recovering on his

3  3 claim against White.

4  4        9.  In or about November of 2003, Defendant Fennell wrongfully

5  5 and without Plaintiff Garcia's consent took possession of the Personal Property

6  5 described above.  At that time, Defendant Fennell wrongfully and without

7  7 Plaintiff Garcia's consent downloaded Plaintiff's Personal Property, which

8  8 included confidential attorney-client communications, from Plaintiff Garcia's

9  8 Apple Powerbook laptop computer.    Defendant Fennell further wrongfully and

10 0 without Plaintiff Garcia's consent took possession of all hard copies of certain

11 1 court documents relating to a claim filed by Plaintiff Garcia in the San

12 2 Francisco Superior Court against an unrelated third party.  Since that time,

13 3 Defendant Fennell, or his attorney Defendant Azizzadeh, have been, and are

14 4 now, in wrongful possession of the Personal Property in violation of Plaintiff

15 5 Garcia's right to immediate possession.

16 6        10.  After Defendant Fennell wrongfully took possession of

17 7 Plaintiff Garcia's Personal Property, Defendant Fennell and Defendant

18 8 Azizzadeh told Plaintiff Garcia that Fennell would return Plaintiff Garcia's

19 9 Personal Property only if Plaintiff Garcia paid Fennell $100,000.   Defendant

20 0 Azizzadeh told Plaintiff Garcia that if he did not tender the demanded

21 1 $100,000, Fennell would disclose the Personal Property, including confidential

22 2 attorney-client communications, to White's lawyers, thereby compromising

23 3 Plaintiff Garcia's claim for childhood sexual abuse.

24 4        11.  As a result and proximate cause of Defendants wrongful

25 5 possession and detention of the Personal Property described above, Plaintiff

26 6 Garcia suffered the loss of the use and enjoyment of his Personal Property.

27 7 The reasonable value of the Personal Property is $5,000.  However, if the

28 8 Personal Property, including confidential attorney-client communications, is

TO:13103004041          P:5/8

FEB-8-2005  01:39P FROM: Zeke
FEB-04-2005(FRI) 12:45    ONE LEGAL OAKLAND SOP          (FAX)510 873 0984          P. 007

ID:415781666J          PAGE    7/8

1    distributed to White's lawyers, the damage would be substantially greater.

2              12.   By taking, wrongfully possessing, and detaining the Personal

3    Property, Defendants conduct was willful and was intended to cause injury to

4    Plaintiff Garcia in that Defendants took and detained Garcia's Personal

5    Property in an effort to extort money from Plaintiff Garcia with the threat that if

6    he did not pay that Defendants would disclose confidential information to

7    White's lawyers, thereby compromising Plaintiff Garcia's ability to recover

8    damages for the childhood sexual abuse of Garcia by White.

9              WHEREFORE, Plaintiff prays for judgment against Defendants as

10   follows:

11             1.   For possession of the Personal Property described above.

12             2.   For damages in an amount less than $25,000 to be proved at

13   trial.

14             3.   For exemplary and punitive damages.

15             4.   For costs of suit incurred herein.

16             5.   For such other and further relief as the court may

17   deem just and proper.

18   Dated: February 3, 2005          LAW OFFICES OF DAVID REPLOGLE, APC

19

20

21                                    By, David Replogle
                                      Attorneys for Plaintiff
22                                    Daniel Garcia

23

24

25

26

27

28

FEB-8-2005 01:39P FROM: Zeke
FEB-04-2005(FRI) 12:45   ONE LEGAL OAKLAND SOP

TO:13103004041                   P:6/8

(FAX)510 873 0984               P. 008

10141670166593                   PAGE   6/9

1

2                              VERIFICATION

3         I am the attorney for Plaintiff in the above-entitled action or

4   proceeding; I make this verification on behalf of the Plaintiff in that Plaintiff is

5   absent from the county in which I maintain my office; I have read the foregoing

6   COMPLAINT FOR POSSESSION OF PERSONAL PROPERTY and know the

7   contents thereof. I certify that the same is true to the best of my own

8   knowledge, except as to those matters which are therein stated upon my

9   information or belief, and as to those matter I believe them to be true.

10        I declare under penalty of perjury that the foregoing is true and

11   correct.

12        Executed on February 3, 2005 at San Francisco, California.

13

14                                          DAVID REPLOGLE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
DAVID REPLOGLE, SBN 77815
LAW OFFICES OF DAVID REPLOGLE, APC
550 Montgomery St., Ste. 550
TELEPHONE NO.: 415-362-4700      FAX NO.: 415-781-6683
ATTORNEY FOR (Name): Plaintiff Daniel Garcia

FOR COURT USE ONLY

05 FEB -4  AM 10: 53

LEGAL PROCESS #3

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO
STREET ADDRESS: 720 NINTH STREET
MAILING ADDRESS:
CITY AND ZIP CODE: SACRAMENTO, CA 95814
BRANCH NAME:

CASE NAME:
GARCIA VS. FENNELL, ET AL.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 05AM00814 |
|---|---|---|
| ☐ Unlimited (Amount demanded exceeds $25,000) ☑ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 1811) | JUDGE: DEPT: |

All five (5) items below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 1800–1812)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☑ Other petition (not specified above) (43)

BY FAX

2. This case ☐ is ☑ is not complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial post-judgment judicial supervision

3. Type of remedies sought (check all that apply):
   a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive

4. Number of causes of action (specify): ONE

5. This case ☐ is ☑ is not a class action suit.

Date: FEB 4, 2005

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

NOTICE
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate, Family, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2003]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 201.8, 1800–1812;
Standards of Judicial Administration, § 19
www.courtinfo.ca.gov

American LegalNet, Inc.
www.USCourtForms.com

### SUPERIOR COURT OF CALIFORNIA
### COUNTY OF SACRAMENTO
. 720 Ninth Street
Sacramento, CA 95814-1380
(916) 874-6868

## ORDER TO FILE CASE MANAGEMENT STATEMENT
## LIMITED CIVIL CASE

**Case Management Conference**
By order of the court, a case management conference will not be held in limited civil cases
unless specifically ordered by the court pursuant to Local Rule 11.05(d).

**Case Management Statement**
You must file and serve a case management statement no later than 180 days after the complaint
is filed. Parties are encouraged to file a single joint case management statement. If a single joint
statement is not filed for all parties, plaintiff shall file and serve a statement of disputed issues on
a form provided by the court as an addendum to plaintiff's case management statement.

**Hearing**
No hearing will be required unless ordered by the court.

**Minimum Requirements**
Prior to the filing of the case management statement, the parties should have done the following:
- Served all parties named in the complaint within 60 days after it is filed
- Ensured that all defendants and cross-defendants have answered, been dismissed, or had their
  defaults entered
- Met and conferred with all parties as required by CRC 212(f) to discuss and resolve issues set
  forth therein relating to the prosecution of this case

**Case Management Orders**
The court will issue a case management order after reviewing the case management statement.

**Service of Case Management Notice**
Unless otherwise ordered by the court, plaintiff shall serve all other parties with a copy of this
order. The cross-complainant shall have the same obligation with respect to the cross-complaint.

**Certification Filed in Lieu of Case Management Statement**
Parties may file a certification on a form provided by the court in lieu of the case management
statement no later than 180 days after the complaint is filed if the case is a short cause (five hours
or less of trial time), the pleading stage is complete and the case will be ready for trial within 60
days. In that event, the case will be exempted from any further case management requirements
and will be set for trial within 60-120 days.

**Compliance**
Failure to comply with this order may result in the imposition of sanctions (incl
of the case, striking of the answer, or payment of money).

109... AM

# EXHIBIT B

# SETTLEMENT AGREEMENT AND MUTUAL RELEASE

### 1.    PARTIES

1.1 This Settlement Agreement and Mutual Release is made by and between the Daniel C. Garcia ("Garcia") and Zeke Fennell ("Fennell").

### 2. RECITALS

2.1 On February 4, 2005, Garcia filed an action against Fennell before the Sacramento Superior Court, case number 05AM00844 (the "Sacramento Civil Action") to recover certain personal property owned by Garcia and in the possession of Fennell (the "Personal Property").

2.2 The Personal Property consists of certain documents (including but not limited to court papers, correspondence, e-mails and electronically stored copies of those documents) that remained at Fennell's residence in November 2003 after Garcia ceased staying at Fennell's residence.

2.3 Garcia claims that Fennell took the Personal Property without Garcia's permission. Fennell denies those allegations.

2.4 The parties hereto desire to compromise and settle all disputes between them, including but not limited to the claim involved in the Sacramento Civil Action, and based upon this desire and the covenants, warranties and promises herein, do mutually agree on the following settlement terms.

### 3. SETTLEMENT TERMS

3.1 Fennell shall return the Personal Property, and all copies thereof, to Garcia.

3.2 Fennell represents and warrants that all of Garcia's personal papers and documents, including but not limited to all digitally or electronically stored documents, and all copies thereof, are being returned to Garcia in connection with this agreement.

3.3 Fennell represents and warrants that he has not retained copies of any of the documents returned to Garcia as required by the terms of this agreement.

3.4  Fennell represents and warrants that, upon return of the Personal Property, Fennell shall not retain any documents in his possession or control that are responsive to the Deposition Subpoena(s) served on Fennell by lawyers for Thomas F. White in the case of Daniel Garcia, et al. vs. Thomas F. White, et al.; San Francisco Superior Court case number 414569, but that all such documents are being returned to Garcia.

3.5.  Fennell represents and warrants that he has not given any of the Personal Property (or any copies thereof )to Thomas F. White or White's lawyers, investigators and/or agents.

3.6  Fennell represents and warrants that he has not given, nor will he give, to Thomas White's lawyers, investigators or other agents any of the documents that are responsive to the Deposition Subpoena(s) served on Fennell by lawyers for Thomas F. White in the case of Daniel Garcia, et al. vs. Thomas F. White, et al.; San Francisco Superior Court case number 414569, but that all such documents are being returned to Garcia.

3.7  Upon receipt of the Personal Property and all copies thereof, and based on the representations and warranties set forth above in paragraphs 3.2 through 3.6,Garcia shall dismiss with prejudice the Sacramento Civil Action.

3.7  Each party shall bear its own attorneys' fees and costs in connection with the Sacramento Civil Action and the execution of this Settlement Agreement and Mutual Release.

## 4.  RELEASES

4.1  General Release: Except for any obligations required to be performed under the terms of this Settlement Agreement and Mutual Release, each party does hereby release, acquit and forever discharge each other party, their officers, directors, deacons, trustees, representatives, agents, servants, employees, affiliates, parent corporation, subsidiaries, whether wholly or partially owned, heirs, administrators, executors, attorneys, partners, co-venturers, insurers, stockholders, non-profit corporation members, predecessors, successors and assigns of any and form any and all actions, causes of action, claims, demands, damages, costs, liens, expenses, liabilities, attorneys' fees and debts whatsoever, in law or in equity, which any party has or may have, whether known or unknown, suspected or unsuspected.

  4.2 <u>Waiver of Civil Code Section 1542</u>: The parties do hereby expressly waive the provisions of Section 1542 of the Civil Code of the State of California, which provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

## 5. GENERAL PROVISIONS

  5.1 <u>Entire Agreement</u>: This Settlement Agreement and Release contains the entire agreement among the parties hereto with respect to the matters covered hereby, and supersedes all prior agreements, written or oral, among the parties.  No other agreement, statement or promise made by any party not contained herein shall be binding or valid.

  5.2 <u>Attorneys' Fees</u>: In any legal action or proceeding arising out of this Settlement Agreement, or to enforce the terms of this Settlement Agreement, the prevailing party shall be entitled to recover all reasonable attorneys' fees costs and expenses incurred therein.

  5.3 <u>Indemnity From Claims of Assignees</u>: Each party hereto hereby represents and warrants to each of the other parties hereto that he, she or it has not assigned or otherwise transferred any interest in any claim which that party may have against any of the parties hereto, and further agrees to indemnify and hold every other party harmless from any liability, claims, demands, damages, costs, expenses, and attorneys' fees incurred as a result of such assignment or transfer.

  5.4 <u>No Admission</u>: This Settlement Agreement is the result of a compromise and shall never at any time for any purpose be considered as an admission of liability or responsibility on the part of any party hereto, and each party continues to deny any liability to the other, and further agrees not to represent to any other person or entity that this Agreement, or any of the provisions hereof, represents a confession or admission of liability on the part of any other party.

  5.5 <u>Further Documents</u>: Each party will execute, acknowledge and deliver, or cause to be executed, acknowledged and delivered, such further instruments and documents as may be necessary in order to consummate this Settlement Agreement.

SETTLEMENT AGREEMENT
GARCIA VS. FENNELL, ET AL.       Page 3 of 5

5.6 Time of the Essence: Time is of the essence of the Settlement Agreement and the performance by each party hereto of the obligations on that party's part to be performed.

5.7 Recitals in Caption: The recitals in the captions of the paragraphs and subparagraphs of this Settlement Agreement are for convenience and reference only; the words contained therein shall in no way be held to explain, modify, amplify or aid in the interpretation, construction or meaning of the provisions of this Agreement.

5.8 Construction: The parties agree that each party and counsel for each party have reviewed and revised this Settlement Agreement and that any rule of construction to the effect that ambiguities are to be resolved against the drafting party shall not apply in an interpretation of this Settlement Agreement or any amendment or exhibits thereto.

5.9 Choice of Law: This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of California.

5.10 Severability: If any provision of this Agreement shall be declared by a court of competent jurisdiction to be invalid, void, or unenforceable, the remaining provisions shall continue in full force and effect.

5.11 Covenant Not To Sue: The parties covenant and agree never to commence or prosecute any action or proceeding based upon, or arising out of, any and/or all claims, causes of action, debts, liabilities, contracts, damages, and obligations of every kind herein released, or to permit, aid or consent to the commencement or prosecution of any such action by any other person.

5.12 Binding on Heirs: This Agreement shall inure to the benefit of any shall be finding on each party and their respective heirs, predecessors, successors, subsidiaries, divisions, affiliates, trustees, directors, officers, representatives, agents, employees and assigns, whether past, present or future.

5.13 Counterparts: This Settlement Agreement may be executed in two or more counterparts, each of which shall be deemed an original, but

SETTLEMENT AGREEMENT
GARCIA VS. FENNELL, ET AL.

Page 4 of 5

all of which together constitute one and the same instrument. Any signature transmitted by facsimile transmission shall be deemed an original for all purposes.

Dated:

_____

ZEKE FENNELL

Dated:

_____

DANIEL GARCIA

APPROVED AS TO FORM:

Law Offices of David Replogle
A Professional Corporation

_____

By, David Replogle
Attorneys for Daniel Garcia

Azizzedah & Ross

_____

By, Shawn Azizzadeh
Attorneys for Zeke Fennell

SETTLEMENT AGREEMENT
GARCIA VS. FENNELL, ET AL.                    Page 5 of 5

# EXHIBIT C

LAW OFFICES OF

# DAVID REPLOGLE
A PROFESSIONAL CORPORATION

550 MONTGOMERY STREET, SUITE 550
SAN FRANCISCO, CALIFORNIA 94111

TELEPHONE
(415) 362-4700

FACSIMILE
(415) 781-6683

JALISCO, MEXICO OFFICE
PLAZA MARINA, OFFICINA C12
FRACC. MARINA VALLARTA
PUERTO VALLARTA, JALISCO

February 11, 2005

VIA FACSIMILE TO: (310) 300-4041

Shawn Azizzadeh
9595 Wilshire Blvd., Ninth Floor
Beverly Hills, CA 90212

> Re:   Garcia v. Fennell, et al.;
>       Sacramento County Superior Court;
>       Case Number 05AM00844

Dear Mr. Azizzadeh:

Please advise me when Mr. Fennell will be returning Mr. Garcia's property. I should be here most of the day; however, I have several court appearances. Once I receive a fully executed agreement and the documents, I will file the dismissal with prejudice as agreed.

I am also concerned that Mr. Fennell may have waived his Fifth Amendment rights by discussing this case with Ms. Clarence. If he did not waive it by that interview, he will certainly waive it if he proceeds to give any testimony on the record. Once the Fifth Amendment is waived, it is waived for all purposes. Please be advised that if it is waived, I intend to question Mr. Fennell fully about his fraudulent use of his dead father's credit cards.

Very truly yours,

DAVID REPLOGLE