IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ROE, et al., | No. C 03-04035 CRB |
| Plaintiffs, | **ORDER DENYING DEFENDANT'S SECOND MOTION TO VACATE** |
| v. | |
| THOMAS F. WHITE, et al., | |
| Defendants. | |

Now pending before the Court is defendant White's second motion to vacate the Court's approval of the Settlement Agreement. After carefully considering the papers filed by the parties, and having had the benefit of oral argument, defendant White's motion is DENIED. As the Court considered White's motion on the merits, his belated motion for leave to file a motion for reconsideration is denied as moot.

White contends that plaintiffs have violated the confidentiality and non-disparagement clauses of the Agreement and, for this reason, the Court should vacate the dismissal of the action and reinstate the case for trial. As support for his motion he cites Keeling v. Sheet Metal Workers Int'l, 937 F.2d 408 (9th Cir. 1991). In Keeling, the union counterclaimed against an employer for breach of contract. The union and the employer then entered into a settlement agreement which required the employer to, among other things, pay the union $100,000.00. In accordance with the settlement agreement, the court dismissed the union's claims.

The employer, however, repudiated the agreement and refused to pay. The union (the aggrieved party) then asked the court to vacate the dismissal and restore the case to the civil active list. The court held that the employer's actions "completely frustrated the purpose of the settlement agreement," and that this frustration constituted an exceptional circumstance under Federal Rule of Civil Procedure 60(b)(6) to vacate the dismissal of the union's claims. The court later issued judgment in favor of the union. The employer appealed, claiming that the district court should not have vacated the dismissal.

The Ninth Circuit affirmed. It held that "[i]n the usual course upon repudiation of a settlement agreement, the frustrated party may sue anew for breach of the agreement and may not, as here, reopen the underlying litigation after dismissal." Id. at 410. However, it held that in "extraordinary circumstances" it may set aside the dismissal and reopen the case, and that the employer's "complete frustration" of the settlement agreement was such an extraordinary circumstance, or, at least, it was not an abuse of discretion to so find. Id. at 410-11.

Keeler does not help White. First, in Keeler the *plaintiff* wanted to set aside the dismissal so it could pursue its claims. Keeler does not support the proposition that upon the request of the *defendant* –and over the plaintiff's objection– a court can set aside dismissal of the plaintiff's claims and reinstate the plaintiff's case.

Second, in Keeler, the court did not invalidate or vacate the settlement, the relief that White seeks here.

Third, White has not demonstrated extraordinary circumstances. The San Francisco Chronicle article reveals that *White's lawyer* disclosed the amount of the settlement–the amount is arguably the most confidential of all the Agreement's terms. Also, the non-disparagement clause applies to both parties. In the Chronicle article White's lawyers are arguably disparaging the plaintiffs.

//
//
//

2

1    Accordingly, White's second motion to vacate the Court's approval of the Settlement
2 Agreement is DENIED.
3    **IT IS SO ORDERED.**



5 Dated: October 11, 2005          CHARLES R. BREYER
                                   UNITED STATES DISTRICT JUDGE