**United States District Court**

For the Northern District of California

1

2

3

4

5

6

7

8                            IN THE UNITED STATES DISTRICT COURT

9                         FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   JOSE ROE I, et al.,                          No. C 03-04035 CRB

12            Plaintiffs,                          **ORDER**

13       v.

14   THOMAS F. WHITE, et al.,

15            Defendants.

16   _____/

17          Now pending before the Court is plaintiffs' motion for attorneys' fees incurred in

18   enforcing its settlement with defendant Thomas White.  After carefully considering the

19   papers filed by the parties, the Court concludes that oral argument is unnecessary, <u>see</u> Local

20   Rule 7-1(b), and DENIES plaintiffs' motion.

21          Plaintiffs are not entitled to attorneys' fees under 18 U.S.C. section 2255.  Plaintiffs

22   settled their claims under that statute, and the settlement expressly provides that each party

23   shall bear its own costs and fees.  Plaintiffs' reliance on <u>Maher v. Gagne</u>, 488 U.S. 122, 129

24   (1980) and <u>Texas State Teachers Ass'n v. Garland Independent School Dist.</u>, 489 U.S. 782,

25   792 (1989) is specious.  The settlement in neither case included a section explicitly providing

26   that the parties shall bear their own costs and attorneys' fees.

27          Plaintiffs did prevail on their summary judgment claim that the settlement agreement,

28   that is, the contract between the parties, is enforceable.  Unlike nearly every settlement

**United States District Court**

For the Northern District of California

1    agreement this Court has ever seen, however, the settlement agreement did ***not*** include a

2    section providing that the prevailing party is entitled to fees and costs arising from any

3    dispute under the agreement.  Plaintiffs do not cite any law that remotely suggests that when

4    a party successfully enforces a settlement agreement that does not include an attorneys' fee

5    provision, that party is entitled to attorneys' fees pursuant to the substantive law of the settled

6    case.  Nor do they cite any case that suggests that a party who successfully enforces a

7    settlement agreement is entitled to attorneys' fees incurred in enforcing the agreement when

8    the agreement itself does not have an attorneys' fees provision.  To award plaintiffs fees here

9    would require the Court to rewrite the parties' agreement.  This the Court will not do.

10         The Court also declines to sanction defendant White for his alleged "bad faith"

11   conduct.  While the Court found that White's arguments were motivated by his change of

12   heart, the Court does not believe that his arguments were so frivolous as to warrant sanctions.

13   This is especially so given that White was able to attack the enforceability of the settlement

14   because of *plaintiffs' counsels'* omissions.  For example, because plaintiffs' counsel failed to

15   move for appointment of the guardian ad litem prior to the guardian's execution of the

16   agreement on behalf of the three minor plaintiffs, and indeed, even before this Court initially

17   approved the settlement, White was able to challenge the agreement on that ground.

18   Similarly, because plaintiffs' counsel negotiated a global settlement that included two

19   plaintiffs with whom counsel had not communicated in nearly a year, counsel had to seek a

20   stipulation to modify the settlement when they could not locate the "missing plaintiffs."

21   This stipulation, and plaintiffs' counsel's failure to secure the signature of counsel for all

22   defendants, led to further litigation.

23         In sum, while the Court was not persuaded by White's attempts to get out of his

24   agreement, the Court does not find that his conduct warrants sanctions under the Court's

25   inherent authority.

26         **IT IS SO ORDERED.**

27

Dated: February 13, 2006

28                                                                    _____
                                                                     CHARLES  R. BREYER
                                                                     UNITED STATES DISTRICT JUDGE

G:\CRBALL\2003\4035\orderdenyingfees.wpd                    2

**United States District Court**

For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28