1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT
9              FOR THE NORTHERN DISTRICT OF CALIFORNIA
10
11   JOSE ROE et al.,                           No. C 03-04035 CRB
12              Plaintiffs,                      **MEMORANDUM AND ORDER**
13      v.
14   THOMAS WHITE, et al.,
15              Defendants.
                                            ___/
16   _____
17        Defendant Thomas White agreed in writing to settle this action.  Since then he has

18   filed several motions in an attempt to avoid his contractual obligations.  Now pending before

19   the Court is his third motion to vacate the judgment.  By Memorandum and Order filed

20   October 3, 2005, the Court denied defendant's first motion.  By Memorandum and Order

21   filed October 11, 2005, the Court denied defendant's second motion.  By Memorandum and

22   Order filed December 5, 2005, the Court granted plaintiffs' motion for summary judgment of

23   the enforceability of the settlement.  Defendant appealed and posted a bond.  The appeal is

24   fully briefed and is awaiting calendaring.

25        Defendant now moves pursuant to Federal Rule of Civil Procedure 60(b)(3) and

26   60(b)(6) to vacate the judgment upholding the settlement on the ground that he recently

27   learned of fraud committed by plaintiffs' counsel and the guardian ad litem.  For the reasons

28   explained below, and after having had the benefit of oral argument, the Court is not inclined

     to grant defendant's motion.

United States District Court

For the Northern District of California

**United States District Court**

For the Northern District of California

**DISCUSSION**

The parties are familiar with defendant's allegations and the Court will not repeat them here.  The gravamen of defendant's contention is that plaintiff's counsel David Replogle and Mauricio Rodriguez Borrego, the guardian ad litem for the minor plaintiffs, perpetuated a fraud on the Court, defendant and defendant's counsel.

**A.     Jurisdiction to hear this motion**

"As a general matter, the filing of an appeal divests district courts of jurisdiction 'over orders and judgments encompassed by the notice from the district court to the appellate court." Commercial Union Ins. v. Greene, 1999 WL 33136246 *1 (C.D. Cal. 1999) (internal quotation marks and citation omitted).

> The Ninth Circuit has established a narrow exception to this loss of jurisdiction with respect to Rule 60(b) motions: a party may file a motion which asks the district court if it would entertain a Rule 60(b) motion and, if it agrees, petition the Court of Appeals to remand the case for that purpose. As the Ninth Circuit explained in an early opinion, "[b]ecause of the pending appeal, the District Court had no jurisdiction to enter an order under Rule 60(b). The most the District Court could do was to either indicate that it would 'entertain' such a motion or indicate that it would grant such a motion. If appellant had received such an indication, its next step would have been to apply to this Court for a remand." District courts cannot dispose of Rule 60(b) motions, filed after the notice of appeal, without a remand from the Court of Appeals.

Id. (citations omitted).

**B.     Rule 60(b)(3)**

To prevail on a Rule 60(b)(3) motion, the moving party must show by *clear and convincing evidence* that the judgment was obtained through fraud, misrepresentation or other misconduct, *and the conduct complained of prevented the moving party from fully and fairly presenting the defense.*  De Saracho v. Custom Food Machinery, Inc., 206 F.3d 874, 880 (9th Cir. 2000).  The Rule is aimed at "judgments that were unfairly obtained, not those which are factually incorrect." Id. (internal quotation marks and citation omitted).

**1.     Evidence that is <u>not</u> clear and convincing**

The first step is determine what facts defendant has established by "clear and convincing evidence."   The Court finds that the declarations of Daniel Garcia and Alexander Shahbazian are not clear and convincing evidence of any conduct.  The Court bases this

**United States District Court**

For the Northern District of California

1   finding on the evidence from the state court litigation and the declaration of David Replogle

2   and the attached exhibits.  The Court notes that it is aware of defendant White's allegations

3   as to Daniel Garcia's veracity, or lack thereof, because *defendant* brought such allegations to

4   this Court's attention by asking this Court to "hold" the material which defendant accused

5   Garcia of stealing from him.  In any event, the declarations are not "clear and convincing"

6   evidence even in the absence of any other evidence: the declarants claim much of their

7   testimony is based on documents and email messages in their possession, yet, without

8   explanation, they fail to attach any of these documents to their declarations.

9         **2.**     **Evidence that may be clear and convincing**

10         **a.**     **The recantations of two plaintiffs**

11       After discarding the Garcia and Shahbazian declarations, what is left, then, are the

12  statements by two of the plaintiffs recanting their accusations against White.  At most this is

13  evidence that two plaintiffs have changed their story; it is not evidence that these two

14  plaintiffs engaged in fraud that prevented defendant from fairly presenting a defense.

15  Defendant chose to settle this action before he took any formal discovery; accordingly, there

16  is no evidence that any plaintiff lied in discovery or in any other proceeding before this

17  Court.  Moreover, at the time he chose to settle this action, defendant knew what he did or

18  did not do with these plaintiffs; that these two plaintiffs have apparently withdrawn their

19  accusations does not in any way demonstrate that defendant was somehow prevented from

20  defending himself.  Moreover, it is irrelevant whether defendant in fact did what plaintiffs

21  initially accused him of doing.  See De Saracho, 206 F.3d at 880 (Rule 60(b)(3) is aimed at

22  "judgments that were unfairly obtained, not those which are factually incorrect").

23         **b.**     **The payments to the plaintiffs**

24       Plaintiffs' counsel admit that they paid the plaintiffs living expenses.  Counsel

25  contend the payments are loans and that they have kept careful records of the payments.

26  Defendant responds that counsel was also required (1) to advise their clients of their right to

27  seek counsel about the loan, (2) to secure the written consent from all other clients, and (3)

28

advise all other clients of the loan arrangements.  See Reply at 9 (citing California Rules of

Professional Responsibility).

Assuming that counsel has not complied with these rules, defendant fails to explain

how such non-compliance constitutes a fraud that prevented defendant from fairly and

effectively defending this action.  He cites no case that even remotely suggests that the

judgment in favor of the plaintiffs should be vacated because their attorney allegedly violated

the Rules of Professional Responsibility, rules which were enacted to protect clients, not

opposing litigants.  It bears repeating that defendant does not contend that plaintiffs' counsel

or any plaintiffs lied to defendant about their financial relationship.  He could not in good

faith make such a contention as he chose to settle this action without taking any formal

discovery; moreover, when his counsel informally interviewed some of the plaintiffs they

advised counsel of the payments.

Defendant's contention that plaintiffs' counsel concealed the payments from the Court

in the motion for approval of the minors' compromise is unavailing.  Assuming that counsel

did, in fact, conceal the payments, the concealment occurred long after defendant agreed in

writing to a settlement of this action; counsel's conduct thus did not prevent defendant from

fairly defending this action.  Moreover, such payments do not affect the Court's assessment

of the fairness of the settlement to the minor plaintiffs; to the contrary, defendant's

solution–vacating the judgment–would be manifestly unfair to these plaintiffs.

**C.     Rule 60(b)(6)**

The Court likewise concludes that the judgment should not be vacated under Rule

60(b)(6), the catch-all provision.  "Judgments are not often set aside under Rule 60(b)(6).

Rather, the Rule is used sparingly as an equitable remedy to prevent manifest injustice and is

to be utilized only where extraordinary circumstances prevented a party from taking timely

action to prevent or correct an erroneous judgment.  Accordingly, a party who moves for

such relief must demonstrate both injury and circumstances beyond his control that prevented

him from proceeding with . . . the action in a proper fashion."  Latshaw v. Trainer Wortham

& Co., 452 F.3d 1097, 1103 (9th Cir. 2006) (internal quotation marks and citations omitted).

4

1    Defendant White has demonstrated neither injury nor circumstances beyond his control;

2    instead, he settled a case without taking discovery and then had a change of heart.  Such

3    circumstances do not warrant Rule 60(b)(6) relief.

4    **D.     Defendant's objections**

5          Defendant's objections to the first and second declarations of Mauricio Rodriguez

6    Borrego and the declaration of Ulises Ramces Spinola Garcia are GRANTED.  The Court

7    has not relied on any of this testimony**.**

8                                               **CONCLUSION**

9          As this case is currently being appealed by defendant White, the Court does not have

10   jurisdiction to decide defendant's motion to vacate.  If it did have jurisdiction, however, it

11   would DENY defendant's motion as defendant has not proved any circumstances by clear

12   and convincing evidence that would warrant relieving him of his agreement.

13         As this Order does not disclose any terms of the settlement, it is not being filed under

14   seal.

15         Finally, the Court is still in possession of a box of documents that the parties asked the

16   Court to "hold" in light of defendant White's accusations against Daniel Garcia in the state

17   court action.  Defendant White is directed to retrieve the box on or before October 11, 2006.

18         **IT IS SO ORDERED.**

19

20   Dated: October 4, 2006                  _____
                                             CHARLES  R. BREYER
21                                           UNITED STATES DISTRICT JUDGE

22

23

24

25

26

27

28