IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ROE, et al., | No. C 03-04035 CRB |
| Plaintiffs, | **ORDER** |
| v. | |
| THOMAS F. WHITE, et al., | |
| Defendants. / | |

Now pending before the Court is plaintiffs' motion for judgment against sureties enforcing supersedeas bond. As post-judgment interest accrued pending defendant's appeal, the motion is GRANTED.

By Order dated December 5, 2005, the Court granted plaintiffs' motion for summary judgment of enforcement of the settlement against defendant. The Order did not purport to partially resolve the issue of the enforcement of the settlement; rather, the Order finally resolved defendant White's obligation to comply with the settlement agreement. Accordingly, the same day the Court entered a money judgment in favor of plaintiffs and against defendant. Because plaintiffs still had claims pending against defendant Nathan Lovaas, the Court captioned the judgment as a Rule 54(b) judgment.

White appealed the judgment and filed a supersedeas bond to stay enforcement of the judgment. If, as White now contends, the judgment was not final and therefore not

enforceable, there would have been no need for him to file a bond to stay enforcement.

Moreover, if, as White now contends, the judgment was merely a partial judgment, it would have been an unappealable interlocutory order. As White is aware, the Ninth Circuit raised the issue of the appealability of the judgment during oral argument. This Court advised the Ninth Circuit that the judgment was not a partial judgment because the claims against all defendants, including White and Lovaas, had been finally resolved. The Ninth Circuit subsequently accepted jurisdiction and affirmed the Court's judgment against White in full. White offers no explanation as to how the Ninth Circuit had jurisdiction to decide his appeal if the money judgment against him was not final. He also does not explain why he brought a Rule 60(b) motion to vacate the motion while the appeal was pending if the judgment was not final.

The Ninth Circuit remanded the case to this Court to determine the remaining issues: the approval of the trust instrument for the plaintiffs' settlement proceeds and the amount of attorneys' fees, that is, the amount of money to be disbursed to plaintiffs versus their attorneys. The court did not "reopen" the judgment against White: that judgment is final. None of the remaining issues affect the amount of money White is obligated to pay to the plaintiffs. If White wishes to contest the judgment based on facts and arguments he has not already presented to the Court, he must file another Rule 60(b) motion.

Accordingly, American Contractors Indemnity Company and U.S. Specialty Insurance Company are directed to deposit the sum of $486,366.50 with the Clerk of the Court by the close of business on Monday, August 6, 2007. Defendant White is directed to ensure that his sureties comply with this Order.

**IT IS SO ORDERED.**

Dated: August 3, 2007

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

G:\CRBALL\2003\4035\orderresureties.wpd        2