1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOSE ROE, et al.,

      Plaintiffs,

  v.

THOMAS F. WHITE, et al.,

      Defendants.

_____/

No. C 03-04035 CRB

**ORDER APPOINTING SPECIAL MASTER**

     Federal Rule of Civil Procedure 53 provides that a district court may appoint a special master to "make or recommend findings of fact on issues to be decided by the court without a jury if appointment is warranted by (i) some exceptional condition." Fed. R. Civ. P. 53(a)(1)(B)(i). The present circumstances of this case are "an exceptional condition" requiring the appointment of a special master.

     First, there is a dispute over the legal representation of the plaintiffs. Attorney Eric Safire has filed pleadings claiming to represent 10 of the plaintiffs. Even more remarkably, even though the judgment has been affirmed and the money is about to be disbursed to the plaintiffs, Safire contends that these plaintiffs are renouncing their claims. Current plaintiffs' attorney, David Replogle, alleges that Safire has been hired indirectly by defendant White. Replogle has also made similar allegations as to the court-appointed guardian ad litem. Given that all of the plaintiffs reside in Mexico, it would be impracticable, if not impossible,

**United States District Court**
For the Northern District of California

1  for this Court to resolve the unusual representation dispute without the assistance of a special

2  master.

3      Second, at the end of the Ninth Circuit's order affirming the judgment against

4  defendant White, the court rejected White's argument about the guardian ad litem and

5  attorney Replogle's promise of payments to him as such argument applies to the validity of

6  the settlement agreement; nonetheless, the court noted as follows:

> Before disbursing the funds to the plaintiffs and/or their counsel, the district
> court shall consider carefully any arguments to be made about the fund
> distribution arrangements, the request for attorneys fees, and the role of the
> guardian ad litem.

7

8

9

10  Such a statement is an implicit invitation to investigate the exceptional circumstances of this

11  case, including attorney Replogle's arrangement with the guardian ad litem and his

12  relationship with his clients, an investigation that requires the services of a special master.

13      Accordingly, pursuant to Federal Rule of Civil Procedure 53 the Court appoints the

14  Hon. David A. Garcia (Ret.) of JAMS as Special Master in this action.  The Court notes that

15  when it advised the parties at the August 3, 2007 hearing that it intended to appoint a special

16  master, no party objected.  Judge Garcia shall (1) investigate the legal representation of the

17  plaintiffs; (2) investigate the relationship between attorney Replogle and the guardian ad

18  litem and whatever payment arrangement they may have or had; and (3) any other factual

19  matters related to attorneys' fees and the disbursement of the settlement.  All parties,

20  including the proposed intervener, shall cooperate with the Special Master.

21      The Special Master shall be compensated at the discounted rate of $350.00 per hour

22  and shall be reimbursed his reasonable expenses, including expenses incurred in traveling to

23  Mexico.  As the Special Master's task is to investigate the representation of the plaintiffs, and

24  to assist the Court in finding facts relevant to determining the amount of attorneys' fees to be

25  paid from the settlement fund, the fees and expenses of the Special Master shall be paid from

26  the settlement fund which is currently deposited with the Court. Those funds are invested in

27  United States Treasury Securities and presently earn approximately 4.6 percent per annum.

28      The Special Master shall periodically submit to the undersigned judge, with a copy to

all plaintiffs' counsel and purported plaintiffs' counsel, as well as counsel for the guardian ad

1    litem, an itemized statement of fees and expenses.  The itemized statement shall be payable

2    10 days after submission unless counsel within that 10-day period file and serve objections

3    regarding the itemized statement on the grounds that the services performed were not in

4    accord with this Order, or that expenses claimed are unreasonable.  If counsel within the 10-

5    day period file and serve objections regarding all or part of an itemized statement, the

6    remaining portion shall be payable.  This Court will decide counsel's objections regarding all

7    or part of an itemized statement.

8

9    **IT IS SO ORDERED.**

10

11   Dated: August 16, 2007                                    _____

                                                              CHARLES  R. BREYER
12                                                            UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California