IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ROE, et al., | No. C 03-04035 CRB |
|     Plaintiffs | **ORDER APPROVING IRREVOCABLE TRUST AGREEMENT, TRUSTEE AND TRUST PROTECTOR** |
| v. | |
| THOMAS WHITE, | |
|     Defendant. | |

The parties entered into a written Settlement Agreement of this lawsuit in the summer of 2005. The Court enforced the Agreement and the Ninth Circuit affirmed. Under the terms of the Agreement, the settlement funds are to be held for the benefit of each plaintiff in a trust by an institutional trustee approved by this Court. Now pending before the Court is plaintiffs' motion for approval of the Jose Roe v. White Irrevocable Trust Agreement ("the Trust"), Wells Fargo Bank N.A. as the institutional Trustee, and C. Joseph Smith as the Trust Protector.

After carefully considering the best interests of the plaintiffs and the terms of the Trust, and having had the opportunity to question the proposed Trust Protector and the institutional Trustee, the Court GRANTS plaintiffs' motion and approves the Trust, Trustee, and Trust Protector on the following conditions:

1. The first full paragraph on page 3 of the Trust, Article Two, section (A)(2), is deleted in its entirety and is replaced with the following paragraph:

> The Protector will be entitled to reasonable compensation for his services the amount of which shall be agreed upon between the Trustee and the Protector, but which shall initially be no less than $45,000.00 per year. The Trustee and Protector shall renegotiate the Protector's compensation whenever the number of beneficiaries decreases. The Protector shall also be entitled to reimbursement for all expenses, including but not limited to any travel necessary to carry out his duties. The Protector agrees to consult on a regular basis with the Trustee with respect to all matters involving the needs of the beneficiaries and the Protector's compensation and expenses.

2. Paragraph A(5) of Title II of the Trust is deleted in its entirety and is replaced with the following sentence:

> The trustee shall not make any payments to any of plaintiffs' attorneys, or persons claiming to be plaintiffs' attorneys, or to the guardian ad litem, including any payments for fees, costs or monies advanced to plaintiffs, until further order of the United States District Court for the Northern District of California.

This Court shall determine the amounts to be paid in fees and for costs, and shall make such payments from the monies that will remain in the Court's Registry following the initial distribution to the Trust. If the amount remaining with the Court is insufficient, the above paragraph allows the Court to order counsel to be paid from the Trust.

**IT IS SO ORDERED.**

Dated: December 18, 2007

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE