IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOSE ROE, et al.,

    Plaintiffs,

v.

THOMAS F. WHITE, et al.,

    Defendants.

No. C 03-04035 CRB

**MEMORANDUM AND ORDER [REDACTED VERSION]**

Plaintiffs are 20 poor boys from Mexico who allege they were sexually abused by defendant. Defendant is currently under indictment in this District for similar conduct, that is, sexual tourism to Mexico. In the summer of 2005, defendant agreed in writing to settle this action and pay each plaintiff [REDACTED]. Since that time, however, defendant has marshaled his resources to thwart the payment of the settlement proceeds to the young plaintiffs. Now pending before the Court is defendant's latest effort: a motion (brought on shortened time) to stay any payments to plaintiffs pending the Court's decision on defendant's *fourth* motion to vacate the judgment. Defendant has already succeeded in delaying such payments for more than two years; as there is no good reason to further deprive these plaintiffs of the monies to which they are entitled, defendant's motion is DENIED.

//

//

## PROCEDURAL HISTORY

Plaintiffs are boys and young men from Puerto Vallerta, Mexico. In 2003 they filed a lawsuit in this Court against defendant Thomas White for child sexual tourism pursuant to 18 U.S.C. section 2255. At around the same time, the United States indicted defendant with conspiracy to travel with intent to engage in sexual acts with children (18 U.S.C. § 2423(b)), and conspiracy to sexually exploit children (18 U.S.C. § 2251(d)), among other things. Defendant has not yet been tried on the charges in this District; it is the Court's understanding that he is currently incarcerated in Mexico.

In the summer of 2005 defendant and plaintiffs entered into a written settlement agreement. Because four of the plaintiffs were minors at the time, the settlement required the approval of the Court. Defendant's efforts to deprive the plaintiffs of the monies he agreed to pay began on the morning the Court was scheduled to approve the settlement. He retained new counsel who appeared at the hearing to object to the Court's approval. The Court overruled defendant's objections.

Defendant did not give up. He immediately filed a motion to vacate the judgment, that is, the Court's approval of the settlement. The Court denied the motion by Memorandum and Order filed October 3, 2005. Defendant still did not give up: he filed a second motion to vacate which the Court denied by Memorandum and Order filed October 11, 2005. Defendant nonetheless refused to comply with his obligations under the settlement agreement. Accordingly, by Memorandum and Order filed December 5, 2005, the Court granted plaintiffs' motion for summary judgment of the enforceability of the settlement.

Defendant still refused to comply with his obligations; instead, he appealed the Court's orders denying his motions to vacate and granting summary judgment of enforceability and posted a bond. While his appeal was pending he filed yet another motion to vacate the judgment. This motion, too, was denied. The Ninth Circuit subsequently affirmed all of this Court's orders, including the order enforcing the settlement against

2

defendant and the Court ordered the bond proceeds to be deposited with the Registry of the Court.

Defendant has still not halted his campaign to deprive plaintiffs of the monies to which they are entitled. On Dec. 10, 2007, the Court issued an order indicating its intent to distribute 60 percent of the settlement funds to plaintiffs (the remaining 40 percent is being held by the Court for fees, costs and other reimbursements). Defendant responded by filing yet another (his fourth) motion to vacate the judgment. He also filed a motion (to be heard on shortened time) to stay the settlement payment to plaintiffs. The Court granted defendant's motion for shortened time and heard oral argument on his motion to stay payment on December 18, 2007.

**DISCUSSION**

Defendant White argues that the Court should further delay payment of the settlement proceeds to plaintiffs pending the Court's resolution of White's fourth motion to vacate the judgment. White's motion to vacate is based on fraud on the Court. He argues that the guardian ad litem, Mauricio Rodriguez Borrego, had a conflict of interest because he had an undisclosed fee sharing agreement with plaintiffs' counsel David Replogle with respect to *all* plaintiffs. This conflict compromised Borrego's ability to represent the interest of the then-minor plaintiffs. The solution, argues White, is to vacate the judgment and relieve White of his contractual obligation to pay these plaintiffs as he agreed to do.

White's argument is not new. More than two years ago he filed a motion to vacate the appointment of the guardian ad litem based on the very same conflict of interest he raises in his fourth motion to vacate. The Court declined White's invitation and since then has repeatedly found that the settlement is in the best interests of the then-minor plaintiffs and that White's solution–vacating the judgment–would be manifestly unfair to plaintiffs. See, e.g., Memorandum and Order filed October 4, 2006 at 4.

White made the same argument to the Ninth Circuit. The Ninth Circuit held:

> Questions about the propriety of the fee award and the role of the guardian ad litem are important, but premature. Under the terms of the settlement agreement, the funds are to be paid to the Clerk of Court. Before disbursing the funds to the plaintiffs and/or their counsel, the district court shall consider carefully any arguments to be made about the fund distribution arrangements, the request for attorneys fees, and the role of the guardian ad litem. We are

3

> confident that the district court will independently review all of these matters anew guided by ethical and legal restraints and the best interests of the children.

Roe ex rel. Borrego v. White, 232 Fed.Appx. 733 (9th Cir. May 23, 2007). Therefore, the Ninth Circuit also declined to vacate the judgment and relieve defendant of his contractual obligations which he has worked so diligently to avoid.

The Court will consider the evidence as to the fee sharing agreement between the guardian ad litem and plaintiffs' counsel before ordering any amounts to be paid as fees, costs, or other reimbursements; indeed, the Court appointed a Special Master to investigate the matter and the Special Master is currently preparing his report. However, after considering the evidence already before the Court, the Court finds that it is in the best interests of plaintiffs to pay them their proceeds without further delay. It is undisputed that the plaintiffs are poor and uneducated. The settlement funds are being paid to a trust which will facilitate each plaintiff's wise use of the funds. A further delay will merely harm these plaintiffs and vacating the judgment–the remedy defendant advocates–will benefit defendant to the detriment of plaintiffs. Again, the Court finds that despite the guardian ad litem's purported conflict of the interest, the settlement is in the best interests of all plaintiffs, including the then-minor plaintiffs and that justice would not be served by relieving defendant of his obligations.

Accordingly, defendant's motion to stay payment of the settlement proceeds–defendant's latest attempt to deprive plaintiffs of the monies to which they are entitled–is DENIED.

**IT IS SO ORDERED.**

Dated: December 20, 2007

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE