JOHN E. HILL (Bar No. 45338)
MICHAEL P. GUTA (Bar No. 121509)
LAW OFFICES OF JOHN E. HILL
A Professional Corporation
8105 Edgewater Drive, Ste 100
Oakland, CA 94621
Telephone (510) 588-1000
Fax: (510) 729-6333

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ROE, a Minor, by and through his Guardian ad Litem, MAURICIO RODRIGUEZ BORREGO, <br><br> Plaintiff, <br><br> v. <br><br> THOMAS F. WHITE, NATHAN LOVAAS, <br><br> Defendants. | Case No. C-03-4035-CRB |

**RESPONSE OF JOHN E. HILL AND LAW OFFICES OF JOHN E. HILL, A PROFESSIONAL CORPORATION TO ORDER RE: SPECIAL MASTER REPORT NO. 3**

I. INTRODUCTION

JOHN E. HILL and LAW OFFICES OF JOHN E. HILL, a Professional Corporation (hereinafter "Hill") file this response to the Court's Order Re: Special Master Report No. 3:

The Court requested comment on the portions of the Special Master's Report No. 3 that should remain confidential. It must be noted that the Report uses the actual names of the Plaintiffs appear on p.2:8-17, 26-27 and Footnotes 37-38 on p. 15, fn. 40; p. 16, fn. 49, 50 p. 20. The Report should be amended to substitute the Roe designation for each of the individual Plaintiffs named in

the report, before the report is filed.

**HILL requests the Court set a hearing and briefing schedule on the attorney fees and costs to be awarded by the Court.**

Since the Judgment was entered and the Ninth Circuit affirmed the Judgment, this Court has taken jurisdiction of the distribution of the settlement proceeds and to resolve ancillary claims for attorney's fees and costs out of the settlement.

Local Rule 54(6) sets forth the procedure for a motion for an <u>award</u> of attorney's fees. Here, the monies to be paid in attorney's fees and costs out of the settlement have already been deposited in court; and thus will not constitute a separate award against Defendant. Nevertheless, HILL believes Local Rule 54-6(b) sets forth the appropriate procedure for the determination of the attorney fees and costs to be paid out of the settlement.

Local Rule 54-6 states in part:

> **"(b) Form of Motion.** Unless otherwise ordered, the motion for attorney fees must be supported by declarations or affidavits containing the following information:
>
> . . . . .
>
> (2) A statement of the services rendered by each person for whose services fees are claimed together with a summary of the time spent by each person, and a statement describing the manner in which time records were maintained. Depending on the circumstances, the Court may require production of an abstract of or the contemporary time records for inspection, including *in camera* inspection, as the Judge deems appropriate; and
>
> (3) A brief description of relevant qualifications and experience and a statement of the customary hourly charges of each such person or of comparable

prevailing hourly rates or other indication of value of the services."[1]

HILL will also file declarations of witnesses referenced in the report who were not interviewed by the Special Master.[i.e. Lorenzo Montoya [see Report No. 3, fn. 25; Kate Dyer, Esq. (p. 12), Nancy Clarence, Esq. (pp. 12-13). These declarations will address factual errors in the report.[2] The declarations will explain the integral role obtaining psychiatric reports for 10 of the Mexican plaintiffs had in corroborating their claims and securing a favorable settlement. Finally, the declarations will explain why the two actions prosecuted by counsel against Defendant White for sexual molestation were mutually dependent on each other in their prosecution and settlement.

---

[1] Declarations commonly address issues of entitlement to attorney fees, the reasonableness of the rates claimed or the number of hours spent or both, the quality of the work, the effect of contingent representation, and any other relevant factors. [See, e.g., Lobatz v. U.S. W. Cellular, Inc. (9th Cir. 2000) 222 F.3d 1142, 1148 (in upholding class action fee award, court refers to expert's opinion); Guam v. Soc'y of Obstetricians & Gynecologists v. Ada (9th Cir. 1996) 100 F.3d 691, 700 fn. 12.]

[2] For example, Report No. 3 states Hill was a partner in Morris, Taylor and Hill while performing services for Plaintiffs. [Report, 3:23; 11 fn. 24.], was not present at either mediation conference [Report, 17:23], and was repaid $64,390.00 of his costs in this litigation [Report, 17:9-10], all of which is demonstrably untrue. Hill believes this erroneous information highlights the need for regular motion procedure pursuant to Local Rule 54-6(b).

Notably, the settlement agreement in each case provided that they were not final until each was fully executed.[3] This fact belies Replogle's contention that there was an agreement between counsel to split fees in *Garcia* on a 50/50 basis while Hill was merely Replogle's agent in the representation of the Mexican plaintiffs. A full examination of the value of the services performed by counsel must include the work performed in both cases.

**HILL also requests the Court order all attorneys who have filed cost declarations pursuant to the December 18, 2007 direction of the Court to serve them upon one another.**

REPLOGLE asserts the Court ordered that counsel lodge and not file declarations concerning

---

[3] The Confidential Settlement Agreement in *Roe v. White* states:

"4.   EFFECTIVE DATE
4.1  This Settlement Agreement shall become effective on the second business day after each of the following has occurred:
(A) Each and every plaintiff identified in paragraph 1.1 has executed this Settlement Agreement;
(B) Each and every plaintiff in the San Francisco Superior Court Case No. 02-414569, *Garcia v. White et al.* has executed the Settlement Agreement pertaining to that action.
(C) Thomas F. White and Arthur J. Collingsworth have executed this Settlement Agreement; and
(D) The District Court has entered an order approving this Settlement Agreement

Confidential Settlement Agreement in *Roe v. White*, p. 4

The Confidential Settlement Agreement in *Garcia v. White* states:

"4.   EFFECTIVE DATE
4.1  This Settlement Agreement shall become effective on the second business day after each of the following has occurred:
(a) Both plaintiffs Garcia and Beam have executed this Settlement Agreement;
(b) Thomas F. White has executed this Settlement Agreement; and
(c) Thomas H. White has executed a Settlement Agreement in U.S. District Court Case number C-03-4035 CRB, *Jose Roe et al. v. Thomas F. White et al.*

Confidential Settlement Agreement in *Garcia v. White*, pp. 3,4

080125 5                                              4                           RESPONSE TO ORDER
                                                                                  RE: SPECIAL MASTER REPORT NO. 3

requests for costs. The Court transcript clearly states that the Declarations be submitted to the Court without specifying whether they should be filed or lodged. [See Transcript, 19:13-14.] This Court on January 2, 2008 granted John E. Hill's Motion to File his declaration re: costs under seal.

It would appear that Mr. REPLOGLE wished to lodge but not file the declaration because he does not wish to provide a copy to any other counsel in the case. This law office has not been served with Mr. REPLOGLE's Cost Declaration. Consistent with the motion procedure set forth in Local Rule 54-6(b), Hill believes that a fair determination of the costs to be reimbursed to each attorney requires notice of each counsel's cost declaration to counsel seeking cost reimbursement..

Dated: 1-29-08        LAW OFFICES OF JOHN E. HILL
                      A Professional Corporation


                      By: Michael P. Guta
                      Attorneys for JOHN E. HILL and LAW OFFICES OF JOHN
                      E. HILL, A PROFESSIONAL CORPORATION

080125 5                              5                    RESPONSE TO ORDER
                                                    RE: SPECIAL MASTER REPORT NO. 3

PROOF OF SERVICE

I, Michael R. Sher, do hereby declare as follows:

I am employed in the City of Oakland and the County of Alameda, California. I am over the age of 18 years and not a party to the within action. My business address is Law Offices of John E. Hill, 8105 Edgewater Drive, Suite 100, Oakland, California 94621.

On 1/29/08, I served the within: RESPONSE TO ORDER RE: SPECIAL MASTER REPORT NO. 3, by placing a true copy thereof in a sealed envelope, addressed as follows:

**DAVID REPLOGLE, SBN 077875**
**LAW OFFICES OF DAVID REPLOGLE**
**A Professional Corporation**
**550 Montgomery Street, Suite 550**
**San Francisco, California 94111**
**Telephone: (415) 362-4700**
**Facsimile: (415) 781-6683**

**John Dennis O'Connor**
Attorney at Law
One Embarcadero Center, Suite 1020
San Francisco, CA 94111

**Gilbert Eisenberg, Esq.**
**400 Montgomery Street, Ste 200**
**San Francisco, CA 94104**

Geoffrey Rotwein, Esq.
400 Montgomery Street, Ste 200
San Francisco, CA 94104

**Thomas H. Kawaii**
Gwire Law Offices
235 Pine St., Suite 1100
San Francisco, CA 94104

**Hon. David Garcia**
**c/o JAMS**
**Two Embarcadero Center, Ste 1500**
**San Francisco, CA 94111**
**(415) 982-5267**
**Fax: (415) 982-528**

__X__ By Electronic Filing I transmitted the documents to United States District Court, Northern District of California, which served the above named counsel electronically.

____ By Mail I caused each such envelope, with postage thereon fully

080125 5                                6                       RESPONSE TO ORDER
                                                                RE: SPECIAL MASTER REPORT NO. 3

| | |
|---|---|
| 1 | prepaid, to be placed in the United States mail at Oakland, California. |
| 2 | ____ By Personal Service  I caused each such envelope to be delivered by hand to the offices of each addressee above. |
| 3 | |
| 4 | ____ Telecopier  I caused each such document to be delivered by telecopier to the offices of each addressee above. |
| 5 | ____ Federal Express Mail  I caused each such document to be delivered by hand to the offices of each addressee by Federal Express, over night service. |
| 6 | |
| 7 | I declare under penalty of perjury that the foregoing is true and correct.  Executed |
| 8 | on ____1/29/08____ at Oakland, California. |

_____
MICHAEL SHER

080125 5

7

RESPONSE TO ORDER
RE: SPECIAL MASTER REPORT NO. 3