IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ROE, et.al., | No. C 03-04035 CRB |
| Plaintiffs | ORDER AMENDING AND RESTATING TERMS OF JOSE ROE V. WHITE IRREVOCABLE TRUST |
| v. | |
| THOMAS WHITE | |
| Defendant. | |

On December 18, 2007, this Court entered its ORDER APPROVING IRREVOCABLE TRUST AGREEMENT, TRUSTEE AND TRUST PROTECTOR pursuant to that certain Confidential Settlement Agreement And Mutual Release executed by the parties herein and approved by the District Court on August 29, 2005 (the "Settlement Agreement"). Pursuant to such Order, the Jose Roe v. White Irrevocable Trust (the "Trust") was established to administer the distribution of settlement proceeds to the plaintiffs herein, as set forth on Exhibit A, attached hereto and incorporated herein by this reference. Under the terms of Paragraph 3.3 of the Settlement Agreement, the District Court retains continued jurisdiction over the Trust and pursuant to such continued jurisdiction, and after carefully considering the best interests of the plaintiffs and the terms of the Trust, the Court hereby modifies and restates the Trust to read in its entirety as follows:

## *** ARTICLE ONE ***

A. **NAME OF TRUST:**

This trust shall be known as the **JOSE ROE v. WHITE IRREVOCABLE TRUST.**

B. **IRREVOCABILITY OF TRUST:**

This trust agreement is irrevocable.

C. **TRUST PROPERTY:**

The trust property shall include all the net proceeds after the payment of attorney's fees and costs, as set forth in the Settlement Agreement.

D. **PRIMARY TRUSTEE:**

**WELLS FARGO BANK, N.A.** is appointed as the primary trustee of this trust, to exercise dominion and control over any and all of the trust assets pursuant to the terms and conditions of this trust instrument.

E. **ALTERNATE TRUSTEE:**

If **WELLS FARGO BANK, N.A.** is unable or unwilling to continue to act as trustee, the U.S. District Court for the Northern District of California (the "District Court") may appoint a successor trustee to serve with all rights and responsibilities given to the original trustee.

F. **RESIGNATION OF TRUSTEE:**

Any trustee may resign at any time by giving at least ninety days prior written notice, specifying the effective date of the resignation to the District Court and to the trust protector of this trust.

G. **COMPENSATION FOR TRUSTEE:**

The trustee shall serve with reasonable compensation pursuant to the Trustee's regular schedule of compensation. Additionally, all expenses of any type incurred by the trustee in carrying out duties under this trust shall be paid for from the trust.

H. **TRUST PROTECTOR:**

The initial trust protector shall be **C. Joseph Smith** who shall serve until all of the principal has been distributed according to the terms of the trust or until removed by order of the United States District Court for the Northern District of California. Any trust protector may resign at any time by giving at least ninety days prior written notice, specifying the effective date of the resignation to any trustee then serving.

I. **BOND WAIVED:**

No bond will be required of any trustee or trust protector of this trust.

J. **ACCOUNTING REQUIRED:**

The trustee shall make an annual report to the trust protector, who shall in turn make an annual report to the beneficiaries. The report to each beneficiary shall cover his trust share alone and shall not include information about the trust shares of other beneficiaries. All reports required hereunder shall comply with the requirements of California Probate Code Section 16063 and neither the trustee nor the trust protector shall be obligated to file formal court reviewed accountings in the absence of a court order to do so.

### *** ARTICLE TWO ***

### PLAN OF ADMINISTRATION AND DISTRIBUTION

A. **PLAN OF ADMINISTRATION:**

1. The trustee shall administer the trust in separate shares for each beneficiary. Distributions to each beneficiary shall be made solely from such beneficiary's separate trust share.

2. Calculation of fees for administration of the trusts shall be aggregated, so that the fees charged will be based on the total corpus of all trusts together.

3. For purposes of investment only, the trustee may hold the assets of all trust shares together in a single investment account or fund if the trustee deems it advisable to do so, but such shares shall nevertheless be separately accounted for.

4. The trustee, in its sole and absolute discretion, may hold and invest all of the trust assets in United States bank accounts, bank instruments and bank certificates of deposit, and shall not be found to have violated the prudent investor rule by doing so. The trustee is also not required to hold the assets in a diversified investment portfolio and shall not be found to have

3

violated the prudent investor rule by not doing so. The purpose of this provision is to allow the trustee discretion to invest the trust assets in such manner as will minimize income tax withholding on the distributions to the beneficiaries, who are nonresident aliens.

5. The protector's duties will include collecting and distributing funds to the beneficiaries on a monthly basis, insuring that the beneficiaries receive the distributions, responding to requests from the beneficiaries for additional distributions of corpus for the needs specified in the trust agreement, presenting distribution requests to the trustee, obtaining distributions from the trustee and performing such other services as are deemed necessary by the protector to insure that the intent of the trust with respect to the care and welfare of the beneficiaries is carried out. To effect these duties, the protector shall establish mechanisms for distribution of proceeds to the beneficiaries.

6. The protector will be entitled to reasonable compensation for his services the amount of which shall be agreed upon between the Trustee and the Protector, provided however, that if **C. Joseph Smith** is serving as protector, his compensation shall be $45,000 per year, increased at the beginning of each calendar year by a cost of living adjustment of 3 percent. Notwithstanding the foregoing, the trustee and protector shall renegotiate the protector's compensation whenever the number of beneficiaries decreases. The protector shall also be entitled to reimbursement for all expenses, including but not limited to any travel, hotel or related expenses necessary to carry out his duties, and any expenses incurred by the protector in hiring others to assist him in his duties, which may include, without limitation, attorneys, interpreters, social workers, psychologists or other professionals deemed necessary and appropriate by the protector. The protector agrees to consult on a regular basis with the trustee with respect to all matters involving the needs of the beneficiaries and the protector's compensation and expenses. The compensation paid to the protector will not reduce the fees payable to the trustee.

### B.   PLAN OF DISTRIBUTION

1. The trustee shall at least monthly distribute to the trust protector all net income after payment of fees, which is attributable to the trust share of each particular beneficiary. Included in the calculation of fees shall be compensation for the protector, as set forth in Paragraph A.6, above. Except as provided below with respect to the protector's power to defer distributions in certain specified circumstances, in no event shall each beneficiary receive less than an equivalent of $800 monthly, even if corpus of the trust needs to be invaded to achieve this distribution.

2. The trustee, in the trustee's sole discretion, but with consideration for the welfare of the beneficiary and not for the preservation of corpus, grant such additional distributions from corpus as are reasonable for medical, educational or other extraordinary needs and which can be verified as going to the beneficiary or for his benefit for the purpose requested. All requests for distributions from corpus shall come exclusively from protector, and shall be distributed either directly to the provider of services or to protector. In the exercise of this discretion, the decision

4

of the trustee as to the propriety and amount of these payments shall be conclusive, and the trustee shall not be required to look into how these payments are used once they are distributed to protector. Any payments shall be considered an advancement against the beneficiary's ultimate share.

3. In the event that the trust protector determines that it is not possible to distribute the minimum monthly distribution amount to any beneficiary because, at such time, such beneficiary is incarcerated and unable to receive funds, or is missing and cannot be found, the trust protector is authorized to defer such minimum monthly distribution until such time as the beneficiary is released from prison, no longer missing or is otherwise able to receive the distribution of funds. The trust protector shall advise the trustee when a distribution cannot be made and, if it is anticipated by the trust protector that the delay in distribution will continue beyond one month, then the trust protector shall return to the trustee any funds transferred to him for distribution to such beneficiary until such time as the distribution can be completed.

4. The trust protector, in his sole and absolute discretion, may make any authorized distribution, including the minimum monthly distribution, to third persons deemed appropriate by the trust protector for the benefit of the beneficiary, rather than directly to the beneficiary.

5. The trust protector, in his sole and absolute discretion, but with the consent of the beneficiary, may pay some portion or all of the beneficiary's authorized distribution to or for the beneficiary's children, his spouse or the mother of his children. In exercising this discretion, the trust protector may rely on statements of the beneficiary concerning the identity of such persons and need not obtain legal proof that such persons are in fact the legal spouse, children or mother of the beneficiary's children, respectively.

6. The trustee shall not make any payments to any of plaintiffs' attorneys, or persons claiming to be plaintiffs' attorneys, or to the guardian ad litem, including any payments for fees, costs or monies advanced to plaintiffs, until further order of the United States District Court for the Northern District of California.

7. The net proceeds of each beneficiary's trust remaining after compliance with the above provisions are to be distributed to protector for distribution to each beneficiary upon the beneficiary reaching the age of thirty (30).

8. This spendthrift provision is intended for the personal protection and welfare of the beneficiaries. No interest of a beneficiary under this instrument shall be subject to transfer, assignment, anticipation, pledge or seizure by legal process, or be subject during the beneficiary's life to the claims of the beneficiary's creditors or to any claims for maintenance or for support of the beneficiary's spouse. If the trustee or the protector believes the interest of a beneficiary is threatened to be diverted in any manner from the purpose of a trust as stated above, trustee or the Protector shall withhold any distributions and shall apply payment in any manner which will

5

contribute to the health, support, maintenance and education of the beneficiaries. Whenever the trustee or the Protector is satisfied that the diversion is no longer threatened, resumption of distribution is authorized. This provision shall not be construed to extend the term of any trust.

       9. If a beneficiary disappears and after a period of five years cannot be found by the trust protector after making a diligent search using methods determined by the trust protector in its sole and absolute discretion to be adequate, then at that time, or at any time thereafter, the trustee may, in its sole and absolute discretion, in lieu of continuing to hold such missing beneficiary's trust share, distribute such share, including all principal and accrued income, to or for the benefit of such missing beneficiary's known children, if any, or if none, then the trustee may reallocate such missing beneficiary's share among the remaining trust beneficiaries, including both then current beneficiaries and beneficiaries who may at such time have already received final distribution of their respective trust shares.

       10. In the event of the death of a beneficiary before such beneficiary has received final distribution of his trust share, the share of the deceased beneficiary, including all remaining principal and any accrued income, shall be distributed as he may have appointed in a written document which is signed, dated, witnessed and delivered to the trustee prior to his death. The beneficiary may modify or revoke such power of appointment at any time by a subsequent document executed in the same manner as the power of appointment and delivered to the trustee prior to such beneficiary's death. In the absence of a validly executed power of appointment, the residue of a deceased beneficiary's share shall be distributed to his heirs at law as determined under the laws of the State of Jalisco, Mexico.

C. **ABILITY TO TERMINATE SMALL TRUST:**

       Notwithstanding any other provision of this trust, if at any time any trust created in this Trust Agreement is reduced to an amount which the trustee, in the trustee's sole discretion, believes makes the trust no longer economically feasible, the trustee may, in the trustee's sole discretion, terminate such trust and distribute the trust property to Protector for the benefit of the beneficiary of the trust.

### *** ARTICLE THREE ***

### TRUSTEE POWERS, RESTRICTIONS, AND JURISDICTION

A. **GENERAL POWERS OF TRUSTEE:**

Except as otherwise limited by this agreement, the trustee shall have full and complete authority to do anything necessary for the orderly and efficient administration of this trust or any trust created under this agreement, including all rights, powers, and authority to

6

deal with and manage the assets of this trust that an individual owner would have if there were no trust and the trustee were acting as a legally competent individual dealing with its own property. This includes all powers now or hereafter conferred upon trustee by applicable state law. Any expenditure involved in the exercise of the trustee's powers shall be borne by the trust. The trustee's powers shall include, but shall not be limited to the following powers:

1. To sell, convey, pledge, mortgage, lease, manage, operate, control, transfer title, divide, convert or allot the trust property, including real and personal property, and to sell upon deferred payments; to lease for terms within or extending beyond the duration of the trust for any purpose; to enter into covenants and agreements relating to the property so leased or any improvements which may be erected on such property.

2. To abandon or retain underproductive property, and to invest and reinvest the trust funds in such property as the trustee, in the exercise of reasonable business judgment, may deem advisable, including stock of the trustee and investments in any common trust fund now or hereafter established by trustee.

3. To retain nonproductive assets in the discretion of the trustee, or in the exercise of reasonable business judgment by the trustee, to abandon assets.

4. To deal with itself or affiliates, to borrow money for any purpose; to place, replace, renew or extend any encumbrance upon any trust property by mortgage, deed of trust, pledge or otherwise, regardless of the purpose of any such action.

5. To participate in voting trusts, pooling agreements, foreclosures, reorganizations, consolidations, mergers and liquidations and, in connection therewith, to deposit securities with and transfer title and all rights and responsibilities to any protective or other committee as the trustee may deem advisable.

6. To acquire or dispose of an asset for cash or on credit, at public or private sale, and to exchange, partition, change the character of or abandon a trust asset or any interest therein.

7. To make improvements, alterations, or ordinary or extraordinary repairs of buildings or other trust property; to demolish any improvements; and to raze existing or erect new party walls or buildings.

8. To subdivide, develop or dedicate land to public use; to make or obtain the vacation of plats and adjust boundaries; to adjust differences in valuation on exchange or partition by giving or receiving consideration; to dedicate easements for public use without consideration; and to create restrictions, easements or other

7

servitudes.

9. To grant an option involving disposition of a trust asset, or to take an option for the acquisition of any asset.

10. To vote a security, in person or by general or limited proxy.

11. To pay calls, assessments and any other sums chargeable or accruing against or on account of securities.

12. To sell or to exercise or not exercise, as the trustee may deem advisable, any subscription, conversion or other rights or options which may at any time attach to, belong to or be given to the holders of any stocks, bonds, securities or other instruments in the trust estate.

13. To engage in covered call writing.

14. To buy, sell and trade in securities of any nature including but not limited to mutual funds issued by or managed by Trustee.

15. To hold a security in the name of a nominee or in any other form without disclosure of the trust, so that title to the security may pass by delivery, but the trustee shall be liable for any act of the nominee in connection with the security so held.

16. To insure the assets of the trust against damage or loss, and the trustee against liability with respect to third persons.

17. To advance money for the protection of the trust and for all expenses, losses and liabilities sustained in the administration of the trust or because of the holding or ownership of any trust assets. Thereon, the trustee shall have a lien on the trust assets for any such advances.

18. To pay or contest any claim; to settle a claim by or against the trust by compromise, arbitration or otherwise; to release, in whole or in part, any claim belonging to the trust to the extent that the claim is uncollectible; and to institute, compromise and defend actions and proceedings.

19. To commence or defend litigation with respect to the trust or any property of the trust estate as trustee may deem advisable and to employ such counsel as the trustee shall deem advisable for that purpose.

20. To enforce any mortgage, deed of trust or pledge and, at any sale under any

mortgage, deed of trust or pledge, to bid and purchase, at the expense of the trust, any property subject to any such security instrument.

21. To pay taxes, assessments, any compensation of trustee as allowed under other provisions of this Trust Agreement and other reasonable expenses incurred in the collection, care, administration and protection of the trust.

22. To continue or participate in any business or other enterprise and to effect incorporation, dissolution or other change in the form of organization of the business or enterprise.

23. To appoint a general or special agent to act on trustee's behalf. Any power of attorney the trustee creates pursuant to this power shall cease when the appointing trustee cease to act as trustee.

24. The trustee may appoint one or more outside investment managers to provide discretionary investment management of all or part of the trust's property, and may delegate investment authority to such managers with respect to the trust property committed to manager's discretion. The trustee may compensate any such investment manager for its services without reduction of the trustee's compensation. Any such delegation shall be evidenced by an investment advisory agreement or similar document.

25. In the event any corporate trustee shall merge, consolidate with, sell, or transfer substantially all of its business assets to another corporation, state or federal, the corporation resulting from such merger or consolidation of the corporation to which it is converted or to which such sale or transfer shall be made, shall hereupon become the trustee hereunder with the same effect as though originally named.

26. Any expense incurred by the trustee in its capacity as trustee of this trust may be charged against income or principal as the trustee shall determine in a fair and equitable manner to the extent the allocation is not covered by statute.

27. The trustee is authorized, in the trustee's absolute discretion, with respect to environmental issues that may arise with respect to any property, real or personal, at any time held under any provision of this trust agreement and without authorization by any court and in addition to any other rights, powers, authority and privileges granted by any other provision of this trust agreement or by statute or general rules of law:

    a. To use or expend the trust income and principal to (1) conduct environmental assessments, audits, and site monitoring to determine

compliance with any environmental law or regulations thereunder; (2) take all appropriate remedial action to contain, clean up or remove any environmental hazard including a spill, release, discharge or contamination, either on its own accord or in response to regulations thereunder; (3) defend, settle, or act upon legal proceedings brought about by any local, state, federal or foreign agency concerned with environmental law or regulations thereunder; (4) comply with any local, state or federal agency order or court order directing an assessment, abatement or cleanup of any environmental hazards; and (5) employ agents, consultants and legal counsel to assist or perform the above undertakings or actions.

b. The trustee shall not be liable for any loss or depreciation in value sustained by the trust as a result of the trustee retaining any property upon which there is later discovered to be hazardous materials or substances requiring action pursuant to any federal, state, local or foreign environmental law, unless the trustee contributed to the loss or depreciation in value through willful default, willful misconduct or gross negligence.

c. Notwithstanding any provision in this trust agreement to the contrary, the trustee may withhold a distribution to a beneficiary until receiving from the beneficiary an indemnification agreement in which the beneficiary agrees to indemnify the trustee against any claims filed against the trustee as "owner" or "operator" under the Comprehensive Environmental Response, Compensation and Liability Act of 1980 as subsequently amended from time to time or against any regulation thereof.

32. Broad Investment Powers Under Prudent Investor Rules

The trustee may, in the trustee discretion, invest and reinvest trust funds in every kind of property (real, personal, or mixed) and every kind of investment, specifically including but not limited to corporate obligations of every kind, (preferred or common stocks, shares of investment trusts, investment companies, and mutual funds), notes, real estate, bonds, debentures, mortgages, deeds of trust, mortgage participations, market funds and index funds appropriate under the then prevailing circumstances (specifically including but not limited to the factors set out in California Probate Code section 16047(c))

B. **APPLICABLE LAW:**

This trust instrument shall be construed and administered according to the laws of the State of California. The venue of any action regarding the trust shall be the City and County of San Francisco.

ACCEPTANCE BY TRUSTEE
AND TRUST PROTECTOR:

TRUSTEE:  Charlene Trinh
Vice President and
WELLS FARGO BANK Trust Manager        TRUST PROTECTOR:

BY: _____          _____
    (Name and Title)                  C. JOSEPH SMITH
DATED: February 6, 2008               DATED: February 11, 2008

**IT IS SO ORDERED.**

DATED: February 11, 2008
                                      _____
                                      CHARLES R. BREYER
                                      UNITED STATES DISTRICT JUDGE

11

# EXHIBIT A

# LIST OF BENEFICIARIES

VICTOR MANUEL ORTEGA RODRIGUEZ
ADRIAN JIMINEZ REBOLLO
SAMUEL CHAVEZ MORALES
SHERIDIANE EMANUEL LOPEZ VASQUEZ (aka Cheriban Emmanuel Lopez Vasques)
MARIO ALBERTO ARMENTA VILLAESCUZA
JUAN BERNARDO DIAZ BARBOSA
MARCO ANTONIO GUTIERREZ DUARTE
DOMINGO GOMEZ SERRANO
IRVING JEAN ALTAMIRANO RAMIREZ
ROBERTO ORTIZ OLGUIN
DAVID GUADALUPE VILLALPANDO JIMINEZ
JUAN RAMON DELAROSA SANDOVAL
JOSE ERIK VIDAL GONZALEZ
CARLOS MARIN LISARDO GUTIERREZ
ULISES RAMCES SPINOLA GARCIA
MARCOS ANTONIO JUAREZ MORALES (aka Marcos Morales Serrano)
SANTIAGO MERCADO CERVANTES
LUIS ARNOLDO AMARAL
JOSE DELFINO FARFAN GARCIA
ARTURO GUZMAN OLVERA