United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ROE I, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>THOMAS F. WHITE,<br><br>    Defendant.<br>_____/ | No. C 03-04035 CRB<br><br>**ORDER REPLACING GUARDIAN AD LITEM** |

The Court finds that the court-appointed guardian ad litem has a conflict of interest that disqualifies him from representing the minor plaintiffs' interests with respect to the request of plaintiffs' counsel David Replogle for a 40 percent contingency fee plus costs.

The guardian ad litem, Mauricio Rodriguez Borrego, attests that Replogle agreed to pay him 20 percent of all legal fees earned for Replogle's representation of all 20 plaintiffs, including the plaintiffs whose interests Rodriguez Borrego represents. Declaration of Mauricio Rodriguez Borrego, filed January 30, 2008, ¶ 13. That agreement is memorialized in a letter from Replogle to Rodriguez Borrego dated June 13, 2005 which reads:

> This is to acknowledge our agreement concerning attorneys' fees to be earned in the above-referenced action pending before the federal court in San Francisco. In consideration of your continuing efforts on behalf of the plaintiffs in Mexico, we have agreed that you will receive 20% of the attorneys' fees earned in the case.

Special Master Report No. 3 at 8.

In their Joint Motion to Approve and Adopt Findings of Fact and Conclusions of Law filed January 30, 2008, Replogle and Rodriguez Borrego propose the following:

> The agreement by Replogle to pay Rodriguez Borrego 20% of the gross attorneys' fees for his services in Mexico on behalf of the Plaintiffs is valid and enforceable. The value of Rodriguez Borrego's services to the minor Plaintiffs (while they were minors) was equal to at least 20% of the gross attorney's fees. Rodriguez Borrego is entitled to payment of 20% of the gross attorneys' fees, regardless of whether such payment is denoted as attorneys' fees or Guardian ad Litem compensation.

Proposed Order at ¶ 5, 6. Thus, it is undisputed that Replogle has agreed to pay Rodriguez Borrego 20 percent of all fees earned in this case, including fees earned for representing the Jose Roe minor plaintiffs.

Since Rodriguez Borrego has a percentage interest in the amount of fees recovered by plaintiffs' counsel, he has a conflict with all the plaintiffs, including those for whom he is the guardian ad litem. The plaintiffs' interest is in paying as little as possible in attorney's fees whereas Rodriguez Borrego has a financial interest in Replogle receiving as much in attorney's fees as possible; the more Replogle is paid the more Rodriguez-Borrego is paid. Accordingly, Rodriguez Borrego can no longer serve as the guardian ad litem. See Williams v. Superior Court, 147 Cal.App.4th 36, 48 (2007) (noting that a father has a conflict of interest with his children with respect to his children's lawsuit arising out of their mother's wrongful death when the father also has a wrongful death claim; therefore the father cannot serve as his childrens' guardian ad litem). As of the date of this Order, Rodriguez Borrego is removed as the guardian ad litem for plaintiffs Victor Manuel Ortega Rodriguez, Adrian Jiminez Rebollo, Samuel Chavez Morales, and Sheridiane Emanuel Lopez Vasquez (also known as Cheriban Emanuel Lopez Vasquez). These plaintiffs have been identified fictitiously in this litigation as Jose Roe I, Jose Roe II, Jose Roe III, and Jose Roe IV.

While these plaintiffs have now reached the age of majority due to the protracted nature of this litigation, the Court finds that it must appoint a new guardian ad litem to adequately protect these plaintiffs' interests. These plaintiffs are poor, uneducated, live in Mexico and do not speak English. Moreover, they were minors at the time their guardian

1 consented to Replogle's legal representation. As a practical matter, they are incapable of
2 representing their interests with respect to Replogle's significant fee request.
3 Accordingly, after careful consideration, the Court appoints attorney James Wagstaffe as
4 guardian ad litem for the Jose Roe plaintiffs. Mr. Wagstaffe and his firm are experienced
5 federal practitioners, who have represented guardians ad litem in prior cases and served by
6 appointment of the California Superior Court to represent minors.

The Court authorizes Mr. Wagstaffe and his law firm, Kerr & Wagstaffe, to perform legal services on behalf of the Jose Roe plaintiffs. See 35A Cal. Jur. 3d Guardianship and Conservatorship § 329 (2008) ("A guardian ad litem who is also an attorney capable of attending to the litigation ordinarily should not engage another attorney in the proceeding"). Mr. Wagstaffe and his firm shall be paid at an hourly rate, not to exceed $400 an hour for partner time, and all bills shall be approved by the Court before being paid. Such payments will not be made unless and until the Ninth Circuit stay is vacated. Mr. Wagstaffe's cv is attached to this Order.

**IT IS SO ORDERED.**

Dated: Feb. 8, 2008

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE