1  John D. O'Connor (SBN 54238)
   Bradley P. Kaplan (SBN 148647)
2  O'CONNOR AND ASSOCIATES
   One Embarcadero Center
3  Tenth Floor, Suite 1020
   San Francisco, CA 94111
4  Telephone: (415) 693-9960
   Facsimile: (415) 981-0222
5
   Special Fee Counsel for
6  Law Offices of John E. Hill

7

8                  UNITED STATES DISTRICT COURT
9
                NORTHERN DISTRICT OF CALIFORNIA
10
                    SAN FRANCISCO DIVISION
11
   JOSE ROE I, et al.,                    Case No.: C-03-04035-CRB
12
              Plaintiff,            **BRIEF IN SUPPORT OF LAW OFFICES
13      v.                          OF JOHN E. HILL'S REQUEST FOR
                                    ATTORNEYS' FEES**
14  THOMAS F. WHITE, et al.,
                                    **EXHIBITS 19-27**
15            Defendant.
                                    Hearing Date: May 1, 2008
16                                  Time:            9:00 a.m.
                                    Courtroom:    A – 15th Floor
17                                  Judge:        Magistrate Judge Joseph Spero

18

19

20

21

22

23

24

25

26

27

28

June 13, 2005 letter from Replogle regarding fee agreement.

*NOT INCLUDED*

# **Exhibit  No. 19**

*PREVIOUSLY FILED AS DOCKET NO. 754*

## Exhibit_No. 20

*PREVIOUSLY FILED AS DOCKET NO. 763*

## Exhibit  No. 21

**<u>Exhibit  No. 22</u>**

 Windows Live™

RE:
From: **MAURICIO RODRIGUEZ** (pvrentas@hotmail com)
Sent: Wed 5/16/07 6:30 PM
To: davidreplogle@hushmail com
Cc: johnhill-law@msn com

the concept is simply its a matter of principals, you know me and you know
I'm a fear less specially when i know im right. all the clients are
complaying about your behaves, and we dont want to be a part of it, its
simply, our clients are really sensitives about that and all of them really
belive that you are  screw up the suit. cause you are acting like the person
we are fighting and thats not good i dont care if is in US MEXICO OR ANY
OTHER PLACE

>From: <davidreplogle@hushmail.com>
>To: "MAURICIO RODRIGUEZ"<pvrentas@hotmail.com>
>CC: <johnhill-law@msn.com>
>Subject: RE: Date: Wed, 16 May 2007 17:57:18 -0700
>
>-----BEGIN PGP SIGNED MESSAGE-----
>Hash: SHA1
>
>Mauricio ---
>
>The contract with the victims is with my office.   Your fees, if
>any, come as a result of that contract through me.    To the extent
>John Hill gets paid, he gets paid under the contract with my
>office.
>
>Even if the victims decided to get a new lawyer, I would still be
>paid.   The new lawyer would need to share the fee with me on a pro
>rata basis based on the amount of time devoted to the case..  The
>concept is called "quantum meruit" from the latin.   In fact, that
>is the agreement John Hill and I have concerning the case --- the
>fee will be distributed in accordance with the value of the effort
>of each person.   Value is generally determined based on time
>devoted to a case.
>
>You have no direct right to any fees.   It only comes from my
>office.
>
>I went to great lengths to protect you before the courts in the US
>when White and his people tried to disparage you.   Furthermore,
>you should know that over the years the victims have repeatedly
>complained to me about you, telling me that I should not pay you.
>I always defended you to the clients.
>
>After I have been steadfast in protecting you, you now seek to stab
>me in the back.
>
>Since you have unilaterally acted to break our agreement, I will
>consider the agreement with you materially breached.  If you would
>like to receive compensation for your services, please prepare a
>detailed accounting of your time.   At such time as the court

```
>releases the funds, I will make sure you receive compensation for
>all time you can demonstrate you devoted to the case at your
>regular hourly fee
>
>You should also be aware that interfering with a lawyer's contract
>with a client is actionable in the United States.  If you take any
>action to interfer with my contracts with the victims, I will seek
>damages against you in the US courts.
>
>I expect people like Flores to sneak around in the shadows to work
>their dishonorable deeds.  I expected more from you.
>
>Before you take any more actions against me, I suggest you consult
>with legal counsel in the United States.
>
>David Replogle

>On Wed, 16 May 2007 17:32:59 -0700 MAURICIO RODRIGUEZ
><pvrentas@hotmail.com> wrote:
> >DAVID:
> >
> >FLORES HAS PICTURES OF YOU HANGING OUT WITH YOUNG MENS AND A I
> >BELIVE THAT
> >CAN HURT OUR SUIT.
> >NOBODY TOLD ME I SAW U WITH THOSE YOUNG GAYS, EVEN YOU RENT A
> >PLACE FOR THEM
> >ALL OUR VICTIMS SAW YOU WITH THEM.
> >WE USE TO WORK PERFECT TOGHETER, BUT NOT ANYMORE, YOU LEFT ME
> >ALONE,  YOU
> >DIDNT HONOR YOUR WORD WITH THE MAIN PROSECUTOR AND NOW HES ON
> >CHARGE OF THE
> >SECRETARY OF STATE. EVENT DANY TRY TO STEAL THE EVIDENCE IN FRONT
> >OF US.
> >YOU WILL GET A FORMAL LETTER WITH THE MOTIVES OF MY DECISION.
> >
> >>From: <davidreplogle@hushmail.com>
> >>To: <pvrentas@hotmail.com>
> >>Date: Wed, 16 May 2007 15:49:39 -0700
> >>
> >>-----BEGIN PGP SIGNED MESSAGE-----
> >>Hash: SHA1
> >>
> >>Do you know when we can get a certified copy of the judgment?
> >>
> >>I need it to give to the court here
> >>
> >>Thanks.
> >>
> >>DAVID REPLOGLE
> >>550 Montgomery St., Ste. 550
> >>San Francisco, CA 94111
> >>Telephone: (415) 362-4700
> >>Facsimile: (415) 781-6683
> >>E-mail: davidreplogle@hushmail.com
> >>-----BEGIN PGP SIGNATURE-----
> >>Note: This signature can be verified at
> >https://www.hushtools.com/verify
> >>Version: Hush 2.5
> >>
```

```
> >>wpwEAQECAAYFAkZLia0ACgkQ3yRG4R5wKMHetAP8DvrviSRFhfHJ+2ViZbAa9407Su
>
> >ty
> >>EzSfNJWunUcbCZWmw4hMIlJYzQ/LKprmeeI2BoeeiHPtRzUmwGHGgJEX6bPCFwWjf7
>
> >Xt
> >>qlaZf0JtLDNjR67YUm/W7x0z0FBojMOCLfMMS2BQ493jPb/wDnDS3CKIy27vZJVuop
>
> >lt
> >>dDlwdrs=
> >>=OTNx
> >>-----END PGP SIGNATURE-----
> >>
> >>
> >
> >
> >Llamadas gratis de PC a PC con Windows Live Messenger en
> >Prodigy/MSN
> >www.prodigy.msn.com
>DAVID REPLOGLE
>550 Montgomery St., Ste. 550
>San Francisco, CA 94111
>Telephone: (415) 362-4700
>Facsimile: (415) 781-6683
>E-mail: davidreplogle@hushmail.com
>-----BEGIN PGP SIGNATURE-----
>Note: This signature can be verified at https://www.hushtools.com/verify
>Version: Hush 2.5
>
>wpwEAQECAAYFAkZLp5cACgkQ3yRG4R5wKMFwBQP8DDDlOrHj+BiRUqwwmTkYr0uGTmuP
>TcfOUFXXv2+oawaZr9XUBWZPa7iXetseIIgr3OMgrd34Xo9u2Zy8b5oXi3sxNtTN5ck8
>vS7QAdDARv+z5FnicuPxMQv7FAjua+GVc8YYf0hwNbVo+j8HT2j3f+N+8dUQR2Hycs4+
>uHlmwJY=
>=GIjY
>-----END PGP SIGNATURE-----
>
>
```

Te gusta estar en control, crea tu propia experiencia en Internet
http://live.com

*PREVIOUSLY FILED AS DOCKET NO. 497*

# Exhibit  No. 23

**<u>Exhibit  No. 24</u>**

# LAW OFFICES OF JOHN E. HILL

### A PROFESSIONAL CORPORATION

John E. Hill
Daniel A. Stenson
Michael P. Guta

Of Counsel
Melvin M. Belli (1907-1996)

8105 Edgewater Drive, Suite 100
Oakland, California 94621

Telephone (510) 588-1000
danielstenson@hill-law-offices.com
Facsimile (510) 729-6333

Ian M. Cooper
Mark J. Shostak
Inna Bimits
Joanne Attard-Helvig

JuLy 24
August~~h~~ 2007

David Replogle
Law Offices of David Replogle
550 Montgomery Street, Suite 550
San Francisco, CA 94105

## VIA FACSIMILE & U.S. MAIL

RE: *ROE v WHITE*
ACTION NO. 03-4035-CRB

Dear David:

We received a copy of your recent letter to Geoffrey Rotwein, which included a copy of the proposed Trust. I do not know whether you have already provided the proposed Trust to the Court, but I did want to make some observations regarding the language now included in the proposed Trust.

Given that everyone has an interest in seeing this matter finalized and the mechanism put in place which will enable the plaintiffs to receive what is due to them, it makes sense to address these concerns now and, hopefully, make any changes which are necessary to the proposed Trust so that it is in conformity with the terms of the Settlement Agreement, protects the plaintiffs and is in a form which will be approved by Judge Breyer. With that in mind, here are my thoughts:

1. Paragraph A (1) of Article Two of the proposed Trust establishes one trust until it is time for distribution to any one party (at age 30), at which time that individual's share is separated out. However, the terms of the Settlement Agreement specifically require that separately identifiable trust accounts be set up for each plaintiff (Paragraph 3.3(A)).

2. The Settlement Agreement says the Trust is to advance such sums as are necessary for each plaintiff to buy a house. (Paragraph 3.3(C). I recall that Jude Breyer had a problem with this provision, since there was no real way to quantify it. Still, as drafted that provision is not in the Trust document. Leaving it out may be the more prudent course, since the Trust allows for a request for extraordinary payments, which could include this.

David Replogle

July 24, 2007
Page 2

3.     The Settlement Agreement calls for payment of the corpus to each plaintiff once they can
       demonstrate they can handle their own affairs (Paragraph 3.3(D). However, the proposed
       Trust simply releases whatever is due to each plaintiff when they reach age 30. Again,
       that may represent a practical choice, but it is not what the plaintiffs signed off on. If this
       is to be proposed, the difference at least needs to be explained to the Court.

4.     The Settlement Agreement (Paragraph 3.5) seems to be attempting to limit the District
       Court's continuing jurisdiction over the Trust to enforcement of its terms, whatever that
       means. The proposed Trust gives continuing jurisdiction over the Trust to the San
       Francisco Superior Court. I think that Judge Breyer has to maintain jurisdiction over the
       Trust, and there is no nexus with the plaintiffs which would convey jurisdiction upon the
       San Francisco Superior Court. If a Trust is established, it must remain under Judge
       Breyer's supervision.

5.     The proposed Trust document provides that all settlement funds are to be paid to the
       Trust initially. That makes no sense since it would mean additional trustee fees without
       any additional benefit to the plaintiffs, given that fees are based upon Trust holdings.
       And that provision is in direct conflict with another provision of the proposed Trust that
       says (in Paragraph C) that the Trust property shall include the "net proceeds" after
       payment of attorneys fees and costs.

6.     The proposed Trust says that after receipt of all the funds the Trust first pays attorneys
       fees and costs to David Replogle (Paragraph 5). Again, attorneys fees ad costs should be
       paid from the funds held by the Court, with the balance going into the Trust, so the Trust
       would not have the funds to make such a payment. Additionally, such a provisions would
       violate the arbitration agreement between you and John regarding resolution of attorneys
       fees' claims. Until any dispute regarding attorneys fees and case costs is resolved the
       funds designated for those purposes have to stay in the control of the Court or in the
       control of some other entity which is mutually agreeable to you and to John.

7.     The proposed Trust says that all amounts accrued as interest are immediately to be
       distributed to the plaintiffs once the trust is funded. As I understand it, the argument for
       setting up a Trust is that the plaintiffs cannot handle money. If so, why would the Trust
       call for an immediate payment to each plaintiff of some $30,000 (assuming 20 plaintiffs
       and $600,000.00 in interest)? And, once again, if they are to get the money right away,
       why put it in trust, since that will effect the amount of fees charged by the trustee?

David Replogle

July 24, 2007
Page 3

8.    The proposed Trust document does not contain any confidentiality provisions  I believe
      confidentiality is required by the terms of the Settlement Agreement.

9.    The proposed Trust appoints Wells Fargo as trustee, an entity which I suspect Judge
      Breyer would approve. I did not see any mention of a bond, but I would hope such a
      commitment would be required from the Trustee. The proposed Trust says Wells Fargo
      gets paid according to its regular compensation schedule  Again, I feel confident the
      Court will approve the schedule, but I think the Court will want to see the schedule before
      approving the trustee's appointment.

10.   The proposed Trust gives authority to the San Francisco Superior Court to appoint a
      successor trustee if Wells Fargo resigns (Paragraph E). I think that authority has to stay
      with Judge Breyer.

11.   Paragraph 11 of the proposed Trust creates the position of "Trust Protector."  I can see no
      basis for the creation of this position.  Paragraph A (2) of Article Two discusses the
      duties of the Protector. All the duties listed are duties which should be handled by a
      trustee or its agents (distributing funds, responding to requests for additional funds,
      making sure the beneficiaries receive the funds, etc). There is no basis for a finding that
      (1) the trustee can do theses things or (2) that a so-called Protector will be any better
      equipped to do so. A beneficiary can hire an attorney and seek compensation from the
      trust for the attorney, if help from someone other than the trustee is really needed. I
      assume that what Judge Breyer will want is that bank accounts for the individuals be set
      up in Mexico and each month the Trustee will electronically transfer the requisite funds
      in to the plaintiffs' individual accounts. No Trust Protector is required to accomplish
      that.

12.   The Protector is put under the jurisdiction of the San Francisco Superior Court and can
      resign on 90 days notice. Again, I think jurisdiction remains with Judge Breyer.

13.   The initial person nominated as Protector is C. Joseph Smith. If the Protector idea were
      approved, Judge Breyer would no doubt want to know more about who C. Joseph Smith
      is, and he would probably require a bond be posted if he is handling plaintiffs' funds.

14    Paragraph I of the proposed Trust has the accounting done by the Protector. This is a job
      for the trustee.

15.   The proposed Trust provides that the Protector gets paid for his services, and also gets
      paid for all his expenses, including travel expenses ( Article Two, second paragraph in

Section A(2)). I think that is potentially problematic.

**David Replogle**

**July 24, 2007**
**Page 4**

16.    The trust calls for distribution of all net income each month (Article Two, Section A(4).
       That's reasonable. But, of course, the trustee is supposed to distribute the funds to the
       Protector, even though the Protector is supposed to have set up accounts in Mexico for
       the plaintiffs. Again, I think Judge Breyer will want the funds to go directly to accounts
       set up for the plaintiffs, not to an intermediary.

17     The proposed Trust documents says the trustee has unlimited discretion to advance any
       sums upon request to any plaintiff for medical, educational or other extraordinary needs.
       (Article Two, Paragraph A(6). If the idea is to protect the plaintiffs from themselves, this
       seems like fairly broad powers to be granting. If discretion is unlimited, why not just give
       the plaintiffs their money and be done with it?

18.    The proposed Trust provides that all requests for extraordinary distributions are required
       to come from the Protector for consideration. Why? A beneficiary has to have the
       direct right to at least ask for a distribution, whether they get it or not.

19.    The trust as proposed gives the trustee the power basically to do any legal act with the
       funds held. It can buy and sell property, securities, hire investment managers, etc. While
       you certainly don't want to restrict the trustee, it doesn't make much sense to have the
       trust buying and selling property given the very short life span the trust will have, and if
       separate trusts are required there's not much there to buy property with in any one trust.

20.    The proposed Trust says the venue for any action regarding the trust would be San
       Francisco Superior Court. I believe matters that come up necessarily belong before Judge
       Breyer.

All in all, there are both pragmatic issues and contractual issues that I believe need to be
addressed before submission of the proposed Trust to the Court. Certain matters require revision
simply to be in conformity with the Settlement Agreement. And other matters require
clarification or modification to provide a basis for approval by the Court.

I think the choice of Wells Fargo as a trustee is a fine choice, as Wells Fargo can take the steps
necessary to deliver the funds due to the plaintiffs on a regular basis through electronic
transactions. If the plaintiffs need further assistance, they can contract for that assistance outside
the terms of the Trust, rather than having the Trust institutionalize a second intermediary in the
form of a Trust Protector.

David Replogle

July 24, 2007
Page 5

We welcome your thoughts as we move forward.

Very truly yours,

DANIEL A. STENSON

DAS:dn

# Exhibit  No. 25

**Main Identity**

| | |
|---|---|
| **From:** | <DavidReplogle@aol.com> |
| **To:** | <johnhill@hill-law-offices.com> |
| **Sent:** | Tuesday, July 31, 2007 5:11 PM |
| **Subject:** | (no subject) |

If Dan does not back off, I will fire you.    I am not going to tolerate any more shenanigans from anyone.

I am simply moving forward to close the case in accordance with the approved settlement agreement.

Get a sneak peek of the all-new AOL.com.

*PREVIOUSLY FILED AS DOCKET NO. 764*

## Exhibit  No. 26

*PREVIOUSLY FILED AS DOCKET NO. 793*

# Exhibit  No. 27