DAVID REPLOGLE, SBN 077875
LAW OFFICES OF DAVID REPLOGLE
A Professional Corporation
550 Montgomery Street, Suite 550
San Francisco, California 94105
Telephone: (415) 362-4700
Facsimile: (415) 781-6683

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOSE ROE I, *et al.*, | Case No. No. C-03-4035-CRB |
| Plaintiffs, | |
| vs. | |
| THOMAS F. WHITE, *et al.*, | Date:  May 1, 2008<br>Time:  9:00 a.m. |
| Defendants. | |

**PLAINTIFFS' COUNSEL'S TRIAL BRIEF**

**I**

**INTRODUCTION**

The attorneys fees and costs awarded in this action were all awarded under the retainer agreements between the Plaintiffs and their lawyer, David Replogle.

Mauricio Rodriguez Borrego ("Borrego") and John Hill ("Hill") are only entitled to compensation as a result of their relationship to Replogle and under Replogle's contracts with his clients.

The court awarded a total amount to compensate all counsel for fees and costs.   Counsel agreed to be bound by the decision of this court subject to the Rules of Evidence and with the right to cross

examination but without the right to appeal.

Under Generally Accepted Accounting Principles, costs are to be paid first. After costs are paid, Replogle's agents, Hill and Borrego, are entitled to be paid pursuant to the agreements he entered into with them.

## II
## CLAIM BY MAURICIO RODRIGUEZ BORREGO

Borrego claims to be owed 20% of the fees earned in this case. Borrego was entitled to 20% for the adult Plaintiffs and up to a like amount for the minor Plaintiffs if approved by the court. Plaintiffs' counsel does not contest the award to Borrego of 20% of the net payment of fees and costs, after payment of costs, regardless whether it is characterized as attorneys' fees or guardian ad litem compensation.

## III
## CLAIM BY JOHN E. HILL

Plaintiffs' Counsel, David Replogle, began investigating White's activities in Mexico on November 1, 2002, nearly a full year before the complaint was filed. John E. Hill expressed no interest in that investigation and had no role in it. Because of Hill's limited role in the investigation of the federal claims and because of Hill's failure to act in conformity with standards expected by Replogle, Replogle advised Hill that in the federal action Replogle would be lead counsel and that Hill would be associated into the case in a secondary role. Although there was no written contract between Replogle and Hill, it was understood that Hill would be paid the reasonable value of his services. Hill was made aware that his compensation would be linked to and be

1  commensurate with the work he actually performed.

2  On August 13, 2003, Jose Roe ("Roe") entered into a written
3  contract with David Replogle whereby Replogle agreed to represent Roe
4  by prosecuting a claim against Thomas F. White and bringing and
5  maintaining a civil action against White in the United States District
6  Court for child sex tourism under 18 U.S.C. §§ 2423 and 2255.   Replogle
7  was the only attorney retained by Roe.

8  On September 4, 2003, Replogle filed the complaint in this
9  action against White on behalf of Roe as a result of White's violation of 18
10 U.S.C. §§ 2423 and 2255 (hereafter the "Sex Tourism Civil Action").

11 In filing the Complaint, Replogle was named as lead counsel.
12  Hill was listed as associated counsel.

13 After the complaint was filed, 21 additional victims entered
14 into written contracts with Replogle whereby Replogle agreed to represent
15 them by prosecuting claims against White for child sex tourism under 18
16 U.S.C. §§ 2423 and 2255.   The Plaintiffs had direct contracts with
17 Replogle and only Replogle.   Hill's role was limited to that of associated
18 counsel, a fact made known to him from the inception.

19 During the year following the filing of the complaint on
20 behalf of Roe, Replogle amended the complaint and joined the 21
21 additional Plaintiffs in the Sex Tourism Civil Action.

22 Hill had virtually no involvement in the case.

23 Hill traveled to Mexico for one day in the fall of 2003 to meet
24 with Mauricio Rodriguez Borrego.   After that one day, Hill never
25 returned to Mexico until May of 2007.   Hill never met any of the
26 Plaintiffs until he met 2 of the Plaintiffs in May of 2007.   In fact, Hill
27 never asked to meet with any of the Plaintiffs.   Hill's role as associated
28 counsel was limited and secondary.

1        Hill also had virtually no involvement in the case in the
2   United States.   The pleadings in this case are voluminous.   Hill
3   prepared, at most, perhaps 12 pages of pleadings in this case.   All other
4   work was done by Replogle, Plaintiffs' lawyer.
5        According to the records in this case, Hill's involvement was
6   limited to accompanying Replogle to several court appearances and to
7   the settlement conference before Judge Spero.   Similarly, the record will
8   reflect that virtually all of the oral presentations before the court were
9   made by Replogle, not Hill.
10       Because Hill had a limited role and was simply hired by
11  Replogle as his agent to assist Replogle in the prosecution of the Sex
12  Tourism Civil Action, Replogle, as Hill's principal, retained the right to
13  terminate Hill at will under Section 2356 of the California Civil Code.
14       Hill had no contract with the Plaintiffs, a fact known to Hill
15  from the inception.   Hill was Replogle's agent and could be terminated at
16  will by Replogle, his principal.
17       In June of 2005, Replogle negotiated a settlement of the Sex
18  Tourism Civil Action.   Before the settlement agreement was executed by
19  White, Hill began to assert, for the first time, that he, Hill, should be paid
20  50% of the fees earned under Replogle's contracts with the Plaintiffs even
21  though Hill had contributed virtually no effort to the case.   At that time,
22  it was estimated that Hill had contributed less than 2% of the time
23  devoted to the case.
24       A dispute ensued between Replogle and Hill concerning Hill's
25  claim to compensation.   Replogle and Hill then reduced their agreement
26  to written form which explicitly provided that Hill would be compensated
27  under the principles of *quantum meruit* for actual hours devoted by Hill in
28  assisting Replogle in representing Replogle's Clients in Sex Tourism Civil

1  Action.   Replogle has, at all times, advised Hill that he, Replogle, was,
2  and is, prepared to adhere to that written agreement
3        Where, as here, two counsel claim to be owed fees under
4  *quantum meruit*, the proper application of the law requires that the fees
5  be allocated between the lawyers in proportion to the time spend on the
6  case by each.   *Joseph E. Di Loreto, Inc. v. O'Neill*, 1 Cal. App. 4th 149,
7  156-57 (1991); *Spires v. American Bus Lines,* 158 Cal. App. 3d 211, 215-
8  16 (1984).
9        In accordance with accepted business practices in the legal
10 profession and consistent with his long standing practice, Plaintiffs'
11 counsel kept contemporaneous time and expense records.   According to
12 those contemporaneous time records, Replogle devoted more than 6,189
13 hours of attorney time to prosecute this case.    The fees are divided into
14 the following  categories and attached as Exhibits to the fee declaration
15 filed on March 28, 2008:
16        Exhibit A            3190.6 hours representing all
17                             recorded time from the beginning of
18                             the investigation to the entry of the
19                             order approving the settlement
20                             agreement
21        Exhibit B            441.0 hours representing all
22                             recorded  time from the approval of
23                             the settlement agreement to the
24                             entry of judgment
25        Exhibit C            2,557.7 hour representing all
26                             recorded time from the entry of the
27                             judgment to the present.
28        Plaintiffs' counsel also recorded an additional 548.5 hours of

1 time which was required as a result of third parties such as Safire
2 interfering with this case. Those billing records are attached as Exhibit
3 "D" to the fee declaration filed herein on March 28, 2008.
4 At the time the original complaint was filed, there was one
5 Plaintiff. The first Plaintiff was a minor. Because Hill represented to
6 Plaintiffs' counsel that he was familiar with and had extensive experience
7 as a personal injury attorney including the representation of minors, it
8 was assumed that an attorney with that degree of experience would know
9 that time relating to representing a minor plaintiff would require
10 contemporaneous time records to be presented to the court.
11 In addition, the action was based on a 18 U.S.C. § 2255, a
12 federal statute which provides for the recovery of attorneys' fees after
13 judgment. Hill knew, therefore, that he would be required to
14 substantiate any time he devoted to this case if the matter went to trial
15 by providing contemporaneous time records.
16 Hill has failed to provide his principal, David Replogle, with
17 contemporaneous time records despite being requested to do so since
18 2005. However, an analysis of the actual contemporaneous time records
19 kept by Plaintiffs' counsel reveals that in the most generous of
20 interpretations Hill devoted fewer than 100 hours to this case. Hill
21 went to a few court hearings, met with the medical expert and attended
22 the settlement conference. But for those few tasks, Hill did not
23 participate in this case.
24 Hill agreed to be paid pursuant to the principles of *quantum*
25 *meruit*. Under those principles, Hill is entitled to be compensated for
26 work he actually performed. However, he is not entitled to be paid for
27 work he did not do.
28 The law requires that Hill's claim be apportioned pro rata

1  based on the hours he actually worked.  *Joseph E. Di Loreto, Inc. v.*
2  *O'Neill*, 1 Cal. App. 4th 149, 156-57 (1991); *Spires v. American Bus Lines,*
3  158 Cal. App. 3d 211, 215-16 (1984).   Plaintiffs' lawyer, David Replogle,
4  devoted in excess of 6,000 hours to this case.   Hill, as Replogle's
5  associate, devoted less than 100 hours to this case.   Hill devoted less
6  than 2% of the time required to bring this case to conclusion.   Applying
7  the agreed *quantum meruit* principles to this case, Hill is, therefore,
8  entitled to no more than 2% of the fees awarded in this case.

## IV
## CONCLUSION

Based on the evidence to be presented in this case, it is urged that the Court enter an order awarding Plaintiff's counsel the full amount of his claimed costs.   After the costs are paid, Borrego and Hill are entitled to be compensated under their contracts with Replogle. Under Hill's contract with Replogle, Hill is limited to work he actually performed to be paid on a pro rata basis based on the total attorney time required by this case.

Dated: April 21, 2008.          Respectfully submitted,

                                LAW OFFICES OF DAVID REPLOGLE
                                A Professional Corporation

                                        /s/
                                _____
                                By David Replogle,
                                Attorneys for Plaintiffs

**PROOF OF ELECTRONIC SERVICE**

I declare under penalty of perjury that the foregoing is true and correct:

I am a citizen of the United States over the age of eighteen years, employed in the City and County of San Francisco, California, and not a party to the within entitled cause; my business address is 550 Montgomery Street, Suite 550, San Francisco, California.

On April 21, 2008 I served the following:

**PLAINTIFFS' COUNSEL'S TRIAL BRIEF**

on the interested party(ies) in said cause, by causing an electronic delivery subject to 28 U.S.C. § 1746, Local Rules or General Orders of this Court regarding Electronic Case Filing addressed as follows:

| | |
|---|---|
| Geoffrey Rotwein<br>400 Montgomery St., Ste. 200<br>San Francisco, CA 94104<br>E-mail: geoffrottwein@sbcglobal.net | Attorneys for Defendant<br>Thomas F. White |
| Gilbert Eisenberg<br>400 Montgomery St., Ste. 200<br>San Francisco, CA 94104<br>E-mail: g.eisenberg@sbcglobal.net | Attorneys for Defendant<br>Arthur J. Collingsworth |
| John Dennis O'Connor<br>One Embarcadero, Ste. 1020<br>San Francisco, CA 94111<br>E-mail: johnoconnorlaw@gmail.com | Attorney for John E. Hill |
| Thomas H. Kawaii<br>Gwire Law Offices<br>235 Pine St., Ste. 1100<br>San Francisco, CA 94104<br>E-mail: kawaii@qwirelaw.com | Attorneys for Mauricio<br>Rodriguez Borrego |
| James Wagstaffe<br>Kerr & Wagstaffe, LLP<br>100 Spear St., Ste. 1800<br>San Francisco, CA 94104<br>E-mail: wagstaffe@kerrwagstaffe.com | Guardian ad Litem |

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on April 21, 2008 at San Francisco, California.

/s/
_____
DAVID REPLOGLE