IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ROE, et al., | No. C 03-04035 CRB |
| Plaintiffs, | **ORDER DENYING DEFENDANT'S FIFTH MOTION TO VACATE** |
| v. | |
| THOMAS WHITE, | |
| Defendant. | |

Now pending before the Court is defendant Thomas White's fifth motion to vacate the settlement and judgment in this action. After carefully considering White's papers, and based on this Court's intimate knowledge of the facts of this case, White's motion is DENIED and his motion for a stay is also DENIED.

**DISCUSSION**

White's latest motion to vacate is based on an argument he has repeatedly made to this Court and the Ninth Circuit: that the former guardian ad litem's fee agreement with plaintiffs' counsel constitutes fraud requiring the Court to vacate the judgment. White's motion fails because it is untimely and lacks any merit.

**A.     White's motion is untimely**

Federal Rule of Civil Procedure 60(b) governs a district court's discretion to vacate a final judgment:

1  **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

The Rule limits the time period during which such a motion can be made; specifically, a motion pursuant to 60(b)(1)(2) or (3) must be brought within one year of the entry of the judgment. Fed. R. Civ. P. 60(c)(1).

The judgment in this case was entered in December 2005, more than two years before White filed the pending motion to vacate. In an acknowledgment of this barrier to the relief he seeks, White purports to bring his motion pursuant to Rule 60(b)(6)–"any other reason that justifies relief." A motion pursuant to 60(b)(6) must be brought within a "reasonable" time. Fed. R. Civ. P. 60(c)(1).

White's motion, however, is based on fraud: he argues that the failure of counsel Replogle and the former guardian ad litem to disclose their fee sharing agreement perpetrated a fraud on the Court and defendant. Thus, White's motion fits squarely within Rule 60(b)(3) and is subject to the one year time limitation. White cannot avoid this limitation by simply characterizing his motion as falling under the 60(b)(6) catch-all provision:

> [T]he very cast of the Rule and the language of clause (6) indicate that this residual clause is dealing with matter not covered in the preceding five clauses. Further, the maximum time limitation of one year that applies to clause (1), (2) and (3) would be meaningless, if after the year period had run the movant could be granted relief under clause (6) for reasons covered by clauses (1), (2) and (3).

United States v. Real Property and Residence, 920 F.2d 788, 791 (11th Cir. 1991) (quoting 7 J. Moore, Moore's Federal Practice, ¶ 60.27, at 60-266 (2d. ed. 1987))

White responds that (1) "extraordinary circumstances" justify the tardiness of his motion; (2) plaintiffs are equitably estopped from objecting to the timeliness of his motion; and (3) denying his motion as untimely violates his due process rights.

### 1.     **Extraordinary circumstances**

> In order to allow relief in deserving cases without generally abrogating time restrictions when relief is sought more than a year after judgment is entered, the courts have developed and applied an "extraordinary circumstances" test. If the reasons for seeking relief could have been considered in an earlier motion under another subsection of the rule, then the motion will be granted only when extraordinary circumstances are present.

Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2864 at p. 357. White has not come close to showing "extraordinary circumstances."

First, White could have brought his motion within the one year time period; indeed, White raised the issue of the guardian ad litem's fee sharing agreement at the October 7, 2005 hearing–more than two years before he filed his fifth motion to vacate the judgment. Plaintiffs' counsel admitted on the record that Borrego Rodriguez had a contingency interest in the case. October 7, 2005 Hearing Transcript at 10-15 (Docket no. 379). White argued that the cases are clear that a guardian ad litem cannot receive a share of the settlement, id. at 15, and asserted that as a result the Court had to vacate the appointment of Rodriguez Borrego as guardian ad litem along with the Court's approval of the settlement Id. at 12-13.

White raised the fee sharing issue again in a letter filed with the Court on November 1, 2005 (Docket no. 342). He argued that the appointment of Rodriguez Borrego had to be vacated and the settlement voided because of the guardian's "blatant financial improprieties."

Just a few days later White raised the issue again at the November 4, 2005 hearing on plaintiffs' motion for summary judgment: "I don't think I have any standing, but I do as a friend of the court, and an officer of the court. Mr. Borrego has a conflict of interest because apparently he's receiving some fees from Mr. Replogle." November 4, 2005 Hearing Transcript at 27-28. White also raised the issue with the Ninth Circuit in his appeal of the Court's December 2005 judgment.

White filed a third motion to vacate in 2006 (Docket no. 449)--within the one year time limitation--and could have raised the issue then. He expressly raised the issue in his fourth motion to vacate the judgment filed in December 2007(Docket no. 627), a motion which he voluntarily withdrew.

Second, White has not identified anything extraordinary, other than White's persistence in repeatedly raising the same issue before the Court. The public disclosure of the letter confirming an agreement to share 20 percent of Replogle's fees with the guardian ad litem and the attorneys' claims against each other regarding their fees did not present new material information; they merely confirmed the information of which White was aware in October 2005. Similarly, this Court's removal of Rodriguez Borrego as guardian ad litem because the fee agreement created a conflict of interest that prevented him from representing the minors' interest with respect to the attorneys' requests for fees and costs was not a new material development; again, the Court's order rested on the information of which White was aware in October 2005.

### 2. Equitable estoppel

Next, White argues that plaintiffs are "equitably estopped" from asserting the Rule 60(b)(3) one year time bar because the Court did not have jurisdiction to hear a Rule 60(b) motion while *White's* appeal was pending in the Ninth Circuit. White does not and cannot cite a single case that holds that the one year time limitation is tolled while an appeal of the judgment is pending. White is asking the Court to ignore the plain text of the Rule and simply make up new law without any support whatsoever. Moreover, White could have asked the Ninth Circuit to remand his appeal to this Court to consider a motion to vacate based on the fee sharing agreement. Commercial Union Ins. v. Greene, 1999 WL 33136246 *1 (C.D. Cal. 1999).

White's claim that Replogle and Rodriguez Borrego hid their fee sharing agreement and thus plaintiffs should not be allowed to benefit from the one year time period is contradicted by the above recitation of the facts: White argued in October 2005 and November 2005--before the appeal was even filed--that Rodriguez Borrego and Replogle had

4

a fee sharing agreement that created a disqualifying conflict of interest. At that time White represented to the Court that he did not have standing to challenge the settlement on that basis, but that his counsel was raising the issue as an officer of the Court. Because he has apparently changed his mind and has now believes that he does have standing does not mean the one year time limitation does not apply; to hold otherwise would render the one year limitation meaningless.

### 3. Due process

Finally, White complains that enforcing the one year time limitation will violate his due process rights since this Court did not have jurisdiction to decide a motion to vacate while *White's* appeal was pending. This argument fails for all the reasons explained above.

Accordingly, White's fifth motion to vacate must be denied as untimely.

### B. White's motion fails on the merits

Even if White's motion was not filed more than one year too late, the Court would deny the motion on the merits. The Court has previously rejected White's reliance on Keeling v. Sheet Metal Workers Int'l Assn., 937 F.2d 408 (9th Cir. 1991), see Oct.5, 2005 Memorandum and Order, and will not repeat its analysis here. White cannot continue to file motions based on the same arguments simply because he has the resources to do so.

White's claim that he "is entitled to rescind the Agreement given the Court's ruling that Borrego had a conflict of interest that disqualified him from signing" on behalf of the minor plaintiffs is a misrepresentation of the Court's order. The Court never so held; instead, the Court ruled that Rodriguez Borrego's fee agreement created a conflict of interest that prevented him from representing the minors in connection with plaintiffs' counsel's request for fees and costs. White has not cited any case that even remotely suggests the judgment is void because of the conflict of interest. His claim that a plaintiff may some day attack the judgment on the basis of the conflict of interest is pure speculation unadorned with citation to any law that demonstrates that the judgment is, in fact, subject to attack, let alone that a plaintiff is likely to make such a challenge. Such a challenge–as with White's challenge–would in any event be untimely. Moreover, as this Court has repeatedly stated,

5

notwithstanding the guardian ad litem's financial interest in this case, the Court independently reviewed the settlement and found–and continues to find–that it is an appropriate settlement and is in the best interests of the then minor plaintiffs.

Finally, as White acknowledges, in determining whether to exercise discretion under Rule 60(b)(6), courts "consider the risk of injustice to the parties in the particular case, the risk that the denial or relief will produce injustice in other cases, and the risk of undermining the public's confidence in the judicial process." Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 864 (1988). The only risk of injustice in this case arises from White's request that the Court vacate a final judgment that was affirmed by the Ninth Circuit following a binding settlement agreement knowingly entered into by White. As the current guardian ad litem points out, if White was actually concerned about the plaintiffs he could enter into a new agreement with the plaintiffs on the same terms. His goal, however, is to harm the plaintiffs, not help them. It would be the epitome of injustice to relieve White of his binding agreement and deprive the plaintiffs of their best opportunity to improve their damaged lives on the ground that their interests were somehow not adequately represented in the lawsuit.

**C.   The stay request is meritless**

White's request for a stay on the further distribution of settlement proceeds pending his appeal of the Court's denial of his fifth motion to vacate is denied. White's motion to vacate is untimely, is based on an argument repeatedly made to and rejected by this Court and the Ninth Circuit, and, in any event, fails on the merits. Moreover, White argued to the Ninth Circuit that the court should prohibit the distribution of the settlement proceeds in light of Borrego Rodriguez's conflict of interest and White's motion to vacate. The Ninth Circuit rejected this argument, holding instead that any monies this Court does not distribute to counsel and the guardian ad litem as a result of their misconduct should be distributed to the plaintiffs, which is precisely what this Court has done.

//
//

6

**CONCLUSION**

For the reasons stated above, White's fifth motion to vacate and his motion for a stay are DENIED. His motion for an order shortening time on his motion for a stay is DISMISSED as moot.

**IT IS SO ORDERED.**

Dated: April 22, 2008

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE