John D. O'Connor (SBN 54238)
Bradley P. Kaplan (SBN 148647)
O'CONNOR AND ASSOCIATES
One Embarcadero Center
Tenth Floor, Suite 1020
San Francisco, CA 94111
Telephone: (415) 693-9960
Facsimile: (415) 981-0222

Special Fee Counsel for
Law Offices of John E. Hill

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOSE ROE I, et al., <br><br> Plaintiff, <br> v. <br><br> THOMAS F. WHITE, et al., <br><br> Defendant. | Case No.: C-03-04035-CRB <br><br> **SUPPLEMENTAL DECLARATION OF JOHN E. HILL** <br><br> Hearing Date: May 1, 2008 <br> Time: 9:00 a.m. <br> Courtroom: A – 15th Floor <br> Judge: Magistrate Judge Joseph Spero |

I, John E. Hill declare as follows:

1. I am an attorney at law admitted to practice before all of the courts of the State of California and all federal courts in California. I am employed by the Law Offices of John E. Hill, A Professional Corporation, with offices located at 8105 Edgewater Drive, Suite 100, Oakland, California 94621. If called as a witness I could competently testify to the matters set out in this Declaration.

2. I am informed and believe that, by mid-August, 2005, Mr. Replogle and Danny Garcia had gone to Mexico for Defendant Thomas White's arraignment. I am further informed and believe that they acted inappropriately by attempting to see Mr. White in prison, approaching Mr. White's family and acting in a boisterous manner during the arraignment. By early September of 2005, Thomas White began attempting to invalidate the settlement. To prevent

SUPPLEMENTAL DECLARATION OF JOHN HILL        Case No. C-03-04035-CRB

1

Thomas White's attempts to derail the payment of funds, Mr. Replogle moved to summarily enforce the settlement. Judge Breyer denied this motion by Minute Order on October 7, 2005. At the same time, Judge Breyer suggested to Mr. Replogle that the appropriate procedural vehicle to accomplish his goal was not a motion to enforce the settlement, but a motion for summary judgment. The Court ordered that papers for such motion be filed by October 14, 2005. Judge Breyer's Minute October 7, 2005 Order (Docket No. 298) is attached to this declaration as Exhibit 41.

3. On October 11, 2005, Mr. Replogle filed a Motion for Summary Judgment. He did not provide a copy of the motion to me for review or comment before he filed it. True and correct copies of the Notice of Motion (Docket No. 424), Memorandum of Points and Authorities (Docket No 425) and Declaration of David Replogle in support of the Motion for Summary Judgment (Docket No. 426) are attached to this declaration as Exhibits 42, 43 and 44, respectively.

4. When I received Mr. Replogle's Motion for Summary Judgment, I was very concerned. In my opinion, the brief was insufficient and the evidence provided to the court did not meet the burden of proof necessary to obtain summary judgment. For example, despite the fact that Mr. Replogle was filing a motion seeking to enforce a settlement agreement, he did not bother to attach a copy of the agreement to his moving papers. I was very worried that, absent competent admissible evidence, the Court would deny the motion. To protect the clients' interests, I hastily prepared a "Further Memorandum of Points and Authorities in Support of Motion for Summary Judgment" (Docket No. 302) and my own Declaration in support of the motion (Docket No. 303) to provide the necessary evidence to allow the Court to grant the motion. True and correct copies of my Memorandum and Declaration are attached to this declaration as Exhibits 45 and 46, respectively.

5. I viewed Mr. Replogle's failure to properly support the Motion for Summary Judgment as merely one of the many examples of his lack of skill as a litigator and trial attorney. Mr. Replogle is a bankruptcy attorney. When he approached me about litigating and trying this

1 | case, I understood that he wanted my assistance because he did not possess the litigation and trial
2 | skills necessary to win a large and complicated case. I understand that Mr. Replogle has
3 | represented to various people and the Court that he is a "sexual tourism attorney" skilled at
4 | litigating such claims. I am aware, however, of only three sexual tourism cases Mr. Replogle has
5 | filed where I have not been associated as counsel. The first two of those actions were *Alcaraz*
6 | *Martinez v. White*, No. C-06-1595 CRB (N.D. Cal. 2006) and *Luna Truillo v. White*, No. C-06-
7 | 2322 CRB (N.D. Cal. 2006). Both of these cases were dismissed by the Court on *forum non*
8 | *convenes* grounds because Mr. Replogle failed to include any parties, allegations or claims with a
9 | nexus to California or the Northern District. A true and correct copy of the Court's order
10 | dismissing these actions is attached to this declaration as Exhibit 47. I am informed and believe
11 | that the third action, *Ramos Blas v. Wilcox, et al.*, No. CV-06-1575 AG (Ssx) (C.D. Cal. 2006)
12 | was voluntarily dismissed by Mr. Replogle with prejudice when he was presented with
13 | declarations verifying that he had an improper sexual relationship with one of his underage
14 | clients. *See* Evidence Submitted By John Hill In Support of Request for Attorneys' Fees ("Hill
15 | Evidence") at Tab 23.

16 |       6.      Attached to the Hill Evidence at Tab 1 is the declaration I submitted to the Court
17 | (Docket No. 806) detailing the events of this case. In paragraph 34 of that declaration, I stated
18 | that, after it became apparent to me that Mr. Replogle was attempting to prevent me from
19 | obtaining my agreed upon share of the attorneys' fees and costs, I traveled to Puerto Vallarta in
20 | October of 2007, met with several of the clients, and obtained fee agreements with the Law
21 | Offices of John E. Hill as well as letters of discharge of Mr. Replogle. Copies of those
22 | agreements and letters are attached to this declaration as Exhibit 48.

23 |       7.      Additionally, upon reviewing my declaration to prepare for the fee hearing (Tab 1
24 | to the Hill Evidence), I discovered that I referred to Exhibit K in two places in my declaration
25 | intending that each reference be a different document. The document under the "Exhibit K" tab
26 | is the Notice to Withdraw Representation filed by Eric Safire. That is the document I referred to
27 | in paragraph 29 of my declaration. However, in paragraph 11 of my declaration, I also refer to

28 | SUPPLEMENTAL DECLARATION OF JOHN HILL    Case No. C-03-04035-CRB

3

"Exhibit K" and intended to reference Mr. Replogle's July 27, 2007 declaration and "specimen" contingency fee agreement. Attached to this declaration as Exhibit 49 is a true and correct copy of Mr. Replogle's July 27, 2007 declaration and "specimen" contingency fee agreement to which I referred in paragraph 11 of my declaration.

8. Attached to this declaration as Exhibit 50 is a true and correct copy of a Substitution of Attorneys for Plaintiffs (docket No. 708) that purports to substitute Mr. Replogle in as counsel of record in lieu of Mr. Replogle *and Mr. Hill*. This document appears to be signed by 20 of the 22 plaintiffs on September 23, 2005, but was not filed for more than two years. Additionally, I did not sign this document. Instead, Mr. Replogle appears to have signed the document on my behalf. I never gave Mr. Replogle permission to sign this document on my behalf.

9. Attached to this declaration as Exhibit 51 is the Trust Protector's letter to Judge Breyer (Docket No. 765) summarizing the events of his trip to Puerto Vallarta to establish the trust for the plaintiffs.

10. Attached to this declaration as Exhibit 52 is a redacted string of email I received on April 21, 2008 between Mr. Replogle and Daniel Garcia.

11. Attached to this declaration as Exhibit 53 is a true and correct copy of my November 22, 2002 letter to Maria Nicolasa Garcia Reynosa in both Spanish and English.

12. Attached to this declaration as Exhibit 54 is a true and correct copy of an April 3, 2003 letter from David Replogle to Kate Dyer which was copied to me.

13. Attached to this declaration as Exhibit 55 is a true and correct copy of an August 5, 2003 letter from David Replogle to me.

14. Attached to this declaration as Exhibit 56 is a true and correct copy of an August 29, 2003 letter from David Replogle to Michael Guta of my office.

15. Attached to this declaration as Exhibit 57 are true and correct copies of my letters of September 8, 9, 10 and 13, 2004 to Nancy Clarence and Kathleen Dyer enclosing Dr. Angelone's reports concerning several of the plaintiffs.

SUPPLEMENTAL DECLARATION OF JOHN HILL     Case No. C-03-04035-CRB

16. Attached to this declaration as Exhibit 58 is a true and correct copy of a January 5, 2005 letter from Nanci Clarence to Judge Earnest H. Goldsmith which was copied to me.

17. Attached to this declaration as Exhibit 59 is a true and correct copy of a January 24, 2005 letter from me to David Replogle and a December 19, 2004 email that was the enclosure for the letter.

18. Attached to this declaration as Exhibit 60 is a true and correct copy of a June 13, 2005 letter from me to Judge Joseph Spero.

19. Attached to this declaration as Exhibit 61 is a true and correct copy of the Confidential Settlement Agreement and Mutual General Release to which plaintiffs' and defendant's counsel agreed during our meeting on June 20, 2005.

20. Attached to this declaration as Exhibit 62 is a true and correct copy of signed Confidential Settlement Agreement and Mutual General Release Mr. Replogle presented to Kate Dyer. This document is in two parts because of the multiple signatures.

I declare under penalty of perjury under the laws of the United States of America that the forgoing is true and correct. Executed this 30th day of April, 2008 at San Francisco, California.

_____
JOHN E. HILL

SUPPLEMENTAL DECLARATION OF JOHN HILL     Case No. C-03-04035-CRB