IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID REPLOGLE,<br><br>    Plaintiff,<br><br>  v.<br><br>MAURICIO RODRIGUEZ BORREGO, et al.,<br><br>    Defendants.<br>_____/<br>And related counterclaims<br>_____/ | No. C 07-04170 CRB<br><br>**ORDER OF DISMISSAL** |

The parties in this action represented the plaintiffs in Roe v. White, 03-4035 CRB. After Roe settled, the attorneys disputed the amount of attorney's fees to be awarded to each attorney. David Replogle subsequently filed this action arising from the dispute. After the Court issued an Order To Show Cause as to how it has subject matter jurisdiction of the matter given that it involves only state law claims and there is not complete diversity, Replogle filed an identical action in state court and moved to dismiss this action without prejudice.

All three parties--David Replogle, John Hill, and Mauricio Rodriguez Borrego–subsequently stipulated to binding arbitration to determine the allocation of attorney's fees in Roe. By Order dated May 8, 2008 this Court awarded counsel a total of

United States District Court
For the Northern District of California

1  $2,200,744.00 in fees and costs, and by Order filed the same day, Magistrate Judge Spero
2  serving as arbitrator, allocated the award of fees and costs among the competing attorneys.
3  Those monies have been distributed to counsel.  Thus, as far as this Court is concerned, the
4  issue of attorney's fees to be awarded in Roe v. White has been finally resolved.

5  Replogle now renews his motion to dismiss this case without prejudice.  Rodriguez
6  Borrego has not filed an opposition; however, Hill opposes the motion and has filed state law
7  counterclaims against Replogle.  There is no diversity jurisdiction or other basis for original
8  jurisdiction of the complaint and counterclaims; instead, Hill argues that this Court should
9  exercise ancillary or supplemental jurisdiction of the parties' contract and fraud claims.

10  In light of the distribution of the attorney's fees to counsel, the Court doubts whether
11  it could properly exercise ancillary jurisdiction over the remaining dispute.  The current
12  dispute does not involve the distribution of attorney's fees from a settlement fund–that
13  dispute as been resolved.  Nor does it involve the enforcement of a settlement agreement or
14  disputes arising under a settlement agreement.  Rather, it involves a dispute between former
15  co-counsel over their conduct as co-counsel and whether that conduct breached their fee
16  sharing agreement, a quintessentially state law case.  Even if the Court could exercise
17  ancillary or supplemental jurisdiction, it declines to do so.  If the parties wish to pursue their
18  state law claims against each other, they can do so in state court.

19  Hill's assertion that the parties' stipulation to arbitration somehow gave this Court
20  jurisdiction of the dispute in this action is incorrect.  Pursuant to the stipulation the Court
21  agreed to exercise its ancillary jurisdiction to determine the overall amount of attorney's fees
22  and costs in Roe which the Court did by Order filed May 8, 2008.  The attorney's fees
23  proceedings in Roe are now complete.  If Hill believes that Replogle's current state law
24  claim is barred by his binding arbitration agreement he may and must make such argument to
25  the state court.

26  //
27  //
28  //

2

1       Accordingly, this action, including counterclaims, is dismissed without prejudice.

2     **IT IS SO ORDERED.**

3 Dated: June 4, 2008



4                          CHARLES R. BREYER
                           UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California