JAMES M. WAGSTAFFE (95535)
MARIA RADWICK (253780)
**KERR & WAGSTAFFE LLP**
100 Spear Street, Suite 1800
San Francisco, CA 94105–1528
Telephone: (415) 371-8500
Fax: (415) 371-0500

Guardian Ad Litem for
JOSE ROE I, JOSE ROE II, JOSE ROE III, AND JOSE ROE IV

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ROE, et al., | Case No. C 03-04035 CRB |
| Plaintiffs, | **ORDER DENYING DEFENDANT'S MOTION TO VACATE JUDGMENT AND FOR SANCTIONS AND DEFENDANT'S MOTION TO STAY JUDGMENT PENDING RULING ON MOTION TO VACATE JUDGMENT** |
| v. | |
| THOMAS F. WHITE, et al., | |
| Defendants. | DATE: November 12, 2009<br>TIME: 11:00 a.m.<br>DEPT: 8, 19th Floor |
| | Hon. Charles R. Breyer |

Case No. C 03-04035 CRB                                                                 [PROPOSED] ORDER

1   This matter comes before the Court on Defendant Thomas F. White's Motion to Vacate
2 Judgment and for Sanctions and his Motion for Stay of Judgment Pending Ruling on Motion to
3 Vacate.  The Court has reviewed the papers submitted in connection with the motions and
4 considered the arguments of counsel.  For the reasons explained below, the Court is not inclined
5 to grant Defendant's Motion to Vacate and denies the Motion for Stay.

6   **DEFENDANT'S MOTION TO VACATE**

7   First, White's Motion to Vacate fails for lack of jurisdiction due to his pending appeal
8 from the underlying judgment.  "The filing of a notice of appeal divests the district court of
9 jurisdiction."  Gould v. Mutual Life Ins. Co. of New York, 790 F.2d 769, 772 (9th Cir. 1986).
10 "To seek Rule 60(b) relief during the pendency of an appeal, the proper procedure is to ask the
11 district court whether it wishes to entertain the motion, or to grant it, and then move this court, if
12 appropriate, for remand of the case."  Williams v. Woodford, 384 F.3d 567, 586 (9th Cir. 2004)
13 (internal quotation marks and citation omitted); Carriger v. Lewis, 971 F.2d 329, 332 (9th Cir.
14 1992).

15   Second, White's Motion to Vacate is untimely.  "A motion under Rule 60(b) must be
16 made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the
17 entry of the judgment or order or the date of the proceeding."  Fed. Rules of Civ. Proc. R.
18 60(c)(1).  "The long-standing rule in this circuit is that, 'clause (6) and the preceding clauses are
19 mutually exclusive; a motion brought under clause (6) must be for some reason other than the
20 five reasons preceding it under the rule.' . . . . That must be so, if the one-year limitation is not to
21 be repealed by judicial fiat."  Lyon v. Agusta S.P.A., 252 F.3d 1078, 1088-89 (9th Cir. 2001);
22 Simon v. Navon, 116 F.3d 1, 5 (1st Cir. 1997).  White's Motion to Vacate is based on alleged
23 fraud (rule 60(b)(3)) or newly-discovered evidence (rule 60(b)(2)) and thus cannot be brought
24 pursuant to 60(b)(6) to avoid the one-year time bar.

25   Additionally, the Motion to Vacate would be untimely even under rule 60(b)(6) which
26 requires that motions must be made within a reasonable time.  Fed. Rules Civ. Proc. R. 60(c)(1).
27 Neglect or lack of diligence is not to be remedied through rule 60(b)(6).  United States v. RG &
28 B Contractors, Inc., 21 F.3d 952, 956 (9th Cir. 1994).  Here, the delay is unjustified and highly



– 1 –

Case No. C 03-04035 CRB   [PROPOSED] ORDER

1 prejudicial.  White made the strategic decision to settle the claims without admitting liability and
2 with full knowledge of what he did or did not do.  Nothing prevented him from conducting
3 discovery to expose the alleged manufacturing of claims.  Moreover, due to the significant socio-
4 economic and psychological challenges concerning Plaintiffs, the undoing of the settlement and
5 belated challenge to the merits of their claims would prejudice Plaintiffs in their ability to present
6 their case.  Additionally, White has not shown due diligence because his August 3, 2006 motion,
7 declarations and testimony filed in support thereof, show that he knew, or at least had notice of,
8 the alleged fraud more than three years ago.  No showing has been made that the allegedly new
9 information could not have been obtained before the case was settled, or before the third motion
10 to vacate was filed in 2006.

11 Third, White has shown no extraordinary circumstances justifying relief from the
12 judgment.  The rule allowing the court to vacate the judgment "for any other reason that justifies
13 relief" "is to be utilized only where extraordinary circumstances prevented a party from taking
14 timely action to prevent or correct an erroneous judgment."  U.S. v. State of Wash., 98 F.3d
15 1159, 1163 (9th Cir. 1996).  A party who moves for rule 60(b) relief "'must demonstrate both
16 injury and circumstances beyond his control that prevented him from proceeding with . . . the
17 action in a proper fashion.'"  Latshaw v. Trainer Wortham & Co., Inc., 452 F.3d 1097, 1103 (9th
18 Cir. 2006).  In contrast, where parties have made deliberate litigation choices, rule 60(b)(6) does
19 not provide a second chance.  As the Supreme Court has observed, "[t]here must be an end to
20 litigation someday, and free, calculated, deliberate choices are not to be relieved from."
21 Ackermann v. United States, 340 U.S. 193, 211-212 (1950).  "When a party makes a deliberate,
22 strategic choice to settle, she cannot be relieved of such a choice merely because her assessment
23 of the consequences was incorrect."  Latshaw, 452 F.3d at 1101; Schwartz v. U.S., 976 F.2d 213,
24 218-19 (4th Cir. 1992).

25 Here, White voluntarily and with the advice of counsel decided to enter into the
26 settlement agreement with Plaintiffs.  White has failed to demonstrate any extraordinary
27 circumstances which may have prevented him from exposing the alleged fraud before entering
28 into the binding settlement.  His change of heart about the best strategy is not adequate grounds



– 2 –

Case No. C 03-04035 CRB [PROPOSED] ORDER

1  for relief under rule 60(b).  Thus, whether or not Plaintiffs' claims against White had any merit is
2  irrelevant.  Rule 60(b)(3) "is aimed at judgments which were unfairly obtained, not at those
3  which are factually incorrect."  De Saracho v. Custom Food Machinery, Inc., 206 F.3d 874, 880
4  (9th Cir. 2000).

5        Fourth, White's attempt to avoid the binding settlement under rule 60(b)(6) also fails
6  because it is against the principles of equity.  Following the admonitions of the Supreme Court,
7  this Circuit has used rule 60(b)(6) "sparingly as an equitable remedy to prevent manifest
8  injustice."  United States v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir. 1993);
9  Di Vito v. Fidelity & Deposit Co. of Md., 361 F.2d 936, 939 (7th Cir. 1966) ("[T]he relief
10  provided by Rule 60(b) is equitable in character and to be administered upon equitable
11  principles.")  In determining whether a judgment should be vacated under Rule 60(b)(6), the
12  Supreme Court has considered "the risk of injustice to the parties in the particular case, the risk
13  that the denial of relief will produce injustice in other cases, and the risk of undermining the
14  public's confidence in the judicial process."  Liljeberg v. Health Services Acquisition Corp., 486
15  U.S. 847, 864 (1988).

16        The consequences for Plaintiffs of unraveling the settlement agreement signed more than
17  four years ago would be devastating.  Plaintiffs are poor and uneducated.  The settlement trust
18  was established by the Court in December 2007 to administer the wise distribution of settlement
19  funds, which with the assistance of the court-appointed Trust Protector, have been used for basic
20  needs such as housing, education, and drug rehabilitation.  Thus, many actions have been taken
21  on the strength of the judgment.  In the absence of the settlement agreement, Plaintiffs would be
22  denied continuing access to the settlement funds – in many cases, their sole means of support.
23  Moreover, because of Plaintiff's circumstances and the passage of time, it is possible that contact
24  with some or all of Plaintiffs would be lost, ultimately rewarding White's repudiation of the
25  settlement agreement.

26        White does not show how he would be harmed from the denial of relief.  Any argument
27  that he would suffer a monetary injury in the amount of the settlement funds is speculative, as it
28  would be impossible to predict the amount of money that White would have spent litigating the



– 3 –

merits of the action and the amount of the verdict that might have been awarded against him. In any event, any such monetary injury does not outweigh the harm that would be suffered by Plaintiffs.

Vacating the judgment in this case would be against the public interest. White entered the settlement despite his asserted belief that the claims are "manufactured." To allow White to avoid the binding settlement four years later would unfairly reward his continuing attacks which have already resulted in multiple proceedings in this Court and the Court of Appeals at a great expense to the parties and the judicial system. Such a result would undermine the public confidence in the finality of judgments.

Fifth, White has failed to demonstrate fraud on the court. Rule 60(d)(3) recognizes a court's pre-existing power to set aside a judgment for fraud on the court. Additionally, acts of "fraud on the court" can sometimes constitute extraordinary circumstances meriting relief under rule 60(b)(6). Latshaw, 452 F.3d at 1104. However, "[s]uch fraud on the court 'embrace[s] only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases that are presented for adjudication.'" Id. The fraud on the court must also "involve an 'unconscionable plan or scheme which is designed to improperly influence the court in its decision.'" Id. "[F]raud on the court 'should be read narrowly, in the interest of preserving the finality of judgments.'" Id. Only a small number of those acts that can be considered fraud amount to "fraud upon the court." Broyhill Furniture Industries, Inc. v. Craftmaster Furniture Corp., 12 F.3d 1080, 1085 (Fed. Cir. 1993).

Here, assuming for the purposes of the argument that Plaintiffs' complaint was based on false claims, this is not sufficient to show "fraud on the court." The alleged fraud "did not improperly influence the court" because the judgment was based on the parties' voluntary settlement and not an adjudication on the merits. The Court's approval of the settlement was limited to determining whether the compromise of the minors' claims was in their best interests. The Court's approval of the settlement thus had nothing to do with the merits of the underlying claims against White. The purported falsity of Plaintiffs' allegations is irrelevant to the

– 4 –

1  settlement agreement, and to the resulting judgment.  Accordingly, any fraud in no way affected

2  the proper functioning of the judicial system.  See <u>Baltia Air Lines, Inc. v. Transaction

3  Management, Inc.</u>, 98 F.3d 640, 643 (D.C. Cir. 1996); <u>Broyhil</u>, 12 F.3d at 1085-87; <u>U. S. v.

4  International Tel. & Tel. Corp.</u>, 349 F. Supp. 22, 36 (D.C. Conn. 1972).

5       White does not allege that he was deceived as to the contents or effect of the agreement

6  he was signing or that his former counsel's conduct with respect to the settlement agreement was

7  "fraud" and against White's wishes.  There would not be any legitimate basis for such allegations

8  as evidenced by the record.

9       Sixth, the evidence offered by White is not sufficient to establish "fraud on the court."

10 The burden is on the moving party to establish fraud by clear and convincing evidence.  <u>England

11 v. Doyle</u>, 281 F.2d 304, 309-10 (9th Cir. 1960); <u>King v. First American Investigations, Inc.</u>, 287

12 F.3d 91, 95 (2d Cir. 2002).  "[C]onclusory averments of the existence of fraud made on

13 information and belief and unaccompanied by a statement of clear and convincing probative

14 facts which support such belief do not serve to raise the issue of the existence of fraud . . . ."

15 <u>Booker v. Dugger</u>, 825 F.2d 281, 283-84 (11th Cir. 1987).

16      In support of the instant motion, White relies on a purportedly new declaration and on the

17 previously filed declarations by Daniel Garcia and Alexander Shahbazian and testimony of

18 Ulices Ramces Spinola Garcia, Jose Alberto Hernandez Hernandez, and Roberto Ortiz Olguin

19 from White's criminal case in Puerto Vallarta.  As this Court has previously found, the

20 declarations by Daniel Garcia and Alexander Shahbazian are not clear and convincing evidence

21 of any conduct.  With respect to the recantations by the two Plaintiffs, at most this is evidence

22 that the two Plaintiffs have changed their story; it is not evidence that these two Plaintiffs

23 engaged in fraud that prevented Defendant from fairly presenting a defense.  In addition, the

24 record in this case shows that any such recantations (or hearsay evidence thereof) have little

25 probative value and are not clear and convincing evidence.  The unbiased reports by the Special

26 Master and the Trust Protector, issued after thorough investigations and personal interviews with

27 many of the Plaintiffs, show that there are many reasons why some of them might make

28 inconsistent statements, including money and threats.  Such inconsistent statements, therefore,



– 5 –

1   are not "clear and convincing" evidence of "fraud on the court."

2   The newly submitted declaration does not help White.  Even if this evidence showed that
3   some of the Plaintiffs made inconsistent statements, it would have little probative value for
4   reasons set forth above, and for the additional reason that it is based on unreliable hearsay.  The
5   declaration is not clear and convincing evidence that all of the claims in the complaint against
6   White are "manufactured."  There is no clear and convincing (or any) evidence that the other
7   Plaintiffs (those not mentioned in the declaration) made inconsistent statements or filed "false"
8   claims.

9   Accordingly, White's Motion to Vacate the Judgment and for Sanctions is **DENIED**.

10  **DEFENDANT'S MOTION FOR A STAY**

11  The Court finds that a stay of the judgment is not warranted.  White has not shown that
12  he is likely to prevail on his sixth motion to vacate the judgment.  See Wilson Research Corp. v.
13  Piolite Plastics Corp., 234 F. Supp. 234, 235 (D.C. Mass. 1964).

14  Additionally, in order to demonstrate irreparable harm, a party must show that the harm is
15  "certain and great and of such imminence that there is a clear and present need for equitable
16  relief."  Iowa Utilities Bd. v. F.C.C., 109 F.3d 418, 425 (8th Cir. 1996).  The continued
17  distribution of settlement funds in the amount of $16,000 per month is insufficient to establish
18  "irreparable harm."  Mere monetary injury, however substantial, is not normally considered
19  irreparable.  Nelson v. National Aeronautics and Space Admin., 530 F.3d 865, 881 (9th Cir.
20  2008); Virginia Petroleum Jobbers Ass'n v. Federal Power Commission, 259 F.2d 921, 925
21  (1958).

22  The Court also confirms its earlier finding that it is in the best interests of Plaintiffs to
23  pay them their distributions from the settlement without delay or disruption.  It is undisputed that
24  the Plaintiffs are poor and uneducated.  The settlement funds are being paid to a trust which will
25  facilitate each Plaintiff's wise use of the funds.

26  Accordingly, White's Motion for a Stay is **DENIED**.

27  **IT IS SO ORDERED.**

28



DATED: November 23, 2009

_____
CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE