IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ROE, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>THOMAS WHITE,<br><br>    Defendant.<br>_____/ | No. C 03-04035 CRB<br><br>**ORDER GRANTING IN PART DEFENDANT'S MOTION TO RECONSIDER ORDER DENYING DEFENDANT'S MOTION TO VACATE JUDGMENT AND SANCTIONS** |

    Now pending before the Court is Defendant Thomas White's Motion to Reconsider this Court's November 23, 2009 Order Denying Defendant's Motion to Vacate Judgment and for Sanctions and Defendant's Motion to Stay Judgment Pending Ruling on Motion to Vacate Judgment. In the interest of clarity, the Court will grant, in part, Defendant's motion.

    Defendant argues that the Court improperly denied Defendant's Motion to Vacate, instead of simply announcing its willingness or unwillingness either to entertain or grant the Motion. Indeed, the Court is aware that a litigant who seeks to vacate a judgment during the pendency of an appeal must ask the district court only whether it wishes to entertain the motion, or grant it, and then to move the Ninth Circuit to remand the case. <u>Williams v. Woodford</u>, 384 F.3d 567, 586 (9th Cir. 2004). Defendant did so. It is for this reason that the Court stated in its November 23, 2009 Order that "the Court is not inclined to grant Defendant's Motion to Vacate." However, the same Order went on to state that the "Motion to Vacate the Judgment and for Sanctions is DENIED." Though the Court had jurisdiction to

1 deny Defendant's request for sanctions, it did not intend to suggest that it had jurisdiction to
2 deny the Motion to Vacate. Accordingly, it will VACATE the November 23, 2009 Order
3 and file a revised Order forthwith.

4     Defendant apparently also objects to the Court's having addressed the merits of
5 Defendant's Motion to Vacate in the November 23, 2009 Order. The Court included such
6 language in order to explain to the parties why it was not inclined to grant Defendant's
7 Motion. The Court did not err by doing so. Accordingly, the explanatory language in the
8 November 23, 2009 Order will remain unchanged.

9     The hearing set for December 18, 2009 on Defendant's Motion to Reconsider is
10 hereby VACATED.

11 **IT IS SO ORDERED.**

13 Dated: December 11, 2009     CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE