**FILED**

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 16 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE ROE, a minor, by Mauricio Rodriguez Borrego, his guardian and litem; et al.,<br><br>    Plaintiffs - Appellees,<br><br> v.<br><br>THOMAS F. WHITE,<br><br>    Defendant - Appellant.<br><br>NATHAN LOVASS, et al.,<br><br>    Defendants. | No. 08-15891<br><br>D.C. No. 3:03-CV-04035-CRB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Submitted September 8, 2010[**]
San Francisco, California

Before: KLEINFELD, THOMAS and WARDLAW, Circuit Judges.

---

  [*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

  [**] The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Thomas White appeals from the district court's denial of his motion to vacate a judgment approving the parties' settlement agreement.  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

**1.**  A motion brought under Rule 60(b)(3) must be brought within one year. Fed. R. Civ. P. 60(c)(1).  White's request for relief under Rule 60(b)(3) was made more than two years after entry of the challenged judgment and was therefore untimely.

**2.**  The district court acted within its discretion in concluding that there were no extraordinary circumstances or manifest injustice that warranted vacatur.  *See* Fed. R. Civ. P. 60(b)(6); *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir. 2006).  White argues that the special master's finding that the guardian ad litem had a conflict of interest is a new circumstance that prejudices White because it raises the possibility that a plaintiff may someday seek to invalidate the settlement agreement on that ground.  However, as the district court explained, it is speculative at best that a plaintiff would undertake to undo the settlement, especially where the plaintiffs have opposed White's repeated motions to do precisely that.  Moreover, if White's sole concern is to preserve the settlement, he could accomplish that by reaffirming the agreement with the

plaintiffs on the same terms.  In any event, questions about the guardian ad litem's role in the case are not "new," as White raised them as early as 2005.

**3.**  The district court acted within its discretion in concluding that the guardian ad litem's agreement with the plaintiffs' counsel was not an attempt to defile the court or an unconscionable plan or scheme designed to improperly influence the court.  *See* Fed. R. Civ. P. 60(b)(3); Fed. R. Civ. P. 60(b)(6); *Latshaw*, 452 F.3d at 1104; *England v. Doyle*, 281 F.2d 304, 309 (9th Cir. 1960).  The district court had the benefit of a thorough special master's report, which detailed the facts and circumstances surrounding the guardian ad litem's agreement with the plaintiffs' counsel.  It properly reassessed the validity and fairness of the underlying settlement in light of that report.  Consistent with our mandate in the previous appeal in this case, the district court found that the settlement continued to be in the best interests of the plaintiffs, concluding also that adjustments to the settlement fund were proper in light of the special master's findings.

**4.**  Subsequent to the district court order, news stories not of record suggest the possibility that a former attorney for the plaintiffs, a plaintiff to whom moneys are payable under the order, and others may have committed a fraud on the court.  Although the district court did not err and we affirm, the district court may, on motion or sua sponte, reopen the case and take such other actions as may in its discretion be appropriate.  *See* Fed. R. Civ. P. 60(d)(3); *Chambers v. NASCO, Inc.*,

3

501 U.S. 32, 44 (1991); *Dixon v. Comm'r*, 316 F.3d 1041, 1046–47 (9th Cir. 2003).

**AFFIRMED.**