1  JAMES M. WAGSTAFFE (95535)
   wagstaffe@kerrwagstaffe.com
2  MARIA RADWICK (253780)
   radwick@kerrwagstaffe.com
3  **KERR & WAGSTAFFE LLP**
   100 Spear Street, Suite 1800
4  San Francisco, CA 94105–1528
   Telephone: (415) 371-8500
5  Fax: (415) 371-0500

6  Guardian Ad Litem for
   JOSE ROE I, JOSE ROE II, JOSE ROE III, AND JOSE
7  ROE IV

8

9

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| JOSE ROE, et al., | Case No. C 03-04035 CRB |
|     Plaintiffs, | **[PROPOSED]** **STIPULATED PROTECTIVE ORDER** |
| v. | |
| THOMAS F. WHITE, et al., | |
|     Defendants. | |

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KERR & WAGSTAFFE LLP

## I.    PURPOSES AND LIMITATIONS

In response to Defendant's Motion for Order Authorizing Post-Judgment Discovery, the Court has granted limited discovery of the contents of two computers belonging to Plaintiffs' former counsel David Replogle, and after the discovery of the computers has been completed, the Court may grant discovery of the paper files related to matters Replogle handled as an attorney against Defendant that are currently in the possession of the California State Bar.  The parties have agreed and the Court has ordered that any documents retrieved through these searches shall be designated as "CONFIDENTIAL" subject to the provisions of this Stipulated Protective Order.  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information specified above.  The parties further acknowledge, as set forth in Section 9.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## II.    DEFINITIONS

2.1 "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under  Federal Rule of Civil Procedure 26(c).

2.2 Counsel (without qualifier):  Counsel of Record, and the Guardian Ad Litem appointed by the Court in this action (as well as their support staff).

2.3 Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.4 Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

KERR
&
WAGSTAFFE
LLP

2.5 Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.6 Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.7 Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.8 Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.9 Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

## III.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. Any use of Protected Material at trial shall be governed by a separate agreement or order.

## IV.   DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until the Parties agree otherwise in writing or a court order otherwise directs.

## V.   DESIGNATING PROTECTED MATERIAL

5.1 Manner and Timing of Designations.  Except as otherwise provided in this Order or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

– 2 –

KERR
&
WAGSTAFFE
LLP

(a)  for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL."

5.2 Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**VI.  ACCESS TO AND USE OF PROTECTED MATERIAL**

6.1 Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection only with Defendant's Motion to Vacate Orders, Settlement Agreement and Judgment filed on September 2, 2011 (Docket Number 1024) (hereinafter "The Matter").  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 10 below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

6.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Counsel of Record in this action, as well as employees of said Counsel of Record to whom it is reasonably necessary to disclose the information for the Matter and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) the court and its personnel under seal;

(c) the forensic specialist retained by Defendant in accordance with the Court's order on Defendant's Motion for Order Authorizing Post-Judgment Discovery who has signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## VII. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## VIII. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a

KERR
&
WAGSTAFFE
LLP

communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

## IX.   MISCELLANEOUS

9.1 Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

9.2 Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

9.3 Filing Protected Material.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.  If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

## X.   FINAL DISPOSITION.

Within 60 days after the final disposition of Defendant's Motion to Vacate Orders, Settlement Agreement and Judgment filed on September 2, 2011 (Docket Number 1024) including any rehearings, appeals, or review, each Receiving Party must destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations,

KERR
&
WAGSTAFFE
LLP

summaries, and any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED: November __10__, 2011          **LAW OFFICES OF JOHN E. HILL**

By ____s/_____
JOHN E. HILL

Attorney for Plaintiffs

DATED: November __10__, 2011          **LAW OFFICES OF GEOFFREY ROTWEIN**

By ____s/_____
GEOFFREY ROTWEIN

Attorney for Defendant

DATED: November __10__, 2011          **KERR & WAGSTAFFE LLP**

By ____s/_____
JAMES M. WAGSTAFFE

Guardian Ad Litem for
JOSE ROE I, JOSE ROE II, JOSE ROE III, AND JOSE ROE IV

**IT IS SO ORDERED.**

Dated: __November 15, 2011___        _____
CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

IT IS SO ORDERED
Judge Charles R. Breyer

KERR
&
WAGSTAFFE
LLP

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of _____ [insert formal name of the case and the number and initials assigned to it by the court]. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

[printed name]

Signature: _____

[signature]

– 1 –

KERR
&
WAGSTAFFE
LLP

1   summaries, and any other format reproducing or capturing any of the Protected Material.

2   Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings,

3   motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence,

4   deposition and trial exhibits, expert reports, attorney work product, and consultant and expert

5   work product, even if such materials contain Protected Material.  Any such archival copies that

6   contain or constitute Protected Material remain subject to this Protective Order as set forth in

7   Section 4 (DURATION).

8           **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

9   DATED: November 10, 2011          **LAW OFFICES OF JOHN E. HILL**

10

11                          By _____
                               JOHN E. HILL

12                             Attorney for Plaintiffs

13
    DATED: November ___, 2011          **LAW OFFICES OF GEOFFREY ROTWEIN**
14

15                          By _____
                               GEOFFREY ROTWEIN
16

17                             Attorney for Defendant

    DATED: November 10, 2011          **KERR & WAGSTAFFE LLP**
18

19                          By _____
                               JAMES M. WAGSTAFFE
20

21                             Guardian Ad Litem for
                               JOSE ROE I, JOSE ROE II, JOSE ROE III, AND JOSE
22                             ROE IV

23

24          **IT IS SO ORDERED.**

25   Dated: _____     _____

26                                     CHARLES R. BREYER
                                       UNITED STATES DISTRICT JUDGE
27

28                                  – 6 –

C 03-04035 CRB                          [PROPOSED] STIPULATED
                                        PROTECTIVE ORDER

1    summaries, and any other format reproducing or capturing any of the Protected Material.

2    Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings,

3    motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence,

4    deposition and trial exhibits, expert reports, attorney work product, and consultant and expert

5    work product, even if such materials contain Protected Material. Any such archival copies that

6    contain or constitute Protected Material remain subject to this Protective Order as set forth in

7    Section 4 (DURATION).

8         **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

9    DATED: November ___, 2011       **LAW OFFICES OF JOHN E. HILL**

10

11                               By _____
                                    JOHN E. HILL

12                                  Attorney for Plaintiffs

13

14    DATED: November /0, 2011      **LAW OFFICES OF GEOFFREY ROTWEIN**

15                               By _____
16                                  GEOFFREY ROTWEIN

17                                  Attorney for Defendant

18    DATED: November ___, 2011      **KERR & WAGSTAFFE LLP**

19

20                               By _____
                                   JAMES M. WAGSTAFFE

21                                  Guardian Ad Litem for
                                 JOSE ROE I, JOSE ROE II, JOSE ROE III, AND JOSE

22                                  ROE IV

23

24       **IT IS SO ORDERED.**

25    Dated: _____

26                             _____
                            CHARLES R. BREYER

27                             UNITED STATES DISTRICT JUDGE

28

KERR
&
WAGSTAFFE
LLP

C 03-04035 CRB                                        [PROPOSED] STIPULATED
                                                 PROTECTIVE ORDER