1   Kaushal Niroula
    Defendant In Pro Per
2   Booking # 200910575
    Indio Jail
    PO.BOX 1748
3   INDIO, CA 92201
    c/o email ; kniroulalegalfiling@gmail.com
4   **Appearing here in as interested third party**

**FILED**

**FEB 1 0 2012**

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

5               UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF CALIFORNIA
6                   SAN FRANCISCO DIVISION

7

8   **JOSE ROE et al**                    )CASE NO: C 03 – 04035 CRB
                                          )
9               **Plaintiffs**            )
                                          )DATE: FEBRUARY 17, 2012
10          **Vs.**                       )
                                          )TIME: 11:00 AM
11                                        )
                                          )
12  **Thomas F White et al**             )DPT: A, 15TH FLOOR
                                          )
13          **Defendants**               )
                                          )
14  _____

15  <u>TO: THE HONORABLE NATHANIEL M COUSINS MAGISTRATE / JUDGE OF THE UNITED STATES DISTRICT COURT</u>

16  <u>AND ALL COUNSEL OF RECORD HEREIN /AND ADDITIONAL PARTIES OF INTEREST</u>

17

18          INTERESTED THIRD PARTY KAUSHAL NIROULA'S

    NOTICE OF MOTION AND MEMORANDUM IN SUPPORT OF MOTION TO QUASH SUBPOENA TO
19
    PRODUCE DOCUMENTS INFORMATION OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES
20
    IN A CIVIL ACTION./EXHIBITS
21

22

23  NOTICE IS HEREBY GIVEN that **KAUSHAL NIROULA appearing in Pro Per person as**

24  **an Interested third Party,** will move for and hereby moves to Quash Subpoena to Produce

25  Documents , Information ,or Objects or to permit Inspection of premises in a Civil Action

**INTERESTED THIRD PARTY KAUSHAL NIROULA'S NOTICE OF MOTION AND MEMORANDUM IN
SUPPORT OF MOTION TO QUASH SUBPOENA TO PRODUCE DOCUMENTS INFORMATION OR
OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION /EXIBITS**

1

and who, with respect to same , does hereby gives notice unto the court that he will move under FRCP 26(c)(3) before the United States District Court , Northern District of California for an Order quashing each and every subpoenas issued by and pursuant and through the limited post trial judgment discovery permitted herein (Rec. Doc.1041) for the production of the two (2) certain computers/ hard drives which formerly belonged unto Counsel for this Interested Third Party, Mr. David Replogle Esq and which contain information subject to attorney client privilege existing between Kaushal Niroula and David Replogle Esq.

## MEMORANDUM IN SUPPORT OF MOTION TO QUASH

**1. NOW INTO COURT** comes forth Kaushal Niroula appearing in Pro Per Person as an Interested Third Party and submits this memorandum in Support of Motion to Quash Subpoena to produce Documents, Information or objects or to permit Inspection of Premises in a Civil Action and who with respect to same does hereby allege , aver , depose , attest, state , and claim as follows to wit :

**2.** The Defendants Motion for Order authorizing Post Judgment Discovery and Motion to Stay Payments on Judgment Pending Ruling on Motions for Discovery and to vacate Judgment came before this honorable Court on October 14, 2011 . In connection with that motion this Court granted limited Post Judgment Discovery, specifically including, without limitation, the following:

Defendant, at his expense, may retain a forensic specialist and arrange through

The appropriate legal means for that specialist to search contents of the two

Computers belonging to Plaintiffs former Counsel, David Replogle that were

Seized by the Palm Springs Police Department in conjunction with a Special Master

INTERESTED THIRD PARTY KAUSHAL NIROULA'S NOTICE OF MOTION AND MEMORANDUM IN
SUPPORT OF MOTION TO QUASH SUBPOENA TO PRODUCE DOCUMENTS INFORMATION OR
OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION /EXIBITS

2

1    appointed by the Court.

2    Rec. Doc .1043, p.2, para 1

3    **3.** Thereafter and pursuant to this Order (Rec.Doc.1043) permitting same, Defendants
4    served a business record subpoena upon the Custodian for the Palm Springs Police
5    Department, seeking to obtain a copy of the hard drive of David Replogles computer(s) that
6    is/ are in their possession. Also Defendants served a business record subpoena upon
7    Honorable Judge David B Downing of the Riverside County Superior Court at his courtroom
8    where Mr. Replogle's laptop remains.

9    **4.** These two subpoenas seek information, which is subject to attorney – client privilege
10   and should be quashed. Furthermore these two subpoenas seek to unveil attorney client
11   material sustained and sealed by the Hon. Charles F Haines of the San Francisco superior
12   
13   Court between David Replogle and Kaushal Niroula **(although the laptop computer was**
14   **unlawfully hidden from the special Master by Detective Simon Min of the Palm spring**
15   **Police department and scrupulously brought down to Palm springs to avoid Special**
16   **Master Proceedings and Judicial Findings with malice forethought and intent)**.

17   **5.** David Replogle previously had a attorney client relationship with Third Party herein
18   Kaushal Niroula and notes, research, files and general communications between Mr.
19   Niroula and Mr. Replogle and Mr. Niroula's other attorneys with whom Mr. Replogle
20   interfaced with are contained in both those hard drives being sought by the party
21   defendant Thomas F White.
22   
23   **6.** This very fact was established and asserted before the Hon Charles F Haines Judge of the
24   Superior Court of San Francisco on May1 2009 and June 18 2009 where the contents of the
25   hard drive of the Desk Top Computer were subject to en camera proceedings in Interested

INTERESTED THIRD PARTY KAUSHAL NIROULA'S NOTICE OF MOTION AND MEMORANDUM IN
SUPPORT OF MOTION TO QUASH SUBPOENA TO PRODUCE DOCUMENTS INFORMATION OR
OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION /EXIBITS

Third party Kaushal Niroula and David Replogles criminal matter INF 064492 in Indio California and all material that did not meet the burden of prima facie to the crime fraud exception to penetrate the veil of attorney client privilege was sealed and the privilege sustained.

7. The party defendant's subpoena further seeks to access material that is Under Seal by Hon Charles F Haines of the San Francisco Superior Court under whose authority the Law Offices of David Replogle and his residence were searched by the Special Master Martin L Dean in San Francisco California on March 2, 2009.

8. The California Code of Evidence sets forth the bedrock principle of attorney client privilege in the following manner:

.... (T)he Client, whether or not a party , has a privilege to refuse to disclose and to prevent another from disclosing a confidential communication between client and lawyer if the privilege is claimed by:( a) The Holder of the Privilege... Cal Evid Code Sec 954 .

9. Put another way by statute a client holds a privilege to prevent the disclosure of his confidential communications with an attorney People v. Carasi (2008) 82 Cal Rptr. 3d 265,44 Cal 4th 1263 ,190 P.3d 616 *rehearing denied, certiorari denied* 129 S. Ct. 2053 , 173 L.Ed. 2d 1135.

10. The rules purpose is to encourage clients to make full disclosure to his attorney without d fear that others may be informed. Grover v Superior Court IN and For San Mateo County( 1958) 327 P. 2d 212 ,161 Cal. App. 2d 644; City and County of San Francisco v. Superior Court In and for City and County of San Francisco ( 1958) 327 P2d 195,161 Cal.App.2d 653 ; People ex rel. Department of Public Works v Donovan(1962) 19 Cal rptr. 473,369 P2d 1, 57 Cal .2d 346; Greyhound Corp .v .Superior Court In and For Merced

County (1961) 15 Cal. Rptr. 90, 364 P 2 d 266, Cal.2d 355; Holm v. Superior Court In and For City and County of San Francisco ( 1954) 267 P.2d 1025, 42 Cal. 2d 500 , rehearing denied 268 P 2d 722, 42 Cal.2d 500.

11. Preserving confidentiality of communications between attorney and client is fundamental to our legal system . The attorney – client privilege is a hallmark of Anglo-American jurisprudence that furthers the public policy of insuring "the right of every person to freely and fully confer and confide in one having knowledge of the law , and skilled in its practice , in order that the former may have adequate advice and proper defense." Mitchell v. Superior Court(1984) 37 Cal. 3d 591,599,208 Cal. Rptr.,691 P.2d 642. Because the present litigation before this Honorable court is a "diversity case, the determination of whether attorney – client privilege applies is governed by state law" Union County ,IA v Piper Jaffray & Co., Inc., 525 F 3d 643,646 (8th Cir.2008), F.R.E. 501.

12. The Contents of an attorney's hard drive containing client communications and files is axiomatically deemed to contain information, which is subject to the attorney client privilege . In re Marriage of Bertram and Henry ( 2011) --- Cal. Rptr.3d-, 2011 WL 1195881. In the Marriage of Bertram and Henry case, the estranged wife made a mirror copy of her husband's hard drive before the couple separated. The husband was an attorney, and the hard drive contained files and other material related to his clients . Following the separation, the husband learned his wife had a copy of the hard drive , and he sought injunctive relief to compel his wife to return the drive copy. The family court granted the husband's request for relief , specifically noting. " It was undisputed that husband used the computer extensively in his law business, and that the hard drive thus contained attorney –

INTERESTED THIRD PARTY KAUSHAL NIROULA'S NOTICE OF MOTION AND MEMORANDUM IN
SUPPORT OF MOTION TO QUASH SUBPOENA TO PRODUCE DOCUMENTS INFORMATION OR
OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION /EXIBITS

5

client privileged documents to which wife should not have access." In re Marriage of Bertram and Henry

13. In the present matter, the hard drives sought by the Defendant contains information which is subject to attorney – client privilege and especially when the attorney client privilege material were sustained and sealed by the court that authorized the seizure of the computers in the first place to begin with .

14. This party herein Kaushal Niroula does not consent and has never consented to the disclosure of the drives but in fact has asserted privilege and has had that privilege sustained and strenuously objected and asserted the privilege to material contained in the laptop in question being unlawfully hidden from the Special Master by Simon Min against whom this third party will move to seek imposition of severe sanctions / and or criminal charges in every possible and probable venue within the applicable territories of the united states and any other further co conspirators who poise to willingly or unwillingly further this ongoing blatant act of criminal conduct in felonious possession and the obtaining of Mr. Niroula's privileged material contained within the laptop computer scrupulously hidden from the special master in Contravention of the Warrant issuing Judge's Order and the rule of Law under the guise and Color of Authority .

15. Indeed the following statements outlining facts of the matter most assuredly establishes that Mr. Niroula has not waived attorney – client privilege as to those items, documents, and things contained within and upon the hard drives made subject of this court's limited post judgment discovery:

(a) This Court I suggest does not jurisdiction to Order any Mirror Image of the hard drive now in dispute as the contents of such were sealed by Hon Charles F Haines of San

Francisco Superior Court on June 18, 2001 the Original magistrate under whose authority the computer and the hard drives contained within were seized and remains sealed under the auspices of the Special master appointed by Hon. Charles F Haines.

(b) The hard drives in dispute contained within the Desktop Dell Computer Product Key W32VY – 8QPBW – PW9F-4B89Y- 448VB were seized and sealed by Special Master Martin Dean from the Law offices of David Replogle at 315 Montgomery Street Suite 906 San Francisco California on March 2, 2009 .

(c) The hard drive in dispute contained within the Toshiba Laptop S/N 272116224K was seized from the Residence of then California Bar Member David Replogle's Residence at 301 Main Street Unit 6 G unlawfully outside the scope of the Ordered and required special master by parties Detective Simon Min, Frank Browning and supervising Sergeant Bryan Reyes of the Palm Springs Police Department and Gregory Ovanessian of the San Francisco Police Department and his cohorts from San Francisco Police department who were assisting the Palm Springs Police Department on March 2,2009.

(d) The Search and seizure of David Replogles office and residence was authorized by the Hon. Charles F Haines of the Superior Court of San Francisco on March 2, 2009 as depicted in **( EXHIBIT A )** search Warrant 29737 though the warrant does not have a date or time next to the signature of the warrant issuing Judge .

(e) The warrant 29737 specifically Ordered for the utilization of a Special Master for the search and seizure of the residence and offices of David Replogle and Special Master Martin L Dean as depicted in the warrant was appointed as such.

INTERESTED THIRD PARTY KAUSHAL NIROULA'S NOTICE OF MOTION AND MEMORANDUM IN SUPPORT OF MOTION TO QUASH SUBPOENA TO PRODUCE DOCUMENTS INFORMATION OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION /EXIBITS

7

1  June 18 , 2009 where all parties and their counsel asserted privilege specifically on

2  June 18 2009 as to the contents from the Dell Desktop computer.

3  (l) All other material documents/ communication /things from the desktop computer

4  and items seized by the special master that did not meet the prima facie of the crime

5  fraud exception , Hon Charles F Haines sustained a attorney client relationship and

6  sustained the privilege and sealed those materials.

7  (m) I have attached hereto the below listed exhibits that clearly depicts in the court

8  minutes and the publicly held hearings and in the form of cover pages of sealed

9  transcript the representations and assertions I have made above as to the conducting

10  of this hearings and sealing of documents items /things and materials by Hon Charles

11  F Haines. : (**EXHIBIT C 1**) – True Copy of certified court Minutes of May 1 2009 /

12  (**EXHIBIT C 2**) – Partial Reporters Transcripts of the non-en camera public hearing of

13  May 1 2009 and reporters certification. / (**EXHIBIT C 3**) --- Cover page of en camera

14  sealed transcript of May 1 2009 / (**EXHIBIT D 1** ) true copy of certified court minutes

15  of June 18 2009 / (**EXHIBIT D 2**) Partial Transcripts of the non-en camera portions

16  of June 18 2009 / (**EXIBIT D 3**) Cover page of en camera sealed transcript of June 18.

17  2009 and reporters certification.

18

19

20

21  *(n) I have personally read both the sealed transcripts of May 1, 2009 and June*

22  *18,2009 and was present during those hearings with my then counsels and to*

23  *attach those transcripts in a public filing would be in essence to voluntarily*

24  *waive the very privilege I asserted and was sustained and sealed before the Hon.*

25  *Charles F Haines.   The sealed transcripts that are in my possession will be*

*brought before this Court on the date of the hearing so the Honorable court may make the appropriate determination of my assertions in an en camera review of the sealed transcripts.*

(o) The Hon Charles F Haines sustained and sealed material that was privileged that did not meet the burden of the crime fraud exception to penetrate the veil of privilege being fully advised in the premises that Mr. David Replogle and I were both Co defendants charged with identical charges and being fully advised in the premises with the prima facie facts depicted on the allegations and such alleged facts of case No INF064492 and documents within that criminal matter that detailed various allegations against myself in other jurisdictions besides Riverside County.

(p) At my request further Stanley S Spring Esq and William Picard have also read the sealed en camera transcripts and have provided declarations as to the sustaining and sealing of privileged material by Hon. Charles F Haines contained within the sealed transcripts filed separately before this Court in support of this memorandum. **Both Messrs. Spring and Picard's declarations are separately filed with this court on this case and matter in support of this motion .**

(q) I have also further learnt from Mr. Spring and Mr. Picard that my Privileged material and privileged Communication is currently in the possession of party Defendant Thomas F white 's Counsel and his agents and experts which I did not consent to nor did I give them any permission to obtain or have and at no time have party Defendant Thomas F Whites Attorneys or their agents or experts informed me that they are currently unlawfully in possession of my privileged communication/material. Mr.

Picard and Mr. Spring's declarations detail the source and knowledge of this information the knowledge of which was afforded to me recently.

(r) The Laptop computer in dispute that was unlawfully seized outside the scope of the special master and should have been subject to similar proceedings as that of May1, 2009 and June 18 2009 was only brought to my attention and knowledge after I became a self litigant on March 12, 2010 and subsequently when I began my review of Discovery on the Criminal Matter INF 064492.

(s) I have never waived any privilege contained to any material in David Replogle's Laptop and in fact brought this to the attention of the Trial Court before Honorable David B Downing on numerous occasions and sought analysis by an expert to establish and prove to the court that the assigned Prosecutor Lisa Di Mari and Simon Min and law enforcement and the government have utilized unlawfully obtained information within this laptop to enrich their prosecution that would fall under the fruit of the poisonous tree caused by the very unlawful search and seizure done by the agents of Palm Springs Police Department and San Francisco Police Department. On one such occasion Lisa Di Maria the assigned Prosecutor has chosen to mislead the court by stating that Mr. Replogles computer is with the Special Master knowing full well that the laptop has been in Palm Springs Police Departments possession from day one unlawfully. One such exchange is depicted in the transcripts of June 18,2010 annexed and attached as **(EXHIBIT E).**

(t) I have subsequently reiterated my assertion to privilege upon learning that Lisa Di Maria the assigned prosecutor and Detective Simon Min the Original affiant of warrants 29737 and 29738 **after the sealing done by Hon. Charles F Haines on**

**June 18, 2009 obtained various search warrants from Riverside County judges in an attempt to seek access to material that was otherwise sealed. rather than filing the appropriate writ before the California Court of Appeals within thirty (30) days after the rulings of Hon. Charles F Haines.**

(u) Upon learning that a search warrant of similar nature was signed by Hon David B Downing the trial Judge, on November 13, 2010 prior to the declaration of a mistrial and severance from the Replogle trial I strenuously cautioned Hon. David B Downing that he does not sit in the Court of Appeals and cannot unseal material that was sealed after fact findings done by Hon. Charles F Haines and that he should not be signing warrants to access material that was sealed . The interchange and exchange of this subject matter is depicted on the transcripts of September 13, 2010 attached to an annexed as **(EXHIBIT F).**

(v) The Desktop Dell Computer in dispute belonging to Mr. Replogle was simply brought down to the Indio Court house at the request of Mr. Replogle himself and his attorney John Patrick Dolan so Mr. Dolan could extract exculpatory evidence from the computer and has remained in Indio after that purely for logistical purposes though still under the auspices of Special Master Martin Dean and the Original seizure and search order and subsequent Sealing of material done by Hon. Charles F Haines.

(w) **There is no record on INF 064492 to my knowledge that demonstrate that Hon. Charles F Haines's rulings have been overturned by the court of appeals and Hon David B downing lacks the judicial authority to hand over material that is currently under seal and subsequently so does Dt. Simon Min as the very material that was sealed by Hon. Charles F Haines obtained from the Dell**

INTERESTED THIRD PARTY KAUSHAL NIROULA'S NOTICE OF MOTION AND MEMORANDUM IN SUPPORT OF MOTION TO QUASH SUBPOENA TO PRODUCE DOCUMENTS INFORMATION OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION /EXIBITS

12

1  **Desktop Computer undoubtedly is also present in the Toshiba laptop as after**

2  **all that is also the laptop of an attorney that was unlawfully obtained and**

3  **hidden from the special master.**

4  (x) **I hereby assert that my Privileged Material that is in the Dell Desktop**

5  **Computer and was sealed and remains sealed till date and my Privileged**

6  **material contained in the Toshiba laptop unlawfully remained in the**

7  **possession of Palm Springs police department are NOT BUSINESS RECORDS OF**

8  **EITHER HON DAVID B DOWNING NOR THE BUSINESS RECORDS OF PALM**

9  **SPRINGS POLICE DEPARTMENT OR DETECTIVE SIMON MIN .**

(y) Furthermore I have a real interest in the contents of the disputed hard drives in the

11  Replogle desktop and laptop computers as Mr. Replogle as my attorney was present

12  on or about April 13, 2007 when I was detained by ICE special agents and assisting

13  US Secret Service agents on Immigration related matters and subsequently Mr.

15  Replogle has interfaced with and worked with my various counsels in the

16  jurisdictions of Marin, San Francisco and Federal Immigration Court and his

17  computers contain material that is privileged work product that relates to favorable

18  dispositions on my behalf and further  identities of witnesses and interviews in

19  relation to my federal Immigration asylum master calendar hearing that is currently

20  on hiatus until the disposition of my criminal legal matters at current .

22  (z) **The release of Mr. Replogle's hard drives will undoubtedly be prejudicial in**

23  **ensuring that I will be denied fair proceedings in this locales where now the**

24  **attorney work product and privileged communications  and strategy is in the**

25  **hands of third party and there simply is no method by which this court can**

1
2
3
4
5
6
7
8
9
10
11

**guarantee and ensure that it would not land on the hands of opposing counsel's attorneys on those jurisdictions whereby denying me rights to a fair proceeding in all of such proceedings, especially in the context of the new discovery of the Counsel and or agents of Thomas F White being in possession of my privileged material and the ongoing possession and retention of my privileged telephonic communication with various attorneys and privileged investigators by the assigned prosecutor Lisa Di Maria in my current legal difficulties in Indio California having obtained such from the Riverside Sheriff Department utilizing unlawful wiretaps within the Indio jail as elaborated in the declarations of Mr. Spring and Mr. Picard.**

12 **16.** The release of Mr. Replogle's hard drives would also jeopardize the safety and security

13 of Individuals who have agreed to come forth and testify on my Immigration application

14 hearing who were interviewed and facilitated by Mr. Replogle and the witnesses who come

15 and testify would be doing so at the fear of their own lives from their native government

16 were these facts to be disclosed by some overzealous party in the form of governmental

17 agents being Lisa Di Maria her cohorts or any other prosecuting agency considering the

18 unethical standards demonstrated by Lisa Di Maria in obtaining and till date retaining my

19
20 privileged communication including those in relation to David Replogle.

21 17. All of these matters outlined are privileged material and areas on which Mr. Replogle

22 has assisted me and wherefore **I have an absolute interest to protect that privilege**

23 **which has been sustained and sealed by a competent Court after lengthy and detailed**

24 **fact-findings even after both Mr. Replogle and I were arrested on the same charges**

25 **and were co defendants on the same criminal matter.**

INTERESTED THIRD PARTY KAUSHAL NIROULA'S NOTICE OF MOTION AND MEMORANDUM IN
SUPPORT OF MOTION TO QUASH SUBPOENA TO PRODUCE DOCUMENTS INFORMATION OR
OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION /EXIBITS

14

**18.** It is well settled that (p) arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents ..." F.R.C.P. 26(b)(1). Nevertheless, "the District Court does have the discretion to limit the scope of discovery." Credit Lyonnais v SGC Int'l, Inc., 160 F. 3d 428, 431 (8th Cir .1998)

**19.** In this instance Rule 26 must be read consistently with Rule 45, which provides: "A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand." F.R.C.P. 45(d)(1)(A). The Federal Rules of Civil procedure , provide a mechanism for a subpoenaed person to challenge the requirements of a subpoena. F.R.C.P. 45 (c):

On timely motion , the issuing Court must quash or modify a subpoena that :

(i)     fails to allow a reasonable time to comply;

(ii)    requires a person who is neither a party nor a party's officer to travel more than a 100 miles from where that person resides , is employed ,or regularly transacts business in person...;

**(iii)   requires disclosure of privileged or other protected matter if no exception or waiver applies;** or

(iv)    subjects a person to undue burden.

F.R.C.P. 45(c) (3) (A) emphasis added).

**20.** Similarly , F.R.C.P. 26(c) authorizes the court to enter an Order limiting discovery or imposing just terms on taking discovery to protect a person or party from annoyance,

1  embarrassment , oppression or undue burden. Such a privilege precisely applies in this

2  present matter, and the subpoenas seeking disclosure of the computer/ hard drives sought

3  by the Defendant Thomas F White must be quashed to the express mandates of F.R.C.P. 26

4  and 45.

5  **21.** Mover respectfully submits any issues of timeliness in the present filing should be

6  resolved in his favor where he is a third party to the present proceedings and was not

7  personally served with a copy of the subpoena made subject of this motion.

8  **22.** Further Mover is currently incarcerated and is representing his own interests in a

9  major felony prosecution being undertaken in the County of Riverside. Considering these

10  factors mover is entitled to due deference **and a right to be heard –particularly in light**

11  **of the fundamentally sacrosanct nature of the right being protected and to conduct**

12  **discovery in this matter of various depositions, requests for admissions,**

13  **interrogatories ,production of documents and other discovery devices.**

14

15

16  **23.** Some of my civil Interests are now being represented by S , Stephen Spring II Louisiana

17  Bar Number 12347 , who is located in Baton Rouge Louisiana and has a local residence in

18  Indio California who I would like to assist me in conducting discovery in this matter since I

19  am appearing Pro Per in my Criminal case as I am Indigent.

20

21

22  WHEREFORE , in consideration of the above and foregoing arguments and statements and

23  law and equities applicable thereunto , the Interested third Party herein , Kaushal Niroula

24  respectfully moves this Honorable Court to Quash the subject Subpoenas and issue and

25

1  render all such other various and sundry relief to which the mover is entitled to in the

2  premises.

3  Dated this 5 TH day of February , 2012 at Indio California

4

5  Respectfully Submitted,

6

7  *Kaushal NDroula*

8

9  Kaushal Niroula

10

11

12  **Interested Third Party Appearing in Pro Per Person**

13

14  **KAUSHAL NIROULA DEFENDANT A PROPIA PERSONA**

15  **INDIO JAIL BOOKING #2009 10575**

16  **PO BOX 1748**

17  **INDIO CA 92201**

18  **c/o email (By legal Runner Martha Dixon) :**

19  kniroulalegalfiling@gmail.com

20

21

22

23

24

25

**INTERESTED THIRD PARTY KAUSHAL NIROULA'S NOTICE OF  MOTION AND MEMORANDUM IN
SUPPORT OF MOTION TO QUASH SUBPOENA TO PRODUCE  DOCUMENTS INFORMATION OR
OBJECTS  OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION /EXIBITS**

# **TABLE OF CONTENTS OF EXIBITS**

**EXHIBIT A** : SAN FRANCISCO SEARCH WARRANT 29737

**EXHIBIT B**: SAN FRANCISCO SEARCH WARRANT 29738

**EXHIBIT C1** : COURT MINUTES OF MAY 1, 2009 INF 064492

**EXHIBIT C2** : REPORTERS TRANSCRIPTS OF PUBLIC NON EN CAMERA PROCEEDINGS OF MAY 1, 2009.AND REPORTERS CERTIFICATION INF 064492

**EXHIBIT C3** COVER PAGE OF EN CAMERA SEALED TRANSCRIPTS OF MAY 1, 2009 & REPORTERS CERTFICATION OF INF 064492

**EXHIBIT D1** : COURT MINUTES OF JUNE 18, 2009 INF 064492

**EXHIBIT D2** : REPORTERS TRANSCRIPTS OF PUBLIC NON EN CAMERA PROCEEDINGS OF JUNE 18, 2009.AND REPORTERS CERTIFICATION (FROM THE REPLOGLE APPELATE DIGITAL TRANSCRIPTS AND MASTER INDEX COVER PAGE ) INF 064492

**EXHIBIT D3**: COVER PAGE OF EN CAMERA SEALED TRANSCRIPTS OF JUN 18, 2009 & REPORTERS CERTFICATION INF 064492

**EXHIBIT E**: REPORTERS PARTIAL TRANSCRIPTS OF JUNE 18, 2010 INF 064492

**EXHIBIT F** : REPORTERS TRANSCRIPTS OF SEPTEMBER 13, 2010 INF 064492

**NOTE:** INF064492 IS

PEOPLE OF CALIFORNIA

VS

REPLOGLE/ NIROULA/GARCIA/BUSTAMANTE/MANNING AND MCCARTHY

# EXHIBIT A

**SEARCH WARRANT 29737 ISSUED BY HON CHARLES F HAINES JUDGE OD THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO FOR THE SEARCH AND SEIZURE OF THE LAW OFFICES OF DAVID REPLOGLE AND RESIDENCE WITH THE UTILISATION OF THE SPECIAL MASTER MARTIN DEAN ESQ**

**NOTE : WARRANT NOT DATED OR TIMED.**

I

## COUNTY OF SAN FRANCISCO, STATE OF CALIFORNIA

### WARRANT NO._____

# SEARCH WARRANT AND AFFIDAVIT (AFFIDAVIT)

____**Detective Simon Min**____ swears under oath that the facts expressed
(Name of Affiant)
by him/her in this Search Warrant and Affidavit and in the attached and incorporated statement
of probable cause are true and that based thereon he/she has probable cause to believe and does
believe that the property and/or person described below is lawfully seizable pursuant to Penal
Code Section 1524, as indicated below, and is now located at the locations set forth below.
Wherefore, affiant requests that this Search Warrant be issued.

_____  **HOBBS SEALING REQUESTED: [ ]YES [X]NO**
(Signature of Affiant)  **NIGHT SEARCH REQUESTED: [ ]YES [X]NO**

## (SEARCH WARRANT)

**THE PEOPLE OF THE STATE OF CALIFORNIA TO ANY SHERIFF, POLICE OFFICER, OR PEACE OFFICER IN THE COUNTY OF RIVERSIDE:** proof by affidavit having been made before me by ____Detective Simon Min____
(Name of Affiant)
that there is probable cause to believe that the property and/or person described herein may be
found at the locations set forth herein and is lawfully seizable pursuant to Penal Code Section
1524 as indicated below by "x" (s) in that;

☐ Property was stolen or embezzled;
☒ Property or things were used as the means of committing a felony;
☐ Property or things are in the possession of any person with the intent to use them as a means of committing a public offense, or in the possession of another to whom he or she may have delivered them for the purpose of concealing them or preventing their being discovered;
☒ Property or things to be seized consist of any item or constitute any evidence that tends to show a felony has been committed, or tends to show that a particular person has committed a felony;
☒ Certification of Non-Disclosure to customer(s) for 90 days.

### YOU ARE THEREFORE COMMANDED TO SEARCH:

The business **(Law Offices of David Replogle)** and residence of:
David Replogle (Business)
15 Montgomery Street #901
San Francisco, CA 94111

MAR 2 5 2009

THE ANNEXED INSTRUMENT IS A
CORRECT COPY OF THE ORIGINAL
ON FILE IN MY OFFICE.
ATTEST: CERTIFIED

GORDON PARK-LI, Clerk
Superior Court of California, County of San Francisco
BY _____ CELIA LUBOS
DEPUTY CLERK

_____, March 02, 2009

DA_____

Judge_____

2

vid Replogle (Residence)
01 S. Main Street #6G
San Francisco, CA 94105

**AT&T**
701 Market Street
San Francisco, CA 94102

*APPLE*
1 Infinite Loop
Cupertino, CA 95014
(408) 974-2351

### FOR THE FOLLOWING PROPERTY:

1.   Any property in the name of Clifford Lambert, indicia, personal items such as suitcases with the specific "CL" logo, artwork belonging to Clifford Lambert, bank records in the name of Clifford Lambert

2.   David Replogle's personal computer and/or "CPU" (Central Processing Unit), which may contain any messages that may link any communication electronically such as email. This item will be examined at a later time with a Special Master.

3.   All cellular phone records related to AT&T cellular phone number: (347) 933-2995 for the period of December 7th, 2008 through March 2nd, 2009, including billing records, phone numbers dialed from and incoming calls made to the above referenced cell number. Subscriber information including the name, address, phone numbers and other personal identifying information relating to the subscriber; instrument number, means and source of payment, types of services utilized by subscriber and start date of subscriber's service. Account comments; call origination/termination location, physical address of cell sites and Radio Frequency coverage map. Locations, dates and times of cell tower contacts. All stored communications or files, including voice mail, email, text messages, digital images, buddy lists; and ay other files associated with user accounts identified as; mobile numbers (347) 933-2995 .

4.   All cellular phone records related to AT&T cellular phone number: 760-799-4796 for the period of November 1st, 2008 through March 2nd, 2009, including billing records, phone numbers dialed from and incoming calls made to the above referenced cell number. Subscriber information including the name, address, phone numbers and other personal identifying information relating to the subscriber; instrument number, means and source of payment, types of services utilized by subscriber and start date of subscriber's service. Account comments; call origination/termination location, physical address of cell sites and Radio Frequency coverage map. Locations, dates and times of cell tower contacts. All stored communications or files, including voice mail, email, text messages, digital images, buddy lists, and ay other files associated with user accounts identified as; mobile numbers: 760-799-4796.

, March 02, 2009                                          DA_____

                                                         Judge_____

3.

5. An Apple Iphone manufacturer's generic passcode to bypass and/or defeat the cellular phone's passcode. A passcode that could be used to unlock this phone without damaging the electronic information.

**AND TO SEIZE IT IF FOUND** and bring it forthwith before me, or this court, at the courthouse of this court. This Search Warrant and incorporated Affidavit was sworn to as true and subscribed before me this \_\_day of \_\_\_\_\_, 20\_\_, at \_\_\_\_\_ A.M./P.M. Wherefore, I find probable cause for the issuance of the Search Warrant and do issue it.

_____, **HOBBS SEALING APPROVED: [ ] YES [X] NO**
(Signature of Magistrate) **NIGHT SEARCH APPROVED: [ ] YES [X] NO**

Judge of the Superior Court, Desert Judicial District



\_\_day, March 02, 2009

DA\_\_\_\_\_

Judge\_\_\_\_\_

001483

FAX NO.

MAR-03-2009 MON 04:19 PM

## IN THE COUNTY OF SAN FRANCISCO, STATE OF CALIFORNIA
## SUPERIOR COURT

On Friday, February 27, 2009 I presented this case to Riverside DA's Office for review and issuance of arrest warrants for: Kaushal Niroula, David Replogle, Daniel Carlos Garcia and Russell Herbert Manning. The Riverside County DA's Office reviewed my case and charged the above listed subjects with multiple counts of various criminal charges such as Forgery (PC 470), Burglary (PC 459), Filing false documents (PC 115), and Identity Theft (PC 530.5). I presented this case to Honorable Judge Thomas N. Douglass at the Larson Justice Center and arrest warrants were issued for the above listed suspects (0902P-4855). This case is an active case involving the above listed subjects.

Clifford Lambert has been missing since 12/7/2008 and a police report was generated to document his disappearance (0812P-1307). Clifford Lambert resides at 317 Camino Norte, Palm Springs, CA 92262 by himself at this location. Upon his disappearance there have been suspicious transactions on his personal bank account. There has been several hundred thousand dollars withdrawn from his account and I verified this information by obtaining banking center surveillance video footage. Refer to attachment "A" for previous search warrants written by me (Detective Simon Min) regarding this case.

On Wednesday, February 25th, 2009 forensic experts from the California Department of Justice responded to 317 Camino Norte (Clifford Lambert's) residence to assist with our investigation. The forensic experts examined Clifford Lambert's residence and they were able to find traces of blood in the kitchen. This examination consisted of swabbing the tiles near and around the washing machine.

On Friday, February 27th, 2009 the Honorable Judge Thomas N. Douglass (Riverside County Superior Court-Indio Branch) issued four (4) arrest warrants for Kaushal Niroula, David Replogle, Daniel Carlos Garcia and Russell Herbert Manning for their roles in defrauding Clifford Lambert (0902P-4855).

On Monday, March 02, 2009 I served these arrest warrants in the City and County of San Francisco where I was assisted by the San Francisco Police Department.

On Monday, March 02, 2009 Detective Browning and I interviewed David Replogle after reading Replogle his Miranda Rights at the San Francisco Police Department Fraud Detail Bureau. Replogle waived his rights to speak to us and he spoke to us freely. David Replogle admitted that he had documents containing a "Settlement of Judgment" on his computer that provided Kaushal Niroula with over $1.5 million dollars from a sexual assault incident that occurred one (1) year ago.

Replogle also admitted that he shredded documents pertaining to the forged notary documents prior to negotiating them at financial institutions. The notary was signed in the early morning hours of December 11th, 2008 and the transaction took place in the afternoon on the same date. However, my investigation revealed that the falsified notary document was negotiated at Pacific Western Bank for a $185,000 transaction and two other transactions totaling more than $25,000.00. This statement that he shredded the documents conflicts with Replogle's own statement of shredding the falsified documents because the notary and the transaction took place

Monday, March 02, 2009                           1                    PSPD Case 0902P-4855

DA_____

Judge_____

001484

### IN THE COUNTY OF SAN FRANCISCO, STATE OF CALIFORNIA
### SUPERIOR COURT

on the same date.

**Building Description**
**301 Main Street**—This is a high rise condominium building on the north side of Main Street at the intersection of Folsom Street. The building has a green glass and silver metal trim accent facade. "301 Main" is clearly posted on the building exterior to the left of the ground floor entry doors.

I am requesting to search David Replogle's residence located at 301 Main Street #901, San Francisco, California. I am requesting to seize David Replogle's personal and/or business computer to be later examined by a Special Master because David Replogle is an active practicing attorney. It should be noted that David Replogle is a named suspect in this forgery case and an arrest warrant was reviewed and issued by Honorable Thomas N. Douglass of the Riverside County Court-Indio Branch. I believe David Replogle has information in his home and his office because during the interview he stated that there was an electronic file of the "Settlement Agreement" between Kaushal Niroula and Clifford Lambert. David Replogle also stated that he "possibly" had documentation of the meeting between Kaushal Niroula and David Replogle.

**Building Description**
**315 Montgomery Street #901, San Francisco, CA 94111**-Is a high rise commercial building in the Financial District of San Francisco. The building is of a light brown color and "315" is clearly posted on the building exterior. The front door of the building faces an eastern direction.

I am requesting to search David Replogle's business (Law Offices of David Replogle) located at 315 Montgomery #901, San Francisco, California. I am requesting to seize David Replogle's personal and/or business computer to be later examined by a Special Master because David Replogle is an active practicing attorney

I am requesting the following information to be searched and/or seized:

- Electronic transactions between Clifford Lambert's personal bank account information such as Charles Schwab, Guaranty Bank, Bank of America, Wells Fargo Bank, and American Express to Kaushal Niroula and Russell Herbert Manning bank accounts

- Any electronic communications such as emails, text messages, FTP (File Transfer Protocols, VPN (Virtual Private Networks) between David Replogle and other co-defendants such as Daniel Carlos Garcia, Kaushal Niroula and Russell Herbert Manning

- Any notes or notepads that may tie David Replogle to Kaushal Niroula, Daniel Carlos Garcia, Russell Herbert Manning and Clifford Lambert. Any documents that are handwritten that has the names of Kaushal Niroula, Russell Herbert Manning, Daniel Carlos Garcia and Clifford Lambert. Any digital notes such as recordings from a personal recorder that David Replogle used to speak about defrauding (This recording will be later examined by a Special Master)

DA_____

Judge_____

001485

FAX NO.

MAR-02-2009 MON 04:19 PM

## IN THE COUNTY OF SAN FRANCISCO, STATE OF CALIFORNIA
## SUPERIOR COURT

- Any maps of Palm Springs or any material referencing Palm Springs such as directions, landmarks, key locations within the City of Palm Springs and the County of Riverside

- Indicia in the name of Clifford Lambert such as bank account statements, receipts, California Identification Card (N0172895) or any other identification card that is in the name of Clifford Lambert.

This business (Law Offices of David Replogle) is located in the City of San Francisco and the County of Residence. I believe that Replogle is a co-conspirator in this case because his thumbprint was located in a notary book that relieved Durable Power of Attorney from Clifford Lambert to Russell Herbert Manning. The thumbprint was examined by San Francisco Police Department Crime Lab and it was confirmed through AFIS that David Replogle's thumbprint was impersonating Clifford Lambert. David Replogle used Clifford Lambert's state issued identification card (N0172895) to falsify documents to defraud Clifford Lambert.

When San Francisco Police Department arrested Niroula and Replogle, Detective Browing and I were present during this arrest. I located two telephones in Replogle's possession a black Iphone (347-933-2995) and silver Nokia (760-799-4796). Replogle stated that the Iphone belonged to Niroula and the Nokia belonged to him.

I am requesting a search warrant be issued for phone records for both 347-933-2995 and 760—799-4796 between the dates of November 1st, 2008 and March 2nd, 2009. I believe that these records will reveal communications between Replogle and Niroula before, during and after Lambert's disappearance and suspected death.

I am requesting a search warrant be issued to unlock Kaushal Niroula's telephone (347-933-2995 because the phone is currently locked with a passcode. The passcode is a specific four (4) digit password that prevents an unauthorized user to access this cellular phone. This passcode also has a fail safe feature where if an unauthorized user inputs several consecutive incorrect digits, the cellular phone is made to re-format automatically. Re-formatting consists of "wiping" the information from the cellular phone to prevent anyone including the owner of the phone to access any information. It is also noted that the correct number or a manufacture passcode be used to unlock this phone to prevent the cellular phone's information from being deleted

I am requesting that the search warrant contain on its face a, "Certification of Non-Disclosure for 90 days" to ensure that the customer(s) on this telephone record are not notified until at least 90 days after the warrant is served. The non-disclosure could prevent the suspect from being alerted to the investigation and prevent him from fleeing.

Based on the above described events, I have reasonable cause to believe that grounds for issuance of a search warrant exists as set forth in Penal Code Section 1524, subdivision (a) subsection (2), (3), and (4).

Pursuant to PC 1524, I am requesting the court to appoint a Special Master because David

Monday, March 02, 2009                    3                    PSPD Case 0902P-4855

DA_____

Judge_____

FAX NO.

MAR-02-2009 MON 04:20 PM

## IN THE COUNTY OF SAN FRANCISCO, STATE OF CALIFORNIA
## SUPERIOR COURT

Replogle is an active practicing attorney and a member of the California State Bar.

I was able to locate a Special Master from the Bay Area (San Francisco, District 4, Martin Dean #47662, 401 Francisco Road, San Francisco, CA 94133 (415-775-1101).

I am requesting to bring the evidence located from these locations back to Riverside County to be analyzed by a computer forensic technician.

Detective Simon Min



Monday, March 02, 2009                    4                    PSPD Case 0902P-4855

DA_____

Judge_____

001487

FAX NO.

P. 01

## STATE OF CALIFORNIA-CITY AND COUNTY OF SAN FRANCISCO
## RETURN TO SEARCH WARRANT

Inspector Gregory Ovanessian #1444, being sworn, says that he conducted a search in concert with Detective Simon Min of the Palm Springs Police Department pursuant to the below described search warrant:

**Search Warrant Number:**
**Palm Springs Police Department Case #0902P-4855**

Issuing Magistrate: Hon. Judge Charles F. Haines
Magistrate's Court: Superior #22, City and County of San Francisco.
Date of Issuance: March 2, 2009
Date of Service: March 2, 2009

and searched the following locations:

**301 Main Street, Penthouse 6G, San Francisco, CA 94105 (Residence)**
**315 Montgomery Street #901, San Francisco, CA 94111 (Law Office)**
**AT&T Subpoena Compliance Center, 701 Market Street, San Francisco, CA 94102**
**Apple Corporation, 1 Infinite Loop, Cupertino, CA 95014**

and seized the following items:

**301 Main Street, Penthouse 6G, San Francisco, CA 94105: See attached Evidence Record.**

**315 Main Street #901, San Francisco, CA 94111 (Law Office): Two brown bags containing indicia, computer tower, one thumb drive, one camera—All property seized and sealed by Special Master.**

**AT&T Subpoena Compliance Center, 701 Market Street, San Francisco, CA 94102: (1) Subscriber and account information for (347) 933-2998 and (2) Subscriber and account information for (760) 799-4796.**

**Apple Corporation, 1 Infinite Loop, Cupertino, CA 95014: Did not serve search warrant on this location because there was no further information needed from this location.**

I further swear that this is a true and detailed account of all the property taken by me pursuant to the search warrant and that pursuant to Penal Code Sections 1528 and 1536 this property will be retained in the custody of Detective Simon Min of the Palm Springs Police Department subject to the order of this court or of any other court in which the offense in respect to which the seized property is liable.

Be advised that pursuant to California Penal Code Sections 1539 and 1540, you may file a written motion in the court of the above-named magistrate who issued the search warrant, seeking the return of the property seized pursuant to this warrant. For further information concerning this search warrant contact Detective Simon Min of the Palm Springs Police Department.

_____
(Signature of Affiant)

Sworn to and subscribed before me this 25th day of March 2009 at _10 20_ hours.

_____
Charles F. Haines
Judge of the Superior Court, Department 22
City and County of San Francisco,
State of California





# Palm Springs Police Department
## Property/Evidence Record

| OFFENSE | CLASSIFICATION : | FEL | MISD | DR # 0902P-4855 | | PAGE # |
|---|---|---|---|---|---|---|
| PC 459 | Burg | ✓ | | 070913223 | | |

| DATE & TIME PROPERTY WAS SEIZED | ADDRESS FROM WHERE PROPERTY WAS SEIZED |
|---|---|
| 3/2/09 @ 2235 | 301 S. MAIN ST |

| NAME AND ADDRESS OF PERSON FROM WHOM THE PROPERTY WAS SEIZED: | NAME AND ID # OF THE EMPLOYEE SEIZING PROPERTY |
|---|---|
| DAVID REPLOGLE 301 S MAIN ST DOB: SAN FRANCISCO CA. TELEPHONE # | S ☑ V ☐ O ☐ — Browning 11051 |

CHECK THE APPROPRIATE BOX BELOW

| ✓ EVIDENCE | FOUND PROPERTY |
|---|---|
| SAFEKEEPING | SEARCH WARRANT |

| ITEM # | LOCKER # | DESCRIPTION | STORAGE LOCATION / VALUE |
|---|---|---|---|
| 11051-4 | | BAG CONTAINING ITEMS RETRIEVED BY SPECIAL MASTER | STORAGE LOCATION / VALUE |
| 11051-5 | | BAG CONTAINING ITEMS RETRIEVED BY SPECIAL MASTER | STORAGE LOCATION / VALUE |
| 11051-6 | | GENERAL DURABLE POWER OF ATTORNEY OF KAUSHAL NIROULA | STORAGE LOCATION / VALUE |
| 11051-7 | | TOSHIBA LAPTOP COMPUTER SN 27211624K | STORAGE LOCATION / VALUE |
| 11051-8 | | BANK ACCOUNT STATEMENTS - w/? CREDIT CARD STATEMENTS Copy is insid bag | STORAGE LOCATION / VALUE |

| REPORTING OFFICER: Browning 11051 | DATE/TIME 3/2/09 @ 2235 | TOTAL VALUE: |
|---|---|---|

| APPROVING SUPERVISOR | DATE/TIME | PROPERTY CONTROLLER | DATE/TIME |
|---|---|---|---|

DISPOSAL: ☐ RETURN TO _____
  ☐ ADDRESS _____
  ☐ COURT ORDER ATTACHED
  ☐ AUCTION
  ☐ GENERAL FUND

| INVESTIGATOR'S SIGNATURE | DATE | PROPERTY CONTROLLER SIGNATURE | DATE & TIME |
|---|---|---|---|

I certify, under penalty of perjury, that I am the lawful owner/guardian of the above-described property. I have taken possession of the above-described property. (PLEASE PRINT)

NAME _____ ADDRESS _____
DATE _____

PHONE _____ SIGNATURE _____

Property released by: _____ Released/Got to by: _____
Total storage cost : _____ Date Disposed: _____

001408



**Palm Springs Police Department**
**Property/Evidence Record**

| FFENSE | CLASSIFICATION | FEL | MISD | DR # 0902D-4855 | | PAGE # |
|--------|----------------|-----|------|------------------|--|--------|
| Pc459 | Burg. | N | | ~~0901D-1323~~ | | 1 |

| DATE & TIME PROPERTY WAS SEIZED | ADDRESS FROM WHERE PROPERTY WAS SEIZED |
|---------------------------------|------------------------------------------|
| 3 2 09 @ 2105 | 315 Montgomery Street #90 San Francisco, CA |

NAME AND ADDRESS OF PERSON FROM WHOM THE PROPERTY WAS SEIZED:
DAVID REPLOGLE
301 S. MAIN ST #66
DOB: SAN FRANCISCO CA 94105

TELEPHONE #

NAME & ID # OF THE EMPLOYEE SEIZING PROPERTY:
Browning 1107

S ☑
V ☐
O ☐
CHECK THE APPROPRIATE BOX BELOW

| | | |
|--|--|--|
| ☒ EVIDENCE | | FOUND PROPERTY |
| ☐ SAFEKEEPING | | SEARCH WARRANT |

| ITEM # | LOCKER # | DESCRIPTION DELL CPU | STORAGE |
|--------|----------|----------------------|---------|
| 11051-1 | N/A | PRODUCT REY : W32VY-8QPBW-PVW9P-4B89Y-44BVB | LOCATION _____ VALUE _____ |

| ITEM # | LOCKER # | DESCRIPTION MOTOROLA RAZOR CELLULAR | STORAGE |
|--------|----------|--------------------------------------|---------|
| 11051-2 | C | PHONE MSN G266JN4B5Y | LOCATION _____ VALUE _____ |

| ITEM # | LOCKER # | DESCRIPTION NOKIA CELLULAR PHONE | STORAGE |
|--------|----------|-----------------------------------|---------|
| 11051-3 | L C | SKU - 64862 | LOCATION _____ VALUE _____ |

| ITEM # | LOCKER # | DESCRIPTION | STORAGE |
|--------|----------|-------------|---------|
| | | | LOCATION _____ VALUE _____ |

| ITEM # | LOCKER # | DESCRIPTION | STORAGE |
|--------|----------|-------------|---------|
| | | | LOCATION _____ VALUE _____ |

| REPORTING OFFICER | DATE/TIME | |
|-------------------|-----------|--|
| Browning | 3 2 09 @ 2105 | TOTAL VALUE: |

| APPROVING SUPERVISOR | DATE/TIME | PROPERTY CONTROLLER | DATE/TIME |
|----------------------|-----------|---------------------|-----------|
| | | | |

DISPOSAL: ☐ RETURN TO _____
☐ ADDRESS _____
☐ COURT ORDER ATTACHED
☐ AUCTION
☐ GENERAL FUND

PRIOR COURT
RETURN TO FINDER
DEPARTMENT USE
DESTROY
DATE

_____                    _____
INVISTGATOR'S SIGNATURE          DATE      PROPERTY CONTROLLER SIGNATURE   DATE & TIME

I certify, under penalty of perjury, that I am the lawful owner/guardian of the above-described property. I have taken possession of the above-described property. (PLEASE PRINT)

NAME _____  ADDRESS _____
_____  _____  DATE _____
PHONE _____  SIGNATURE _____
Property released by: _____  Collected/Dropto by: _____
Total storage cost : _____  Date Disposed: _____

# EXHIBIT B

SEARCH WARRANT 29738 ISSUED BY HON. NANCY DAVIS  AT 9: 40 PM ON MARCH 2

2009 FOR THE SEARCH AND SEIZURE OF THE LAW OFFICES OF DAVID REPLOGLE

AND RESIDENCE .

NOTE: PIGGYBACK COVER UP WARRANT OBTAINED BY SIMON MIN

INTERESTED THIRD PARTY KAUSHAL NIROULA'S NOTICE OF  MOTION AND MEMORANDUM IN
SUPPORT OF MOTION TO QUASH SUBPOENA TO PRODUCE  DOCUMENTS INFORMATION OR
OBJECTS  OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION /EXIBITS

20

1

.COUNTY OF SAN FRANCISCO, STATE OF CALIFORNIA

WARRANT NO._____

# SEARCH WARRANT AND AFFIDAVIT
# (AFFIDAVIT)

_____**Detective Simon Min**_____ swears under oath that the facts expressed
(Name of Affiant)
by him/her in this Search Warrant and Affidavit and in the attached and incorporated statement
of probable cause are true and that based thereon he/she has probable cause to believe and does
believe that the property and/or person described below is lawfully seizable pursuant to Penal
Code Section 1524, as indicated below, and is now located at the locations set forth below. .
Wherefore, affiant requests that this Search Warrant be issued.

_____,    **HOBBS SEALING REQUESTED:  [ ]YES [X]NO**
(Signature of Affiant)           **NIGHT SEARCH REQUESTED:  [X]YES [ ]NO**

## (SEARCH WARRANT)

**THE PEOPLE OF THE STATE OF CALIFORNIA TO ANY SHERIFF, POLICE
OFFICER, OR PEACE OFFICER IN THE COUNTY OF RIVERSIDE:** proof by affidavit.
having been made before me by _____Detective Simon Min_____ .
(Name of Affiant)
that there is probable cause to believe that the property and/or person described herein may be
found at the locations set forth herein and is lawfully seizable pursuant to Penal Code Section
1524 as indicated below by "x" (s) in that:

☐ Property was stolen or embezzled;
☒ Property or things were used as the means of committing a felony;
☐ Property or things are in the possession of any person with the intent to use them as a means of committing a
   public offense, or in the possession of another to whom he or she may have delivered them for the purpose of
   concealing them or preventing their being discovered;
☒ Property or things to be seized consist of any item or constitute any evidence that tends to show a felony has been
   committed, or tends to show that a particular person has committed a felony;
☒ Certification of Non-Disclosure to customer(s) for 90 days.

### YOU ARE THEREFORE COMMANDED TO SEARCH

The business (Law Offices of David Replogle) and residence of:
**David Replogle (Business)**
315 Montgomery Street #901
San Francisco, CA 94111

MAR 2 5 2009

GORDON PARK-LI, Clerk
Superior Court, California County

Monday, March 02, 2009

DA_____

Judge_____

001492

2.

vid Replogle (Residence)
501 S. Main Street #6G
San Francisco, CA 94105

AT&T
701 Market Street
San Francisco, CA 94102

*APPLE*
1 Infinite Loop
Cupertino, CA 95014
(408) 974-2351

**FOR THE FOLLOWING PROPERTY:**

1.   Any property in the name of Clifford Lambert, indicia, personal items such as suitcases with the specific "CL" logo, artwork belonging to Clifford Lambert, bank records in the name of Clifford Lambert

2.   Any property, indicia, bank records, documents, receipts, notes, notebooks, electronic note taking devices in the names of Kaushal Niroula, Russell Herbert Manning and Daniel Carlos Garcia aka Danny Garcia and Miguel Bustamante. Any property indicating or linking David Replogle to Kaushal Niroula, Daniel Carlos Garcia, Russell Herbert Manning, Clifford Lambert and Miguel Adolfo De Leon Bustamante and any other subjects that are tied to the City of Palm Springs.

3.   Any other subjects that may have ties or links to Palm Springs that are documented in the form of indicia, documents, receipts, notes, notebooks, electronic note taking devices or any form of electronic devices to communicate with each other such emails, VPN (Virtual Private Network, FTP (File Transfer Protocol).

4.   David Replogle's personal computer and/or "CPU" (Central Processing Unit), which may contain any messages that may link any communication electronically such as email. This item will be examined at a later time with a Special Master.

5.   All cellular phone records related to AT&T cellular phone number (347) 933-2995 for the period of December 7th, 2008 through March 2nd, 2009, including billing records, phone numbers dialed from and incoming calls made to the above referenced cell number. Subscriber information including the name, address, phone numbers and other personal identifying information relating to the subscriber; instrument number, means and source of payment, types of services utilized by subscriber and start date of subscriber's service. Account comments; call origination/termination location, physical address of cell sites and Radio Frequency coverage map. Locations, dates and times of cell tower contacts. All stored communications or files, including voice mail, email, text messages, digital images, buddy lists, and ay other files associated with user accounts identified as; mobile numbers (347) 933-2995 .

Monday, March 02, 2009                                              DA_____

Judge_____

6. All cellular phone records related to AT&T cellular phone number: 760-799-4796 for the period of November 1st, 2008 through March 2nd, 2009, including billing records, phone numbers dialed from and incoming calls made to the above referenced cell number. Subscriber information including the name, address, phone numbers and other personal identifying information relating to the subscriber; instrument number, means and source of payment, types of services utilized by subscriber and start date of subscriber's service. Account comments; call origination/termination location, physical address of cell sites and Radio Frequency coverage map. Locations, dates and times of cell tower contacts. All stored communications or files, including voice mail, email, text messages, digital images, buddy lists, and ay other files associated with user accounts identified as; mobile numbers: 760-799-4796.

7. An Apple Iphone manufacturer's generic passcode to bypass and/or defeat the cellular phone's passcode. A passcode that could be used to unlock this phone without damaging the electronic information.

We have had an officer securing the residence since 12pm due to the time of the issuance of this warrant I am requesting that it be endorsed for night service.

**AND TO SEIZE IT IF FOUND** and bring it forthwith before me, or this court, at the courthouse of this court. This Search Warrant and incorporated Affidavit was sworn to as true and subscribed before me this 2nd day of March , 2009, at 9:40 A.M./P.M. Wherefore, I find probable cause for the issuance of the Search Warrant and do issue it.

_____, **HOBBS SEALING APPROVED:** [ ] YES ☒ NO
(Signature of Magistrate) **NIGHT SEARCH APPROVED:** ☒ YES [ ] NO

Judge of the Superior Court, Desert Judicial District



Monday, March 02, 2009

DA_____

Judge_____

001494

## IN THE COUNTY OF SAN FRANCISCO, STATE OF CALIFORNIA
## SUPERIOR COURT

On Monday, March 2nd, 2009 at approximately 1730hrs I completed a search warrant for David Replogle's business (Law Offices of David Replogle) located at 315 Montgomery Street #901, San Francisco, California and his residence located at 301 Main Street #6G, San Francisco, CA 94105. Honorable Judge Charles Haines signed the Affidavit for a Search Warrant. Detective Browning and I executed this search warrant beginning at 1800hrs.

I contacted a Special Master assigned from the Bay Area (San Francisco, District 4, Martin Dean #47662, 401 Francisco Road, San Francisco, CA 94133 (415-775-1101). Special Master Dean searched David Replogle's office while we stood by and witnessed this search.

On my original warrant I only requested indicia and documents in the name of Clifford Lambert. I did not include the names of Kaushal Niroula, Russell Herbert Manning, Daniel Carlos Garcia, Miguel Bustamante and any other subjects that are tied to Clifford Lambert or the City of Palm Springs.

I am requesting a search warrant to search and seize any documents, indicia, bank records, personal records, notes, notepads containing the above listed names, electronic note taking devices in the name of Kaushal Niroula, Daniel Carlos Garcia, Russell Herbert Manning, Miguel Bustamante and any other subjects that may link to the disappearance of Clifford Lambert. I would like to prove the communication amongst these listed subjects to conspire the defrauding of Clifford Lambert and his estate.

I am requesting that the search warrant contain on its face a, "Certification of Non-Disclosure for 90 days" to ensure that the customer(s) on this telephone record are not notified until at least 90 days after the warrant is served. The non-disclosure could prevent the suspect from being alerted to the investigation and prevent him from fleeing.

Due to the time of this search warrant I am requesting that it be endorsed for night service.

Based on the above described events, I have reasonable cause to believe that grounds for issuance of a search warrant exists as set forth in Penal Code Section 1524, subdivision (a), subsection (2), (3), and (4).

Pursuant to PC 1524, I have requested the court to appoint a Special Master because David Replogle is an active practicing attorney and a member of the California State Bar. Special Master Dean Martin #47662 has been appointed to this search and seizure.

I am requesting to bring the evidence located from these locations back to Riverside County to be analyzed by a computer forensic technician.

Detective Simon Min

Monday, March 02, 2009

Sworn before me:

PSPD Case 0902P-4855

DA_____

Judge_____

001495h 2, 2009 at 9:40 pm

Be advised that pursuant to California Penal Code Sections 1539 and 1540, you may file a written motion in the court of the above-named magistrate who issued the search warrant, seeking the return of the property seized pursuant to this warrant. For further information concerning this search warrant contact Detective Simon Min of the Palm Springs Police Department.

_Gregory Wanuin_

(Signature of Affiant)

Sworn to and subscribed before me this 25th day of March 2009 at ___10 2ð___ hours.

_Charles J Haines_

**Charles F. Haines**
**Judge of the Superior Court, Department 22**
**City and County of San Francisco,**
**State of California**



001491



## Palm Springs Police Department
## Property/Evidence Record

| OFFENSE | CLASSIFICATION | FEL | MISD | DR # *0902P-4855* | | PAGE # |
|---------|----------------|-----|------|-------------------|---|--------|
| PC459 | Burg. | X | | 0910P 1373 | | |

| DATE & TIME PROPERTY WAS SEIZED | ADDRESS FROM WHERE PROPERTY WAS SEIZED |
|---|---|
| 3  2  09  @ 2105 | 315 Montgomery Street #904, San Francisco, CA |

NAME AND ADDRESS OF PERSON FROM WHOM THE PROPERTY WAS SEIZED:

DAVID REPLOGLE
301 S MAIN ST #66
DOB: SAN FRANCISCO CA 94105

TELEPHONE #

NAME & ID # OF THE EMPLOYEE SEIZING PROPERTY

S ☒  Browning 1.107
V ☐
O ☐   CHECK THE APPROPRIATE BOX BELOW

☒ EVIDENCE  ☐ FOUND PROPERTY
☐ SAFEKEEPING  ☐ SEARCH WARRANT

| ITEM # | LOCKER # | DESCRIPTION | STORAGE |
|--------|----------|-------------|---------|
| 11051-1 | N/A | DESCRIPTION DELL CPU PRODUCT KEY: W32VY-8QPBW-PVW9P-4BB9Y-Y48VB | LOCATION ___ VALUE ___ |
| 11051-2 | ( | DESCRIPTION MOTOROLA RAZOR CELLULAR PHONE MSN G266JN4B54 | LOCATION ___ VALUE ___ |
| 11051-3 | ι ( | DESCRIPTION NOKIA CELLULAR PHONE SKU - 64862 | LOCATION ___ VALUE ___ |
| ITEM # | LOCKER # | DESCRIPTION | LOCATION ___ VALUE ___ |
| ITEM # | LOCKER # | DESCRIPTION | LOCATION ___ VALUE ___ |

| REPORTING OFFICER | DATE/TIME | TOTAL VALUE: |
|---|---|---|
| Browning | 3 2 09 @ 2105 | |

| APPROVING SUPERVISOR | DATE/TIME | PROPERTY CONTROLLER | DATE/TIME |
|---|---|---|---|

DISPOSAL: ☐ RETURN TO _____
☐ ADDRESS _____
☐ COURT ORDER ATTACHED
☐ AUCTION
☐ GENERAL FUND

☐ RETURN TO FINDER
☐ DEPARTMENTAL USE
☐ DESTROY
DATE _____

| INVESTIGATOR'S SIGNATURE | DATE | PROPERTY CONTROLLER SIGNATURE | DATE & TIME |
|---|---|---|---|

I certify, under penalty of perjury, that I am the lawful owner/guardian of the above-described property. I have taken possession of the above-described property. (PLEASE PRINT)

NAME _____ ADDRESS _____

_____ DATE _____

PHONE _____ SIGNATURE _____

Property released by: _____ Released photo by: _____
Total storage cost : _____ Date Disposed: _____

001497



# Palm Springs Police Department
## Property/Evidence Record

| OFFENSE | CLASSIFICATION | FEL | MISD | DR # 090ZP-4855 | PAGE # |
|---|---|---|---|---|---|
| PC459 | Burg | 2 | | 0F01R132 | |

| DATE & TIME PROPERTY WAS SEIZED | ADDRESS FROM WHERE PROPERTY WAS SEIZED |
|---|---|
| 3/2/09 @ 2235 | 301 S. MAIN ST |

| NAME AND ADDRESS OF PERSON FROM WHOM THE PROPERTY WAS SEIZED | | NAME & ID # OF THE EMPLOYEE SEIZING PROPERTY |
|---|---|---|
| DAVID REPLOGLE | S ☑ V ☐ O ☐ | Browning 11051 |
| 301 S MAIN ST. | | CHECK THE APPROPRIATE BOX BELOW |
| DOB: SAN FRANCISCO CA. | | ☑ EVIDENCE / ☐ FOUND PROPERTY |
| TELEPHONE # | | ☐ SAFEKEEPING / ☐ SEARCH WARRANT |

| ITEM # 11051-4 | LOCKER # | DESCRIPTION BAG CONTAINING ITEMS RETRIEVED BY SPECIAL MASTER | STORAGE LOCATION _____ VALUE |
|---|---|---|---|
| ITEM # 11051-5 | LOCKER # | DESCRIPTION BAG CONTAINING ITEMS RETRIEVED BY SPECIAL MASTER | STORAGE LOCATION _____ VALUE |
| ITEM # 11051-6 | LOCKER # | DESCRIPTION GENERAL DURABLE POWER OF ATTORNEY OF KAUSHAL NIROULA | STORAGE LOCATION _____ VALUE |
| ITEM # 11051-7 | LOCKER # | DESCRIPTION TOSHIBA LAPTOP COMPUTER SN 272 11624K | STORAGE LOCATION _____ VALUE |
| ITEM # 11051-8 | LOCKER # | DESCRIPTION BANK ACCOUNT STATEMENTS LOST CREDIT CARD STATEMENTS COPY OR PASSPORT | STORAGE LOCATION _____ VALUE |

| REPORTING OFFICER Browning 11051 | DATE/TIME 3/2/09 @ 2235 | TOTAL VALUE: |
|---|---|---|
| APPROVING SUPERVISOR | DATE/TIME | PROPERTY CONTROLLER — DATE/TIME |

DISPOSAL: ☐ RETURN TO _____
☐ ADDRESS _____
☐ COURT ORDER ATTACHED
☐ AUCTION
☐ GENERAL FUND

☐ RETURN TO FINDER
☐ DEPARTMENTAL USE
☐ DESTROY
DATE _____

INVESTIGATOR'S SIGNATURE _____ DATE _____   PROPERTY CONTROLLER SIGNATURE _____ DATE & TIME _____

I certify, under penalty of perjury, that I am the lawful owner/guardian of the above-described property. I have taken possession of the above-described property. (PLEASE PRINT)

NAME _____   ADDRESS _____

DATE _____

PHONE _____   SIGNATURE _____

Property released by: _____   Released Photo by: _____

Total storage cost : _____   Date Disposed: _____

OR0496

1
2
3
4
5
6
7

# EXIBIT C1

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

CERTIFIED COPIES OF COURT MINUTES OF MAY 1 2009 HEARING BEFORE HON CHARLES F HAINES SAN FRANCISCO SUPERIOR COURT JUDGE AT INDIO CALIFORNIA AS TO THE PHYSICAL DOCUMENTS AND ITEMS SEIZED BY THE SPECIAL MASTER MARTIN DEAN ON MARCH 2 2009 PURSUANT TO THE WARRANT ISSUED BY HON CHARLES F HAINES FOR THE SEARCH AND SEIZURE OF THE LAW OFFICES OF DAVID REPLOGLE AND RESIDENCE

NOTE : THE COURT MINUTES VERY CLEARLY INDICATE AND DEPICT THE CONDUCTING OF EN CAMERA HEARINGS AND EXCLUSION OF THE GOVERNMENT AND SEALING DONE BY HON CHARLES F HAINES.

INTERESTED THIRD PARTY KAUSHAL NIROULA'S NOTICE OF MOTION AND MEMORANDUM IN SUPPORT OF MOTION TO QUASH SUBPOENA TO PRODUCE DOCUMENTS INFORMATION OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION /EXIBITS

21

SUPERIOR COURT OF STATE OF CALIFORNIA, COUNTY OF RIVERSIDE
46-200 Oasis Street
Indio, CA  92201

PEOPLE OF THE STATE OF CALIFORNIA

CASE NO: INF064492

       -vs-
DEFENDANT: KAUSHAL NIROULA

M I N U T E   O R D E R
**********************************************************************
DEPT:3M    HEARING DATE: 05/01/09
PROCEEDINGS: Hearing on Motion Re: Hearing on Search Warrant.
**********************************************************************

CHARGES:  1) 187(A) PC-F A, 2) 182(A)(1) PC-F A, 3) 459 PC-F A
4) 459 PC-F A, 5) 487(A) PC-F A, 6) 487(A) PC-F A, 7) 530.5(A) PC-F A
VIOLATION DATE:  12/05/08

Honorable Judge Charles F. Haines Presiding.
Courtroom Assistant: G. Duran
Court Reporter: T. Dible
People represented by Deputy District Attorney: DDA L. DiMaria.
Defendant represented by PVT D. Shaw.
Defendant Present.
The Following Present in Chambers:Court Reporter;
Courtroom Clerk; PVT M Rodriguez; DPD J Forth;
PVT J Dolan; PVT D Shaw; DDA L DiMaria
Court and Counsel Confer regarding: Issues in Special Master
Hearing.
Counsel Stipulate: Waives defendant's personal
appearance for In-Camera Hearing.
All Parties Present in Court.
Co-defendants Present in Court.
Officer Simon Min Present in Court.
Supplemental Search Warrant Submitted to the Court
Officer Simon Min Sworn by the Judge as to Search
Warrant.
Court excludes DDA L DiMaria and All Parties not
Associated with In-Camera Proceedings.
Defendants and Counsel Confer regarding documents.
At 10:30, the following proceedings were held:
Courtroom Assistant was Not present for the
following proceedings:
In-Camera Hearing (In Chambers) Present:
Court Reporter and Defense Counsel PVT J Dolan.
At 11:03, the following proceedings were held:
Courtroom Assistant was Not present for the
following proceedings:
In-Camera Hearing (In Chambers) Present:
Court Reporter and Defense Counsel PVT M Rodriguez
At 12:00pm Court in Recess (Lunch)
At 13:30, the following proceedings were held:
PVT M Sullivan and PVT D Shaw Present in Court.

```
   1/09/12                                                          Page:    2
-------------------------------------------------------------------------------
Case Number : INF064492        People vs. KAUSHAL NIROULA
===============================================================================
      Defendant Kaushal Niroula present in Court.
      At 14:00, the following proceedings were held:
      Courtroom Assistant was Not present for the
      following proceedings:
      In-Camera Hearing (In Chambers) Present:
      Court Reporter; Defense Counsels PVT M Sullivan;
      PVT D Shaw
      At 16:30, the following proceedings were held:
      PVT M Rodriguez Present in Court.
      Defendant Daniel Carlos Garcia Present in Court.
      Court and Counsel Confer regarding: Documents for
      Defendant Daniel Garcia to be reviewed by Counsel.
      Stipulated motion to continue pursuant to 1050 PC is granted.
      Felony Settlement Conference set on 05/04/2009 at  8:30 in Dept.
      3N
      Defendant ordered to return on any and all future hearing dates.
      Bail To Remain as fixed.
      Remains Remanded to custody of Riverside Sheriff.
      Pursuant to 1524(c) PC Court Orders Record Sealed.
      DDA L DiMaria Present in Court.
      Officer Simon Min Present in Court.
      Documents Not Ordered Sealed by the Court returned
      to Officer Simon Min for save keeping.
      Minute order printed to Indio Jail.
```



# EXHIBIT C2

REPORTERS PARTIAL TRANSCRIPT OF MAY 1 2009 BEFORE THE HONORABLE CHARLES F HAINES PUBLICLY HELD PORTIONS OF THE HEARING CLEARLY DEPICTING THE NATURE OF WHAT THE HEARING AND THE SPECIAL MASTER EN CAMERA HEARINGS PURPOSE WAS FOR .

INTERESTED THIRD PARTY KAUSHAL NIROULA'S NOTICE OF  MOTION AND MEMORANDUM IN
SUPPORT OF MOTION TO QUASH SUBPOENA TO PRODUCE  DOCUMENTS INFORMATION OR
OBJECTS  OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION /EXIBITS

22

SUPERIOR COURT OF CALIFORNIA

COUNTY OF RIVERSIDE


PEOPLE OF THE STATE OF CALIFORNIA,    )
                                      )
          Plaintiff,                  )
                                      )
     vs.                              )  No. INF064492
                                      )
KAUSHAL NIROULA,                      )
                                      )
                                      )
                          Defendant.  )
                                      )
_____


REPORTER'S TRANSCRIPT OF PROCEEDINGS
Before The Honorable Charles Haines
May 1, 2009


APPEARANCES:


For the Plaintiff:      OFFICE OF THE DISTRICT ATTORNEY
                        BY: LISA DIMARIA
                        82-675 Highway 111
                        Indio, California 92201




For the Defendant:      SULLIVAN & SHAW
                        BY: MARK SULLIVAN and DENISE SHAW
                        555 South Palm Canyon Drive, Suite 201
                        Palm Springs, California 92264




Reported By:            TRACEY JENNIFER DIBLE, CSR No. 12928

```
1                    INDIO, CALIFORNIA, MAY 1, 2009
2            BEFORE THE HONORABLE HAINES, DEPARTMENT 3M
3            THE COURT:  Please have a seat.  Good morning,
4    Everybody.  I want to call the case for the court reporter.
5    This is the matter of People versus Niroula, Replogle, Garcia
6    and I think somebody else -- Mr. Bustamante.
7            MR. FORTH:  Yes, your Honor.
8            THE COURT:  May I get everybody's appearances for the
9    record?
10           MR. RODRIGUEZ:  Mario Rodriguez on behalf of Daniel
11   Garcia.
12           MR. FORTH:  Joe Forth on behalf of Miguel Bustamante.
13           MR. DOLAN:  John Patrick Dolan on behalf of David
14   Replogle.
15           MS. SHAW:  Denise Shaw, Sullivan and Shaw on behalf of
16   Mr. Niroula.
17           MS. DIMARIA:  Lisa DiMaria for the People.
18           THE COURT:  Before we get started, the reason I wanted
19   to talk in chambers is because I've been informed by the bailiff
20   that Mr. Garcia is late.
21           MR. RODRIGUEZ:  I understand he's being brought down
22   from Riverside, should be here about 10:30.
23           THE COURT:  So it's entirely up to you folks how you
24   want to proceed.  But first thing I would like to if you can
25   waive your client's appearance for this purpose is to talk about
26   some of the procedure tactics, things in terms of conducting
27   this hearing today.  If you're uncomfortable with waiving your
28   client's appearances for that, we can do that while we're
```

1    waiting for Mr. Garcia.

2              MR. RODRIGUEZ:  Is it just regarding scheduling issues?

3              THE COURT:  And exactly how I want this hearing to

4    proceed.  Again, it's up to you.  If you don't want to waive the

5    client's appearance, we could wait until Mr. Garcia comes and do

6    this much out in open court.

7              MR. FORTH:  On behalf of Mr. Bustamante, I would waive

8    his appearance for this proceeding here.

9              MR. DOLAN:  Yes.  Given the Court's indicated, I would

10   waive Mr. Replogle's appearance for this.

11             MS. SHAW:  As to Mr. Niroula, I would waive if it's

12   only procedural.

13             THE COURT:  Also let me add this, if for example we

14   talk about something, and you feel like you wanted to clear this

15   up with your client, feel free to let me know, and we can always

16   with that reservation -- I'm just trying to budget our time.

17             MR. RODRIGUEZ:  That's fine, your Honor.

18             THE COURT:  Is everybody comfortable?

19             MR. RODRIGUEZ:  Yes.

20             THE COURT:  Okay.  This is not a typical special master

21   situation.  Generally with a special master the attorney, for

22   example, who is an attorney whose premises, whose office is

23   being searched is usually present with the special master right

24   there at the search and search the privilege as the search is

25   going on.  The special master met with me yesterday.  Special

26   master returned to me the court materials which he seized

27   pursuant to the search warrant.

28             So it's been in the possession of a special master and

| | |
|---|---|
| 1 | now with me personally continually since the time of the search. |
| 2 | What the special master did since he was not -- he did not have |
| 3 | access to -- this is Mr. Replogle's.  Who is representing Mr. |
| 4 | Replogle? |
| 5 | MR. DOLAN:  I am. |
| 6 | THE COURT:  Since he was searching Mr. Replogle's |
| 7 | residence and house and he did not have Mr. Replogle present, he |
| 8 | took the possession that anything he thought was relevant to |
| 9 | this case as far as he knew it, he would presume that |
| 10 | Mr. Replogle would assert the privilege and that's why I have |
| 11 | these materials. |
| 12 | So the purpose of our hearing today would be for -- to |
| 13 | take these materials and see what, if any, Mr. Replogle is going |
| 14 | to assert his privilege.  And from what I understand then the |
| 15 | other three -- you other three folks, you're representing |
| 16 | someone who is going to claim as a client privilege, is that |
| 17 | what it is? |
| 18 | MR. RODRIGUEZ:  Your Honor, back in 2002 my client |
| 19 | Mr. Garcia and Mr. Replogle entered into an attorney/client |
| 20 | relationship.  So if there are any matters which pertain -- |
| 21 | THE COURT:  So at one time you had an attorney/client |
| 22 | relationship so therefore your client may want to assert a |
| 23 | privilege. |
| 24 | Mr. Forth, is your client in the same position? |
| 25 | MR. FORTH:  Um, that I'm not be not absolutely sure of. |
| 26 | THE COURT:  Ms. Shaw, your client was represented by at |
| 27 | one time Mr. Replogle? |
| 28 | MS. SHAW:  I believe there is an issue. |

1      THE COURT:  So that's the reason why we don't just have

2  Mr. Replogle here today.  Am I getting this right?

3      MS. SHAW:  Yes.

4      MR. DOLAN:  Yes.

5      THE COURT:  Here's what I think is going to be a little

6  tricky.  Typically -- and I'll cite the cases that I've read on

7  these.  The procedure that the courts have approved is to bring

8  the lawyer either into chambers and go through these in camera,

9  but that's not going to work under these circumstances.  I can't

10  very well bring in one, two, three, four defendants who are

11  charged with what these people are charged with without the

12  bailiffs.

13      So what I'm thinking of -- and I want you to think

14  about this and tell me if this is going to cause a problem.

15  What I propose do is when we go out on the record with the

16  clients, I'm going to open the envelope and give first of all

17  Mr. Dolan the materials.  And what I propose is that you and

18  your client go through these and see if there is materials, Pile

19  A which you're not going to claim a privilege, Pile B which you

20  are going to claim a privilege.  Now, there's an issue with the

21  bailiffs because obviously we're assuming that all of this is

22  privileged information for this purpose until it's been

23  screened.

24      The bailiffs are going to be out of eyesight so there

25  not going to be in a position to view this.  If you feel at any

26  time that the bailiffs are able to review it, let me know and

27  we'll make sure that doesn't happen.  If you need to confer with

28  your clients, the bailiffs tell me you can talk privately with

1   them in the jury box and you're welcome at any time to let me

2   know that you need to confer privately.

3       Obviously we can't just hand you the evidence and then

4   kind of leave it at that. Not that anyone -- I'm not accusing

5   anybody of tampering with the evidence, but I hope you can

6   appreciate that we have to maintain let's say the chain of

7   custody. So that's why it's a little bit of an awkward

8   procedure and I'm trying to preserve several things. One is the

9   confidentiality of this material. And two, your ability to

10  communicate with your clients.

11      Now, so when we get through all of that, then I have to

12  deal with the issue of how do we actually litigate the

13  confidential issues and keep it confidential. And here's what I

14  would propose. For that purpose, I would propose that the

15  clients' appearances be waived and we have the lawyers do it in

16  chambers. The D.A. wouldn't be part of this. And if you had to

17  stop to go confer with your client, we could do that. I'm just

18  throwing that out. To me, I think that's the only practical way

19  to do this because I can't have the bailiffs leave the

20  courtroom. And you want to be able to discuss this freely on

21  the record with the judge.

22      How does that strike people?

23      MR. DOLAN: May I suggest something. I think there's

24  two directions which privilege can be asserted obviously.

25  Mr. Replogle is an attorney in an attorney/client relationship

26  and then there's the clients. Especially Mr. Niroula and

27  Mr. Garcia.

28      Would it make since to have Mr. Replogle by himself in

1    the courtroom I suppose so we can have security divide whatever

2    is there between things that are not relevant to anybody

3    involved in this case and things relevant to Mr. Niroula and

4    things relevant to Mr. Garcia so then there lawyers could have

5    the possibility of looking at one without the other?

6              THE COURT:  Here's what I think.  Mr. Replogle it's his

7    records.  Although there may be material that relates to your

8    client's interests, I think the place to start is with

9    Mr. Replogle.

10             Suppose theoretically Mr. Replogle says there's nothing

11   here privileged.  I think still the other attorneys should have

12   the opportunity on behalf of their clients' interest to look at

13   this material to see if they feel the same way.

14             MR. DOLAN:  I agree.  I think either could assert.  But

15   I think the initial step has to be to divide out -- you wouldn't

16   want Mr. Niroula's lawyer to be looking at the material for

17   Mr. Garcia or vice versa.  So I think we have to begin with

18   Mr. Replogle dividing the materials up.

19             THE COURT:  That's a good point.

20             MS. SHAW:  I agree, Judge.

21             MR. RODRIGUEZ:  I agree.

22             THE COURT:  Procedurally then we start out with

23   Mr. Dolan and Mr. Replogle who will go through this and see how

24   this is going to scope out.  And then we'll go from there.  But

25   that's the only way logistically I think this can work under

26   this particular circumstances we have in this case.  So it

27   doesn't leave much room for participation by the District

28   Attorney unfortunately at this stage.

1      MS. DIMARIA:  I understand, Your Honor.  I'll just

2    voice this and I'm not sure how it's going to go, but I know

3    part of what Mr. Garcia is going to claim is privileged as

4    Mr. Rodriguez has indicated they had a relationship,

5    attorney/client relationship from years back.  But I believe

6    that's part of law enforcement's position that that was an act

7    of fraud as well.  And that these have all been continuing acts

8    of fraud.

9          THE COURT:  So is everyone familiar there's the crime

10   fraud exception to the privilege under these circumstances, but

11   doesn't apply to work product.  It does apply to crime fraud.

12   That's a different standard.  You have to make a prima facia

13   showing of that in order to overcome the assertion of the

14   privilege.

15         So again it gets tricky because you don't know what's

16   in there.  And if you're going to make that claim, then at some

17   point you're going to have the burden of producing some

18   evidence.  I presume you can state it as an officer of the court

19   what the evidence is that you know that would show why this

20   court would review it.  Then think that perhaps the privilege

21   would be overcome by the crime fraud exception.

22         MR. DOLAN:  Could I bring up one other thing too.

23         If I'm not mistaken, we not only have what we have here

24   to deal with, but we have another search warrant I guess redone

25   to do the review of the hard drive of the computer.

26         THE COURT:  Let me explain what is going on with that

27   again.  The special master came into my chambers yesterday.

28   This material that I have is just documentation.  This is the

1    procedure that he's going to use and I've approved.  He has a
2    contact in Secret Service.  The Secret Service has software and
3    the ability to -- there's two cell phones, digital camera, and I
4    think they call it a thumb drive.  It's a computer stick.

5              MS. DIMARIA:  I was under the impression it was a whole
6    computer as well.

7              THE COURT:  I don't know there's a whole computer as
8    well, but it's electronic stuff.

9              MS. DIMARIA:  That we can agree on.

10             THE COURT:  The Secret Service has an ability without
11   reading any of this stuff, they have the ability to crack any
12   codes or what do they call it?  Security passwords.  Get into
13   it, copy it, then they have -- the special master is going to
14   give them relevant search things so they can search for
15   documents or materials that would be relevant.  And what it does
16   is it makes a copy, electronic copy.  From that, they do a
17   search then they will printout that stuff.  Then they will
18   destroy the electronic copy.

19             So you'll have the materials.  It's never going to be
20   accessed other than that for that limited purpose by the Secret
21   Service just using their ability and their software.  And it's
22   the special master who will be the only one who has access to
23   it.  He will do his review again using the same standard he did
24   for this.  If he thinks there's anything relevant, he's going to
25   seal it on the assumption someone will assert a privilege.  And
26   I suppose we'll be meeting each other again in the not too
27   distant future to do this same thing.

28             MS. DIMARIA:  I have a question about that though.  I

1     don't disagree or have a problem with anything you've said. For

2     logistics, I'm not sure if the Code requires that Your Honor

3     specifically be the judge to review it. I don't have a problem

4     with you reviewing it. I'm thinking more of you flying down.

5           THE COURT: Folks, it's up to you. I'm doing this as a

6     courtesy to your county.

7           MS. DIMARIA: We greatly appreciate it, and I'm more

8     thinking of you and your schedule.

9           THE COURT: I certainly would not be offended if you

10    don't want me to come back.

11          MS. DIMARIA: No. No. No.

12          THE COURT: I'm not taking it that way. Believe me. I

13    have plenty of stuff to do in San Francisco so it's up to you.

14          MS. SHAW: I think it's better for continuity purposes

15    you stay involved because you have knowledge.

16          THE COURT: There's some merit to that.

17          MS. DIMARIA: If you don't mind, that's great. I was

18    more concerned with your schedule. If you don't mind, I don't

19    have a problem with you staying involved.

20          THE COURT: There might not be materials. For the

21    purposes of my only involvement in this case is I signed the

22    search warrant and I have to deal with these issues as to

23    whether you're going to claim a privilege and whether we're

24    going to sustain it and then presumably I'm out of this.

25          So yes, sir?

26          MR. DOLAN: I think you need to bring up specifically

27    the idea there's a new search warrant, which -- to avoid a stale

28    necessary issue because the computer hasn't been searched. So

1    the question is do we have you sign it or a local judge sign it?

2    I think it makes perfect sense for you to sign it.  That's an

3    issue we probably should take a look at.

4         MS. DIMARIA:  In an abundance of caution, there was a

5    concern, although, all the electronics you mentioned were seized

6    timely pursuant to the initial search warrant because of the

7    fact they weren't searched, their drives weren't searched, we

8    were concerned if there was an issue of timeliness.  Either we

9    can ask for a waiver of that or we can ask for a new warrant to

10   be signed so that there's no issue about that.

11        THE COURT:  I'll let you folks work that out between

12   yourselves.  If you want me to sign a new warrant, I will sign

13   it.  Presumably it's going to be the same thing, the same

14   probable cause issues.

15        MS. DIMARIA:  It is.

16        THE COURT:  Why don't I let the attorneys see if that's

17   something you can work out.  And I'll do whatever you feel is

18   appropriate on that.

19        Just for the record, because of the -- for all the

20   reasons I've already stated, the logistic problems, the search

21   in case it wasn't put on the record is conducted by Palm Springs

22   Police Detectives with the San Francisco Police from the fraud

23   Division.  Mr. Replogle's San Francisco residence and office.

24   I'm a San Francisco judge who signed that warrant.

25        Either that day or shortly thereafter or just prior to

26   that Mr. Replogle had been taken into custody, I believe.  He

27   was not available to be involved in the search.  I think he was

28   brought right down here to Palm Springs so the logistics of

1   being able to have -- the code says it's within three days or if

2   it's not practical as soon as possible.

3        I assume everyone is comfortable with the fact as soon

4   as reasonably practical under the circumstances.  If anybody has

5   objection to that now is the time to mention it.  I don't hear

6   any objection.  Okay.  I just wanted to make that clear for the

7   record.

8        Yes, ma'am?

9        MS. DIMARIA:  I'm sorry, Your Honor.

10        May I get back to the issue of this supplemental search

11   warrant real quickly?  I don't believe Mr. Dolan has an

12   objection to what we've just discuss and how you will sign it

13   and I believe he is the only one with standing or in a

14   position --

15        THE COURT:  But I don't -- since we're on the record,

16   if this is something that you folks can work out, let's not

17   clutter up the record with it because it makes something long

18   even longer.  And if you need to be on the record, I have no

19   problem.

20        Is there anything else anybody for this preliminary

21   stuff that you want to put on the record?  And if you change

22   your mind or you think about something and a little later,

23   please don't hesitate to let me know.  Also when we get out

24   there, would you let your clients know -- I mean I believe

25   Mr. Replogle would probably catch on very quickly as to why this

26   is going to be a little -- might be a little awkward, but would

27   the other attorneys take a few minutes before we begin to let

28   your clients know what and why we're doing it so inadvertently

1    they don't blurt something out on the record and then you have a

2    disclosure you didn't want to happen.

3           And again, I want to tell you if you need a break or to

4    confer with your client's privately using notes, passing notes

5    back and forth, if that's not going to work for you, let me know

6    and we'll take a recess.

7           Okay.  Anything else on the record?

8           MR. DOLAN:  I would say logistically it might make

9    sense if you wish we can bring Mr. Replogle up and we can begin

10   to go through this before Mr. Garcia gets here.

11          THE COURT:  Thank you.  That's what I was going to

12   suggest.  Since we have dead time here, the only thing is I have

13   to -- I could take the bench and we could let Mr. Replogle and

14   his attorney start going through this.

15          Does anybody have any objection to that that we can

16   start that?

17          MS. DIMARIA:  No.

18          THE COURT:  I don't think the D.A. should be present

19   for that.  Let's go off the record.

20              (Brief discussion held off the record.)

21          THE COURT:  Good morning, everybody.  In open court

22   now.  I guess we should call the case again.  Do we want to

23   bring out the defendants we have here.  How do you want to

24   proceed, folks?

25          MR. FORTH:  At this point for Mr. Bustamante, I would

26   be willing to waive his appearance.

27          THE COURT:  It's up to you.  If you would like, why

28   don't we bring the defendants out.  We're waiting for Mr. Garcia

1   and at least they have a chance to see what's happening and

2   what's going on okay.

3       MS. DIMARIA:  Your Honor, I think we may have been an

4   issue we can address during the downtime.

5       Lisa DiMaria for the People.

6       THE COURT:  Counsel, can you bring out the defendants

7   who are here and that way just get started and go as far as we

8   can.

9       Okay.  Then let's call the case then.  We have

10  everybody.  This is People versus Niroula, Replogle, Garcia and

11  Bustamante.

12      Counsel, may I have your appearances for the record,

13  please.

14      MS. DIMARIA:  Lisa DiMaria for the People.  I'll just

15  mention right now, Your Honor, I actually have Detective Simon

16  Min with Palm Springs Police Department sitting at counsel table

17  with me.

18      MR. DOLAN:  John Patrick Dolan on behalf of David

19  Replogle.  He is present in custody.

20      MR. FORTH:  Joe Forth on behalf of Miguel Bustamante.

21  He is present in custody.

22      MR. RODRIGUEZ:  Mario Rodriguez on behalf of Daniel

23  Garcia present in custody.

24      MS. SHAW:  Denise Shaw, Sullivan and Shaw, on behalf of

25  Mr. Niroula who is present in custody.

26      THE COURT:  Okay.  Thank you.  All right.  The purpose

27  of today's hearing is to deal with the issue of the special

28  master.  At some point I'm going to close this hearing because

1    it's going to involve the attorneys who are representing the

2    defendants who are here and their clients at which point I'll

3    have to ask not just the district attorney and the detective but

4    other members of the public to leave.

5        What I would like to say is has everybody had a chance

6    to at least let your clients know the procedures that we

7    discussed in chambers?

8        MR. DOLAN:  Yes.

9        MS. SHAW:  Yes, Your Honor.

10       THE COURT:  So what I intend to do is we're going to

11   begin by the materials that I have I'll state again for the

12   record.  The special master -- I signed the search warrant for

13   the search of Mr. Replogle's residence and office in San

14   Francisco.  Pursuant to that search warrant, a special master

15   was appointed Martin Dean, D-e-a-n.

16       Mr. Dean yesterday brought me a packet that I have in

17   my hand and indicated these were documentary materials which he

18   seized from Mr. Replogle and which he thought might be relevant

19   to the matter we're here today on.

20       Since Mr. Replogle was not able to be present at the

21   search because he was in custody, Mr. Dean in an abundance of

22   caution sequestered anything that was relevant and assumed that

23   Mr. Replogle would assert an attorney/client privilege and

24   that's what we're here today to go through.

25       Now, I understand that the other people who are here,

26   Mr. Garcia, Mr. Niroula and Mr. Bustamante may also claim

27   depending on what these documents have that they have the

28   attorney/client relationship and privilege as well.

1    I should state for the record that I've read the -- in

2    terms of what the court is aware of the facts of the case, I

3    have read the affidavit for the application for the search

4    warrant that the detective here in court today presented to me,

5    and I read the D.A.'s motion to consolidate these cases, which

6    is in the docket which also contains a statement of facts of the

7    case.

8    The reason I'm stating that is because I'm also aware

9    of the exception to the attorney/client privilege under these

10   circumstances which would be crime fraud exception and then

11   there might be an issue of work product which may come up and

12   that's separate issue.

13   So I brought these cases by.  The attorneys, if you

14   want to take a look at them, I'm happy to share them with you.

15   But just for the record so that there's a record as to some of

16   the law that I've reviewed in preparation for this hearing,

17   Geilim versus Superior Court Los Angeles 234 Cal.App3d 166.

18   It's a 1991 case.  I also have read and relied on People versus

19   Superior Court Los Angeles it's commonly referred to as Bauman

20   Rose, real parties in interest.  Its cite is 37 Cal.App.4th.

21   I'm also familiar with and read here State Compensation

22   Insurance Fund versus Superior Court of Los Angeles, the people

23   being the real party of interest cited at 91 Cal.App.4th page

24   1080.  It's a 2001 case.  And finally I've also read the Supreme

25   Court case of People versus Superior Court Los Angeles, real

26   party in interest, Gary Laff, citation 25 Cal. 4 2001 case.

27   I'm happy to share these for general information

28   purposes with the attorneys and if you wish I have them here.

1  And what we discussed in chambers in terms of procedure is these
2  are Mr. Replogle's materials.  We all agree that the appropriate
3  way to begin is to have Mr. Replogle and his attorney review
4  these materials to see if there's going to be a claim of
5  privilege.  And if so, to whom it would apply.  And presumably
6  then we would have either materials where there's no privilege
7  claim, that would be pile one.  Pile two might be materials that
8  are going to be privileged and that would be divided between the
9  various clients who are here.
10       And at that point then the attorneys for those clients
11 would also review those materials to see if there's a privilege.
12 And I think we all agreed that that would protect the privilege
13 one against the other because each attorney for each client
14 would have the opportunity to look at the materials.  If at any
15 time during this process -- now, I wanted -- I've asked the
16 lawyers to tell the defendants who are here in court the purpose
17 of this hearing is to maintain a privilege which belongs to the
18 clients and to which an attorney has an obligation to preserve.
19       I would ask you to refrain from stating things on the
20 record in front of law enforcement personnel.  If you do that,
21 you're waiving the privilege defeating the whole purpose we're
22 here.  So I hope the lawyers have conveyed that to the clients.
23 If you need to discuss something privately with your lawyer,
24 just let the lawyer know and I will make arrangements so you can
25 do it in the jury box here out of ear shot of the bailiffs.
26       Obviously I can't have the bailiffs leave the room when
27 we conduct this in camera hearing.  Also, I want to make sure
28 when you review these written materials that you do so -- the

1   bailiffs are in the courtroom but will not be within reading

2   distance of these documents.  So I'd like the bailiffs to be

3   aware of what's going on so inadvertently we don't have an issue

4   of coming up perhaps they had an opportunity to observe it.

5           These are the logistics that we talked about in

6   chambers.  Considering the particular circumstances we have

7   here, I think this is the only workable way that I can think of

8   to preserve the privilege if there is any and to deal with it.

9           Now, if there is a claim of privilege, I have to give

10  the District Attorney the opportunity if she wishes to make a

11  prima facie showing perhaps it's overcome by as I said a prima

12  facia showing that there's a crime -- that the communications

13  were for the purpose of committing, planning, aiding or abetting

14  in crime or fraud.  If somebody is claiming work product, that's

15  a different issue.  But we'll cross that bridge when we come to

16  it.

17          Anybody want to put anything on the record before we

18  begin?

19          MR. RODRIGUEZ:  The court mentioned in the event that

20  privilege is sustained and the D.A. may be allowed to, I guess,

21  request disclosure under the crime fraud exception to the

22  privilege, did the court say by that that it would allow the

23  prosecutor to just state on the record an offer of proof as the

24  court said and then based on the -- Ms. DiMaria's statements

25  order disclosure or --

26          THE COURT:  All right.

27          MR. RODRIGUEZ:  Shouldn't we be entitled to an

28  evidentiary hearing entitled to that as opposed to just

1    assertions.

2         THE COURT:  Well, I began by saying I read the

3    affidavit that was submitted under penalty of perjury submitted

4    by -- I think it's the detective who is here.  That's one

5    thing -- and that's evidence which I believe I could consider.

6         And two, let me see if it's an affidavit -- the

7    statement of the facts on their motion to consolidate which has

8    another statement of facts here.

9         MR. RODRIGUEZ:  Which I have not been provided with,

10   Your Honor.

11        THE COURT:  It's in the docket.  It was motion for

12   joinder.

13        MR. RODRIGUEZ:  Right.

14        THE COURT:  Okay.  Well, you can look at what's here,

15   Mr. Rodriguez.  Certainly it's a matter of public record.

16        MR. RODRIGUEZ:  The motion for joinder I have, but the

17   search warrant and affidavit has not been provided.

18        THE COURT:  Well.  Okay.  Thank you.

19        MR. RODRIGUEZ:  I guess we'll cross that bridge when we

20   get to it.

21        THE COURT:  May be there's nothing to disclose.  But

22   what I'm noting here is it must be somebody from your office,

23   Ms. DiMaria.  Mr. Nolan who filed this motion to join with

24   points and authorities.  Yeah, there's a statement of facts

25   here.  It's just a statement of facts as part of the points and

26   authorities.  I mean it's not a declaration.  I suppose if we

27   get there, if you want to insist, yeah, I think the court would

28   have to have some sort of -- some evidence to rely on in order

1   to be able to decide whether or not the privilege would be
2   overcome.

3          Why don't we get started and see where we go instead of
4   just talking hypothetically. At this point, I think that we
5   have to excuse the district attorney, the detective, and ask any
6   members of the public who are present that they should leave too
7   because this is technically an in camera proceeding. So if you
8   want to leave us your phone number, ma'am.

9          MS. DIMARIA: Yes. Sir, I apologize. I don't mean to
10  throw a wrench in the monkey works. We had discussed the issue
11  of the search warrant and the detective came here specifically
12  for it and needed to be somewhere this afternoon -- or actually
13  in a couple of hours. Rather than waiting until this hearing is
14  over, could we address getting the new search warrant signed.

15         THE COURT: If you have that issue settled, sure.

16         MS. DIMARIA: I believe we do.

17         THE COURT: Tell me what's going to happen.

18         MS. DIMARIA: There is a supplemental search warrant,
19  Your Honor, that's being provided that includes attachments from
20  the previous search warrants I believe signed by your Honor that
21  simply contains an allowance for the search of the electronic
22  devices that your Honor had mentioned in chambers, the
23  computers, the two cell phones, and I believe the camera and a
24  USB memory card.

25         I believe from discussing this with Mr. Dolan Mr. Dolan
26  was not going to object to your Honor reviewing and signing the
27  search warrant. And this is being done for purposes mostly to
28  not have an issue of timeliness of the service of the search of

```
 1    these items that were seized pursuant to the original search
 2    warrant.
 3            Mr. Dolan?
 4            MR. DOLAN:  Your Honor, I should say I don't think I
 5    have standing to object to the People bringing the search
 6    warrant to the court.  But I don't see any problem with having
 7    the court issue another warrant to make sure that we have
 8    explicitly asked the special master to search the electronic
 9    data files.  I would say for the record since I have not
10    throughly reviewed the search warrant my statements today do not
11    indicate any waiver of any defect in the warrant were there to
12    be found defects in the future, but as to the procedure of
13    signing a warrant today, I don't have an issue with that.
14            THE COURT:  Okay.  I'm going through -- it looks like
15    it is the same or very similar to what I signed before in terms
16    of the entire -- Detective Min, I think didn't you originally
17    present me with the search warrant?
18            DETECTIVE MIN:  Yes, sir.
19            THE COURT:  Is this the same search warrant
20    essentially?
21            DETECTIVE MIN:  The attachments are the exact same
22    warrants they presented to you.  The front pages are --
23            THE COURT:  Just refers to this electronic stuff?
24            DETECTIVE MIN:  Yes, specifically for electronics.
25            THE COURT:  Okay.  Give me a second -- I'm -- the
26    attachments is a search warrant with my signature which I signed
27    20th day of March, and I signed and acknowledged the affidavit
28    attached to it the same date.
```

1    There's a second search warrant attached to it as an
2    exhibit one of the search warrants. There's my name, my
3    signature. And then there's another warrant -- there was a
4    follow-up warrant I think that was signed by Judge Davis.
5         I reviewed all that.
6         Having said that, then do you want me to swear in --
7    sir, you state under penalty of perjury everything presented
8    here is true?
9         DETECTIVE MIN:  Yes.
10        THE COURT:  Why don't you come up and sign that,
11   please.
12        MS. DIMARIA:  Madam, for the record Detective
13   S-i-m-o-n, M-i-n.
14        THE COURT:  Thank you.
15        Okay.  Here you go.
16        MS. DIMARIA:  Sir, thank you.  And with that, we will
17   leave and excuse ourselves.
18        THE COURT:  Okay.  Leave us your phone number.
19        MS. DIMARIA:  I've done that already, sir.  The deputy
20   has my cell phone number.
21        THE COURT:  All right.  Thank you.  Thank you,
22   Detective.
23        MR. DOLAN:  Your Honor, if I understand the court
24   correctly, I think it would be myself and Mr. Replogle solely in
25   the courtroom long enough to go through what the court has then
26   the next step would be to provide whatever seems to be relevant
27   to the other individuals to them for a similar conference.
28        THE COURT:  That's what we talked about.  So there's --

1    folks, you can see there's really not that much material here.

2    But perhaps you'd like to give us your cell phone and we can

3    call you.   That way you don't have to just sit around if that

4    works for you.

5                        (Parties excused.)

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1     INDIO, CALIFORNIA; MAY 1, 2009

2     BEFORE THE HONORABLE CHARLES HAINES

3          THE COURT:   Okay.   I want to go back on the record.

4     This is Deputy District Attorney Ms. DiMaria and Detective Min

5     from the Palm Springs Police Department.

6          I have throughly reviewed all of these materials.   I

7     have sustained a privileged -- attorney/client privilege with

8     respect to one person only and as to only certain documents and

9     that was Niroula.

10         I am therefore -- having conducted this hearing and

11    determined that none of these materials that were seized

12    pursuant to the special master except for the matters I just

13    referred to are privileged.   I'm going to hand these over to the

14    custody of Palm Springs Police Department.   All right.   And this

15    will be your property, Mr. Min, pursuant to your search warrant.

16         I mentioned to the lawyers, and I state for the record

17    for the District Attorney, I relied in making this determination

18    in terms of -- where is that envelope?   Do you still have it?

19         There were a number of matters that I determined that

20    the privilege did apply.   In making that determination, using

21    the tests, the legal test in the cases I cited earlier today.

22    For a factual basis, I relied upon the affidavit for the search

23    warrant, which I was familiar with, and the affidavit for the

24    arrest warrant, which I referred to numerous times.   Both

25    matters sworn -- I think they're both done by Deputy Min who is

26    here in court -- but that's what I used in reaching the

27    determination that some of these items were of privilege.

28         If upon your review of those items, you think that the

1    court may have made a different ruling if I had more
2    information, remember with respect to Mr. Niroula, when I come
3    back, if you want me to consider that again and then reconsider
4    whether I would have a different finding.  Okay.  So that's just
5    in fairness to the District Attorney.

6              Okay.  So I don't want to do too much ex parte.
7              MS. DIMARIA:  A question, if you feel it's ex parte,
8    tell me you don't feel you should answer it.  I'm confused if I
9    don't know what documents aren't being turned over.

10             THE COURT:  Listen to me.  What I'm saying to you is
11   the -- I made my determination based upon the facts as I knew
12   them from the arrest warrants, affidavit, and the search warrant
13   affidavit.  So what I'm alerting you to is based on that I found
14   that certain things there was a privilege not overcome by prima
15   facie showing of criminal activity, the crime or fraud exception
16   to the attorney/client privilege.

17             Now, that's all the information I had to operate on.
18   It's your case.  You look at those two documents and say, well,
19   if the judge had had all this other information we had, perhaps
20   he would have come to a different conclusion.  I'm just in
21   fairness telling you, when I come back when we have all the
22   parties, you can present that and then we'll go from there.
23             MS. DIMARIA:  Thank you, sir, for the clarification.
24             THE COURT:  We're in recess.
25                       (Proceedings concluded.)
26
27
28

1          REPORTER'S CERTIFICATE

2

3    PEOPLE OF THE STATE OF CALIFORNIA,       )
                                              )
4                          Plaintiff,         )
                                              )    Case No. INF064492
5                    vs.                      )
                                              )
6    KAUSHAL NIROULA,                         )
     DAVID REPLOGLE,                          )
7    DANIEL GARCIA,                           )
     MIGUEL ADOLFO BUSTAMANTE,                )
8    CRAIG ANTHONY MCCARTHY,                  )
                                              )
9                      Defendants.            )
     _____|

10

11

12

13        I, Tracey Jennifer Dible, Certified Shorthand

14   Reporter No. 12928 hereby certify:

15        On 5-1-09 in the county of Riverside, state of

16   California, I took in stenotype a true and correct report

17   of the testimony given and proceedings had in the

18   above-entitled case, pages 1-22; 23-66 sealed; 86-87 and

19   that the foregoing is a true and accurate transcription of

20   my stenotype notes and is the whole thereof.

21   Dated:  Indio, California, July 29, 2011.

22

23

24   _____

25                    TRACEY J. DIBLE, CSR No. 12928

26

27

28

                    Tracey Jennifer Dible, CSR

# EXHIBIT C3

COVER PAGE OF THE SEALED TRANSCRIPTS OF THE MAY 1 2009 HEARING BEFORE THE HON CHARLES F HAINES AND REPORTERS CERTIFICATION   AS TO THE ENCAMERA HEARING HELD TO ASSERT AND ESTABLISH PRIVILIDGE RELATIVE TO KAUSHAL NIROULA

NOTE : THE EN CAMERA TRANSCRIPTS WILL BE PRODUCED EN CAMERA BEFORE THE UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA SAN FRANCISCO DIVISION FOR AN EN CAMERA REVIEW OF THE COURT FOR ANY JUDICIAL DETERMINATIONS TO ESTABLISH THE FACTS ASSERTED WITHIN THIS MOTION AS OTHERWISE TO PUBLISH THE SEALED TRANSCRIPTS IN A PUBLIC FILING WOULD VERY MUCH WAIVE THE PRIVILIDGE ASSERTED SUSTAINED AND SEALED

INTERESTED THIRD PARTY KAUSHAL NIROULA'S NOTICE OF MOTION AND MEMORANDUM IN SUPPORT OF MOTION TO QUASH SUBPOENA TO PRODUCE DOCUMENTS INFORMATION OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION /EXIBITS

23

SUPERIOR COURT OF CALIFORNIA

COUNTY OF RIVERSIDE

PEOPLE OF THE STATE OF CALIFORNIA,                )
                                                  )
                Plaintiff,                        )
                                                  )
                vs.                               )   No. INF064492
                                                  )
**KAUSHAL NIROULA,**                              )
DAVID REPLOGLE,                                   )
DANIEL CARLOS GARCIA,                             )
MIGUEL ADOLFO BUSTAMANTE,                         )
CRAIG ANTHONY MCCARTHY,                           )
                                                  )
                        Defendants.               )
                                                  )

REPORTER'S SEALED TRANSCRIPT
Before The Honorable Charles Haines
May 1, 2009

APPEARANCES:

For Defendant Niroula:    SULLIVAN & SHAW
                          BY: MARK SULLIVAN and DENISE SHAW
                          555 South Palm Canyon Drive, Suite 201
                          Palm Springs, California 92264

Reported By:              TRACEY JENNIFER DIBLE, CSR No. 12928

1        REPORTER'S CERTIFICATE

2

3    PEOPLE OF THE STATE OF CALIFORNIA,     )
                                            )
4                      Plaintiff,           )
                                            )   Case No. INF064492
5               vs.                         )
                                            )
6    KAUSHAL NIROULA,                       )
     DAVID REPLOGLE,                        )
7    DANIEL GARCIA,                         )
     MIGUEL ADOLFO BUSTAMANTE,              )
8    CRAIG ANTHONY MCCARTHY,                )
                                            )
9                      Defendants.          )

10

11

12

13       I, Tracey Jennifer Dible, Certified Shorthand

14   Reporter No. 12928 hereby certify:

15       On 5-1-09 in the county of Riverside, state of

16   California, I took in stenotype a true and correct report

17   of the testimony given and proceedings had in the

18   above-entitled case, pages 1-22; 23-66 sealed; 86-87 and

19   that the foregoing is a true and accurate transcription of

20   my stenotype notes and is the whole thereof.

21   Dated:   Indio, California, July 29, 2011.

22

23

24   _____

25             TRACEY J. DIBLE, CSR No. 12928

26

27

28

1
2
3
4
5
6

# EXHIBIT D1

7   CERTIFIED COPIES OF COURT MINUTES OF JUNE 18 2009 HEARING BEFORE HON
8   CHARLES F HAINES SAN FRANCISCO SUPERIOR COURT JUDGE AT INDIO CALIFORNIA
9   AS TO ITEMS / DOCUMENTS / MATERIALS SEIZED AND SEARCHED FROM THE DELL
10  DESKPTOP COMPUTER OF DAVID REPLOGLE SEIZED BY THE SPECIAL MASTER
11  MARTIN DEAN ON MARCH 2 2009 PURSUANT TO THE WARRANT ISSUED BY HON
12  CHARLES F HAINES FOR THE SEARCH AND SEIZURE OF THE LAW OFFICES OF DAVID
13  REPLOGLE AND RESIDENCE
14
15  NOTE : THE COURT MINUTES VERY CLEARLY INDICATE AND DEPICT THE
16  CONDUCTING OF EN CAMERA HEARINGS AND EXCLUSION OF THE GOVERNMENT AND
17  SEALING DONE BY HON CHARLES F HAINES.
18
19
20
21
22
23
24
25

INTERESTED THIRD PARTY KAUSHAL NIROULA'S NOTICE OF MOTION AND MEMORANDUM IN
SUPPORT OF MOTION TO QUASH SUBPOENA TO PRODUCE DOCUMENTS INFORMATION OR
OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION /EXIBITS

24

SUPERIOR COURT OF STATE OF CALIFORNIA, COUNTY OF RIVERSIDE
46-200 Oasis Street
Indio, CA 92201

PEOPLE OF THE STATE OF CALIFORNIA

CASE NO: INF064492

-vs-
DEFENDANT: KAUSHAL NIROULA

M I N U T E   O R D E R
**********************************************************************
·DEPT:3M   HEARING DATE: 06/18/09
PROCEEDINGS: Hearing set re: Discovery
**********************************************************************

CHARGES: 1) 187(A) PC-F A, 2) 182(A)(1) PC-F A, 3) 459 PC-F A
4) 459 PC-F A, 5) 487(A) PC-F A, 6) 487(A) PC-F A, 7) 530.5(A) PC-F A
VIOLATION DATE: 12/05/08

Honorable Judge Charles F. Haines Presiding.
Courtroom Assistant: G. Duran
Court Reporter: D. Erwood
People represented by Deputy District Attorney: DDA L DiMaria.
Defendant represented by PVT M. Sullivan.
Special Appearance by Pvt D Shaw
Defendant Present.
At  9:30, the following proceedings were held:
The Following Present in Chambers: Court Reporter;
Clerk; Pvt M Rodriguez; DPD R Verlato; (SAB for
DPD J Forth); Pvt J Dolan; Pvt D Shaw.
Court and Counsel Confer regarding: Sealed Package with Seach
Warrant Documents.
Pvt M Rodriguez is informed that his client Daniel
Garcia was not transported from Riverside.
Pvt M Rodriguez waives his clients appearance.
Court instructs Counsel as to the procedure
for review of the documents with clients.
At  9:48, the following proceedings were held:
All Parties Present in Court.
Defendant Present.
Interpreter M Reed is Present and Sworn to interpret
Spanish/English for Daniel Garcia. Sworn oath on file.
In Open Court:The Court unseals Box that contains
Search Warrant Documents.
Court excludes DDA L DiMaria and All Parties not
associated with defendant David Replogue from
the Court Room.
Court Reporter was Not present for the following proceedings:
Court gives Defense Counsel J Dolan documents to
review with client David Replogue out of the
presence of Co-Counsel and Co-Defendants.
At 10:58, the following proceedings were held:
Pvt J Dolan Present in Court.
Defendant David Replogle Present in Court.

--------------------------------------------------------------------------------
Case Number : INF064492        People vs. KAUSHAL NIROULA
================================================================================
       Court Reporter: D. Erwood
       Court and Counsel Confer regarding: Attorney Client privileged
       documents.
       Court orders documents sealed that pertain to
       defendant David Replogle.
       At 11:10, the following proceedings were held:
       Pvt D Shaw Present in Court.
       Defendant Kaushal Niroula Present in Court.
       Court Reporter: D. Erwood
       Court excludes DDA L DiMaria and All Parties
       not associated with defendant Kaushal Niroula
       from the Court Room.
       Court Reporter was Not present for the following proceedings:
       Pvt D Shaw and Defendant Kaushal Niroula review
       documents out of the presence of Co-Counsel and
       Co-Defendants.
       At 11:38, the following proceedings were held:
       Court Reporter: D. Erwood
       Pvt D Shaw Present in Court.
       Defendant Kaushal Niroula Present in Court.
       Court and Counsel Confer regarding: Attorney Client privilege
       documents.
       In-Camera Hearing (In Chambers) Present: Court
       Reporter; Pvt D Shaw (clerk not present).
       At 11:53, the following proceedings were held:
       Court Reporter: D. Erwood
       Pvt D Shaw Present in Court.
       Defendant Kaushal Niroula Present in Court.
       Court and Counsel Confer regarding: Attorney Client privilege
       documents.
       Court orders documents sealed that pretain to
       defendant Kaushal Niroula.
       At 12:00pm Court in Recess (Lunch)
       At 13:30, the following proceedings were held:
       Court Reporter: D. Erwood
       Pvt M Rodriguez Present in Court.
       Defendant Daniel Garcia is not present.
       Defendant not transported from Riverside.
       Court excludes DDA L DiMaria and All Parties not
       associated with defendant Daniel Garcia from the
       Court Room.
       At 13:45, the following proceedings were held:
       Court Reporter was Not present for the following proceedings:
       Documents reviewed by Defense Counsel M Rodriguez.
       Defendant Daniel Garcia not present.
       At 14:00, the following proceedings were held:
       In-Camera Hearing (In Chambers) Present: Court
       Reporter; Pvt M Rodriguez (clerk not present).