UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOSE ROE, and others,<br><br>          Plaintiffs,<br><br>     v.<br><br>THOMAS F. WHITE, and others,<br><br>          Defendants. | Case No. 03-cv-04035 CRB (NC)<br><br>**ORDER GRANTING REQUEST FOR IN CAMERA REVIEW**<br><br>Re: Dkt. No. 1208 |

Defendant Thomas White moves to compel disclosure of several documents that plaintiffs withheld on the basis of attorney-client and work product privilege. The only issue is whether the crime-fraud exception to these privileges applies here. The Court finds that White has made a showing sufficient to allow the Court to review the withheld documents in camera to determine whether the crime-fraud exception applies and whether the documents are relevant to the narrow realm of discovery ordered by Judge Breyer.

## BACKGROUND

The Court addresses only the background relevant to the pending motion in this case, which was initiated by a complaint filed more than ten years ago. Judge Breyer approved an agreement settling plaintiffs' claims and dismissing the action with prejudice on August 30, 2005. Dkt. No. 255. Since that time, defendant White has moved several times to

vacate approval of the settlement agreement and judgment, but the Court has denied all of those requests.

On September 2, 2011, White moved for post-judgment discovery seeking evidence that would support his efforts to vacate the settlement agreement and judgment. Dkt. No. 1026. With that motion, White provided evidence that plaintiffs' former attorney, David Replogle, hacked the computers of White's attorneys and obtained their privileged and confidential documents. *Id.* Judge Breyer granted the motion for post-judgment discovery and allowed White to obtain documents from the hard drives of David Replogle. Dkt. No. 1034. Judge Breyer's order allowed for limited discovery "targeted to identify documents that Replogle received directly or indirectly that were (1) prepared by or for Defendant Thomas White, Defendant's counsel and/or investigator(s), (2) belonging to Defendant White, Defendant's counsel and/or investigator(s), and (3) documents and emails reflecting communications by Defendant, Defendant's counsel and/or investigator(s)." *Id.*

Plaintiffs reviewed and produced documents from Replogle's hard drives, but withheld forty-nine documents based on privilege. Dkt. No. 1205. White challenges only the validity of the attorney-client and work product privileges.[1] Dkt. No. 1209. In support of his argument that the crime-fraud exception applies, White submitted the declaration of Alberto Moran, an investigator who has worked on White's criminal and civil defense for several years. Dkt. No. 1210-2. In his declaration, Moran attests that in August 2013, he interviewed Victor Emanuel Ortega Rodriguez, also known as Chimpilla, a plaintiff in this action. *Id.* Moran states that Chimpilla admitted that a Mexican judge and two American men offered him money and his release from prison in exchange for Chimpilla accusing White of sexual abuse, a bargain that Chimpilla accepted. *Id.* Moran attests that Chimpilla stated he also drove around town looking for other boys to entice to falsely accuse White of sexual crimes. *Id.*

---

[1] Thomas White died on September 10, 2013. Dkt. No. 1192. The estate of Thomas White was substituted as the defendant on November 21, 2013. Dkt. No. 1200. For ease and continuity, the Court will refer to the estate as White.

Case No. 03-cv-04035 CRB (NC)
ORDER GRANTING REQUEST FOR
IN CAMERA REVIEW         2

## LEGAL STANDARD

In general, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Information is relevant for discovery purposes if it "appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*

Privileged attorney-client communication or attorney work product are not normally discoverable. *Id.* However, communications made between a client and attorney in furtherance of a crime or fraud are not protected by the attorney-client privilege. To make a showing of the crime-fraud exception, "[f]irst, the party must show that the client was engaged in or planning a criminal or fraudulent scheme when it sought the advice of counsel to further the scheme. Second, it must demonstrate that the attorney-client communications for which production is sought are sufficiently related to and were made in furtherance of [the] intended, or present, continuing illegality." *In re Napster, Inc. Copyright Litig.*, 479 F.3d 1078, 1090 (9th Cir. 2007), *abrogated on other grounds by Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100 (2009) (citations omitted).

## DISCUSSION

White does not dispute that the documents are attorney-client communications or attorney work product that would normally be privileged. Instead he argues that the documents fall within the crime-fraud exception to these privileges.

### A. Crime-Fraud Exception

A party seeking disclosure of attorney-client communications or attorney work product under the crime-fraud exception must show by a "preponderance of the evidence" that "the client was engaged in or planning a criminal or fraudulent scheme when it sought the advice of counsel" and that "the attorney-client communications for which production is sought are sufficiently related to" the crime or fraud. *In re Napster*, 479 F.3d at 1090; *see also United States v. Edison*, No. 07-cr-00074 WHA, 2008 WL 170660, at *5 (N.D. Cal. Jan. 17, 2008) (noting that the crime-fraud exception, most commonly applied to attorney-client communications, "applies with equal force in the work-product setting").

However, the Ninth Circuit has recognized that "the party challenging the privilege may lack sufficient evidence to prove crime or fraud to a liability standard, particularly given the fact that the best evidence is likely to be in the hands of the party invoking the privilege." *In re Napster*, 479 F.3d at 1090.  For that reason, a party seeking in camera review, rather than outright disclosure of attorney-client communications, must meet a threshold showing that is "considerably lower than that for fully disclosing documents." *Id.* at 1092 (internal quotation marks omitted).  To meet this showing, the party challenging the privilege must present "a factual basis adequate to support a good faith belief by a reasonable person that in camera review of the materials may reveal evidence to establish the claim that the crime-fraud exception applies." *United States v. Zolin*, 491 U.S. 554, 572 (1989).  In meeting this threshold showing, the party may provide "any relevant evidence, lawfully obtained, that has not been adjudicated to be privileged." *Id.* at 575 (analyzing Federal Rule of Evidence 104(a)).

Once the challenging party makes the required showing, "the decision whether to engage in in camera review rests in the sound discretion of the district court." *Id.* at 572.  The court can consider "facts and circumstances of the particular case, including, among other things, the volume of the materials the district court has been asked to review, the relative importance to the case of the alleged privileged information, and the likelihood that the evidence produced through in camera review, together with other available evidence then before the court." *Id.*

Here, White requests disclosure of the attorney-client communications and attorney work product, or in the alternative, in camera review of the documents.  Dkt. No. 1214. Plaintiffs also propose in camera review instead of outright disclosure.  Dkt. No. 1213.  In support of his argument that the crime-fraud exception applies, White points to evidence in the record that the plaintiffs in this case were bribed to falsely accuse Thomas White of sexual abuse.  Specifically, White points to the declaration of Moran, who states that a plaintiff in this case admitted to him that he accepted a bribe to falsely accuse White of sexual crimes.  Dkt. No. 1210-2.  Plaintiffs argue that the Court should not consider this

Case No. 03-cv-04035 CRB (NC)
ORDER GRANTING REQUEST FOR
IN CAMERA REVIEW                      4

declaration because it is inadmissible hearsay under the Federal Rules of Evidence. But the Court need not decide whether the declaration is inadmissible hearsay, because the Court is not bound by the hearsay rules in making the initial determination of whether a privilege applies. Fed. R. Evid. 104(a) ("The court must decide any preliminary question about whether a witness is qualified, a privilege exists, or evidence is admissible. In so deciding, the court is not bound by evidence rules, except those on privilege."); *Zolin*, 491 U.S. at 574 (analyzing the applicability of Rule 104(a) and finding that "the party opposing the privilege may use any nonprivileged evidence in support of its request for in camera review.").

The Court finds that the declaration of Moran is sufficient to meet the low threshold showing required to warrant in camera review. A reasonable person could have a good faith belief, based on the Moran declaration regarding Chimpilla, that in camera review of the withheld documents will reveal evidence that the crime-fraud exception applies. *See In re Grand Jury Subpoena 92-1(SJ)*, 31 F.3d 826, 830 (9th Cir. 1994) (finding that affidavit based on testimony of two of defendant's former employees was sufficient to meet the *Zolin* standard). The Court also finds that in camera review is appropriate based on the circumstances of this case, where the volume of withheld documents is small and the documents are potentially highly relevant to White's efforts to overturn the settlement and judgment against him.

Therefore, the Court will conduct in camera review of the documents that plaintiffs withheld based on attorney-client privilege or attorney work product privilege. Based on review of the documents and the other evidence presented, the Court will then determine whether "it is more likely than not that the communications were made in furtherance of a fraudulent or criminal purpose." *Laser Indus., Ltd. v. Reliant Technologies, Inc.*, 167 F.R.D. 417, 439 (N.D. Cal. 1996).

**B.   Relevance**

White seeks privileged documents in support of his efforts to invalidate the settlement and overturn the judgment entered in this case. In their briefing, plaintiffs do not

contest the potential relevance of the privileged documents that White seeks. The Court notes, however, that Judge Breyer has re-opened discovery for a narrow purpose, and the undersigned magistrate judge is limited in ordering discovery related only to that purpose. Judge Breyer allowed discovery "targeted to identify documents that Replogle received directly or indirectly that were (1) prepared by or for Defendant Thomas White, Defendant's counsel and/or investigator(s), (2) belonging to Defendant White, Defendant's counsel and/or investigator(s), and (3) documents and emails reflecting communications by Defendant, Defendant's counsel and/or investigator(s)." Dkt. No. 1043. Therefore, in the process of reviewing privileged documents in camera, the Court will not only analyze the applicability of the crime-fraud exception, but will ensure that only documents relevant to this narrow issue are produced to White.

## CONCLUSION

For the reasons discussed, the Court orders plaintiffs to submit to the court for in camera review, within seven days of this order, those documents withheld on the basis of attorney-client or attorney work product privilege, as identified in their privilege log at docket entry number 1205.

Any party may object to this order within fourteen days. Fed. R. Civ. P. 72(a).

IT IS SO ORDERED.

Date: February 28, 2014

_____
Nathanael M. Cousins
United States Magistrate Judge