
UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOSE ROE, and others,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>THOMAS F. WHITE, and others,<br><br>　　　　Defendants. | Case No. 03-cv-04035 CRB (NC)<br><br>**ORDER FOLLOWING IN CAMERA REVIEW**<br><br>Re: Dkt. No. 1240, 1244 |

Defendant Thomas White moved to compel disclosure of several documents that plaintiffs withheld on the basis of attorney-client and work product privilege. The Court previously ordered plaintiffs to submit the documents for in camera review, so that the Court could determine whether the crime-fraud exception to these privileges applies. The Court has reviewed the documents in camera and finds that the documents do not support a finding that the crime-fraud exception applies. However, the Court orders plaintiffs to produce a redacted version of one document, because the document as a whole is not privileged.

Case No. 03-cv-04035 CRB (NC)
ORDER FOLLOWING IN CAMERA
REVIEW

## BACKGROUND

The Court has previously discussed the background of this case in detail and limits this discussion to the facts relevant to the narrow issue presently before the Court. *See* Dkt. No. 1244. In his motion to compel production of withheld documents, White argued and provided evidence suggesting that some plaintiffs in this case falsely accused White of sexual abuse in exchange for money and other benefits. Dkt. No. 1244 at 5. Based on that evidence, the Court ordered in camera review of withheld documents, in order to determine if the crime-fraud exception applies to waive plaintiffs' privilege arguments. *Id.* Although the scope of discovery had previously been more narrow, Judge Breyer confirmed that the purpose of this Court's in camera review was to search for "any evidence regarding the planning and execution of a fraud scheme by Plaintiffs, David Replogle, Mauricio Borrego and others, through the filing of a false civil case against Thomas F. White in this Court." Dkt. No. 1240 at 1.

## LEGAL STANDARD

Privileged attorney-client communication or attorney work product are not normally discoverable. *Id.* However, communications made between a client and attorney in furtherance of a crime or fraud are not protected by the attorney-client privilege. To make a showing of the crime-fraud exception, "[f]irst, the party must show that the client was engaged in or planning a criminal or fraudulent scheme when it sought the advice of counsel to further the scheme. Second, it must demonstrate that the attorney-client communications for which production is sought are sufficiently related to and were made in furtherance of [the] intended, or present, continuing illegality." *In re Napster, Inc. Copyright Litig.*, 479 F.3d 1078, 1090 (9th Cir. 2007), *abrogated on other grounds by Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100 (2009) (citations omitted).

## DISCUSSION

The Court has carefully reviewed the disputed documents in camera and finds no evidence in the documents that plaintiffs, David Replogle, and Mauricio Borrego were engaged in a fraud by filing a false action against White. Because the documents do not

Case No. 03-cv-04035 CRB (NC)
ORDER FOLLOWING IN CAMERA REVIEW                2

demonstrate a fraudulent scheme, they also fail to show that any communications between client and counsel were made in furtherance of that scheme. Therefore, the Court denies White's motion to compel production of these documents, with one exception.

One of the documents, bates stamped as "Roe v. White 00322" does not appear to be privileged. The document appears to be an electronic messaging chat between two plaintiffs, and no attorney is part of the exchange. To the extent that the chat discusses a privileged conversation between plaintiffs and their counsel or agent of counsel, those portions must be redacted, with the non-privileged portions of the conversation produced.

## CONCLUSION

For the reasons discussed, the Court orders plaintiffs to submit to the Court document 00322, with redactions narrowly limited to remove discussion of privileged conversations with counsel or an agent of counsel. Plaintiffs must submit this document within fourteen days of this order. Following the Court's approval of the redactions, the Court will order the document to be produced to White.

Any party may object to this order within fourteen days. Fed. R. Civ. P. 72(a).

IT IS SO ORDERED.

Date: July 14, 2014

_____
Nathanael M. Cousins
United States Magistrate Judge