IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ROE, a MINOR, by MAURICIO RODRIGUES BORREGO, his guardian ad litem, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ESTATE OF THOMAS F. WHITE,<br><br>Defendant.<br>_____/ | No. C 03-04035 CRB<br><br>**ORDER DENYING MOTION FOR DISCOVERY** |

Defendant Estate of Thomas White, in connection with its dogged campaign to undo the settlement that Thomas White entered into in this case back in 2005,[1] moves the Court for an Order Authorizing Post-Judgment Discovery. See Mot. at 15 (explaining that purpose of discovery is to support Rule 60(d)(3) motion). Specifically, Defendant asks "to depose all of the Plaintiffs, in addition to with [sic] David Replogle, Mauricio Rodriguez Borrego, Daniel Carlos Garcia, Alexander Shahbazian, Jose Alberto Hernandez Hernandez, Armando Vazquez de la Cruz, Jose Alberto Hernandez Hernandez [sic] and Armando Vazquez de la Cruz [sic]." Id. at 16. The Court may only allow such discovery if Defendant has demonstrated a colorable claim of fraud. See Pearson v. First NH Mortgage Corp., 200 F.3d

---

[1] The parties summarize the case's history well. See Mot. (dkt. 1253) at 1-3; Opp'n (dkt. 1256) at 2-4. The guardian ad litem notes that "White has made (and lost) no fewer than eight prior motions to vacate the judgment following the settlement reached by the parties almost ten years ago." Opp'n at 3.

1  30, 35 (1st Cir. 1999); Valerio v. Boise Cascade Corp., 80 F.R.D. 626 (N.D. Cal. 1978),

2  aff'd, 645 F.2d 699 (9th Cir. 1981) (requiring "some evidence of fraud on the court").

3  Defendant claims to have done so, arguing that: (1) substantial new evidence and an order

4  from a Mexican court establish that Plaintiffs, their counsel, and their former guardian ad

5  litem committed fraud on the Court; (2) the Court should consider previously submitted

6  evidence; and (3) Defendant is likely to succeed on a motion to vacate. See generally Mot.

7  The Court rejects these arguments and DENIES Defendant's Motion.

### 1. New Evidence

The Court agrees with the guardian ad litem that almost all of the purportedly new evidence Defendant points to has already been presented and rejected as insufficient. See Opp'n at 4-7.

Defendant's Motion relies largely on purported recantations given by three of the original twenty-two plaintiffs to a Mexican Prosecutor. See Mot. at 7-11 (describing plot to recruit boys to accuse Thomas White of rape "to insure that [he] remain in jail based on false criminal accusations . . . which could then be exploited in a civil action in this Court where he would not be able to appear for trial or testify[,] which in turn would force him to pay a large monetary settlement"). But Defendant raised at least two of these recantations as early as 2006, prompting the Court to explain: "At most this is evidence that two plaintiffs have changed their story; it is not evidence that these two plaintiffs engaged in fraud that prevented defendant from fairly presenting a defense." Memorandum and Order (dkt. 490) at 3.[2] Defendant raised these recantations, and the Court dealt with them, several additional times. See, e.g., Order Denying Defendant's Motion to Vacate Judgment and for Sanctions and Defendant's Motion to Stay Judgment Pending Ruling on Motion to Vacate Judgment (dkt. 996) at 5 (reiterating earlier holding re recantations, adding that "the record in this case

---

[2] The Court went on to explain what it has explained countless times since then: "Moreover, at the time he chose to settle this action, defendant knew what he did or did not do with these plaintiffs; that these two plaintiffs have apparently withdrawn their accusations does not in any way demonstrate that defendant was somehow prevented from defending himself. Moreover, it is irrelevant whether defendant in fact did what plaintiffs initially accused him of doing. See De Saracho, 206 F.3d at 880 (Rule 60(b)(3) is aimed at 'judgments that were unfairly obtained, not those which are factually incorrect')." Id. (emphasis added).

2

shows that any such recantations (or hearsay evidence thereof) have little probative value and are not clear and convincing evidence."); Order re: Defendant's Motion to Vacate Judgment and for Sanctions and Denying Defendant's Motion to Stay Judgment Pending Ruling on Motion to Vacate Judgment (dkt. 1007) at 6 (same). The Court also appointed a Special Master to investigate these and other matters. The Special Master reported in 2007 that of the plaintiffs he interviewed who signed recantation declarations, "none . . . understood or intended those declarations to compromise the veracity of their original allegations against White," and that "the overwhelming consensus was that they signed those declarations" because they were threatened, bribed, or both. See Special Master's Report #3 (dkt. 764) at 20; see also Order Denying Defendant's Motion to Vacate Judgment and for Sanctions and Defendant's Motion to Stay Judgment Pending Ruling on Motion to Vacate Judgment at 5-6 (adding that "The unbiased reports by the Special Master and the Trust Protector, issued after thorough investigations and personal interviews with many of the Plaintiffs, show that there are many reasons why some of them might make inconsistent statements, including money and threats. Such inconsistent statements, therefore, are not 'clear and convincing' evidence of 'fraud on the court.'").

The Court has also already seen and dealt with many of the "corroborating statements" Defendant raises here. See, e.g., Memorandum and Order at 2-3; Order re: Defendant's Motion to Vacate Judgment and for Sanctions and Denying Defendant's Motion to Stay Judgment Pending Ruling on Motion to Vacate Judgment at 6 (rejecting, in 2009, "the previously filed declarations by Daniel Garcia and Alexander Shahbazian and testimony of Ulices Ramces Spinola Garcia, Jose Alberto Hernandez Hernandez, and Roberto Ortiz Olguin").

That the three recantations and/or the corroborating statements made their way into "a dismissed Mexican prosecution," Opp'n at 5; see also Mot. at 11, does not make them new, nor persuasive evidence of fraud on the Court.[3]

---

[3] It might, however, make them double hearsay.

3

1   The only piece of truly new evidence raised by Defendant is an unauthenticated and
2   undated internet chat that appears to be between Daniel Garcia and an unidentified third
3   party. See Rotwein Decl. (dkt. 1254) Ex. A. The chat, which Defendant notes includes the
4   statement "the one who is been making all this shit is borrego," Mot. at 11 (citing Rotwein
5   Decl. Ex. A at 6), also includes statements like "you filled [sic] these criminal charges
6   against Tom and it is making it almost impossible to get him to agree to pay you any money
7   then you go to court and testify against him so why the hell should he be nice and pay you?"
8   Rotwein Decl. Ex. A at 1, and "if you want justice then go to court and testify against Tom
9   and maybe he will be convicted," id. at 2, and "if tom is guilty of having sex with boys then
10  he should be on trial for that but he isnt [sic] he is on trial for RAPING," id. at 4. It does not
11  appear to involve any of the Plaintiffs, any admissions, or any recantations. Most
12  importantly, it has nothing to do with fraud on this Court. This Court never considered the
13  testimony of, nor any evidence from, these or any other individuals. As the Court has held
14  repeatedly in response to Defendant's insistence of fraud: the Court was never asked to
15  evaluate in any form the merit of any allegations, it made no findings, and it entered
16  judgment in a contested lawsuit not because it believed one side or the other but because it
17  found the settlement to be fair to the minor Plaintiffs.[4]

### 2. Old Evidence

19  Defendant next argues that the Court should consider previously submitted evidence,
20  maintaining that "[a]ll of the statements submitted by Defendant over the years . . . cumulate
21  to show a conspiracy to extort money from Defendant through a civil action alleging false
22  claims against him in this Court." Mot. at 13. This argument is not well-taken. The
23  evidence that the Court has previously deemed insufficient remains insufficient. Even
24  assuming a conspiracy to trick or manipulate Defendant (which faces the significant hurdle
25  of Thomas White's knowledge, at the time he settled the case, of whether Plaintiffs' claims

---

[4] Defendant's assertion in its Reply brief and at the motion hearing that the Court's approval of the settlement was premised on its reliance on representations by Replogle and the former guardian ad litem in the minor's compromise, see Reply (dkt. 1258) at 3-5; id. at 4 n.3, is factually incorrect. Those attestations, to which Defendant now ascribes great weight, had no impact at the time on the Court's assessment of whether the settlement was fair to the Plaintiffs.

4

had merit), there is no colorable evidence of a <u>fraud on the Court</u>.[5] That is to say, there is no evidence that any fraud implicated the adjudicative process. <u>See</u> <u>Appling v. State Farm Mut. Auto Ins. Co.</u>, 340 F.3d 769, 780 (9th Cir. 2003) (explaining that fraud on the court is to be read narrowly, and "embrace[s] only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication."); <u>see also</u> <u>Alexander v. Robertson</u>, 882 F.2d 421, 425 (9th Cir. 1989) (contemplating that fraud on the court be "designed to improperly influence the court in its decision" and "inhibit[] a court from adjudging cases impartially.").

### 3. Motion to Vacate

Finally, Defendant argues that the discovery he seeks "would prove fraud on this Court as envisioned in Rule 60(d)(3) and in turn grounds to vacate the judgment." Mot. at 13-14. He asserts that "[w]ith this new evidence, along with [the old evidence], a Rule 60 motion based on fraud on the court likely will be very strong." <u>Id.</u> at 14. The Court will not give an advisory opinion on a motion to vacate that has not yet been filed.[6] It holds simply that Defendant has not, in this Motion, demonstrated a colorable fraud on the Court to justify additional post-judgment discovery.

For the foregoing reasons, Defendant's motion is DENIED.

**IT IS SO ORDERED.**

Dated: January 5, 2015

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

---

[5] The Court appreciates Defendant's candor in explaining that it is pursuing a motion based on fraud on the Court because the statute of limitations for one based on "fraud on Thomas White" has expired. See Reply at 2. But a motion needs more to recommend it than an unexpired statute of limitations.

[6] The Court's rulings on Defendant's previous motions to vacate speak for themselves.

5